UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| STATES RESOURCES CORP.   ) | |
|    Plaintiff   ) | |
| v.   ) | Civil Action No. 04-10095DPW |
|    ) | |
| MICHAEL CAPIZZI   ) | |
| CATHERINE R. CAPIZZI   ) | |
| THE ARCHITECTURAL   ) | |
|    TEAM, INC.   ) | |
| GARRET, INC.   ) | |
| JOHN CONNOLLY JR.   ) | |
| MASSACHUSETTS DEPT.   ) | |
|    OF REVENUE   ) | |
| JAMES GRUMBACH   ) | |

ANSWER OF THE DEFENDANT JOHN CONNOLLY, JR.

NOW COMES JOHN CONNOLLY, JR, ESQ., defendant herein, and answers the plaintiff's Complaint as follows:

1. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 1 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

2. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 2 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

3. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 3 of the plaintiff's Complaint but, for the purposes of the Answer,

denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

4. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 4 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

5. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 5 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

6. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 6 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

7. Defendant Connolly admits the allegations set forth in paragraph 7 of the plaintiff's Complaint.

8. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 8 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

9. No response required.

10. No response required.

11. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 11 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

12. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 12 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

13. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 13 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

14. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 14 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

15. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 15 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

16. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 16 of the plaintiff's Complaint but, for the purposes of the Answer,

denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

17. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 17 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

18. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 18 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

19. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 19 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

20. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 20 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

21. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 21 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

22. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 22 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

23. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 23 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

24. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 24 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

25. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 25 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

26. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 26 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

27. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 27 of the plaintiff's Complaint but, for the purposes of the Answer,

denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

28. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 28 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

29. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 29 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

30. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 30 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

31. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 31 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

32. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 32 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

33. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 33 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

34. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 34 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

35. Defendant Connolly admits the allegation contained in paragraph 35 of the plaintiff's Complaint and further answering, avers that he has an attachment on the subject property standing in the name of Michael J. Capizzi and the amount of $65,712.41.

36. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 36 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

37. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 37 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

38. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 38 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant; and answering further, the document referenced therein speaks for itself.

39. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 39 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

40. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 40 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

41. Defendant Connolly is without sufficient knowledge to either affirm or deny the allegations contained in paragraph 41 of the plaintiff's Complaint but, for the purposes of the Answer, denies those allegations and calls upon the plaintiff to prove same at trial, if material and relevant.

## CROS-SCLAIM AGAINST DEFENDANTS MICHAEL CAPIZZI AND CATHERINE R. CAPIZZI

1. This defendant, John Connolly, Jr. ("Connolly"), is an attorney licensed to practice in the Commonwealth of Massachusetts.

2. From time to time heretofore, this defendant Connolly or his associate attorneys or staff have performed legal services at the express request of and to the benefit of the defendant Michael Capizzi and the defendant Catherine R. Capizzi.

3. This defendant John Connolly, Jr. has a claim against defendant Michael Capizzi and the defendant Catherine R. Capizzi for money owed in payment of legal services rendered.

4. This defendant, Connolly, has commenced a civil action in the Middlesex Superior Court against the said defendant Michael Capizzi and the defendant Catherine R. Capizzi for claims

based upon the indebtedness aforedescribed owed by the Capizzis to Connolly, civil action no. MICV2003-00667 ("Middlesex Action").

5. Coincident with his commencement of the action, defendant Connolly sought and was granted attachments against both defendant Michael Capizzi and the defendant Catherine R. Capizzi on all of their real property in Middlesex County, including the real property which is the subject of the mortgage alleged by the Plaintiffs in Paragraph 12 of their Complaint. The attachments are in the amount of $35,638.53 and $65,712.41, respectively.

6. The Capizzis have defaulted in the Middlesex Action. An assessment of damages is pending, awaiting final dismissal of defendant Catherine R. Capizzi bankruptcy petition in the United States Bankruptcy Court for Massachusetts, Eastern District, which dismissal is sought by petitioner Catherine R. Capizzi herself.

7. By their default, the defendant Michael Capizzi and the defendant Catherine R. Capizzi have constructively admitted their liability in the amount demanded in the Middlesex Action.

WHEREFORE, the Defendant JOHN CONNOLLY, JR., demands entry of judgment in its favor in an amount to be determined by the Court and for such other relief as this Court deems just and proper.

Respectfully submitted,

**John Connolly, Jr.**
By his attorney,

*/s/ Joseph B. Harrington*
Joseph B. Harrington, Esq.
BBO #630391
CONNOLLY LAW OFFICES, LLC.
545 Salem Street
Wakefield, MA 01880
(781) 557-2000

Date: March 17, 2004