UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10095DPW

|  |  |
|---|---|
| STATES RESOURCES CORPORATION<br>Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| MICHAEL CAPIZZI, CATHERINE CAPIZZI,<br>THE ARCHITECTURAL TEAM, INC.,<br>GARRETT, INC., JOHN CONNOLLY, JR.,<br>MASSACHUSETTS DEPARTMENT OF<br>REVENUE, and JAMES GRUMBACH<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT GARRETT, INC.'S ANWER AND COUNTERCLAIM

Now comes the Defendant, Garrett, Inc., and hereby files its Answer and Counterclaim.

1. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 1 and therefore denies same and calls upon the Plaintiff to prove the same.

2. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 2 and therefore denies same and calls upon the Plaintiff to prove the same.

3. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 3 and therefore denies same and calls upon the Plaintiff to prove the same.

4. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 4 and therefore denies same and calls upon the Plaintiff to prove the same.

5. Admitted

6. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 6 and therefore denies same and calls upon the Plaintiff to prove the same.

7. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 7 and therefore denies same and calls upon the Plaintiff to prove the same.

8. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 8 and therefore denies same and calls upon the Plaintiff to prove the same.

9. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 9 and therefore denies same and calls upon the Plaintiff to prove the same.

10. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 10 and therefore denies same and calls upon the Plaintiff to prove the same.

11. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 11 and therefore denies same and calls upon the Plaintiff to prove the same.

12. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 12 and therefore denies same and calls upon the Plaintiff to prove the same.

13. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 13 and therefore denies same and calls upon the Plaintiff to prove the same.

14. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 14 and therefore denies same and calls upon the Plaintiff to prove the same.

15. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 15 and therefore denies same and calls upon the Plaintiff to prove the same.

16. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 16 and therefore denies same and calls upon the Plaintiff to prove the same.

17. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 17 and therefore denies same and calls upon the Plaintiff to prove the same.

18. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 18 and therefore denies same and calls upon the Plaintiff to prove the same.

19. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 19 and therefore denies same and calls upon the Plaintiff to prove the same.

20. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 20 and therefore denies same and calls upon the Plaintiff to prove the same.

21. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 21 and therefore denies same and calls upon the Plaintiff to prove the same.

22. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 22 and therefore denies same and calls upon the Plaintiff to prove the same.

23. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 23 and therefore denies same and calls upon the Plaintiff to prove the same.

24. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 24 and therefore denies same and calls upon the Plaintiff to prove the same.

25. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 25 and therefore denies same and calls upon the Plaintiff to prove the same.

26. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 26 and therefore denies same and calls upon the Plaintiff to prove the same.

27. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 27 and therefore denies same and calls upon the Plaintiff to prove the same.

28. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 28 and therefore denies same and calls upon the Plaintiff to prove the same.

29. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 29 and therefore denies same and calls upon the Plaintiff to prove the same.

30. Admitted.

31. Admitted.

32. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 32 and therefore denies same and calls upon the Plaintiff to prove the same.

33. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 33 and therefore denies same and calls upon the Plaintiff to prove the same.

34. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 34 and therefore denies same and calls upon the Plaintiff to prove the same.

35. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 35 and therefore denies same and calls upon the Plaintiff to prove the same.

36. Admitted.

37. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 37 and therefore denies same and calls upon the Plaintiff to prove the same.

38. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 38 and therefore denies same and calls upon the Plaintiff to prove the same.

39. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 39 and therefore denies same and calls upon the Plaintiff to prove the same.

40. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 40 and therefore denies same and calls upon the Plaintiff to prove the same.

41. The Defendant lacks sufficient information with which to admit or deny the allegations contained in Paragraph 41 and therefore denies same and calls upon the Plaintiff to prove the same.

## AFFIRMATIVE DEFENSES

The Defendant hereby states that the following affirmative defenses in part, and/or in whole, may be applicable to the allegations contained in the Plaintiff's Complaint and as such are pleaded specifically herein:

A. The Plaintiff has failed to state a claim upon which relief can be granted.

B. The Plaintiff, by its acts and conduct, is estopped from setting forth any claim for relief against the Defendant.

C. The Plaintiff by it acts and conduct have waived any notices or remedies, which they might have had against the Plaintiffs.

D. The Plaintiff willfully and intentionally violated the terms of its agreement with the Defendant.

E. The Plaintiff was negligent in its conduct, which negligence was greater that that of the Defendant, if any, and therefore the Plaintiff is not entitled to recover, as provided under the terms and conditions of M.G.L. Ch. 231, Section 85, as amended.

