# United States District Court
# Eastern District of Massachusetts

### Civil Action No. 04 10095 DPW

_____

**STATES RESOURCES CORPORATION,**

**Plaintiff**

**v.**

**MICHAEL CAPIZZI,**
**CATHERINE R. CAPIZZI,**
**THE ARCHITECTURAL TEAM, INC.,**
**JOHN CONNOLLY, JR.,**
**GARRETT, INC.**
**MASSACHUSETTS DEPARTMENT OF REVENUE,**
**JAMES GRUMBACH**

**Defendants**
_____

## AMENDED
## ANSWER,
## COUNTER CLAIMS,
## CROSS-CLAIMS,
## AND AFFIRIMATIVE DEFENSES
## OF THE ARCHITECTURAL TEAM, INC. TO INTERPLEADER COMPLAINT
## AND JURY DEMAND

1.    Defendant, The Architectural Team, Inc. (TAT) is without knowledge or information sufficient to form a belief as to the truth of the averment and calls upon the Plaintiff, States Resources Corporation, to prove same, further stating that States Resources Corporation has not registered with the Office of the Secretary of State of the Commonwealth to do business in Massachusetts as a foreign

corporation, and, further, Plaintiff's <u>Exhibit F</u> herein refers to an address and location in Omaha, NE; thus calls upon the Plaintiff to provide and prove corporate existence and the establishment by Plaintiff of its right of access for foreclosure in the State Courts of Massachusetts Courts (G.L. c. *181, § 9)*.

2.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, further answering that Michael Capizzi is also known as Michael J. Capizzi, being one in the same.

3.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same.

4.    Admitted that "The Architectural Team, Inc" is a Massachusetts business corporation duly organized under the laws of the Commonwealth of Massachusetts.

5.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same.  Garrett, Inc. holds no auctioneers license from the Commonwealth of Massachusetts, Division of Standards as mandated by Massachusetts law, Chapter 100, § 2.

6.    Admitted.

7.    Admitted.

**8.** **TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same.**

**9.** **TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same.**

**10.** **To this paragraph no answer is required, TAT repeating its answers, supra.**

**11.** **Exhibit A[1] speaks for itself, and TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same. No assignment of the said Note is alleged or set forth by the Plaintiff.**

**12.** **Exhibit B speaks for itself, and TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same.**

**13.** **Exhibit C speaks for itself and TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, further stating that the conclusions of law may be inaccurate.**

**14.** **TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and**

---

[1] All references to Exhibits herein refer to the Exhibits attached to the Plaintiff's Complaint.

calls upon the Plaintiff to prove the same, further answering that the **Exhibit D** as attached to the Complaint documents speak for themselves.

15.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, further answering that the **Exhibit E** documents speak for themselves.

16.    TAT is neither able to admit or deny said allegations and calls upon the Plaintiff to prove the same, further answering that the **Exhibit F** documents speak for themselves, further answering that the assignee of the mortgage is designated as of Omaha, NE, that the  **Exhibit F** attached to the Complaint document has no vote of authority and the notary is without certification from state of appointment (G.L.c. *183, § 33*), and therefore TAT calls upon the Plaintiff to prove all the same.  Further, answering the Plaintiff provides no allegation or claim concerning an assignment of any note for which **Exhibit F** attached to the Complaint is but security only, there being no allegation by Plaintiff of the assignment of the Note (**Exhibit A**) attached to the Complaint, to it.

17.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, and states that the civil action and the docket thereof speak for itself.

18.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and

calls upon the Plaintiff to prove the same, and states that the civil action and the docket thereof speaks for itself.

19.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, and states that the civil action and the docket thereof speaks for itself.

20.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, and states that the civil action and the docket thereof speaks for itself.

21.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, and states that the civil action and the docket thereof speaks for itself.

22.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, and states that the civil action and the docket thereof speaks for itself.

23.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, and states that the civil action and the docket thereof speaks for itself.

