UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| STATES RESOURCES CORPORATION<br><br>Plaintiff<br><br>v.<br><br>MICHAEL CAPIZZI,<br>CATHERINE R. CAPIZZI,<br>THE ARCHITECTURAL TEAM, INC.,<br>GARRETT, INC.,<br>JOHN CONNOLLY, JR.,<br>MASSACHUSETTS DEPARTMENT OF REVENUE,<br>JAMES GRUMBACH<br><br>Defendants | Civil Action No. 04 10095 DPW |

**STATES RESOURCES CORPORATION'S VERIFIED REPLY
TO THE COUNTERCLAIMS OF GARRETT, INC.**

NOW COMES the Plaintiff and Defendant in Counterclaim, States Resources Corporation ("States"), by and through its attorneys, Doonan, Graves & Longoria, LLC, and respectfully replies to Defendant and Plaintiff in Counterclaim's, Garrett, Inc. ("Garrett"), Counterclaims as follows:

1. States admits the allegations set forth in this paragraph.

2. States admits the allegations set forth in this paragraph.

3. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

4. States denies the allegations set forth in this paragraph.

5. States admits the allegations set forth in this paragraph.

6. States denies the allegations set forth in this paragraph.

7. States denies the allegations set forth in this paragraph.

8. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

9. States admits that the auction was scheduled and postponed. Specifically, the 5/20/03 auction was postponed and rescheduled to 6/24/03 because Catherine Capizzi filed for bankruptcy on 5/20/03; the 6/24/03 auction was postponed and rescheduled to 7/24/03, because States did not get relief from Catherine Capizzi's Bankruptcy until 6/24/03 and, therefore, did not have time to advertise; the 7/24/03 auction was postponed, because the highest bidder defaulted and the sale never occurred; the 7/24/03 auction was rescheduled for 9/26/03, however, the advertisements mistakenly stated that the auction was taking place on 9/23/03, instead of 9/26/03; the 9/26/03 auction at 11:30 a.m. was rescheduled to 1:15 p.m., because by 11:30 a.m. the Bankruptcy Court had not yet issued its Order Dismissing Michael Capizzi's Bankruptcy petition.

10. States admits the allegations set forth in this paragraph.

11. States denies the allegations set forth in this paragraph.

12. States admits the allegations set forth in this paragraph.

13. States admits that it was able to satisfy the full amount owed to it by Michael Capizzi and that Doonan, Graves & Longoria, LLC was paid its costs and fees relating to the foreclosure action, but States denies the remaining allegations in this paragraph.

14. States denies the allegations in this paragraph and, further, any fees paid to Garrett are subject to court approval.

15. States denies the allegations set forth in this paragraph.

## COUNT ONE

16. States repeats its answers to paragraphs 1-15.

17. States denies the allegations set forth in this paragraph.

## COUNT TWO

18. States repeats its answers to paragraphs 1-17.

19. States denies the allegations set forth in this paragraph.

20. States denies the allegations set forth in this paragraph.

## COUNT THREE

21. States repeats its answers to paragraphs 1-20.

22. States denies the allegations set forth in this paragraph.

## COUNT FOUR

23. States repeats its answers to paragraphs 1-22.

24. States denies the allegations set forth in this paragraph.

25. States denies the allegations set forth in this paragraph.

## COUNT FIVE

26. States repeats its answers to paragraphs 1-25.

27. States denies the allegations set forth in this paragraph and, further, any fees paid to Garrett are subject to court approval.

28. States denies the allegations set forth in this paragraph and, further, any fees paid to Garrett are subject to court approval.

29. States denies the allegations set forth in this paragraph.

30. States denies the allegations set forth in this paragraph.

## AFFIRMATIVE DEFENSES

1. Garrett's Counterclaims fail to state a claim for which relief can be given.

2. Garrett is barred by the doctrine of unclean hands.

3. Garrett is estopped by its own conduct from asserting its Counterclaims.

4. Garrett has waived any claim against States.

5. Garrett is bared from asserting its claims as a result of its own bad faith and commercially unreasonable conduct.

6. Fees and costs relating to Garrett's advertising and conducting the foreclosure auction are subject to court approval, which is one of the underlying reasons for this action.

7. Garrett's Counterclaims are barred by the Statute of Frauds.

Date: April 27, 2004

John A. Doonan, Esq. (BBO# 547838)
Doonan, Graves & Longoria, L.L.C.
100 Cummings Center, Suite 213C
Beverly, MA 01915
(978) 921-2670

## VERIFICATION

STATE OF NEBRASKA    )
COUNTY OF DOUGLAS    )
                            SS.

I, _Doug Bartlett_, being duly sworn, state:

I am a representative of State Resources Corp., the above named Plaintiff in this action. I have read the Verified Reply to the Counterclaims of Garrett, Inc., am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

By: _____

its: _President_

## CORPORATE ACKNOWLEDGMENT

State of Nebraska
County of Douglas

On the _28_ day of _April_ in the year 2004 before me, the undersigned, personally appeared _Doug Bartlett Pres._, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the

instrument, and that such individual made such appearance before the undersigned in the City of Omaha, County of Douglas, in the State of Nebraska.

_Donna Butler_

Notary Public
My commission expires:

GENERAL NOTARY-State of Nebraska
DONNA BUTLER
My Comm. Exp. Sept. 24, 2004