UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-10095-DPW

| | |
|---|---|
| STATES RESOURCES CORPORATION,<br><br>**Plaintiff**<br><br>v.<br><br>MICHAEL CAPIZZI,<br>CATHERINE R. CAPIZZI,<br>THE ARCHITECTURAL TEAM, INC.,<br>GARRETT, INC.,<br>JOHN CONNOLLY, JR.,<br>MASSACHUSETTS DEPARTMENT OF REVENUE,<br>JAMES GRUMBACH,<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER, COUNTERCLAIMS, CROSS CLAIMS AND ANSWER TO CROSS CLAIMS OF DEFENDANTS MICHAEL CAPIZZI AND CATHERINE R. CAPIZZI

Defendants herein, Michael Capizzi and Catherine R. Capizzi, hereby respond to the within Interpleader of States Resources Corporation and make the following counterclaims and cross claims as stated below. Catherine Capizzi also responds to the Cross-claim of The Architectural Team, Inc. As used herein the phrase "without knowledge" shall mean that Defendants are without knowledge sufficient to admit or deny the allegation and therefore deny the allegations.

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 1 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

2. Defendants admit the allegations of paragraph 2 of the Complaint except state that Defendant Michael Capizzi is now residing in Concord, Massachusetts.

3. Defendants admit the allegations of paragraph 3 of the Complaint except state that Defendant Catherine R. Capizzi is now residing in Concord, Massachusetts.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 4 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 5 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

6. Defendants admit the allegations of paragraph 6.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 7 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 8 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

## JURISDICTION

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 9 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

## FACTS

10. No response to this paragraph is required.

11. Defendants admit that on or about October 19, 1988 Defendant Michael Capizzi executed and delivered to Winchendon Savings Bank a note in the principal amount of $750,000.00, a copy of which is attached to the Complaint as Exhibit A, but that said note was subsequently amended to provide for a 6% interest rate.

12. Defendants admit the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13, but admit that a Quitclaim Deed naming Catherine Capizzi as grantee was recorded in Middlesex South Registry as stated. Catherine Capizzi never became a party to the note and mortgage.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 14 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 15 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 16 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

17. Defendants deny the allegations of paragraph 17 and state that on or about June 20, 2001, they filed an action against Plaintiff States Resources in the Middlesex Superior Court. Plaintiff subsequently removed the case to the Federal District Court.

18. Defendants admit the allegations of paragraph 18, but deny that they failed to meet discovery requirements and that they failed to prosecute their claims.

19. Defendants admit the allegations of paragraph 19, but deny that the First Complaint was filed by the Capizzis on July 26, 2001.

20. Defendants admit the allegations of paragraph 20, but deny that the filing was Pro Se.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 21 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

22. Defendants admit the allegations of paragraph 22, but state that they were misled by Bankruptcy counsel as to the advisability of filing a voluntary dismissal. Bankruptcy counsel advised Michael Capizzi that his listed claims against certain law firms would have an adverse effect on the Bankruptcy judges, trustees and clerks and recommended that he voluntary dismiss his case and have his wife file a Chapter 11 instead.

23. Defendants admit the allegations of paragraph 23, but state that they were misled by their own Bankruptcy counsel as to the advisability and effect of Catherine Capizzi filing a voluntary petition for Bankruptcy under Chapter 11.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 24 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

25. Defendants admit the allegations of paragraph 25, but state that they had been misled by their own Bankruptcy counsel as to the effect of Defendant Catherine Capizzi's Bankruptcy filing.

26. Defendants admit the allegations of paragraph 26, but state that they were misled by their own counsel as to their protection under the Bankruptcy filings and were unfamiliar with the Court procedural requirements concerning discovery and other required action on their part.

27. Defendants admit the allegations of paragraph 27, but state that they were misled by their own counsel as to their protection under the Bankruptcy filings and were unfamiliar with the Court procedural requirements concerning discovery and other required action on their part.

28. Defendants admit the allegations of paragraph 28, but state that this was only the second Bankruptcy filing by Michael Capizzi who had dismissed his first filing on advice of counsel who recommended that Catherine Capizzi file a Chapter 11 petition in place of his filing.

29. Defendants admit the allegations of paragraph 29, but state that Michael Capizzi was assured by his attorney that the filing would be accepted and that the 180 day requirement would not bar his filing.

