UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

_____

STATES RESOURCES CORPORATION               )
                                           )
        Plaintiff                          )
                                           )
                                           )   Civil Action No. 04 10095 DPW
                                           )
        v.                                 )
                                           )
MICHAEL CAPIZZI,                           )
CATHERINE R. CAPIZZI,                       )
THE ARCHITECTURAL TEAM, INC.,              )
GARRETT, INC.,                             )
JOHN CONNOLLY, JR.,                        )
MASSACHUSETTS DEPARTMENT OF REVENUE,       )
JAMES GRUMBACH                             )
                                           )
        Defendants                         )
_____           )

**STATES RESOURCES CORPORATION'S VERIFIED REPLY TO THE VERIFIED
COUNTERCLAIMS OF MICHAEL CAPIZZI AND CATHERINE R. CAPIZZI**

NOW COMES the Plaintiff and Defendant in Counterclaim, States Resources

Corporation ("States"), by and through its attorneys, Doonan, Graves & Longoria, LLC, and

respectfully replies to Defendants and Plaintiffs in Counterclaim's, Michael Capizzi and

Catherine R. Capizzi ("Capizzis"), Counterclaims as follows:

PARTIES

1.  States is without knowledge and information sufficient to form a belief as to the truth

    of the allegations set forth in paragraph 1 of the Verified Counterclaim.

2.  States admits it is an Iowa corporation with offices in Nebraska, but denies it is doing business in Massachusetts.

3.  States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Verified Counterclaim.

<u>FACTS</u>

4.  States admits the allegations set forth in paragraph 4 of the Verified Counterclaim to the extent that the Capizzis are the former owners of the property located at 236 Lincoln Rd., Lincoln, MA and that it was their personal residence.

5.  States admits that Michael Capizzi executed an Adjustable Rate Note and Mortgage and denies the remaining allegations set forth in paragraph 5 of the Verified Counterclaim.

6.  States denies the allegations set forth in paragraph 6 of the Verified Counterclaim and states that the Note and Mortgage speak for themselves. *See* Exhibits A and B in the Complaint (true and correct copies of the Note and Mortgage are attached thereto). Further answering, States asserts that said loan documentation provided the right, not the obligation, to receive money from Michael Capizzi and escrow said money for the purpose of paying real estate taxes.

7.  States asserts that the Adjustable Rate Note speaks for itself.

8.  States denies the allegations set forth in paragraph 8 of the Verified Counterclaim and further states that when the Federal Deposit Insurance Corporation ("FDIC") took over the Bank on August 14, 1992, less than four (4) months after this purported letter, said letter was of no force or effect under 12 U.S.C. Section 1823 (e), et. al., and the D'Oench Dhume Doctrine. Answering further, States asserts that said

purported letter is directly contradicted by a memorandum dated June 3, 1992, from

Charles M. Steele of Winchendon Savings Bank. *See* Exhibit A (a true and correct

copy of the memorandum is attached hereto).

9. States is without knowledge and information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 9 of the Verified Counterclaim.

10. States is without knowledge and information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 10 of the Verified Counterclaim. Answering

further, States asserts that said alleged confirmation is of no force or effect under 12

U.S.C. 1823 (e), et. al. and the D'Oench Dhume Doctrine.

11. States admits the allegations set forth in paragraph 11 of the Verified Counterclaim.

12. States denies the allegations set forth in paragraph 12 of the Verified Counterclaim

and further states that said allegation is contradicted by correspondence from the

FDIC, dated March 23, 1994. *See* Exhibit B (a true and correct copy of the

correspondence is attached hereto).

13. States denies the allegations set forth in paragraph 13 of the Verified Counterclaim

and further states that said allegation is contradicted by correspondence from the

FDIC, dated March 23, 1994. *See* Exhibit B (a true and correct copy of the

correspondence is attached hereto).

14. States is without knowledge and information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 14 of the Verified Counterclaim.

15. States is without knowledge and information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 15 of the Verified Counterclaim.

