# MEMORANDUM

DATE: June 3, 1992
TO: George W. Tetler, III                                    Facsimile
FROM: Charles M. Steele

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

Terms of Agreement between Winchendon Savings Bank and Michael and Catherine Capizzi for modification of mortgage note, dated October 19, 1988.

1. Payment to be adjusted to interest only at 7.50% plus 1/12 of real estate taxes for 12 months beginning March 19, 1992, for payment due April 19, 1992.

2. Difference between 7.50% and current note rate to accrue for 12 months.

*first* 3. Any paydown received before April 19, 1993, to be applied ~~just~~ to accrued interest then principal.

4. Payment at reduced rate for April 19 and May 19 to be paid on or before June 5 and June 19 respectively. June 19 and July 19 payments to be paid on or before August 1, 1992.

5. Mr. Capizzi will provide the bank with satisfactory verification of present income and employment.

6. The Capizzi's will arrange post haste for some basic landscaping for their property.

           Current Rate       9.750%
           Current Balance    $747,010.82


                                                    B 0781



March 23, 1994

Michael J. Capizzi
236 Lincoln Road
Lincoln, MA 01773

Re: Adjustable Rate Note dated October 19, 1988 from Michael Capizzi payable to the order of Winchendon Savings Bank in the original principal amount of $750,000.00 (the "Note")

Dear Mr. Capizzi:

According to the FDIC's records, as of today's date $115,689.17 is due and owing under the Note. The monthly payment due under the Note is $5,605.46 and is due on the 19th of each month. The current rate of interest is 7.5% per annum.

As we discussed during today's telephone conversation, the FDIC shall continue with its foreclosure proceedings against the Property until the FDIC receives the above-mentioned payment, tax information, and insurance information.

Should you have any questions, please do not hesitate to telephone me at the number listed above.

Very truly yours,

Laurence M. Yerra
Staff Attorney

cc: Chuck Patenaude, Credit Specialist
Gwen Fournier, Foreclosure Unit Specialist

C:\WP51\WPFILES\LETTERS\CAPIZZI


EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

Middlesex, ss

Superior Court
Civil Action No.

**04-1041**

| | |
|---|---|
| Michael Capizzi and<br>Catherine R. Capizzi,<br><br>      Plaintiffs<br><br>v.<br><br>States Resources Corporation<br>and Kevin Duffy,<br><br>      Defendants | **VERIFIED COMPLAINT** |

Plaintiffs, Michael and Catherine Capizzi, for their complaint allege as follows:

## PARTIES

1. Plaintiffs Michael and Catherine R. Capizzi (herein "Plaintiffs" or the "Capizzis") are residents of Lincoln, Middlesex County, Massachusetts.

2. Defendant States Resources Corporation ("States Resources") is a Nebraska corporation doing business in Massachusetts.

3. Defendant Kevin Duffy ("Duffy") is a resident of Lexington, Middlesex County, Massachusetts.

## FACTS

4. The Capizzis are the former owners of property located at 236 Lincoln Road, Lincoln, Massachusetts (the "Property") which they occupy as their personal residence.

5. In connection with the purchase of the Property on October 19, 1988, the Capizzis gave Winchendon Savings Bank (the "Bank") an adjustable rate note (the "Note") in the

1



EXHIBIT C

principal amount of $750,000.00. The Note was secured by a mortgage (the "Mortgage") on the Property.

6. Under the terms of the loan documentation, the Bank was responsible for escrowing fees from the borrower to pay the real estate taxes on the Property.

7. The interest rate on the Note was 9.25% for three years, after which it reverted to prime plus 3%.

8. On April 22, 1992, the president of the Bank sent a letter to the Capizzis stating that the interest rate on the Note had been "fixed at an annual amortization rate of 6%."

9. As of April 22, 1992, the Capizzis' monthly payment to the Bank for principal and interest on the loan was $4,668.64, plus escrow payments for real estate taxes of an additional $936.64, for a total monthly payment of $5,605.46 (the "Amended Note").

10. The Capizzis confirmed their agreement with the Bank in writing and paid the Bank $5,605.46 in May, June, July and August of 1992.

11. On August 14, 1992, the Federal Deposit Insurance Corporation ("FDIC") took over the Bank.

12. In March, 1993, the FDIC confirmed the monthly payments, including the real estate tax escrow, were $5,605.46.

13. The FDIC reconfirmed through correspondence dated October 18, 1993 and July 24, 1994, that $5,605.46 was the correct amount to be paid monthly on the loan.

14. In November, 1994, the FDIC sold the Amended Note to First Essex Bank, FSB.

15. First Essex Bank, FSB notified the Capizzis that their monthly payments were $5,605.46, including $4,668.64 for principal and interest and $936.64 for tax escrow.

16. On September 30, 1998, States Resources acquired the rights to the Amended

2

that Plaintiffs be awarded their costs and expenses, including reasonable attorneys' fees.

5. Enter a temporary restraining order and, after hearing, enter a preliminary injunction enjoining Defendant Kevin Duffy, his employees, agents, attorneys, successors and/or assigns from executing on the eviction of Plaintiffs from the Property until determine of the matters raise in this complaint.

