Evelyn S Lamprey
*Chairperson*

Marilyn F Hoffman
*Vice-Chairperson*

Devin Moisan
Secretary

Garth Millett
*Member*



# *The State of New Hampshire*
# *Board of Auctioneers*

## *This is to certify that*
## *GARRETT D HEALEY*

*is duly licensed as an auctioneer in accordance with RSA 311-B and the rules of the Board. This license number #2357 applies only to the person named herein and shall remain effective until August 30, 2004 unless sooner suspended or revoked, in accordance with law.*



_____
Chairperson of the Board

State House, Room 204, Concord, NH 03301       Ph. 603-271-3242        Fax 603-271-6316

# State of Vermont

(1)

The Director of Professional Regulation grants this license
to sell Real and Personal Property as an
Auctioneer

GARRETT P HEALEY
4 PORTER MEADOW ROAD
TOPSFIELD, MA 01983

LICENSE
NUMBER   057-0000701   EFFECTIVE 10/01/2002   EXPIRES 09/30/2004

UNDER THE PROVISIONS OF V.S.A.   TITLE 26   CHAPTER   903

_Secretary of State_

---

## Massachusetts Department of Revenue

Customer Service Bureau
P.O. Box 7010
Boston, MA 02204

### SALES AND USE TAX REGISTRATION

The vendor herein named is required to sell taxable personal property at retail under the General Laws, Chapters 62C, 64H and 64I. This registration is effective only for the registrant at the location specified here. Any change of name or address must be reported to the Department of Revenue and will cause this form to be revised.

GARRETT AUCTIONEERS INC
76 HIGH ST
DANVERS                    MA 01923

043-234-522        ST-1

02/12/96         certif

GARRETT P. HEALEY



Garrett, Inc.

INCORPORATED UNDER THE LAWS OF THE COMMONWEALTH OF MASSACHUSETTS

TOTAL AUTHORIZED ISSUE
200,000 SHARES WITHOUT PAR VALUE

COMMON STOCK

See Reverse for
Certain Definitions

1

100

This is to Certify that

Garrett D. Healey

is the owner of

100

fully paid and non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

Witness, the seal of the Corporation and the signatures of its duly authorized officers.

Dated 10/26/00

Garrett D. Healey
TREASURER

Garrett D. Healey
PRESIDENT

© 1999 CORPEX BANKNOTE CO., BAY SHORE N.Y.



# Certified Auctioneers Institute

Garrett P. Henley

Certified Auctioneers Institute

National Association

*Exhibit 3*



# CERTIFIED AUCTIONEERS INSTITUTE

Hereby Certifies that
Candidate

## Garrett D. Healey

successfully completed the _____ 1993 _____ Certified Auctioneers Institute
Course _____ III _____ requirements at Indiana University in Bloomington, Indiana,
and may continue in candidacy status until all requirements for membership are met.

_____
Executive Vice President
Certified Auctioneers Education Institute, Inc.



**Certified Auctioneers
Education Institute, Inc.
8880 Ballentine
Overland Park, Kansas 66214**

*Exhibit 4*

UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| STATES RESOURCES CORPORATION | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| | ) Civil Action No. 04 10095 DPW |
| v. | ) |
| | ) |
| MICHAEL CAPIZZI, | ) |
| CATHERINE R. CAPIZZI, | ) |
| THE ARCHITECTURAL TEAM, INC., | ) |
| GARRETT, INC., | ) |
| JOHN CONNOLLY, JR., | ) |
| MASSACHUSETTS DEPARTMENT OF REVENUE, | ) |
| JAMES GRUMBACH | ) |
| | ) |
| Defendants | ) |
| | ) |

## STATES RESOURCES CORPORATION'S VERIFIED REPLY
## TO THE COUNTERCLAIMS OF GARRETT, INC.

NOW COMES the Plaintiff and Defendant in Counterclaim, States Resources

Corporation ("States"), by and through its attorneys, Doonan, Graves & Longoria, LLC, and

respectfully replies to Defendant and Plaintiff in Counterclaim's, Garrett, Inc. ("Garrett"),

Counterclaims as follows:

