UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10095DPW

|  |  |
|---|---|
| STATES RESOURCES CORPORATION<br>    Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| MICHAEL CAPIZZI, CATHERINE CAPIZZI,<br>THE ARCHITECTURAL TEAM, INC.,<br>GARRETT, INC., JOHN CONNOLLY, JR.,<br>MASSACHUSETTS DEPARTMENT OF<br>REVENUE, and JAMES GRUMBACH<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |

## STATEMENT OF UNDISPUTED MATERIAL FACTS SUBMITTED BY OF GARRETT, INC. PURSUANT TO LOCAL RULE 56.1

The Defendant and Plaintiff-in-Counterclaim, Garrett, Inc. ("Garrett"), hereby submits this Statement of Undisputed Material Facts pursuant to Local Rule 56.1. All exhibits referenced herein are attached to the Memorandum of Garrett, Inc. In Support of Motion for Summary Judgment filed herewith..

1. Garrett is a Massachusetts corporation engaged in the business of, among other things, conducting real estate auctions. Exhibit ("Ex.") 1, Verified Counterclaim of Garrett, Inc. ¶¶ 1, 3.

2. Garrett Healey is the president and sole stockholder of Garrett. Id. ¶ 3. Mr. Healey has been in the auction business for over thirty years. Id. He is a licensed and bonded auctioneer in several states and a member of the National Auctioneers Association, Massachusetts State Auctioneers Association, and the Certified Auctioneers Institute.

<u>Id.</u>; Ex. 2, Copies of Mr. Healey's Auctioneer's Licenses; Ex. 3, Certified Auctioneers Institute Diploma.

3. Garrett regularly provides services to many local, state and federal agencies, major commercial lending institutions, and attorneys. Ex. 1 ¶ 3 and Ex. A thereto.

4. In 2002, the Law Office of Doonan, Graves & Longoria, LLC ("Doonan"), acting as an agent for SRC, contacted Garrett for the purpose of hiring Garrett to conduct an auction in connection with SRC's foreclosure on property located at 236 Lincoln Road, Lincoln, Massachusetts ("the Property"). <u>Id.</u> ¶ 5. The Property was owned by Michael and Catherine Capizzi (the "Debtors"). <u>Id.</u>

5. Garrett and SRC agreed that Garrett would conduct the auction in return for a 3.5% commission on any sale to a third party, plus reimbursement for expenses. <u>Id.</u> at 6, and Ex. C thereto. It is SRC's position that before SRC would be required to pay Garrett, the Court would have to approve any such payment. Ex. 4 SRC's Reply to Garrett's Counterclaim ¶ 28. It is Garrett's position that such approval is not a condition precedent to SRC's obligation, however, for purposes of this Motion Garrett is seeking such approval. Ex. 1 ¶ 6.

6. Garrett is owed $48,459.20 (<u>see</u> Ex. 1 at Ex. F thereto) this **figure is arrived by adding: 1) $42,000 (3.5% of the auction price), 2) $2,700 for Auctioneer's Fees, and 3) $3,759.20 in advertising costs**. These charges and expenses are outlined in Garrett's invoice for the auction, which is attached hereto as Exhibit F to Exhibit 1.

7. It is customary and usual practice in the real estate auction business for an auctioneer to receive a commission on the sale price received at auction. Ex. 1 ¶ 7. The standard rate

is 3.5% of the sale price for sales over $500,000. <u>Id.</u> It is also customary and usual practice for the auctioneer to paid all advertising and promotional costs and expenses. <u>Id.</u>

8. Garrett engaged in all necessary promotions, marketing, and scheduling in order to successfully proceed with the auction. <u>Id.</u> ¶ 8. The auction was scheduled and postponed on 5 occasions, apparently as a result of matters relating to Catherine Capizzi's filing of bankruptcy. <u>Id.</u> ¶ 9; Ex. 4 ¶ 9. Each time, Garrett undertook all necessary promotional, marketing and scheduling steps to accommodate the rescheduling. Ex. 1 ¶ 8.

9. On July 24, 2003, Garrett held an auction for the Property on behalf of SRC. <u>Id.</u> ¶ 10. Garrett obtained a bid for the Property in the amount of $2,000,000 from a buyer by the name of Linda M. Micu. <u>Id.</u> SRC accepted the Micu offer and a $5,000 deposit from her. <u>Id.</u> Doonan later advised Garrett that the Micu deal fell through. <u>Id.</u> ¶

10. Consequently, SRC requested that Garrett hold another auction for the Property. <u>Id.</u> On September 26, 2003 Garrett held another auction on behalf of SRC and Doonan. <u>Id.</u> ¶ 12. Garrett obtained a high bid of $1,200,000, which SRC and Doonan accepted. <u>Id.</u>

11. As a result of obtaining the $1,200,000 for SRC, SRC was able to satisfy the full amount owed to it by its Debtors at that time – $932,630.87. <u>Id.</u>; Ex. 4 ¶ 13. Doonan was paid for its fees and expenses from the auction proceeds as well. <u>Id.</u> Additionally, Doonan paid $210,096.33 to defendant Architectural Team, Inc., a creditor holding a secondary position to SRC. <u>Id.</u> ¶ 13.

12. SRC has a contractual right under its mortgage and note agreement with the debtor to pay all expenses of the auction, such as Garrett's fee, out of the funds received from the sale. <u>Id.</u> ¶ 13. Specifically, the Mortgage granted to SRC states:

> Statutory Power of Sale. This Mortgage is upon Statutory Condition, for any breach of which the Lender shall have the Statutory Power of Sale. **Lender shall be entitled to**

collect all reasonable costs and expenses incurred inpursuing [sic] the remedies provided in the paragraph 19, <u>including but not limited to</u>, reasonable attorney's fees. Ex. 5, Mortgage Modification Agreement.

                                      Respectfully submitted,
                                      The Defendant,
                                      Garrett, Inc.,
                                      By Its Attorneys,

*/s/ Stephen M. Williams*

CARMEN A. FRATTAROLI, BBO#: 177960
STEPHANIE M. WILLIAMS, BBO#: 560149
Law Office of Carmen A. Frattaroli
76 Lafayette Street
Salem, MA 01970
(978) 740-9501

Date: May 19, 2004