# United States District Court
# Eastern District of Massachusetts

Civil Action No. 04 10095 DPW

_____

**STATES RESOURCES CORPORATION,**

**Plaintiff**

**v.**

**MICHAEL CAPIZZI,**
**CATHERINE R. CAPIZZI,**
**THE ARCHITECTURAL TEAM, INC.,**
**JOHN CONNOLLY, JR.,**
**GARRETT, INC.**
**MASSACHUSETTS DEPARTMENT OF REVENUE,**
**JAMES GRUMBACH**

**Defendants**

_____

### MEMORANDUM IN SUPPORT OF MOTION OF THE ARCHITECTURAL TEAM, INC. UNDER LOCAL RULE 7.1 (A) (2) AND FEDERAL RULE OF CIVIL PROCEDURE 56 (f) FOR ADDITIONAL TIME TO RESPOND TO GARRETT, INC MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR HEARING

Pursuant to Local Rule undersigned counsel did attempt in good faith to resolve the issues created by this filing by an e mail request to counsel for Garrett, Inc., who responded by declining such request of this counsel to extend the filing time response of The Architectural Team, Inc. required under Local Rule 7.1 (B) (2).

The Architectural Team, Inc. seeks to extend the time for responding to the Motion for Summary Judgment of Garrett, Inc. until discovery is complete or as otherwise ordered by this Court.  <u>Prince v. General Motors Corp.</u>, 931 F.2d 162 (1st Cir. 1991).  The Architectural Team, Inc. needs additional time to assemble affidavits, admissions, and the facts surrounding the alleged engagement, its terms, and implementation.  The Architectural Team, Inc. as a levying creditor enforcing its Massachusetts Superior Court execution has an essential interest in the summary judgment since any funds paid to Garrett, Inc by the Plaintiff, States Resources Corporation reduce the sum due from any sale to The Architectural Team, Inc.

The Architectural Team, Inc. has not had the opportunity to take a single deposition or verify the exhibits of Garrett, Inc. as to their content, no discovery deadlines having been established and the first scheduling conference set to be held on <u>June 3, 2004</u>, with an agenda that includes the issue of summary judgment.  <u>See</u> agenda setting for timing of summary judgments and the issue created by the filing by Garrett, Inc.

No court has passed upon the reasonableness of the claim of Garrett, Inc.  In the Bankruptcy Court In re Michael Capizzi, <u>03-18040 JNF</u> an order (<u>September 26, 2003</u>, Feeney, J., <u>See</u> States Resources Corporation <u>Exhibit</u> A in its answer to amended counterclaim of The Architectural Team, Inc. dated <u>May 5, 2004,</u>[ with no docket number])  allowed the Plaintiff States Resources Corporation to foreclose and collect "reasonable costs." , one of which costs is alleged to be due Garrett. Inc.

As guidance, the Local Rule of the Bankruptcy Court 6004-1 (b) Public Auctions (4) (C) provides:

**2**

> (C) Real Estate Auctions. Unless otherwise ordered by the Court, with respect to sales of real property, the <auctioneer>'s compensation shall not exceed:
>     1) 10% of the first fifty thousand dollars ($50,000) realized in excess of the amount of encumbrances; and
>     (2) 2 1/2% of the balance of the equity, with a minimum fee of $500.00.
>     (D) Auction Expenses. The <auctioneer> shall be reimbursed for actual and necessary expenses incurred in connection with an auction, including advertising, if the <auctioneer> has obtained approval by the Court in advance of the auction for these expenses. Unless otherwise ordered by the Court, the <auctioneer shall not be reimbursed for any overhead expense associated with the auction, including labor, cleaning, setting up, lotting, and tagging.

**If the formula applies or is adopted by the Court as reasonable and if indeed the court finds Garrett, Inc is entitled to a commission, the claim of Garrett, Inc. substantially exceeds such formula of this circuits Bankruptcy Court.**

**The issue of auctioneers' fees as excessive is a trialworthy issue and excess fees the basis of Chapter 93A claims.  *See*  <u>Demetras, et al. v. Compass Bank for Savings</u>  (N*o. 02-P-984)* 60 Mass. App. Ct. 1103 (2003).**

**The Architectural Team, Inc. needs time for discovery to determine reasonable costs and related facts since all rights for fees of Garrett, Inc flow from the Plaintiff States Resources Corporation rights under the foreclosed mortgage. Such sums not paid to Garrett, Inc will otherwise be applied to the levy of execution of The Architectural Team, Inc.**

**Garrett, Inc. based upon internet records was organized on 08/08/00 is not a licensed auctioneer.**

3

Garrett, Inc., according to the records available to The Architectural Team, Inc. on the internet is neither licensed as an auctioneer nor real estate broker or salesperson; that the corporation is recently formed; that no verification has formally taken place of the exhibits upon which Garrett, Inc. set forth in its filings.

