UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-10095-DPW

| | |
|---|---|
| STATES RESOURCES CORPORATION,<br>Plaintiff<br><br>v.<br><br>MICHAEL CAPIZZI,<br>CATHERINE CAPIZZI,<br>THE ARCHITECTURAL TEAM, INC.,<br>GARRETT, INC.,<br>JOHN CONNOLLY, JR.,<br>MASSACHUSETTS DEPARTMENT OF REVENUE,<br>JAMES GRUMBACH,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF KEVIN DUFFY TO DEFENDANTS MICHAEL CAPIZZI AND CATHERINE CAPIZZI'S THIRD PARTY COMPLAINT

NOW COMES, Defendant, Kevin Duffy, and Answers Defendants Michael Capizzi and Catherine Capizzi's ("Capizzis") Third Party Complaint as follows:

1. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 1 of the Complaint.

2. The Defendant admits the allegations set forth in paragraph 2.

3. The Defendant admits the allegations set forth in paragraph 3.

4. The Defendant admits so much of the allegation set forth in paragraph 4 as alleges that the Capizzis were the former owners of 236 Lincoln Road, Lincoln, MA and deny all further allegations of said paragraph.

5. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 5 of the Complaint.

1

6. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 6 of the Complaint.

7. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 8 of the Complaint.

9. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 9 of the Complaint.

10. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 10 of the Complaint.

11. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 11 of the Complaint.

12. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 12 of the Complaint.

13. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 13 of the Complaint.

14. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 14 of the Complaint.

15. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 15 of the Complaint.

16. Defendant admits the allegations set forth in paragraph 16 of the Complaint.

17. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 17 of the Complaint.

18. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 18 of the Complaint.

19. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 19 of the Complaint.

20. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 20 of the Complaint.

21. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 21 of the Complaint.

22. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 22 of the Complaint.

23. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 23 of the Complaint.

25. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 24 of the Complaint.

26. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 26 of the Complaint.

27. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 27 of the Complaint.

28. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 28 of the Complaint.

29. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 29 of the Complaint.

30. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 30 of the Complaint.

31. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 31 of the Complaint.

32. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 32 of the Complaint.

33. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 33 of the Complaint.

34. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 34 of the Complaint.

35. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 35 of the Complaint.

36. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 36 of the Complaint.

37. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 37 of the Complaint.

38. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 38 of the Complaint.

39. Defendant admits the allegations set forth in paragraph 39 of the Complaint.

40. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 40 of the Complaint.

41. Defendant admits the allegations set forth in paragraph 41 of the Complaint.

42. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 42 of the Complaint.

43. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 43 of the Complaint.

44. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 44 of the Complaint.

45. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 45 of the Complaint.

46. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 46 of the Complaint.

47. Defendant admits the allegations set forth in paragraph 47 of the Complaint.

48. Defendant admits the allegations set forth in paragraph 48 of the Complaint.

49. Defendant admits the allegations set forth in paragraph 49 of the Complaint.

50. Defendant admits the allegations set forth in paragraph 50 of the Complaint.

51. Defendant admits the allegations set forth in the first sentence of paragraph 51 of the Complaint, and denies all further allegations of paragraph 51.

52. Defendant admits so much of the allegation set forth in paragraph 52 of the Complaint, stated that the Court award judgment to State Resources and denies all other allegations.

53. Defendant admits the allegations set forth in paragraph 53 of the Complaint.

54. Defendant admits that State Resources held a foreclosure auction on the Property and that Defendant Kevin Duffy purchased the property for $1,200,000.00, but denies that the sale price is one third of it's fair market value.

55. Defendant is without sufficient knowledge or information to admit or deny the allegation set forth in paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in paragraph 56 of the Complaint.

57. Defendant admits the allegations set forth in paragraph 57 of the Complaint.

58. Defendant admits the allegations set forth in paragraph 58 of the Complaint.

59. Defendant admits the allegations set forth in paragraph 59 of the Complaint.

60. Defendant admits the allegations set forth in paragraph 60 of the Complaint.

61. Defendant admits the allegations set forth in paragraph 61 of the Complaint.

62. Defendant restates and realleges its responses to paragraphs 1 to 61 as if set forth herein.

63. Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65. Defendant restates and realleges its responses to paragraphs 1 to 64 as if set forth herein.

66. Defendant denies the allegations set forth in paragraph 66 of the Complaint.

67. Defendant restates and realleges its responses to paragraphs 1 to 66 as if set forth herein.

68. Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth in paragraph 70 of the Complaint.

71. Defendant denies the allegations set forth in paragraph 71 of the Complaint.

72. Defendant denies the allegations set forth in paragraph 72 of the Complaint.

73. Defendant denies the allegations set forth in paragraph 73 of the Complaint.

74. Defendant admits that it paid $1,200.000.00 for the property, but denies that the purchase price was 30% of the then fair market value.

