# United States District Court
# Eastern District of Massachusetts

Civil Action No. 04 10095 DPW

_____

STATES RESOURCES CORPORATION

Plaintiff

v.

MICHAEL CAPIZZI,
CATHERINE R. CAPIZZI,
THE ARCHITECTURAL TEAM, INC.,
JOHN CONNOLLY, JR.,
GARRETT, INC.
MASSACHUSETTS DEPARTMENT OF REVENUE,
JAMES GRUMBACH
KEVIN DUFFY

Defendants
_____

### THE ARCHITECTURAL TEAM, INC.  MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND (SECOND) ANSWER ET AL FILED HEREWITH

### BRIEF OVERVIEW

On <u>September 26, 2003</u>, States Resources Corporation and Garrett, Inc. conducted a foreclosure sale on the property known as and located at 236 Lincoln Street, Lincoln, Massachusetts accepting a bid OF $1,200,000.00 for the <u>locus in quo</u> at a time when States Resources Corporation and Garrett, Inc. each knew that there was an outstanding unconditional written offer of a Massachusetts businessperson and

philanthropist for $2,000,000.00 while having in their control and possession the proceeds of a $50,000.00 deposit check for the $2,000,000.00 unconditional written offer.  <u>*For judicial economy, see*</u> details in COUNTERCLAIM FIVE filed herewith.

    Neither States Resources Corporation nor Garrett, Inc. at the time of sale of the 236 Lincoln Street, Lincoln, MA. property (and until discovery herein commenced) disclosed such written $2,000,000.00 offer and deposit to The Architectural Team, Inc. or to Michael Capizzi or to Catherine Capizzi, each knowing the interest of The Architectural Team, Inc. and Michael Capizzi in the <u>locus in quo</u>.

    In short, the foreclosing mortgagee, States Resources Corporation, and its auctioneer knew, as did the attorney for States Resources Corporation of the $2,000,000.00 unconditional written offer of Leonard Florence of <u>August 4, 2003</u>, together with a cleared deposit check of $50,000.00 and notwithstanding same, accepted, on <u>September 26, 2003</u>, at the foreclosure sale, a bid of $1,200,000.00; <u>*$800,000.00*</u> below the outstanding binding written offer of Leonard Florence, all to the great damage of The Architectural Team, Inc. and Michael Capizzi.  <u>*See,*</u> proposed Counterclaim Five.

    The Architectural Team, Inc. seeks damages in its own right against both States Resources Corporation and Garrett, Inc. and to reach and apply, as a judgment creditor with an execution, the rights of Michael

2

**Capizzi that Michael Capizzi has as against both States Resources Corporation and/or Garrett, Inc. or either.**

## LAW

It is axiomatic that all valid foreclosure sales in Massachusetts must be free of fraud and bad faith.  <u>Pemstein v. Stimpson,</u> 36 Mass.App.Ct. 283, 286 (1994).

Here, not unlike the situation in <u>Drinan v. Nichols,</u> 115 Mass. 353, 357 (1874), before the auction took place, States Resources Corporation and Garrett, Inc, the auctioneer employed by States Resources Corporation:

> (1) had knowledge that a buyer for the said property had been found for $2,000,000.00;
>
> (2) that Leonard Florence had made a legally binding commitment to purchase the property for $2,000,000.00;
>
> (3) that the buyer *had not* made the offer subject to the condition that he secure financing;
>
> (4) that the buyer had placed a $50,000.00 binder deposit; and
>
> (5) that Leonard Florence was willing to pay a price for the Capizzi' home that would result in a full recovery of all the money due to States Resources Corporation, including its costs, under the note and mortgage; to satisfy in full the judgment and execution of The Architectural Team, Inc. and leave a substantial sum for Michael Capizzi and those claiming under Mr. Capizzi.

**The position taken by States Resources Corporation and Garrett, Inc. that they had a right nonetheless to ignore the Leonard Florence offer and to proceed with the auction and sell the property for $800,000.00 less, is, as a matter of law, unfair or deceptive, a breach of good faith and fair dealing, and a violation of M.G.L., c 93A.**

**In considering a claim for damages under G.L. c. 93A,, it is important to bear in mind what the Supreme Judicial Court stated in Kattar v. Demoulas, 433 Mass. 1, 13-14 (2000):**