F. If the Plaintiff suffered any damages, then such damages were caused by independent, superseding and intervening causes, acts or omissions of parties other than the Defendant, which causes, acts or omissions the Defendant had no reason to anticipate and over which the Defendant had no control, and said acts or omissions superseded any actions or omissions by the Defendant herein for which the Defendant might be considered liable to the Plaintiff, and which the Defendant could not have reasonably foreseen, nor for which it can be held liable in this action.

G. The Plaintiff's cause, or causes, of action is/are barred by the applicable Statute(s) of Limitations.

H. The Defendant says that if they failed to perform any agreements, actual or implied referred to in the Plaintiff's Complaint, then and in that event they were excused from such performance.

I. The Plaintiff has failed to state a claim with any particularity so as to permit the Defendant to proffer any reasonable response as permitted by Statute.

J. The alleged promises, contracts or agreements upon which the Defendants have brought their Counterclaim were not in writing and signed by the party to be charged therewith or by some person thereunto by them authorized, as required by law.

K. The Plaintiff has waived any claim against the Defendant.

L. The Plaintiff's claim has been advanced in bad faith, is frivolous and otherwise without merit.

M. The Plaintiff is estopped from asserting its claim.

N. The Defendant pleads the doctrine of laches, unclean hands, and release.

WHEREFORE, the Defendant hereby respectfully request this Court to:

a. Enter a judgment in favor of the Defendant;

b. Pursuant to M.G. L. c. 231, hold a hearing and award the Defendant attorneys' fees and costs incurred as a result of this frivolous suit; and

c. Enter such further relief this Court deems meet and just.

**GARRETT, INC. DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

## VERIFIED COUNTERCLAIM

1. The Defendant and Plaintiff-in-Counterclaim, Garret, Inc., is a Massachusetts corporation. Garrett is an entity engaged in trade or commerce.

2. The Plaintiff and Defendant-in-Counterclaim is State Resources Corporation ("SRC").

3. Garrett is in the business of, among other things, conducting real estate auctions. Garrett Healey is the president of Garret. Mr. Healey has been in the auction business for over thirty years. He is a licensed and bonded auctioneer in several states and a member of the National Auctioneers Association, Massachusetts State Auctioneers Association, and the Certified Auctioneers Institute. Garret regularly provides services to many local, state and federal agencies, major commercial lending institutions, and attorneys. Attached hereto as Exhibit A is Garrett's corporate resume.

4. SRC is in the business of commercial lending and is engaged in trade or commerce in Massachusetts. SRC's conduct with respect to this action and the auction referenced herein occurred primarily and substantially in Massachusetts.

5. In 2002, the Law Office of Doonan, Graves & Longoria, LLC ("Doonan"), acting as an agent for SRC, contacted Garrett for the purpose of hiring Garrett to conduct an auction of the real estate in connection with SRC's foreclosure on property located at 236 Lincoln Road, Lincoln,

Massachusetts ("the Property") on behalf of SRC. The Property was owned by Michael and Catherine Capizzi (the "Debtors").

6. Garrett and SRC agreed that Garrett would conduct the auction in return for a 3.5% commission on any sale to a third party, plus reimbursement for costs, expenses, and a $1,500 flat auction fee (the "Auction Agreement"). Attached hereto as Exhibits B, C, and D are documents reflecting this agreement. Any reference in the correspondence relating to "court approval" was not with respect to Garrett's fee, but instead to proceeding with the foreclosure itself.

7. It is customary and usual practice in the real estate auction business for the auctioneer to receive a commission on the sale price received at auction. The standard rate is 3.5% of the sale price, or alternatively, 25% of any overage. It is also customary and usual practice for the auctioneer to paid all advertising and promotional costs and expenses.

8. Garrett engaged in all necessary promotions, marketing, and scheduling in order to successfully proceed with the auction.

9. The auction was scheduled and postponed on no less than 5 occasions by Doonan. (Postponement from 5/20/03 to 6/24; from 6/24 to 7/24; from 7/24 to 9/23; from 9/23 to 9/26 at 11:30 a.m.; from 9/26 at 11:30 a.m. to 9/26 at 1:15 p.m.) Each time, Garrett undertook all necessary promotional, marketing and scheduling steps to accommodate the rescheduling.

10. On July 24, 2003, Garrett held an auction for the Property on behalf of SRC. Garrett obtained a bid for the Property in the amount of $2,000,000 from a buyer by the name of Linda M. Micu. SRC accepted the Micu offer and a $5,000 deposit from her.