24.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, and states that the civil action and the docket thereof speaks for itself.

25.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove same, and states that the civil action and the docket thereof speaks for themselves, admitting Catherine Capizzi did not have an interest in the locus in quo as was adjudicated by the Massachusetts Superior Court and the Massachusetts Court of Appeals.

26.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, and states that the civil action and the docket thereof speaks for itself.

27.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, and states that the civil action and the docket thereof speaks for itself.

28.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, and states that the civil action and the docket thereof speaks for themselves.

29.     TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, and states that the civil action and the docket speaks for themselves.

30.     TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, but upon information and belief and from Exhibit N the so called "first sale" by the Garrett, Inc. and State's counsel was not completed because of default of the apparent true buyer, Catherine Capizzi who was acting through her disclosed agent ( *See,* Exhibit N affixed to the Complaint); that the Plaintiff was noticed by counsel to TAT at the first sale that the auction sale was not in the due course of business, said warning was disregarded by the Plaintiff and Garrett, Inc. and that TAT is without further knowledge or information sufficient to form a belief as to the truth of the averment as to Exhibit N affixed to the Complaint.  That it now appears from Exhibit N produced for first time by Plaintiff, that the so called deposit check from that said first sale, unknown to TAT, appears, from the face of the Fleet Bank "Official Check", to come from or charged to  an account of Catherine R. Capizzi at Fleet Bank, that such facts were neither told to TAT or its counsel and that no investigation of the sham transaction was made by the Plaintiff in spite of written and oral requests by TAT, that Catherine Capizzi, through her agent defaulted upon the first sale heretofore, causing greater damages and costs to TAT, that TAT's levy or secured position was adversely affected by conduct of the Plaintiff.  That in subsequent bankruptcy proceedings the

issue was not raised by Plaintiff of the breach of a two million dollar contract by Catherine Capizzi, and further States never sought to enforce the contract of $2,000,000.00 against Catherine Capizzi from the substantial assets from Catherine Capizzi as listed in the bankruptcy proceeding, all to the damage of TAT as set out hereafter in the Counterclaim.  *See*, counterclaims/cross-claims infra.

31.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, but states that the civil action and the docket thereof speaks for themselves, further that a mortgage bidding process took place on said date, the memo of sale never being shown at the time to TAT and TAT not being at the real estate closing is unable to either admit or deny the same, TAT neither admitting or denying the auction took place pursuant to the laws of this Commonwealth.

32.    Admitted that TAT has a special real estate attachment upon the locus in quo authorized by the Suffolk Court Department of the Trial Court Docket numbered 89-4479, The Architectural Team, Inc v. Michael J. Capizzi and Catherine Capizzi, dated December 14, 1994, in the amount of $600,000.00 and recorded in the Middlesex South Registry of Deeds, Book 25104, Page 392 et seq brought forward on December 16, 1999, in said Middlesex South Registry of Deeds Book 30966, Page 423, which execution was issued by the Suffolk County Superior Court after appeals by Michael J. Capizzi and Catherine Capizzi to the Massachusetts Court of Appeals denying the Capizzi et ux appeals, and that on September 24, 2003 an execution issued by the Suffolk County Superior Court in

such action, in the amount of $541,152.81, and that on September 24, 2003 by virtue of the execution, the Middlesex County Deputy Sheriff seized and took all the right title and interest that the said Michael J. Capizzi had on the 15th day of December 1994 in Book 25104, Pages 392 through 395 and brought forward by letter dated December 16, 1999 in Book 30966, Page 423 being the time (December 15, 1994) when the same was attached on <u>mesne</u> process in and to the <u>locus in quo</u> aka 236 Lincoln Road, Lincoln, Middlesex County, MA and said Sheriff did on said 24th day of September, 2003 levy upon the said execution and immediately suspended the further levy on the execution and that on the 24th of September 2003 said Sheriff deposited an attested copy of the execution in the South District Middlesex Registry on the 25th day of September 2003 and  mailed to Michael J. Capizzi an attested copy of the execution to 236 Lincoln Road, Lincoln, MA. with the execution on that date unsatisfied.