30. Defendants deny the allegations of paragraph 30, but admit that Plaintiff purported to hold a Foreclosure Auction on July 24, 2003, which was fraudulent due to the fact, among other things, that the Capizzis were not in default under their note. Upon advice of counsel, the Capizzis asked a neighbor to bid at the foreclosure sale.

31. Defendants admit that Plaintiff purported to hold another Foreclosure Auction on September 26, 2003, and that they allegedly sold the Defendants' property to Kevin Duffy for $1,200,000.00, but the foreclosure and sale to Kevin Duffy were fraudulent and illegal, the foreclosure was not performed pursuant to Massachusetts General Law and was not conducted after proper notice.

32. Defendants deny the allegations of paragraph 32 and state that any attachment and execution possessed by The Architectural Team, Inc. were obtained illegally and fraudulently.

33. Defendants deny the allegations of paragraph 33 and state that any attachment of James Grumbach was obtained illegally and fraudulently.

34. Defendants deny the allegations of paragraph 34.

35. Defendants admit the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36 and state that Garrett, Inc. engaged in an illegal foreclosure and is not entitled to any compensation.

37. Defendants deny the allegations of paragraph 37 and state that the foreclosure was illegal and void.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 38 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40 and state that the foreclosure and foreclosure sale were illegal and void.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 41 and are neither able to admit or deny said allegations and call upon Plaintiff to prove the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Plaintiff is barred by the Statute of Frauds from asserting the claims alleged in the Complaint.

### Third Affirmative Defense

The Plaintiff is barred by the Statute of Limitations from asserting the claims alleged in the Complaint.

### Fourth Affirmative Defense

The Plaintiff's allegations are barred by the equitable doctrine of laches due to Plaintiff's delay in bringing this action.

### Fifth Affirmative Defense

The Plaintiff's foreclosure of Defendants' property was invalid because Defendants had fully paid Plaintiff under their note at the time of the foreclosure.

### Sixth Affirmative Defense

The Plaintiff's foreclosure of Defendants' property was invalid because Plaintiff refused to honor Defendants' efforts to pay the alleged deficiency prior to the foreclosure pursuant to

the reinstatement provision of the mortgage.

### Seventh Affirmative Defense

The Plaintiff's foreclosure of Defendants' property was invalid because Plaintiff wrongfully advertised the property by describing less acreage than was actually contained in the property acquired through foreclosure.

### Eighth Affirmative Ddefense

The Plaintiff's foreclosure was invalid because Plaintiff continuously filed false affidavits maintaining its right to foreclosure.

### Ninth Affirmative Defense

The Plaintiff's foreclosure was invalid because Plaintiff sold the property to Kevin Duffy for $1,200,000 which was no more than 30% of its fair market value and, according to Duffy, was 20% of its value.

### Tenth Affirmative Defense

Kevin Duffy and his attorney were informed prior to the foreclosure sale of Plaintiff's fraud on Defendants Michael and Catherine Capizzi and that their loan was current, but nevertheless Kevin Duffy purchased the property from Plaintiff because he believed that the cost was only 20% of the fair market value of the property.

### Eleventh Affirmative Defense

The foreclosure of Defendants' property was invalid because Plaintiff rejected an offer to purchase the property at $2,000,000.00 prior to accepting Kevin Duffy's offer.

### Twelfth Affirmative Defense

Plaintiff's foreclosure sale in Massachusetts was illegal because Plaintiff was not a Massachusetts corporation and was not entitled to do business in Massachusetts or to use the

Massachusetts courts to enforce its rights.

### Thirteenth Affirmative Defense

Plaintiff is estopped by its own conduct from setting forth any claim for relief against the Capizzis or from asserting that any parties other than the Capizzis are entitled to any recovery hereunder.

### Fourteenth Affirmative Defense

Plaintiff has waived any claim that it might have or claims to have against the Capizzis, including without limitation claims for costs and expenses, foreclosure fees, attorney fees and otherwise.

### Fifteenth Affirmative Defense

Plaintiff willfully and intentionally violated the terms of the note and mortgage with the Capizzis and is barred from asserting its claims as a result of its own bad faith and commercially unreasonable conduct.

### Sixteenth Affirmative Defense

Plaintiffs' foreclosure was invalid because Plaintiff never established that it was the valid assignee of the note and/or the mortgage.

### Seventeenth Affirmative Defense

Plaintiff's claims have been advanced in bad faith, are frivolous and otherwise are without merit.