16. States admits that it is a holder in due course of the Mortgage and Adjustable

Rate Note.  *See* Exhibits A and B in the Complaint (true and correct copies of the Note and Mortgage are attached thereto).    States further answers that it succeeded to the FDIC's rights under 12 U.S.C. Section 1823 (e) and the D'Oench Dhume Doctrine.

17. States denies that there exists an "Amended Note" as alleged by the Capizzis. Further answering that at all times States has only sought to collect those amounts to which it was entitled under the Mortgage and Adjustable Rate Note.  *See* Exhibits A and B in the Complaint (true and correct copies of the Note and Mortgage are attached thereto).

18. States admits that Michael Capizzi was in default under the subject loan for failure to make payments as required.

19. States admits the allegations set forth in paragraph 19 of the Verified Counterclaim.

20. States denies the allegations set forth in paragraph 20 of the Verified Counterclaim and states that the Capizzis never produced sufficient credible evidence that their interpretation of the subject Note and Mortgage is accurate.  States further answers that the foreclosure proceedings were only initiated when Michael Capizzi was in breach of his obligations under the subject Note and Mortgage.

21. States admits that such a payment was made on or about that date, but otherwise denies the allegations set forth in paragraph 21 of the Verified Counterclaim.

22. States admits the allegations set forth in paragraph 22 of the Verified Counterclaim and further answer that it commenced foreclosure proceedings due to Michael Capizzi's default under the subject Note and Mortgage.

23. States denies the allegations set forth in paragraph 23 of the Verified Counterclaim and states that the Capizzis never produced sufficient credible evidence that their interpretation of the subject Note and Mortgage is accurate. States further answers that foreclosure proceedings were only initiated when Michael Capizzi was in breach of his obligations under the subject Note and Mortgage.

24. States admits that such a payment was made on or about that date, but otherwise denies the allegations set forth in paragraph 24 of the Verified Counterclaim.

25. States admits the allegations set forth in paragraph 25 of the Verified Counterclaim and further answer that it commenced foreclosure proceedings due to Michael Capizzi's default under the subject Note and Mortgage.

26. States denies the allegations set forth in paragraph 26 of the Verified Counterclaim and states that the Capizzis never produced sufficient credible evidence that their interpretation of the subject Note and Mortgage is accurate. States further answers that foreclosure proceedings were only initiated when Michael Capizzi was in breach of his obligations under the subject Note and Mortgage.

27. States admits that such a payment was made on or about that date, but otherwise denies the allegations set forth in paragraph 27 of the Verified Counterclaim.

28. States admits the allegations set forth in paragraph 28 of the Verified Counterclaim and further answer that it commenced foreclosure proceedings due to Michael Capizzi's default under the subject Note and Mortgage.

29. States denies the allegations set forth in paragraph 29 of the Verified Counterclaim and states that the Capizzis never produced sufficient credible evidence that their interpretation of the subject Note and Mortgage is accurate. States further answers

that foreclosure proceedings were only initiated when Michael Capizzi was in breach of his obligations under the subject Note and Mortgage.

30. States admits that such a payment was made on or about that date, but otherwise denies the allegations set forth in paragraph 30 of the Verified Counterclaim.

31. States admits that Michael Capizzi failed to pay the real estate taxes he was obligated to pay. However, States denies that it was, or is, required to escrow money to pay the subject real estate taxes or that Michael Capizzi paid any money to States to be escrowed to pay the subject real estate taxes.

32. States denies the allegations set forth in paragraph 32 of the Verified Counterclaim and states that the Capizzis never produced sufficient credible evidence that their interpretation of the subject Note and Mortgage is accurate. States further answers that foreclosure proceedings were only initiated when Michael Capizzi was in breach of his obligations under the subject Note and Mortgage.

33. States admits that such a payment was made on or about that date, but otherwise denies the allegations set forth in paragraph 33 of the Verified Counterclaim.

34. States admits that on October 26, 2000, Michael Capizzi was in default under the subject Note and Mortgage and that notice of said default was sent to Michael Capizzi; however, States denies the remaining allegations set forth in paragraph 34 of the Verified Counterclaim.