6. Grant such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE, AND REQUEST A JURY TRIAL ON ALL OTHER ISSUES.

Respectfully submitted,

MICHAEL CAPIZZI AND
CATHERINE R. CAPIZZI

Michael Capizzi, pro se
236 Lincoln Road
Lincoln, Massachusetts 01773
(781) 259-0918

Dated: March 17, 2004

13

## VERIFICATION

We, Michael Capizzi and Catherine R. Capizzi, have read this Verified Complaint, and affirm that all allegations upon which we have first hand knowledge are true, and that all allegations pled on information and belief are, to the best of our knowledge, true.

_____          _____
Catherine R. Capizzi                                                Michael Capizzi

14

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

Civil Docket **MICV2004-01041**

RE:  Capizzi v States Resources Corporation et al

TO:  John A Doonan, Esquire
Doonan Graves & Longoria LLC
100 Cummings Center
Suite 213C
Beverly, MA 01915

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **04/22/2004**:

*RE: Plaintiff Michael & Catherine R Capizzi's Ex Parte MOTION to record memorandum of Lis Pendens. The within matter is set down for hearing on April 5, 2004 in Courtroom 9B at 2:00 pm (Burnes, J.)*

**is as follows:**

**MOTION (P#3) After hearing this motion is DENIED and pusuant to c 184 sec 15 the case is dismissed. Any interest the Capizzis had in this property was forclosed at the forclosure sale and any and all of their claims have been litigated numorous times and are barred by res judicator. Dated: April 13, 2004 (Nonnie S. Burnes, Justice) Notices mailed April 22, 2004**

Dated at Cambridge, Massachusetts this 22nd day of April, 2004.

BY:

Edward J. Sullivan,
Clerk of the Courts

Michael H. Powers/James Lynch
Assistant Clerk

Telephone: 617-494-4010 EXT 4274

Copies mailed 04/22/2004

cvdresult_2.wpd 2549859 motden johnson



# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

Civil Docket **MICV2004-01041**

RE:   Capizzi v States Resources Corporation et al

TO:   John A Doonan, Esquire
      Doonan Graves & Longoria LLC
      100 Cummings Center
      Suite 213C
      Beverly, MA 01915

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **04/28/2004**:

*RE: Plaintiff Michael & Catherine R Capizzi's MOTION for Reconsideration of Motion to Record Memorandum of Lis Pendens and Dismissal of Case pursuant to C.184, sec.15.*

**is as follows:**

**Motion (P#9) DENIED (Burnes, J.) notices mailed April 29, 2004**

Dated at Cambridge, Massachusetts this 29th day of April, 2004.

                                    Edward J. Sullivan,
                                    Clerk of the Courts
                            BY:

                                    Michael H. Powers/James Lynch
                                    Assistant Clerk

Telephone: 617-494-4010 EXT 4274

Copies mailed 04/29/2004



EXHIBIT E

cvdresult_2.wpd 2553321 motden gilmanr

COMMONWEALTH OF MASSACHUSETTS
APPEALS COURT
CLERK'S OFFICE
Three Center Plaza, Seventh Floor
BOSTON, MASSACHUSETTS 02108
(617) 725-8106

May 5, 2004

John A. Doonan, Esquire
Doonan Graves & Longoria LLC
100 Cummings Center, Suite 213C
Beverly, MA 01915

RE:   No. 2004-J-0201

**MICHAEL CAPIZZI & another**
      **vs.**
**STATES RESOURCES CORPORATION & another**

NOTICE OF DOCKET ENTRY

Please take note that, with respect to the PETITION purs to GLc 231, s. 118 w/attach, filed by Michael Capizzi and Catherine Capizzi. (Paper #1),

on May 5, 2004, the following order was entered on the docket of the above-referenced case:

RE#1: Without hearing, the within is denied.   (Kantrowitz, J.)
*Notice/Attest/Burnes, J.

Very truly yours,

The Clerk's Office

Dated: May 5, 2004

To:  Michael Capizzi
     Catherine R. Capizzi
     John A. Doonan, Esquire
     Joseph M. Connors, Jr., Esquire
     Middlesex Superior Court


EXHIBIT F

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION NO.
MICV2004-01041

MICHAEL AND CATHERINE R. CAPIZZI, )
           Plaintiffs            )
                                           )
v.                                         )
                                           )
STATES RESOURCES CORPORATION  )
AND KEVIN P. DUFFY,                    )
           Defendants        )

## NOTICE OF APPEAL

Notice is hereby given pursuant to M. R. A. P. 3 and 4(a) that the Plaintiffs herein, Michael Capizzi and Catherine R. Capizzi, hereby appeal to the Appeals Court from the decision of Justice Nonnie S. Burnes dated April 13, 2004 and entered on the docket on April 22, 2004 denying Plaintiffs ex parte motion for a lis pendens and dismissing the case pursuant to Mass. G.L. c. 184, section 15. The dismissal of the case is fully dispositive of the case and amounts to a final judgment. Plaintiffs also appeal from the denial by Justice Kantrowitz on May 6, 2004 of their Petition for a Single Justice appeal pursuant to Mass. G.L c. 231, section 118.

Dated: May 12, 2004

Respectfully submitted,

_Michael Capizzi_
Michael Capizzi, Pro Se

_Catherine R. Capizzi_
Catherine R. Capizzi, Pro Se

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
MAY 12  2004
CLERK

EXHIBIT G