1. States admits the allegations set forth in this paragraph.

2. States admits the allegations set forth in this paragraph.

3. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

4. States denies the allegations set forth in this paragraph.

5. States admits the allegations set forth in this paragraph.

6. States denies the allegations set forth in this paragraph.

7. States denies the allegations set forth in this paragraph.

8. States is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

9. States admits that the auction was scheduled and postponed.  Specifically, the 5/20/03 auction was postponed and rescheduled to 6/24/03 because Catherine Capizzi filed for bankruptcy on 5/20/03; the 6/24/03 auction was postponed and rescheduled to 7/24/03, because States did not get relief from Catherine Capizzi's Bankruptcy until 6/24/03 and, therefore, did not have time to advertise; the 7/24/03 auction was postponed, because the highest bidder defaulted and the sale never occurred; the 7/24/03 auction was rescheduled for 9/26/03, however, the advertisements mistakenly stated that the auction was taking place on 9/23/03, instead of 9/26/03; the 9/26/03 auction at 11:30 a.m. was rescheduled to 1:15 p.m., because by 11:30 a.m. the Bankruptcy Court had not yet issued its Order Dismissing Michael Capizzi's Bankruptcy petition.

10. States admits the allegations set forth in this paragraph.

11. States denies the allegations set forth in this paragraph.

12. States admits the allegations set forth in this paragraph.

13. States admits that it was able to satisfy the full amount owed to it by Michael Capizzi and that Doonan, Graves & Longoria, LLC was paid its costs and fees relating to the foreclosure action, but States denies the remaining allegations in this paragraph.

14. States denies the allegations in this paragraph and, further, any fees paid to Garrett are subject to court approval.

15. States denies the allegations set forth in this paragraph.

## COUNT ONE

16. States repeats its answers to paragraphs 1-15.

17. States denies the allegations set forth in this paragraph.

## COUNT TWO

18. States repeats its answers to paragraphs 1-17.

19. States denies the allegations set forth in this paragraph.

20. States denies the allegations set forth in this paragraph.

## COUNT THREE

21. States repeats its answers to paragraphs 1-20.

22. States denies the allegations set forth in this paragraph.

## COUNT FOUR

23. States repeats its answers to paragraphs 1-22.

24. States denies the allegations set forth in this paragraph.

25. States denies the allegations set forth in this paragraph.

## COUNT FIVE

26. States repeats its answers to paragraphs 1-25.

27. States denies the allegations set forth in this paragraph and, further, any fees paid to Garrett are subject to court approval.

28. States denies the allegations set forth in this paragraph and, further, any fees paid to Garrett are subject to court approval.

29. States denies the allegations set forth in this paragraph.

30. States denies the allegations set forth in this paragraph.

## AFFIRMATIVE DEFENSES

1. Garrett's Counterclaims fail to state a claim for which relief can be given.

2. Garrett is barred by the doctrine of unclean hands.

3. Garrett is estopped by its own conduct from asserting its Counterclaims.

4. Garrett has waived any claim against States.

5. Garrett is bared from asserting its claims as a result of its own bad faith and commercially unreasonable conduct.

6. Fees and costs relating to Garrett's advertising and conducting the foreclosure auction are subject to court approval, which is one of the underlying reasons for this action.

7. Garrett's Counterclaims are barred by the Statute of Frauds.

Date:  April 27, 2004

John A. Doonan, Esq.  (BBO# 547838)
Doonan, Graves & Longoria, L.L.C.
100 Cummings Center, Suite 213C
Beverly, MA  01915
(978) 921-2670

## VERIFICATION

STATE OF NEBRASKA    )
COUNTY OF DOUGLAS   )

                                                     SS.

I, _Doug Bartaatt_____, being duly sworn, state:

        I am a representative of State Resources Corp., the above named Plaintiff in this action. I have read the Verified Reply to the Counterclaims of Garrett, Inc., am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

By: _____

its: _____

## CORPORATE ACKNOWLEDGMENT

State of Nebraska
County of Douglas

        On the _28_ day of _April_____ in the year 2004 before me, the undersigned, personally appeared _Doug Bartzatt Pres._, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the

instrument, and that such individual made such appearance before the undersigned in the City of Omaha, County of Douglas, in the State of Nebraska.