From the answer filed by Garrett, Inc. it appears for the first time, unknown to The Architectural Team, Inc., Garrett, Inc. secured a check from a third person to purchase the <u>locus in quo</u> for $800,000.00 *more* than the actual sales price (Garrett, Inc., <u>Exhibit E</u>); that this fact was never communicated to The Architectural Team, Inc. or others entitled to know of such bidding process and to carry out Garrett, Inc and the Plaintiff States Resources Corporation obligations of good faith and fair dealing. The $800,000 higher bid should have been revealed prior to a sale of the <u>locus in quo</u> at public auction. Both Garrett, Inc. and the Plaintiff were not to engage in an unfair practice at the sale. *See* <u>Snowden v. Chase Manhattan</u> No 03-0001B November 6, 2003, Agnes, J. and <u>South Bay v. Riviera</u>, 72 al App 4th 1111 (1999).

"Civil Rule 56 (f) is intended to provide "an additional safeguard against …premature grant of summary judgment…." <u>Price v. General Motors Corp, supra.</u>

The Architectural Team, Inc. requests an opportunity to examine discoverable material of Garrett, Inc.; to examine the agency between the Plaintiff and Garrett, Inc and to further examine the engagement terms.

The Architectural Team, Inc. has not had the time and method by discovery to verify the bona fide statements of Garrett, Inc. in Garrett, Inc. <u>Exhibit A.</u>

Garrett, Inc. in Garrett, Inc. <u>Exhibit B</u> and <u>C</u> alleged evidence of engagement dated <u>May 27, 2003</u> for an auction initially commenced on <u>"[0]5/20/03"</u> according to Garrett, Inc. paragraph number 9.

From the pleadings of Garrett, Inc., The Architectural Team, Inc. has learned for the first time that no writing of engagement existed if ever until after the date set for the very first auction; that a higher bid or sales price was known to the Plaintiff States Resources Corporation and to Garrett, Inc., that such price would have paid The Architectural Team, Inc. upon its execution in full and that such information was never revealed to The Architectural Team, Inc. until the filing of pleadings.

Further that it has not been established that a lower engagement fee for services and costs could not have been obtained by the Plaintiff States Resources Corporation consistent with the Local Rules of the Bankruptcy Court, Rule.6004-1 and order of the Bankruptcy Court, <u>supra</u>.

Respectfully, The Architectural Team, Inc. has articulated a plausible basis for the relief that discoverable materials exist which will rise to a trialworthy issue and good cause for not obtaining the same before the commencement of discovery herein. <u>See</u> <u>Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2nd 985, 988 (1st Cir 1988)

> Fed.R.Civ.P. 56(f) comprises a procedural "escape hatch" for a party who genuinely requires additional time to marshal "facts essential to justify [its] opposition" when confronted by a summary judgment motion. *Herbert v. Wicklund,* 744 F.2d 218, 221 (1st Cir. 1984). We have visited the purlieus of the rule in the recent past. In *Taylor v. Gallagher,* 737 F.2d 134 (1st Cir. 1984), We implied that invocation of

```
Rule 56(f) did not invariably demand
hypertechnical compliance with its terms. Id.
```
at 137.  **Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.**, 840 F.2nd 985, 988 (1st Cir 1988)

The facts, Exhibits and references made herein are from court filings and relied upon by counsel in requesting an extension of time to respond by affidavits and otherwise to the summary judgment request of Garrett, Inc.  That after discovery, The Architectural Team, Inc. may well have a reasonable basis to add a counterclaim for a Chapter 93A claim for unfair practices against both States Resources Corporation and Garrett, Inc. seeking both triple damages and fees  *See* **Snowden v. Chase Manhattan**  No 03-0001B November 6, 2003, Agnes, J., **Demetras, et al. v. Compass Bank for Savings**  (N*o. 02-P-984)* 60 Mass. App. Ct. 1103 (2003).

Respectfully moving counsel submits this memorandum and facts contained herein based upon information obtained from pleadings and public records and so certifies to the Court.

The Architectural Team, Inc. requests a reasonable time after discovery to respond to the Motion for Summary Judgment filed by Garrett, Inc.

**Dated June 2, 2004**

**Respectfully submitted.**
**By its Attorney,**
        **s/Jordan Lewis Ring**
**Jordan Lewis Ring, Esquire**
**Attorney for:**
**The Architectural Team, Inc.**
**RING LAW FIRM**
**4 Longfellow Place 37th Floor**
**Boston, Massachusetts 02114**
**BBO# 420980**
**jordanlewisring@masslawyer.us**
**617-558-9800/fax 617-558-9801**