75. Defendant denies the allegations set forth in paragraph 75 of the Complaint.

76. Defendant restates and realleges its responses to paragraphs 1 to 75 as if set forth herein.

77. Defendant denies the allegations set forth in paragraph 77 of the Complaint.

78. Defendant denies the allegations set forth in paragraph 78 of the Complaint.

79. Defendant denies the allegations set forth in paragraph 79 of the Complaint.

80. Defendant restates and realleges its responses to paragraphs 1 to 79 as if set forth herein.

81. Defendant denies the allegations set forth in paragraph 81 of the Complaint.

82. Defendant admits so much of the allegations set forth in paragraph 82 of the Complaint to the extent that the Constable began the Eviction on March 17, 2004 at noontime. It was not completed until March 18, 2004.

83. Defendant denies the allegations set forth in paragraph 83 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendant states that the Plaintiffs' claims should be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Defendant states that the Plaintiffs should be barred by the Statue of Frauds from asserting the claims alleged in the Complaint.

### Third Affirmative Defense

The Defendant states that the Plaintiffs should be barred by the Statue of Limitations from asserting the claims alleged in the Complaint.

### Fourth Affirmative Defense

The Defendant states that the Plaintiffs' Complaint should be barred by the Doctrine of Laches due to Plaintiffs' delay in bringing this action.

### Fifth Affirmative Defense

The Defendant states that the Plaintiffs' claims is barred because the Plaintiff is estopped by their conduct from asserting any claim for relief.

### Sixth Affirmative Defense

The Defendant states that the Plaintiffs' claims should be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(7) for their failure to join a party under Rule 19.

### Seventh Affirmative Defense

The Defendant states that the Plaintiffs' claims should be dismissed for misnomer of a party, namely the Defendant.

### Eighth Affirmative Defense

The Defendant states that the Plaintiffs' claims should be barred from recover by the equitable doctrine of clean hands.

### Ninth Affirmative Defense

The Defendant states that the Plaintiffs' claims have been advanced in bad faith, are frivolous and are otherwise without merit.

### Tenth Affirmative Defense

The Defendant states that the Plaintiffs claim by their own conduct have released the Defendant from any claims they may have or might have had against him.

### Eleventh Affirmative Defense

The Defendant states that the Plaintiffs' claims are barred or limited by their failure to mitigate their damages.

### Twelfth Affirmative Defense

The Defendant states that the Plaintiffs' claims should be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(4) and 12(b)(5) for insufficient service of process.

### Thirteenth Affirmative Defense

The Defendant states that the Plaintiffs' claims should be dismissed pursuant to the Doctrine of Res Judicata as this action was raised in another court and in another proceeding.

### Fourteenth Affirmative Defense

The Defendant states that the Plaintiffs' claims should be dismissed pursuant to the Rooker-Feldman Doctrine as lower Federal Courts are without Subject-Matter Jurisdiction to sit in direct review of State Court decisions.

### Fifteenth Affirmative Defense

The Defendant states that the Plaintiffs' claims should be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(1) for lack of jurisdiction over the subject matter.

The Defendants further reserve their right to assert further affirmative defenses upon the completion of discovery.

WHEREFORE, The Defendant, Kevin Duffy respectfully requests this Court enter judgment dismissing the Third Party Plaintiff's Complaint with Prejudice and award reasonable costs and attorneys fees, and such other relief as the Court deems just and proper.

**The Defendant demands a trial by jury.**

Respectfully Submitted
Kevin Duffy,
by his Attorney,

Joseph M. Connors, Jr.
Joseph M. Connors, Jr., P.C.
135 Beaver Street
Waltham, Massachusetts 02452
(781) 893-8200
BBO#: 548622

## CERTIFICATE OF SERVICE

     I, Joseph M. Connors, Jr., hereby certify that a true copy of the above Answer and Demand for Jury Trial of Defendant Kevin Duffy was served by first class mail, postage prepaid on the following identified below on June 21 2004.

John A. Doonan, Esq.
Doonan, Graves & Longoria, L.L.C.
100 Cummings Center, Suite, 213 C
Beverly, MA  01915

Massachusetts Department of Revenue
Counsel for the Commissioner
ATTN:  Eileen McAuliffe
100 Cambridge Street
Boston, MA  02114

Law Offices of John Connolly, Jr.
Attn:   Joseph B. Harrington
545 Salem Street
Wakefield, MA 01880

Michael & Catherine Capizzi
1725 Wedgewood Common
Concord, MA  01742

Ring Law Firm
ATTN: Jordan Lewis Ring
4 Longfellow Place, 37th Floor
Boston, MA  02114

Rothenberg, Estner, Orsi, Arone & Grumbach, LLP
Attn:  Nicholas A. Iannuzzi, Jr.
20 Williams Street, Suite 245
Wellesley, MA 02481

                                              Joseph M. Connors, Jr.