> **Chapter 93A is "a statute of broad impact which creates new substantive rights and provides new procedural devices for the enforcement of those rights." Slaney v. Westwood Auto, Inc., 366 Mass. 688, 693, 322 N.E.2d 768 (1975). The relief available under c. 93A is "sui generis. It is neither wholly tortious nor wholly contractual in nature, and is not subject to the traditional limitations of preexisting causes of action." Id. at 704, 322 N.E.2d 768. It "mak[es] conduct unlawful which was not unlawful under the common law or any prior statute." Commonwealth v. DeCotis, 366 Mass. 234, 244 n. 8, 316 N.E.2d 748 (1974). Thus, a cause of action under c. 93A is "not dependent on traditional tort or contract law concepts for its definition." Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 626, 382 N.E.2d 1065 (1978). See Nei v. Burley, 388 Mass. 307, 313, 446 N.E.2d 674 (1983) ("[A]nalogies between common law claims for breach of contract, fraud, or deceit and claims under c. 93A are inappropriate because c. 93A dispenses with the need to prove many of the essential elements of those common law claims").**
> **Their claim that there can be no c. 93A violation because they had a legal right to foreclose has no merit. Legality of underlying conduct is not necessarily a defense to a claim under c. 93A. See Schubach v. Household Fin. Corp., 375 Mass. 133, 137, 376 N.E.2d 140 (1978). Chapter 93A does not define what constitutes an "unfair or deceptive act or practice." Such a definition would be impossible, because, as the Appeals Court aptly noted, "[t]here is no limit to human inventiveness in this field."**

> **Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 503, 396 N.E.2d 149 (1979), quoting H.R. Conf. Rep. No. 1142, 63d Cong., 2d Sess. (1914). Although G.L. c. 93A, § 2 (b), states that courts are to be guided by the Federal Trade Commission and Federal court interpretations of the Federal Trade Commission Act, PMP Assocs., Inc. v. Globe Newspaper Co., 366 Mass. 593, 595, 321 N.E.2d 915 (1975), unfair or deceptive conduct is best discerned "from the circumstances of each case." Commonwealth v. DeCotis, supra at 242, 316 N.E.2d 748. See Kerlinsky v. Fidelity & Deposit Co., 690 F.Supp. 1112, 1119 (D.Mass.1987), aff'd, 843 F.2d 1383 (1st Cir.1988) ("[I]t is not the definition of an unfair act which controls but the context--the circumstances to which that single definition is applied"). Even if the defendants had the right to foreclose, as the judge found, it was clearly unfair, within the meaning of c. 93A, to use that right for a reason so obviously against public policy. Cf. Anthony's Pier Four, Inc. v. HBC Assocs. ., 411 Mass. 451, 473, 476, 583 N.E.2d 806 (1991)**

**Here the economic devastation by the refusal to exercise the offer of a higher bidder created economic loss to The Architectural Team, Inc. and Michael Capizzi. This was neither the right of either States Resources Corporation nor Garrett, Inc.**

**The rights as against States Resources Corporation and Garrett, Inc. extend to a junior lienor as was applied in South Bay Bldg v. Riviera, 72 Cal. App. 4th 1111 (1999), "…A junior lienor retain [s] the right to recover damages from the trustee …of the foreclosing lien if there has been material irregularities in the conduct of the foreclosure." Citing 4 Miller & Starr 2nd ed 1989, at page 517.**

**Here the damages are not speculative. The damages are actual.**

> **Whether the defendants violated c. 93A in a willful or knowing manner was a matter for the judge. Raymer v. Bay State Nat'l Bank, 384 Mass. 310, 424 N.E.2d 515 (1981). We have said that a finding of "wilful"**

5

>conduct within the meaning of c. 93A is satisfied where the defendant has acted recklessly.  See, St. Paul Surplus Lines Ins. Co. v. Feingold & Feingold Ins. Agency, Inc., 427 Mass. 372, 377, 693 N.E.2d 669 (1998) (holding broker liable to insurer which issued policy based on material misinformation that broker with reckless disregard for truth placed on insurance application, where broker knew, or reasonably should have known, that disclosure of truth would have led insurer to reject application); Briggs v. Carol Cars, Inc., 407 Mass. 391, 396-397, 553 N.E.2d 930 (1990) (concluding misrepresentation of condition of car with reckless disregard of truth or falsity of statement constituted wilful violation of c. 93A). We have also stated that the term "wilful" can be equated with reckless conduct. See Still v. Commissioner of the Dep't of Employment & Training, 423 Mass. 805, 812-813, 672 N.E.2d 105 (1996) ( "[D]ecisions construing the multiple damages provisions of G.L. c. 93A [1994 ed.] have imposed such damages for 'wilful' or 'knowing' violations, equating the former with reckless conduct and the latter with intentional acts"). However, because evidence will support a particular finding does not require that the finding be made. Ultimately, c. 93A ties liability for multiple damages to the degree of the defendant's culpability. See International Fid. Ins. Co. v. Wilson, supra at 853, 443 N.E.2d 1308 (assessing damages based on "the egregiousness of each defendant's conduct")." Kattar v. Demoulas, supra.