11. Doonan later advised Garrett that the Micu deal fell through. Garrett had obtained a backup offer for the Property in the amount of $2,000,000 from Leonard Florence, Chairman of the Board of International Silver Company. Mr. Florence gave Garrett a $50,000 deposit for the

Property. Attached hereto as Exhibit E is a copy of the Backup Offer and deposit check. Notwithstanding the $2,000,000 Backup Offer, Doonan and SRC insisted that Garrett hold another auction for the Property.

12. On September 26, 2003 Garrett held another auction on behalf of SRC and Doonan. Garrett obtained a high bid of $1,200,000, which SRC and Doonan accepted.

13. As a result of obtaining the $1,200,000 for SRC, SRC was able to satisfy the full amount owed to it by its Debtors. Upon information and belief, Doonan was paid for its fees and expenses from the auction proceeds as well. Upon information and belief, a creditor holding a secondary position to SRC and Garrett has been paid. Upon information and belief, SRC has a contractual right under its mortgage and note agreement with the debtor to pay all expenses of the auction, such as Garrett's fee, out of the funds received from the sale.

14. The commission, fee, and expenses owed to Garrett are set forth in the invoice attached hereto as Exhibit F. Garrett has requested and demanded that Doonan and SRC pay Garrett the money owed to it under the Auction Agreement. Doonan and SRC have failed and refused to pay Garrett.

15. Garrett has suffered harm as a result of the refusal of Doonan and SRC to pay.

## COUNT I
## BREACH OF CONTRACT

16. Garrett repeats and incorporates by reference paragraphs 1 through 15 as if fully stated herein.

17. The foregoing actions and omissions by SRC constitute breach of contract, which has caused Garrett harm.

## COUNT II
## VIOLATION OF M.G.L. CH. 93A, § 11

18. Garret repeats and incorporates by reference paragraphs 1 through 17 as if fully stated herein.

19. SRC has knowing and willingly taken steps to deprive Garrett of the benefits and rights it is entitled to under the Auction Agreement, while fully benefiting itself from the fruits of Garrett's labor. Garrett has been harm by SRC's conduct.

20. SRC's actions and omissions amount to a knowing and willing violation of M.G.L. ch. 93A, section 11.

## COUNT III
## UNJUST ENRICHMENT

21. Garrett repeats and incorporates by reference paragraphs 1 through 20 as if fully stated herein.

22. SRC has been unjustly enriched by the acts referred to herein, resulting in detriment to Garrett.

## COUNT IV
## QUANTUM MERUIT

23. Garrett repeats and incorporates by reference paragraphs 1 through 22 as if fully stated herein.

24. SRC knew or should have known that the Defendant expected to be paid for the goods and services provided to it.

25. SRC failed to pay for the services provided in accordance with Garrett's request.

## COUNT V
## PROMISSORY ESTOPPEL

26. Garrett repeats and incorporates by reference paragraphs 1 through 25 as if fully stated herein.

27. SRC agreed to pay Garrett a 3.5% commission, plus fees and expenses for conducting an auction of the Property.

28. SRC made promises and material representations that it would pay Garrett.

29. Garrett relied on those representations.

30. Garrett has been damaged by SRC's breach.

11

**WHEREFORE**, Garrett hereby requests that this Court

1) enter judgment on its behalf on Counts I, III, IV, and V of the Counterclaim, including prejudgment and postjudgment interest, plus costs and expenses;

2) enter judgment on its behalf on Count II of the Counterclaim, including prejudgment and postjudment interest, plus attorneys' fees, costs, and expenses;

3) enter an order doubling or trebling the judgment award to Garrett as a result of SRC's willful and knowing violation of chapter 93A, section 11.

**Garrett demands a jury trial on all issues so triable.**

## VERIFICATION

I, Garrett Healey, hereby certify under the pains and penalties of perjury that the foregoing facts set for the in the Counterclaim are true to the best of my knowledge, information and belief.

_____
Garrett Healey, President of
Garrett, Inc.

Respectfully submitted,
The Defendant,
Garrett, Inc.,
By their Attorneys,

_____
CARMEN A. FRATTAROLI, BBO#: 177960
STEPHANIE M. WILLIAMS, BBO#: 560149
Law Office of Carmen A. Frattaroli
76 Lafayette Street
Salem, MA 01970
(978) 740-9501

Date: April 7th 2004

12