33.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, further answering that any such attachment is subject to the rights of TAT, said attachment on its face not affecting the subject property attached by TAT.

34.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, further answering that any such attachment is subject to and subordinated to the rights of TAT, said attachment on its face not affecting the subject property attached by TAT and further answering

the Plaintiff has alleged and represented to the federal courts that Catherine Capizzi did not have an interest in the locus in quo as was so adjudicate by the Massachusetts Superior Court and the Massachusetts Court of Appeals.

35.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, further answering that any such attachment is subject to and subordinate to the rights of TAT, said attachment on its face not affecting the subject property attached by TAT and further answering the Plaintiff has alleged and represented to the federal courts that Catherine Capizzi did not have an interest in the locus in quo as was so adjudicated by the Massachusetts Superior Court and the Massachusetts Court of Appeals.

36.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, further answering that any such attachment is subject to and subordinated to the rights of TAT, said attachment on its face not affecting the subject property attached by TAT and further answering TAT says the fees charged are not reasonable and they are excessive; that upon information and belief licensed auctioneers could be secured for flat fees of $5,000.00 or less, further that such charges are contrary to the local rules of the bankruptcy court, *See,* MLBR Rule 6004-1 (4), further answering no agreement or memo of contract or letter of engagement has been alleged, and no attested closing invoice has been affixed to the Complaint; further answering that the Plaintiff has neither referred to nor referenced that Garrett, Inc. is a holder of an auctioneers

license issued by the Commonwealth of Massachusetts, noting **Exhibit N** refers to a "Mr. Garrett of Garrett, Inc." when in fact the person listed at the Office of the Secretary of State of the Commonwealth as to Garrett, Inc, is one Garrett D. Healey, not Mr. Garrett.

37.    TAT, is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, further answering by way of cross-claim of TAT set forth hereafter.

38.    TAT, as a matter of law, incorporating paragraph 32 herein, is entitled to at least all the surplus above the first mortgage note principal balance and lawful interest and **reasonable** costs, and is at present without knowledge or information to form such an accounting, none having been provided of the principal, interest, lawful costs and expenses and reasonable legal fees, TAT calling upon the Plaintiff to prove the same further answering in response to the lawful demands of TAT, TAT received $210,096.33 payable directly to TAT by check dated 11/10/2003, no agreement by TAT to the Plaintiff was ever made or ever executed.

39.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, further answering by way of cross-claim of TAT set forth hereafter.

40.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, further answering by way of cross-claim

of TAT set forth hereafter said TAT stating the entire proceeds are uncertain and that a full accounting of all monies from the sale must be determined by the Court .

41.    TAT is without knowledge or information sufficient to form a belief as to the truth of the averment and is neither able to admit or deny said allegation and calls upon the Plaintiff to prove the same, further answering by way of cross-claims of TAT set forth hereafter.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be given.

2. The Plaintiff may have failed to complete the sale by not properly qualifying before the state courts of Massachusetts.

3. That if the mortgage priority of the Plaintiff fails, TAT is the first and only lien creditor and entitled to all the proceeds of sale of the <u>locus in quo</u> under the suspended levy to the extent of its execution and levy.

4. That the Plaintiff does not allege it is an assignee of a negotiable note that the security secured.

5. The Plaintiff may be in breach of its obligations in the implementation of and the carrying out of the foreclosure sale and the sale itself, supra, and all accountings as relates to the reasonableness of all the costs and fees charged, taken, or claimed by the Plaintiff and its counsels and so called costs of sale, as to whether they are reasonable and not unjust or deceptive, TAT being entitled, by its levy, to all those sums due from the foreclosure sales that the Plaintiff is not entitled, including without limitation amounts due from the note not alleged to belong to the Plaintiff, legal fees and costs.