### Eighteenth Affirmative Defense

Plaintiff by its conduct has released the Capizzis from any claims it may have or might have had against them, including any claims under the note and mortgage prior to the foreclosure.

## REQUEST FOR RELIEF

The Defendants, Michael and Catherine Capizzi, respectfully request that the Court deny each and every request of the Plaintiff for relief, whether by way of injunctive relief or damages, and that judgment enter for the Defendants, Michael and Catherine Capizzi, together with attorneys' fees and costs

## VERIFIED COUNTERCLAIM

Pursuant to Fed R. Civ. P. 13(h) Kevin Duffy is named as a Defendant-in-Counterclaim herein. Defendants and Plaintiffs-in-Counterclaim, Michael Capizzi and Catherine Capizzi, for their counterclaim against Plaintiff and Defendant-in-Counterclaim, States Resources Corporation and against Defendant-in-Counterclaim, Kevin Duffy, allege as follows:

### PARTIES

1. Plaintiffs-in-Counterclaim, Michael and Catherine R. Capizzi (herein "Plaintiffs" or the "Capizzis"), are currently residents of Concord, Middlesex County, Massachusetts.

2. Defendant-in-Counterclaim, States Resources Corporation (herein "Defendant" or "States Resources"), upon information and belief, is an Iowa corporation with offices in Nebraska and doing business in Massachusetts.

3. Defendant Kevin Duffy (herein "Defendant" or "Duffy") is a resident of Lexington, Middlesex County, Massachusetts.

### FACTS

4. The Capizzis are the former owners of property located at 236 Lincoln Road, Lincoln, Massachusetts (the "Property") which they occupy as their personal residence.

5. In connection with the purchase of the Property on October 19, 1988, the Capizzis gave Winchendon Savings Bank (the "Bank") an adjustable rate note (the "Note") in the principal amount of $750,000.00. The Note was secured by a mortgage (the "Mortgage") on the Property.

6. Under the terms of the loan documentation, the Bank was responsible for escrowing fees from the borrower to pay the real estate taxes on the Property.

7. The interest rate on the Note was 9.25% for three years, after which it reverted to prime plus 3%.

8. On April 22, 1992, the president of the Bank sent a letter to the Capizzis stating that the interest rate on the Note had been "fixed at an annual amortization rate of 6%."

9. As of April 22, 1992, the Capizzis' monthly payment to the Bank for principal and interest on the loan was $4,668.64, plus escrow payments for real estate taxes of an additional $936.64, for a total monthly payment of $5,605.46 ( the "Amended Note").

10. The Capizzis confirmed their agreement with the Bank in writing and paid the Bank $5,605.46 in May, June, July and August of 1992.

11. On August 14, 1992, the Federal Deposit Insurance Corporation ("FDIC") took over the Bank.

12. In March, 1993, the FDIC confirmed the monthly payments, including the real estate tax escrow, were $5,605.46.

13. The FDIC reconfirmed through correspondence dated October 18, 1993 and July 24, 1994, that $5,605.46 was the correct amount to be paid monthly on the loan.

14. In November, 1994, the FDIC sold the Amended Note to First Essex Bank, FSB.

15. First Essex Bank, FSB notified the Capizzis that their monthly payments were

$5,605.46, including $4,668.64 for principal and interest and $936.64 for tax escrow.

16. On September 30, 1998, States Resources acquired the rights to the Amended Note.

17. States Resources continuously refused to abide by the terms of the Amended Note and instead sought to collect from the Capizzis the amounts due if the adjustable Note were to be in effect.

18. In January, 1999, States Resources declared the Capizzis to be in default under the Note and initiated foreclosure proceedings.

19. Notice of a foreclosure sale scheduled for March 23, 1999 was advertised in the newspaper.

20. The Capizzis notified States Resources that they were not in default under the Amended Note.

21. Faced with the prospects of losing their home, the Capizzis paid States Resources $62,581.79 on March 1, 1999.

22. On July 26, 1999, States Resources again commenced foreclosure proceedings based upon the adjustable Note.

23. The Capizzis notified States Resources that they were not in default of the operative Amended Note.

24. Again, faced with the prospect of losing their home, the Capizzis paid States Resources $43,776.23 on September 23, 1999.

25. On January 7, 2000, States Resources yet again commenced foreclosure proceedings based upon the adjustable Note.

26. The Capizzis again notified States Resources that they were not in default under