35. States denies that any correspondence sent by the Capizzis or their agents constituted sufficient grounds for a claim under Massachusetts General laws Chapter 93A, Section 9.

36. States denies that any correspondence sent by the Capizzis or their agents constituted sufficient grounds for a claim under Massachusetts General laws Chapter 93A, Section 9 or that a settlement offer was required or justified.

37. States denies that any correspondence sent by the Capizzis or their agents constituted sufficient grounds for a claim under Massachusetts General laws Chapter 93A, Section 9.  States admits that Michael Capizzi failed to pay the real estate taxes he was obligated to pay.  States further denies that it was required to escrow money to pay the subject real estate taxes or that Michael Capizzi paid any money to States to be escrowed to pay the subject real estate taxes.

38. States denies the allegations set forth in paragraph 38 of the Verified Counterclaim.

39. States admits the allegations set forth in paragraph 39 of the Verified Counterclaim.

40. States admits the allegations set forth in paragraph 40 of the Verified Counterclaim and further states that said action was taken as a result of Michael Capizzi's default under the subject Note and Mortgage.

41. States admits the allegations set forth in paragraph 41 of the Verified Counterclaim.

42. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Verified Counterclaim.

43. States denies the allegations set forth in paragraph 43 of the Verified Counterclaim and further answers that Michael Capizzi did not overpay on the Note and Mortgage.

44. States denies the allegations set forth in paragraph 44 of the Verified Counterclaim.

45. States admits that Michael Capizzi failed to pay the real estate taxes he was obligated to pay. States denies that it was required to escrow money to pay the subject real estate taxes or that Michael Capizzi paid any money to it to be escrowed to pay the

subject real estate taxes.  Additionally, States is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 45 of the Verified Counterclaim.

46. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Verified Counterclaim.  States further answers that the Capizzis received the benefit of any payments Michael Capizzi made for real estate taxes due and owing on 236 Lincoln Road, Lincoln, MA.

47. States admits the allegations set forth in paragraph 47 of the Verified Counterclaim.

48. States admits the allegations set forth in paragraph 48 in the Verified Counterclaim.

49. States admits that the Bankruptcy Court granted Michael Capizzi's motion to dismiss the Chapter 13 petition.  Additionally, States is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 49 of the Verified Counterclaim.

50. States admits the allegations set forth in paragraph 50 of the Verified Counterclaim and further answers that on June 24, 2003, the Bankruptcy Court granted States Motion for Relief from Stay for Cause pursuant to 11 U.S.C. Section 362(d)(1) based on the fact that, as was determined as a matter of law in the state court, Catherine Capizzi did not have an interest in the subject property and, therefore, her bankruptcy did not affect the foreclosure.  *See* Exhibit J in the Complaint. (true and correct copies of the Order and Memorandum are attached thereto).

51. States admits that on June 9, 2003, the Federal District Court dismissed with prejudice the Capizzis' Second Complaint pursuant to Fed.  R. Civ. P.  41(b), as a result of Capizzis failing to plead or defend against the Counterclaims of States.  *See*

Exhibit K in the Complaint (a true and correct copy of said Order is attached thereto). States is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 51 of the Verified Counterclaim.

52. States admits that Judgment was granted in the amount of $875,203.38 and denies the remaining allegations set forth in paragraph 52 of the Verified Counterclaim.

53. States admits the allegations set forth in paragraph 53 of the Verified Counterclaim.

54. States admits that a foreclosure auction took place on September 26, 2003 and that Kevin Duffy purchased the property, but denies the remaining allegations set forth in paragraph 54 of the Verified Counterclaim.

55. States denies the allegations set forth in paragraph 55 of the Verified Counterclaim.

56. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Verified Counterclaim.

57. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Verified Counterclaim.

58. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Verified Counterclaim.

59. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Verified Counterclaim.

60. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Verified Counterclaim.

61. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Verified Counterclaim.