_Donna Butler_

Notary Public
My commission expires:

> GENERAL NOTARY-State of Nebraska
> **DONNA BUTLER**
> My Comm. Exp. Sept. 24, 2004

UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

STATES RESOURCES CORPORATION )
)
          Plaintiff )
)
)                                    Civil Action No. 04 10095 DPW
)
     v. )
)
)
MICHAEL CAPIZZI, )
CATHERINE R. CAPIZZI, )
THE ARCHITECTURAL TEAM, INC., )
GARRETT, INC., )
JOHN CONNOLLY, JR., )
MASSACHUSETTS DEPARTMENT OF REVENUE, )
JAMES GRUMBACH )
)
          Defendants )
)

## CERTIFICATE OF SERVICE

I, John A. Doonan, hereby certify that a true and correct copy of the STATES
RESOURCES CORPORATION'S VERIFIED REPLY TO THE COUNTERCLAIMS OF
GARRETT, INC. has been served by placing same in the United States Mail, postage prepaid, on
this the 28th day of _April_ 2004, to all of the individuals on the following service
list.

John A. Doonan, Esq.

## SERVICE LIST

Michael Capizzi
236 Lincoln Rd.
Lincoln, MA  01773

Catherine R. Capizzi
236 Lincoln Rd.
Lincoln, MA 01773

Law Office of Carmen A. Frattaroli
Attn: Stephanie Williams
76 Lafayette Street
Salem, MA 01970

Massachusetts Department of Revenue
Counsel for the Commissioner
Attn: Eileen McAuliffe
100 Cambridge Street
Boston, MA 02114

Ring Law Firm
Attn: Jordan Lewis Ring
4 Longfellow Place, 37th Fl.
Boston, MA 02114

Law Offices of John Connolly, Jr.
Attn: Joseph B. Harrington
545 Salem Street
Wakefield, MA 01880

Rothenberg, Estner, Orsi, Arone & Grumbach, LLP
Attn: Nicholas A. Iannuzzi, Jr.
20 Williams St., Suite 245
Wellesley, MA 02481

*Exhibit 5*

1 9 4 2 0   P 0 9;

MORT    MODIFICATION AGREEMENT

In consideration of Lender granting a mortgage to the undersigned, the parties hereby agree to amend Paragraph 19 of said mortgage, executed of even date as follows:

Paragraph 19 is deleted in full and the following Paragraphs inserted in its place:

> "19.   Acceleration; Remedies.   Except as provided in paragraph 17 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this mortgage, or if a monthly installment remains unpaid for a period of thirty days after the same becomes due and payable, the entire principal amount outstanding hereunder the. accrued interest thereon shall at once become due and payable at the option of the Lender.   Failure to exercise such option shall not constitute a waiver of the right to exercise such option if the undersigned is in default hereunder."

> "Statutory Power of Sale.  This Mortgage is upon the Statutory Condition, for any breach of which the Lender shall have the Statutory Power of Sale. Lender shall be entitled to collect all reasonable costs and expenses incurred inpursuing the remedies provided in this Paragraph 19 including, but not limited to, reasonable attorney's fees."

The parties furthermore agree that if the Federal Home Loan Mortgage Corporation, or the Federal National Mortgage Association, or the Government National Mortgage Association buys all or some of the Lender's rights under said Mortgage, then this mortgage Modification Agreement shall no longer apply and the original Paragraph 19 in said mortgage shall be in effect.

__October 19, 1988__
Date

Borrower  Michael Capizzi

Co-Borrower

B  9420  3093

# ADJUSTABLE RATE RIDER
(3 Year Treasury Index—Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this ....19th.. day of .........October............., 19.88...., and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to....Winchendon.Savings.Bank........................................................................................ ...................................................... (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

Lincoln Road, Lincoln, Massachusetts 01773
[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MINIMUM AND MAXIMUM RATES THE BORROWER MUST PAY.**

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

## A.  INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial interest rate of ..9..250..%. The Note provides for changes in the interest rate and the monthly payments, as follows:

## 4.  INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the 19th day of .........October............., 19..91., and on that day every 36th month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of 3 years, as made available by the Federal Reserve Board. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding .................................... Three................... percentage points (.3..000..%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than ..12..250........% or less than .6..250.....%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than two percentage points (2.0%) from the rate of interest I have been paying for the preceding 36 months. My interest rate will never be greater than15..250..% or less than ..6..250.%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## B.  TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER
Uniform Covenant 17 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

MULTISTATE ADJUSTABLE RATE RIDER—ARM PLAN 637—Single Family—Fannie Mae Uniform Instrument
BANKERS SYSTEMS INC., ST. CLOUD, MN 56301 FORM ARM-637 6/28/87                    Form 3118  9/86

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)
Michael Capizzi                 -Borrower

_____ (Seal)
                                -Borrower

WITNESS _____