See also, Lynn M. Snowden and Kenny L. Snowden, Plaintiffs, v.Chase Manhattan Mortgage Corp. and Mel Thomas, Defendants. No. 03-0001B., Nov. 5, 2003.

In Snowden Agnes, J found that:

>Even though there is no dispute that plaintiffs failed to make several mortgage payments, and, therefore, that Chase had a legal right to exercise its power of sale, the law requires that it must "exercise the utmost good faith," Taylor, 233 Mass. at 247, and use reasonable diligence to protect the interests of the defaulting home owner. Williams, supra, 417 Mass. at 383. See Levin v. Reliance Co-Operative Bank, 301 Mass. 101, 103 (1938)(A mortgagor has a basis for a tort action against the mortgagee despite the

6

existence of a default whenever a foreclosure is conducted negligently or in bad faith); *Fenton v. Torrey,* 133 Mass. 138, 139 (1882)(One who undertakes to exercise the power of sale in a mortgage must act in good faith and with a careful regard for the interest of the principal). In circumstances such as these, the mortgagee "cannot shelter himself under a bare literal compliance with the conditions imposed by the terms of the power [of sale]." *Montague v. Dawes,* 14 Allen 369, 373 (1890).

The plaintiffs did not ask Chase to alter the terms of the mortgage or note, nor to accept payment at a discounted rate, but simply to postpone the foreclosure sale for a reasonable period of time and to give further consideration to a transaction that would have resulted in funds in an amount sufficient to pay the balance due on the note and to fully reimburse the mortgagee for its costs while leaving a significant amount available for the family to use towards another home. The defendant's refusal to postpone the foreclosure sale was an act that breached a duty it owed to the plaintiffs and caused them to suffer harm. The law provides a remedy in such a case.

Based on the above, defendant Chase, as mortgagee, failed to satisfy its duty owed to the plaintiffs by not postponing the auction in order to give meaningful consideration to a legally binding offer to purchase the property and thus to obtain for the property as large a price as possible.

## CONCLUSION

**The Architectural Team, Inc., as a junior lien holder and/or one entitled to reach and apply the rights of Michael Capizzi as against States Resources Corporation and Garrett, Inc., seeks to amend the answer of The Architectural Team, Inc. to bring the material and essential facts and allegations to the attention of the Court for determination and justice..**

**The claim of The Architectural Team, Inc. have come through the discovery process and brought to the attention of the Court speedily upon discovery and without delay.**

**In the interest of justice The Architectural Team, Inc. respectfully request the Court grant its Motion for leave to amend the answer The Architectural Team, Inc. filed herewith.**

<u>**JULY 8, 2004**</u>

**Respectfully submitted.
By its Attorney,**

**  s/Jordan Lewis Ring
Jordan Lewis Ring, Esquire
Attorney for:
The Architectural Team, Inc.
RING LAW FIRM
4 Longfellow Place 37th Floor
Boston, Massachusetts 02114
BBO# 420980
jordanlewisring@masslawyer.us
617-558-9800/fax 617-558-980**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MASSACHUSETTS
# CIVIL ACTION NO 04-10095DPW

**STATES RESOURCES CORPORATION,**

**Plaintiff**

**v.**

**MICHAEL CAPIZZI,**
**CATHERINE R. CAPIZZI,**
**THE ARCHITECTURAL TEAM, INC.,**
**JOHN CONNOLLY, JR.,**
**GARRETT, INC.**
**MASSACHUSETTS DEPARTMENT OF REVENUE,**
**JAMES GRUMBACH**
**KEVIN DUFFY**

**Defendants**

## CERTIFICATE OF SERVICE

**I Jordan Lewis Ring, hereby certify that on this date I caused to be served a copy of**

## THE ARCHITECTURAL TEAM, INC.  MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO AMEND (SECOND) ANSWER FILED HEREWITH

**ELECTRONIC FILING AND BY**

**sending the same first class mail, postage prepaid to:**

**Michael Capizzi**
**1725 Wedgewood Common**
**Concord, MA  01742**

**AND TO:**

**Catherine Capizzi**
**1725 Wedgewood Common**
**Concord, MA  01742**

**JULY 8, 2004**                                    **Respectfully submitted.**
                                                    **By its Attorney,**


      **s/Jordan Lewis Ring**
**Jordan Lewis Ring, Esquire**
**Attorney for:**
**The Architectural Team, Inc.**
**RING LAW FIRM**
**4 Longfellow Place 37th Floor**
**Boston, Massachusetts 02114**
**BBO# 420980**
**jordanlewisring@masslawyer.us**
**617-558-9800/fax 617-558-9801**