6. That the Plaintiff failed to secure reasonable costs and expenses and in particular charged for an auctioneer's fee that on its face is not reasonable and is excessive.

7. That the Plaintiff has made no accounting regarding the charges that depleted the money available for distribution to TAT pursuant to TAT's levy regarding attorney fees and costs and expenses and may have charged to the amount to which TAT is otherwise entitled, fees and costs outside the contemplation of the mortgage provisions.

8. That all deposits from the sale of July 24, 2003 supra, should be applied to the reduction of any indebtedness to the Plaintiff, if any, claimed upon by the Plaintiff from the person being foreclosed and that may be established herein or in the alternative applied in full to the attachment and levy of TAT.

9. That as to all Defendants, other then TAT, TAT's levy is superior and must be satisfied in full before any sum may be due to any other Defendant.

10. As the ORDER of this United States Bankruptcy Court, Case No. 03-18040-JNF dated September 26, 2003, allowed the charging of reasonable costs, TAT requests a right to examine such fees and costs under said ORDER as that may affect the net proceeds due TAT from the sale and that any amounts to the auctioneer be reasonable.

11. That the alleged attachments or claims of all other named Defendants are subject to the attachment, judgment, and levy of TAT.

12. That the so-called auctioneers fee is unreasonable and diminishes the amount available from the sale to satisfy TAT.

13. That TAT has a right to review all foreclosure charges taken without notice or consent of TAT that diminish the amount due TAT under its levy.

14. That the proceeds of the sale as set forth in <u>Exhibit B</u> shall be applied only to reasonable attorney's fees of sale; that no accounting for any such charges having been made to TAT, TAT seeks such accounting and review since TAT is of right entitled to all proceeds not otherwise proved under any security prior to that of TAT.

15. The proceeds from the so called sale identified as <u>Exhibit N</u> have based on information a belief not been accounted for to TAT, TAT being entitled to such proceeds and all breach of contract rights there under.

16. That it is not reasonably contemplated that a written understanding was not in place between the Plaintiff and Garrett, Inc. when engaged by the Plaintiff and that said alleged fee "deal" was never disclosed to TAT until after the closing.

17. That there was no agreement by TAT to indemnity the Plaintiff, the Plaintiff requesting such indemnification only after the check was delivered to TAT by the Plaintiff.

18. Based upon information and belief, Garrett, Inc. holds no auctioneers license in Massachusetts as mandated by Chapter 100, § 2; that the affect of the auctioneer being a domestic corporation and being a person as defined under Chapter 100 § 1 not being so licensed may well affect the entire sales process implemented by the Plaintiff and, thus, the security interest of the Plaintiff in the property levied upon by TAT, may not be superior to that of TAT.

19. Garrett, Inc. not being licensed in Massachusetts, is entitled to no fees, costs or reimbursements and all escrow held by the Plaintiff belongs to and is due TAT.

## COUNTERCLAIMS

1. This Court maintains jurisdiction over the stated allegations in the complaint and the following counterclaims and cross-clams. Pursuant to Chapter 28, Section 1332 of the United States Code diversity exists in this action as the Plaintiff, States Resources Corporation, Defendant in Counterclaim is a foreign entity while TAT is a Massachusetts business corporation. TAT seeks to reach and apply damages due from the default of Catherine R. Capizzi regarding the first sale of July 24, 2003, Exhibit N of the Plaintiff's Complaint and seeking proof of assignment of the Note and for a full accounting by the Plaintiff. Such damages as to the first sale are the difference between the second sales price of $1,200,000 and $2,000,000.00 sales price as set forth in Plaintiff's Exhibit N and further subject of cross-claims, all as set forth herein. Further the amount due TAT from the proceeds of the sale by the Plaintiff exceed $75,000.00

## PARTIES

1. The Plaintiff in Counterclaim, The Architectural Team, Inc. (TAT) is a Massachusetts business corporation located, in Chelsea, Suffolk County, Massachusetts.