<u>COUNT I</u>

(DECLARATORY JUDGMENT AND ACCOUNTING)

62. States repeats and realleges its answers contained in paragraphs 1-61 as if fully set forth herein.

63. States denies the allegations set forth in paragraph 63 of the Verified Counterclaim and further states that said Counterclaims are barred by the doctrine of res judicata and issue preclusion under previous decisions of this very Court and that under the Rooker-Feldman doctrine this Court does not have subject matter jurisdiction to entertain the Capizzis' Counterclaims, to the extent that said Counterclaims may be read as an attempt on the part of the Capizzis to ask this Court to review a Massachusetts state court decision. On or about April 1, 2004, the Capizzis filed a Motion for Ex Parte Permission to Record Memorandum of Lis Pendens and a Complaint against States Resources Corporation and Kevin Duffy, in the Middlesex County Superior Court, Civil Action No. 04-1041, in which they requested permission to record a lis pendens against the foreclosed property and requested the Court enter a declaratory judgment and accounting. The Capizzis alleged breach of contract, unlawful and fraudulent foreclosure and violation of M.G.L. C. 93A. *See* Exhibit C (a true and correct copy of the Complaint is attached hereto). On April 22, 2004, after the April 5th hearing on the Motion, Judge Burns denied the Capizzis' Motion and dismissed the case. *See* Exhibit D (a true and correct copy of the Clerk's Notice is attached hereto). The Capizzis then filed a Motion for Reconsideration of Motion to Record Memorandum of Lis Pendens and Dismissal of Case Pursuant to C. 184, Sec. 15. On April 29, 2004, Judge Burns denied that Motion. *See* Exhibit E (a

true and correct copy of the Clerk's Notice is attached hereto). The Capizzis then

filed a Petition for a Single Justice appeal pursuant to M.G.L. C. 231, Sec. 118, which

Judge Kantrowitz denied. *See* Exhibit F (a true and correct copy of the Notice of

Docket Entry is attached hereto). On May 12, 2004, the Capizzis filed a Notice of

Appeal of Judge Burns's decision and Judge Kantrowitz's decision. *See* Exhibit G

(a true and correct copy of the Notice of Appeal is attached hereto).

64. States asserts that said Counterclaims are barred by the doctrine of res judicata and

issue preclusion under previous decisions of this very Court and that under the

Rooker-Feldman doctrine this Court does not have subject matter jurisdiction to

entertain the Capizzis' Counterclaims, to the extent that said Counterclaims may be

read as an attempt on the part of the Capizzis to ask this Court to review a

Massachusetts state court decision. On or about April 1, 2004, the Capizzis filed a

Motion for Ex Parte Permission to Record Memorandum of Lis Pendens and a

Complaint against States Resources Corporation and Kevin Duffy, in the Middlesex

County Superior Court, Civil Action No. 04-1041, in which they requested

permission to record a lis pendens against the foreclosed property and requested the

Court enter a declaratory judgment and accounting. The Capizzis alleged breach of

contract, unlawful and fraudulent foreclosure and violation of M.G.L. C. 93A. *See*

Exhibit C. On April 22, 2004, after the April 5th hearing on the Motion, Judge Burns

denied the Capizzis' Motion and dismissed the case. *See* Exhibit D. The Capizzis

then filed a Motion for Reconsideration of Motion to Record Memorandum of Lis

Pendens and Dismissal of Case Pursuant to C. 184, Sec. 15. On April 29, 2004,

Judge Burns denied that Motion. *See* Exhibit E. The Capizzis then filed a Petition

for a Single Justice appeal pursuant to M.G.L. C. 231, Sec. 118, which Judge

Kantrowitz denied.  *See* Exhibit F.  On May 12, 2004, the Capizzis filed a Notice of

Appeal of Judge Burns's decision and Judge Kantrowitz's decision.  *See* Exhibit G.

States further asserts that this action was instituted in order for this Court to determine

who has rights to the surplus funds and how the funds should be distributed.