2. The Defendant in Counterclaim, States Resources Corporation, is a corporation and the Plaintiff in the Complaint.

## COUNTERCLAIM ONE

3.  Counterclaim plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 41 and of the Affirmative Defenses paragraphs 1 through 19.

4.  That Counterclaim plaintiff seeks a full accounting of the sales proceeds received from the sale of the <u>locus in quo</u> together with a right, without limitation, to examine all costs, expenses and charges and fees added to the alleged principal balance and by Counterclaim defendant deducted from the sales proceeds to which this Counterclaim plaintiff has a right and interest in all sums above that actually due from or under any note and mortgage claimed upon by the Defendant in counterclaim.

5.  That Counterclaim plaintiff seeks from the Counterclaim defendant all sales proceeds due it under the levy unless and until the Defendant in Counterclaim establish a right to any sum under an assignment of the note alleged upon by the Counterclaim defendant.

## COUNTERCLAIM TWO

6.  Counterclaim plaintiff repeats and incorporates by reference the allegation contained in all prior paragraphs as if fully set forth herein.

7.  Counterclaim defendant States Resources Corporation was unjustly enriched by the sums added to the principal balance and interest that would otherwise belong to the Counterclaim Plaintiff in satisfaction of its lawful levy.

8.  That Counterclaim defendant may have entered into an unreasonable fee arrangement with Garrett, Inc. thus reducing the pool of assets available the

Plaintiff in counterclaim to which the Plaintiff in counterclaim is now entitled from the escrow account held by the Defendant in counterclaim.

9.  That the Plaintiff in counterclaim is entitled to all escrow funds now held by the Defendant in counterclaim or its attorney.

10. That the Defendant in counterclaim, until the service of process in this proceeding, was unaware that Catherine Capizzi was an undisclosed principal, such information known to the Defendant Garrett, Inc. and the Defendant in counterclaim

## COUNTERCLAIM THREE

11. The Defendant in counterclaim and Garrett, Inc. conducted the so-called "first sale" on July 24, 2003.

12. The undated memorandum of sale was executed by Plaintiff through Garrett, Inc. and represented as Plaintiff's <u>Exhibit N.</u>

13. Plaintiff's <u>Exhibit N</u> is undated but apparently was executed on July 24, 2003.

14. That the check appearing in Plaintiff's <u>Exhibit N</u> being the deposit check bore the named Catherine Capizzi, Catherine Capizzi's involvement as the buyer being unknown to TAT until the within litigation was served.

15. The said check was used by the Defendant in counterclaim to qualify the bidders at the sale.

16. That the check was not exhibited to TAT or the attorney of TAT present at the said "first sale."

17. **That the check was delivered prior to the bidding to Defendant in counterclaim to qualify bidders.**

18. **The Defendant in counterclaim knew of the bankruptcy filings of Catherine Capizzi on said date at said time at said first sale.**

19. **That the Defendant in counterclaim knew or ought to have known that Catherine Capizzi could not have been a qualified bidder as her bankruptcy filings evidenced her financial condition.**

20. **Neither before or after the so called first sale did the Defendant in counterclaim reveal (prior to service of the Interpleader Complaint) to TAT the fact of the qualifying check being that of Catherine Capizzi.**

21. **That the Defendant in counterclaim by its conduct caused the first sale to conclude without a second bidder in place and thus with a sale that was on its face at least questionable and infecting all future sales by thereafter branding the <u>locus in quo</u> as having a failed sale and in effect reducing and chilling the future bidding purchase price, all to the damage of TAT.**

22. **That the failure of the Defendant in counterclaim to reveal the name of Catherine Capizzi on the qualifying deposit check until this litigation indicates the consciousness of guilt or admission of wrongdoing of the Defendant in counterclaim, all to the damage of TAT.**