<u>COUNT II</u>

(BREACH OF CONTRACT)

65. States repeats and realleges the allegations contained in paragraphs 1-64 as if fully set

   forth herein.

66. States denies the allegations set forth in paragraph 66 of the Verified Counterclaim

   and further states that said Counterclaims are barred by the doctrine of res judicata

   and issue preclusion under previous decisions of this very Court and that under the

   Rooker-Feldman doctrine this Court does not have subject matter jurisdiction to

   entertain the Capizzis' Counterclaims, to the extent that said Counterclaims may be

   read as an attempt on the part of the Capizzis to ask this Court to review a

   Massachusetts state court decision.  On or about April 1, 2004, the Capizzis filed a

   Motion for Ex Parte Permission to Record Memorandum of Lis Pendens and a

   Complaint against States Resources Corporation and Kevin Duffy, in the Middlesex

   County Superior Court, Civil Action No. 04-1041, in which they requested

   permission to record a lis pendens against the foreclosed property and requested the

   Court enter a declaratory judgment and accounting.  The Capizzis alleged breach of

   contract, unlawful and fraudulent foreclosure and violation of M.G.L. C. 93A.  *See*

   Exhibit C.  On April 22, 2004, after the April 5th hearing on the Motion, Judge Burns

denied the Capizzis' Motion and dismissed the case.  *See* Exhibit D.  The Capizzis

then filed a Motion for Reconsideration of Motion to Record Memorandum of Lis

Pendens and Dismissal of Case Pursuant to C. 184, Sec. 15.  On April 29, 2004,

Judge Burns denied that Motion.  *See* Exhibit E.  The Capizzis then filed a Petition

for a Single Justice appeal pursuant to M.G.L. C. 231, Sec. 118, which Judge

Kantrowitz denied.  *See* Exhibit F.  On May 12, 2004, the Capizzis filed a Notice of

Appeal of Judge Burns's decision and Judge Kantrowitz's decision.  *See* Exhibit G.

COUNT III

(UNLAWFUL AND FRAUDULENT FORECLOSURE)

67. States repeats and realleges the allegations contained in paragraphs 1-66 as if fully set

forth herein.

68. States denies the allegations set forth in paragraph 68 of the Verified Counterclaim

and further states that said Counterclaims are barred by the doctrine of res judicata

and issue preclusion under previous decisions of this very Court and that under the

Rooker-Feldman doctrine this Court does not have subject matter jurisdiction to

entertain the Capizzis' Counterclaims, to the extent that said Counterclaims may be

read as an attempt on the part of the Capizzis to ask this Court to review a

Massachusetts state court decision.  On or about April 1, 2004, the Capizzis filed a

Motion for Ex Parte Permission to Record Memorandum of Lis Pendens and a

Complaint against States Resources Corporation and Kevin Duffy, in the Middlesex

County Superior Court, Civil Action No. 04-1041, in which they requested

permission to record a lis pendens against the foreclosed property and requested the

Court enter a declaratory judgment and accounting.  The Capizzis alleged breach of

contract, unlawful and fraudulent foreclosure and violation of M.G.L. C. 93A. *See* Exhibit C. On April 22, 2004, after the April 5th hearing on the Motion, Judge Burns denied the Capizzis' Motion and dismissed the case. *See* Exhibit D. The Capizzis then filed a Motion for Reconsideration of Motion to Record Memorandum of Lis Pendens and Dismissal of Case Pursuant to C. 184, Sec. 15. On April 29, 2004, Judge Burns denied that Motion. *See* Exhibit E. The Capizzis then filed a Petition for a Single Justice appeal pursuant to M.G.L. C. 231, Sec. 118, which Judge Kantrowitz denied. *See* Exhibit F. On May 12, 2004, the Capizzis filed a Notice of Appeal of Judge Burns's decision and Judge Kantrowitz's decision. *See* Exhibit G.