<u>**COUNTERCLAIM FOUR**</u>

**Counterclaim plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 41 and of the Affirmative Defenses paragraphs 1 through 19 and all counterclaim paragraphs herein set forth.**

23. **States Resources Corporation did in fact conduct a sale with and through its agent, Garrett, Inc. by foreclosure on <u>September 26, 2003</u> upon the real property of Michael Capizzi, on which real property The Architectural Team, Inc. (sometimes herein referred to as TAT) had been granted a special real estate attachment by the Massachusetts Superior Court and upon which judgment was obtained, execution issued and a levy had been commenced by The Architectural Team, Inc. through the Deputy Sheriff of Middlesex County, all as more particular set forth <u>supra</u> by The Architectural Team, Inc., in paragraph numbered 32 incorporated herein by specific reference.**

24. **That the <u>locus in quo</u> was sold at such date and time at auction by Garrett, Inc. for States Resources Corporation at the auction sales price of <u>$1,200,000.00</u>, all subject to the laws of foreclosure of Massachusetts.  That such sale was to be based upon good faith and fair dealing and for the apparent highest bid price known to the mortgagee, States Resources Corporation.  In fact States Resources Corporation knew at the time of said sale, that the bid price of <u>$1,2000,000.00</u> was <u>$800,000.00</u> below the bid price obtained by its auctioneer and agent, Garrett, Inc.**

25. **That The Architectural Team, Inc. was and is entitled to all the surplus of the mortgage sale proceeds conducted by States Resources Corporation to the extent of its execution and levy of $541, 152.81, plus interest and costs, less any sum received, and may well be entitled, because of the conduct of States Resources Corporation and Garrett, Inc., to the full proceeds equal to the sum of the unpaid execution of The Architectural Team, Inc. claim as**

adjudicated, said execution issued by the Superior Court of Massachusetts after the Court of Appeals of the Commonwealth of Massachusetts affirmed the trial judgment in the Superior Court of the Commonwealth of Massachusetts as to The Architectural Team, Inc. as against Michael Capizzi, all subject to the net sum received by The Architectural Team, Inc. from States Resources Corporation on account of Michael Capizzi.

26. That States Resources Corporation in conducting the mortgage sale on the property to which the special attachment and levy of The Architectural Team, Inc. applied, owed a duty to obtained the highest sales price for the <u>locus in quo</u>.

27. That in the answer of Garrett, Inc. filed in this Court on <u>April 7, 2004</u>, <u>supra</u>, Paragraph 11 thereof, Garrett, Inc., upon information and belief, an unlicensed real estate broker and an unlicensed real estate salesman, obtained a "…backup offer for the Property in the amount of <u>$2,000,000.00</u> from Leonard Florence…" with a <u>$50,000.00</u> check. <u>See</u> Garrett, Inc. <u>Exhibit E</u>. These facts were never communicated to The Architectural Team, Inc.

28. That aside from the duty owed by States Resources Corporation to Michael Capizzi, States Resources Corporation owed a duty to obtain the highest bid for the <u>locus in quo</u> well knowing of the levy and security upon the <u>locus in quo</u> of The Architectural Team, Inc.

29. That at the sale conducted on <u>September 26, 2004,</u> States Resources Corporation accepted a so called high bid of <u>$1,200,000.00</u>, which if the

allegations of Garrett, Inc. are true, was not the highest value sales price for the <u>locus in quo</u> causing great damages to The Architectural Team, Inc. since The Architectural Team, Inc., would, if the <u>$2,000,000.00</u> were accepted, been paid in full upon the execution of the Massachusetts Court. At the sale the conduct and response of States Resources Corporation was such that the <u>$1,200,000</u> bid was the highest received.