69. States denies the allegations set forth in paragraph 69 of the Verified Counterclaim and further states that said Counterclaims are barred by the doctrine of res judicata and issue preclusion under previous decisions of this very Court and that under the Rooker-Feldman doctrine this Court does not have subject matter jurisdiction to entertain the Capizzis' Counterclaims, to the extent that said Counterclaims may be read as an attempt on the part of the Capizzis to ask this Court to review a Massachusetts state court decision. On or about April 1, 2004, the Capizzis filed a Motion for Ex Parte Permission to Record Memorandum of Lis Pendens and a Complaint against States Resources Corporation and Kevin Duffy, in the Middlesex County Superior Court, Civil Action No. 04-1041, in which they requested permission to record a lis pendens against the foreclosed property and requested the Court enter a declaratory judgment and accounting. The Capizzis alleged breach of contract, unlawful and fraudulent foreclosure and violation of M.G.L. C. 93A. *See* Exhibit C. On April 22, 2004, after the April 5th hearing on the Motion, Judge Burns

denied the Capizzis' Motion and dismissed the case. *See* Exhibit D. The Capizzis then filed a Motion for Reconsideration of Motion to Record Memorandum of Lis Pendens and Dismissal of Case Pursuant to C. 184, Sec. 15. On April 29, 2004, Judge Burns denied that Motion. *See* Exhibit E. The Capizzis then filed a Petition for a Single Justice appeal pursuant to M.G.L. C. 231, Sec. 118, which Judge Kantrowitz denied. *See* Exhibit F. On May 12, 2004, the Capizzis filed a Notice of Appeal of Judge Burns's decision and Judge Kantrowitz's decision. *See* Exhibit G.

70. States denies the allegations set forth in paragraph 70 of the Verified Counterclaim.

71. States denies the allegations set forth in paragraph 71 of the Verified Counterclaim.

72. States is without knowledge and information sufficient to form a belief as to the truth of the allegations as to notification to Kevin Duffy or his counsel and denies the remaining allegations set forth in paragraph 72 of the Verified Counterclaim.

73. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Verified Counterclaim.

74. States admits that Kevin Duffy purchased the property for one million two hundred thousand and 00/100 ($1,200,000.00) dollars, but specifically denies the remaining allegations set forth in paragraph 74 of the Verified Counterclaim.

75. States denies the allegations set forth in paragraph 75 of the Verified Counterclaim and asserts that it conducted the foreclosure auction in good faith and with reasonable diligence. States further answers that said Counterclaims are barred by the doctrine of res judicata and issue preclusion under previous decisions of this very Court and that under the Rooker-Feldman doctrine this Court does not have subject matter jurisdiction to entertain the Capizzis' Counterclaims, to the extent that said

Counterclaims may be read as an attempt on the part of the Capizzis to ask this Court to review a Massachusetts state court decision. On or about April 1, 2004, the Capizzis filed a Motion for Ex Parte Permission to Record Memorandum of Lis Pendens and a Complaint against States Resources Corporation and Kevin Duffy, in the Middlesex County Superior Court, Civil Action No. 04-1041, in which they requested permission to record a lis pendens against the foreclosed property and requested the Court enter a declaratory judgment and accounting. The Capizzis alleged breach of contract, unlawful and fraudulent foreclosure and violation of M.G.L. C. 93A. *See* Exhibit C. On April 22, 2004, after the April 5th hearing on the Motion, Judge Burns denied the Capizzis' Motion and dismissed the case. *See* Exhibit D. The Capizzis then filed a Motion for Reconsideration of Motion to Record Memorandum of Lis Pendens and Dismissal of Case Pursuant to C. 184, Sec. 15. On April 29, 2004, Judge Burns denied that Motion. *See* Exhibit E. The Capizzis then filed a Petition for a Single Justice appeal pursuant to M.G.L. C. 231, Sec. 118, which Judge Kantrowitz denied. *See* Exhibit F. On May 12, 2004, the Capizzis filed a Notice of Appeal of Judge Burns's decision and Judge Kantrowitz's decision. *See* Exhibit G.