30. That as a result of the failure to disclose to The Architectural Team, Inc. by States Resources Corporation or Garrett, Inc. of the two million dollar offer or bid (until the filed answer of Garrett, Inc.) to either Michael Capizzi or The Architectural Team, Inc. each sustained great and substantial damages. No such received offer was announced at the sale by States Resources Corporation and Garrett, Inc. all to the damage Michael Capizzi, and The Architectural Team, Inc..

31. That Garrett, Inc., having received such offer of <u>$2,000,000.00</u>, and the check of <u>$50,000.00</u>, was an agent of States Resources Corporation and created notice to the mortgagee States Resources Corporation that they were selling the <u>locus in quo</u> below the fair market value that was available to both the mortgagor and to the levying creditor, The Architectural Team, Inc.

32. That The Architectural Team, Inc. is entitled to reach and apply all the assets of Michael Capizzi, in satisfaction of The Architectural Team, Inc. claim, levy and execution and in particular as to the wrongful sale of the <u>locus in quo</u> against which a special real estate attachment was issued by the

21

Massachusetts courts and a levy begun, and all well known to States
Resources Corporation at the time of the sale.

33. That States Resources Corporation and or Garrett, Inc. or either one of them
had at very least a duty to disclose the check(Garrett, Inc. **Exhibit E**) , the
offer, (Garrett, Inc., **Exhibit E**) the bid, knowing that the sales price on that
day of <u>September 26, 2003,</u> (the date locus in quo was being sold) was **$800,**
**000.00** *less* than the alleged offer/bid in the hands of Garrett, Inc. as agent for
States Resources Corporation.

34. That The Architectural Team, Inc. is entitled to reach and apply all rights
and damages to which Michael Capizzi is entitled to as against States
Resources Corporation.

Wherefore, The Architectural Team, Inc. respectfully requests a full
determination of the facts and allegations of Garrett, Inc.. and to reach and
apply in satisfaction of the levy the rights of Michael Capizzi, as against
States Resources Corporation for breach of any and all duties owed by the
mortgagee States Resources Corporation to the mortgagor Michael Capizzi
and to The Architectural Team, Inc., or any one of them and, further

The Plaintiff in counterclaim respectfully requests this Court to:

Find for the counterclaim plaintiff as provided herein for the damages and
loss suffered or sustained by The Architectural Team, Inc. as a result of the
conduct of States Resources Corporation and for such other relief as this
court determines the counterclaim plaintiff is entitled and that is just, meet

and proper, and any other relief this Honorable Court deems just and equitable.

## CROSS-CLAIMS

### PARTIES

1. The Plaintiff in cross-claim, The Architectural Team, Inc. (TAT) is a Massachusetts business corporation located, in Chelsea, Suffolk County, Massachusetts.

2. The Defendant in Cross-claim, Catherine R. Capizzi, is a resident of Lincoln, Massachusetts.

### FACTS

3. Cross-claim plaintiff repeats and incorporates by reference the allegation contained in all prior paragraphs of the answer and counterclaims as if fully set forth herein, and without limitation, in particular paragraph 30.

4. On July 24, 2003, the Catherine R. Capizzi acting through her agent or straw, and being the undisclosed principal, did in fact enter into an agreement of purchase and sale set forth as Plaintiff's Exhibit N.

5. At the time set for performance the said Catherine R. Capizzi did default or breach said agreement of purchase and sale in the stated amount of $2,000,000.

6. The agreement (Plaintiff's Exhibit N) undated but apparently executed on July 24, 2003 was so executed, subsequent to Catherine R. Capizzi's bankruptcy filing.

7. At the time of entering into the agreement  (Plaintiff's **Exhibit N**) Catherine R. Capizzi had been adjudicated by the Massachusetts Court of Appeals to not be the owner of the subject property, Plaintiff's **Exhibit N**.

8. The **locus in quo** was subsequently, at a later sale to another, sold for $800,000.00 less than the July 24, 2003 (Plaintiff's **Exhibit N**) contracted sale price of $2,000,000.00 agreed to and contracted by Catherine Capizzi resulting in great damages to the Plaintiff in cross-action.