## COUNT IV

### (VIOLATION OF M.G.L. C. 93A)

76. States repeats and realleges the allegations contained in paragraphs 1-75 as if fully set forth herein.

77. States denies the allegations set forth in paragraph 77 of the Verified Counterclaim and further states that said Counterclaims are barred by the doctrine of res judicata

and issue preclusion under previous decisions of this very Court and that under the Rooker-Feldman doctrine this Court does not have subject matter jurisdiction to entertain the Capizzis' Counterclaims, to the extent that said Counterclaims may be read as an attempt on the part of the Capizzis to ask this Court to review a Massachusetts state court decision.  On or about April 1, 2004, the Capizzis filed a Motion for Ex Parte Permission to Record Memorandum of Lis Pendens and a Complaint against States Resources Corporation and Kevin Duffy, in the Middlesex County Superior Court, Civil Action No. 04-1041, in which they requested permission to record a lis pendens against the foreclosed property and requested the Court enter a declaratory judgment and accounting.  The Capizzis alleged breach of contract, unlawful and fraudulent foreclosure and violation of M.G.L. C. 93A.  *See* Exhibit C.  On April 22, 2004, after the April 5th hearing on the Motion, Judge Burns denied the Capizzis' Motion and dismissed the case.  *See* Exhibit D.  The Capizzis then filed a Motion for Reconsideration of Motion to Record Memorandum of Lis Pendens and Dismissal of Case Pursuant to C. 184, Sec. 15.  On April 29, 2004, Judge Burns denied that Motion.  *See* Exhibit E.  The Capizzis then filed a Petition for a Single Justice appeal pursuant to M.G.L. C. 231, Sec. 118, which Judge Kantrowitz denied.  *See* Exhibit F.  On May 12, 2004, the Capizzis filed a Notice of Appeal of Judge Burns's decision and Judge Kantrowitz's decision.  *See* Exhibit G.

78. States denies the allegations set forth in paragraph 78 of the Verified Counterclaim.

79. States denies the allegations set forth in paragraph 79 of the Verified Counterclaim and further states that said Counterclaims are barred by the doctrine of res judicata and issue preclusion under previous decisions of this very Court and that under the

Rooker-Feldman doctrine this Court does not have subject matter jurisdiction to entertain the Capizzis' Counterclaims, to the extent that said Counterclaims may be read as an attempt on the part of the Capizzis to ask this Court to review a Massachusetts state court decision. On or about April 1, 2004, the Capizzis filed a Motion for Ex Parte Permission to Record Memorandum of Lis Pendens and a Complaint against States Resources Corporation and Kevin Duffy, in the Middlesex County Superior Court, Civil Action No. 04-1041, in which they requested permission to record a lis pendens against the foreclosed property and requested the Court enter a declaratory judgment and accounting. The Capizzis alleged breach of contract, unlawful and fraudulent foreclosure and violation of M.G.L. C. 93A. *See* Exhibit C. On April 22, 2004, after the April 5th hearing on the Motion, Judge Burns denied the Capizzis' Motion and dismissed the case. *See* Exhibit D. The Capizzis then filed a Motion for Reconsideration of Motion to Record Memorandum of Lis Pendens and Dismissal of Case Pursuant to C. 184, Sec. 15. On April 29, 2004, Judge Burns denied that Motion. *See* Exhibit E. The Capizzis then filed a Petition for a Single Justice appeal pursuant to M.G.L. C. 231, Sec. 118, which Judge Kantrowitz denied. *See* Exhibit F. On May 12, 2004, the Capizzis filed a Notice of Appeal of Judge Burns's decision and Judge Kantrowitz's decision. *See* Exhibit G.

COUNT V

(WRONGFUL EVICTION)

80. States repeats and realleges the allegations contained in paragraphs 1-79 as if fully set forth herein.

81. States denies the sale was wrongful and is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 81 of the Verified Counterclaim.

82. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Verified Counterclaim.

83. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Verified Counterclaim.