9. Upon information and belief the demand for performance of Catherine R. Capizzi under the Agreement was made upon her agent.

10. Catherine R. Capizzi without right failed to perform the agreement, Plaintiff's **Exhibit N**.

11. Upon information and belief States Resources Corporation was ready, willing and able to perform.

12. TAT as a creditor seeks to reach and apply the rights of Michael Capizzi in and to his rights under said **Exhibit N**.

13. TAT seeks to reach and apply the damages to which Michael Capizzi would be entitled under said **Exhibit N** to apply the same to the sum necessary to seek satisfaction of TAT's judgment and levy as against Michael Capizzi.

14. TAT was unaware of the fact the Catherine Capizzi was and undisclosed principal until served with the Complaint herein, the check of Fleet Bank as set forth in said **Exhibit N** never being disclosed to TAT in spite of repeated request upon States Resources Corporation.

15. That upon being made aware of the undisclosed principal, TAT has elected to proceed against the undisclosed principal and her agent.

WHEREFORE, the said Catherine Capizzi is indebted to TAT for all damages arising from and out of her breach to which TAT has a right to reach and apply to its levy and any other relief this Honorable Court deems just and equitable.

## JURY DEMAND

TAT respectfully claims a right to trial by jury on all issues, claims, cross-claims and counterclaims.

<u>April 20, 2004</u>

Respectfully submitted.
By its Attorney,

s/Jordan Lewis Ring
Jordan Lewis Ring, Esquire
Attorney for:
The Architectural Team, Inc.
RING LAW FIRM
4 Longfellow Place 37th Floor
Boston, Massachusetts 02114
BBO# 420980
jordanlewisring@masslawyer.us
617-558-9800/fax 617-558-9801

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MASSACHUSETTS
# CIVIL ACTION NO 04-10095DPW

STATES RESOURCES CORPORATION,

Plaintiff

v.

MICHAEL CAPIZZI,
CATHERINE R. CAPIZZI,
THE ARCHITECTURAL TEAM, INC.,
JOHN CONNOLLY, JR.,
GARRETT, INC.
MASSACHUSETTS DEPARTMENT OF REVENUE,
JAMES GRUMBACH

Defendants

## CERTIFICATE OF SERVICE

I Jordan Lewis Ring, hereby certify that on this date I caused to be served a copy of this
## AMENDED
## ANSWER,
## COUNTER CLAIMS,
## CROSS-CLAIMS,
## AND AFFIRMATIVE DEFENSES
## OF THE ARCHITECTURAL TEAM, INC. TO INTERPLEADER COMPLAINT
## AND JURY DEMAND

ELECTRONIC FILING AND BY

sending the same first class mail, postage prepaid to:

Michael Capizzi
236 Lincoln Road
Lincoln, MA 01773

AND TO:

Catherine Capizzi
236 Lincoln Road
Lincoln, MA 01773

**AND TO:**

**Nicholas A. Iannuzzi, Esq.**
**20 William Street**
**Suite 254**
**Wellesley, MA 02481**

**AND TO:**

**Carmen A. Frattaroili, Esq**
**Stephanie Williams, Esq**
**76 Lafayette Street**
**Salem, MA 01970**


**April 20 ,2004**

                                          **Respectfully submitted.**
                                          **By its Attorney,**


                                              **s/Jordan Lewis Ring**
                                        **Jordan Lewis Ring, Esquire**
                                        **Attorney for:**
                                        **The Architectural Team, Inc.**
                                        **RING LAW FIRM**
                                        **4 Longfellow Place 37th Floor**
                                        **Boston, Massachusetts 02114**
                                        **BBO# 420980**
                                        **jordanlewisring@masslawyer.us**
                                        **617-558-9800/fax 617-558-9801**