<u>AFFIRMATIVE DEFENSES</u>

1. The Capizzis' Counterclaims fail to state a claim for which relief can be given.

2. The Capizzis are barred by the doctrine of unclean hands.

3. The Capizzis are barred by the doctrine of laches.

4. The Capizzis are estopped by their own conduct from asserting any claim for relief against States.

5. Pursuant to the Rooker-Feldman doctrine, this Court does not have subject matter jurisdiction to entertain the Capizzis' Counterclaims to the extent that said Counterclaims may be read as an attempt on the part of the Capizzis to ask this Court to review a Massachusetts state court decision.

6. The Capizzis' Counterclaims are barred by Judge Woodlock's decision, dated June 9, 2003, in which Judge Woodlock found States to be the holder of the Note and that States is owed the sum of eight hundred seventy-five thousand two hundred three and 38/100 ($875,203.38) dollars by Michael Capizzi and Catherine Capizzi.

7. The Capizzis' lack standing to bring their Counterclaims.

8. States is the holder in due course under Massachusetts law and under the Federal Holder in Due Course Doctrine, 12 U.S.C. Section 1823(e), and the D'Oench Dhume Doctrine, and thus is shielded from the Capizzis' Counterclaims.

9. The Capizzis' Counterclaims are barred by res judicata and issue preclusion.

<u>CROSS-CLAIMS</u>

No response is required and if a response is required States denies said allegations.

<u>ANSWER TO CROSS-CLAIM OF TAT</u>

No response is required.

<u>AFFIRMATIVE DEFENSES TO CROSS-CLAIM</u>

<u>First Affirmative Defense</u>

States denies said allegations contained in first affirmative defense.

<u>Second Affirmative Defense</u>

States denies said allegations contained in second affirmative defense.

<u>Third Affirmative Defense</u>

States denies said allegations contained in third affirmative defense.

<u>Fourth Affirmative Defense</u>

States denies said allegations contained in fourth affirmative defense.

<u>Fifth Affirmative Defense</u>

States denies said allegations contained in fifth affirmative defense.

<u>Sixth Affirmative Defense</u>

States denies said allegations contained in sixth affirmative defense.

<u>Seventh Affirmative Defense</u>

States denies said allegations contained in seventh affirmative defense.

<u>Eighth Affirmative Defense</u>

States denies said allegations contained in eighth affirmative defense.

<u>Ninth Affirmative Defense</u>

States denies said allegations contained in ninth affirmative defense.

<u>Tenth Affirmative Defense</u>

States denies said allegations contained in tenth affirmative defense.

<u>Eleventh Affirmative Defense</u>

States denies said allegations contained in eleventh affirmative defense.

WHEREFORE, Plaintiff respectfully requests this Court to:

a.    Dismiss the Capizzis' Counterclaims;

b.    Award States Resources Corporation attorney's fees and costs; and

c.    Award such other relief as this Court deems just and proper.

Date:  May 27, 2004

/s/ John Doonan
John A. Doonan, Esq.  (BBO# 547838)
Doonan, Graves & Longoria, L.L.C.
100 Cummings Center, Suite 213C
Beverly, MA  01915
(978) 921-2670

**VERIFICATION**

STATE OF NEBRASKA    )
                           ) SS.
COUNTY OF DOUGLAS    )

I, Doug Glenn, being duly sworn, state:

        I am a Vice President of States Resources Corp., the above named Plaintiff in this action. I have read the Verified Reply to the Verified Counterclaims of Michael Capizzi and Catherine R. Capizzi and am familiar with the contents thereof, and do hereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

                    By: _Doug Glenn, VP_____

                    Its:  Doug Glenn, Vice President

---

**CORPORATE ACKNOWLEDGMENT**

State of Nebraska
County of Douglas

    On the 28th day of May in the year 2004 before me, the undersigned, personally appeared Doug Glenn, Vice President, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of Omaha, County of Douglas, in the State of Nebraska.

                  _Donna Butler_____
                  Donna Butler, Notary Public

My commission expires: 9-24-04

                  GENERAL NOTARY-State of Nebraska
                  DONNA BUTLER
                  My Comm. Exp. Sept. 24, 2004