UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| **STATES RESOURCES CORPORATION** )<br>)<br>**Plaintiff** )<br>)<br>)   Civil Action No. 04 10095 DPW<br>)<br>v. )<br>)<br>**MICHAEL CAPIZZI,** )<br>**CATHERINE R. CAPIZZI,** )<br>**THE ARCHITECTURAL TEAM, INC.,** )<br>**GARRETT, INC.,** )<br>**JOHN CONNOLLY, JR.,** )<br>**MASSACHUSETTS DEPARTMENT OF REVENUE,** )<br>**JAMES GRUMBACH** )<br>)<br>**Defendants** )<br>) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO PERMIT THE FILING OF AMENDED VERIFIED COUNTERCLAIMS OF DEFENDANTS MICHAEL CAPIZZI AND CATHERINE R. CAPIZZI**

In support of Plaintiff's Opposition to Defendants Michael Capizzi and Catherine R. Capizzi's Motion to Permit the Filing of Amended Verified Counterclaims, States Resources Corporation, through its attorneys, Doonan, Graves & Longoria, hereby submits the following.

**I. LEGAL ARGUMENT**

Fed. R. Civ. P. 15(a) provides that a party may amend its pleading by leave of court and that "leave shall be freely given when justice so requires." The decision whether to grant leave to amend is within the sound discretion of the court. *Foman v. Davis*, 371 U.S 178, 182 (1962). While the standard for allowing a party leave to amend is has been construed liberally by the

courts, *see O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004), leave shall not be freely given when such circumstances as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment" are present. *Foman*, 371 U.S. at 182. In this case, because of the futility of the amendment, the prejudicial effect it will have on the Plaintiff and the Capizzis' failure to comply with this Court's Orders and Local Rules through out this litigation and previous federal court litigation with the Plaintiffs, the Capizzis' Motion to Permit the Filing of Amended Verified Counterclaims should be denied.

### A. Defendants Michael Capizzi and Catherine Capizzi's motion should be denied because the proposed amendment is futile and prejudicial.

The Capizzis argue that paragraph seventy-one (71) of their counterclaim for unlawful and fraudulent foreclosure should be amended to include more details regarding their allegations that the Notice of Foreclosure Sale incorrectly described the foreclosed property. *See Motion to Permit the Filing of Amended Verified Counterclaims of Defendants Michael Capizzi and Catherine R. Capizzi* ¶ 5 (Docket # 51). The Capizzis state that "such significant discrepancies should be set forth with in the counterclaim with greater particularity." *Id.* ¶ 6.

Through their counterclaims, the Capizzis have clearly alleged that the Notice of Foreclosure Sale inaccurately describes the foreclosed property. By allowing the Capizzis to amend their complaint to unnecessarily elaborate on why the Notice of Foreclosure Sale is incorrect would be redundant. The facts alleged in the currently filed verified counterclaims are sufficient.

Further, the Capizzis' proposed amendment is futile, because even if the proposed amendment is allowed, the amended counterclaims could not withstand a motion to dismiss. *See* Wright, Miller & Kane, 6 Federal Practice and Procedure § 1487 (2d ed. 1990) *see Halpert v.*

*Wertheim & Co.*, 81 F.R.D. 734 (D.C.N.Y. 1979); *see Bernstein v. National Liberty Int'l Corp.*, 407 F. Supp. 709 (D.C. Pa. 1976).   Here, the Capizzis assert claims of breach of contract, unlawful and fraudulent foreclosure, and violation of  M.G.L. C. 93A.  In December 2002, the Capizzis filed a complaint (C.A. No. 02-123319-DPW) with the same exact claims that are currently be asserted in their filed answer and counterclaim and in their proposed counterclaims.  This action was dismissed with prejudice by this Court on June 9, 2003, because the Capizzis had failed to plead or defend against States Resources Corporation's counterclaims and judgment was entered in favor of States Resources Corporation for $875,203.38.  As a result, because this Court has rendered a final judgment in C.A. No. 02-123319-DPW, the Capizzis are barred by the doctrine of res judicata from now asserting the same causes of action in this suit.

Additionally, the Capizzis' proposed counterclaims would not withstand a motion to dismiss, because said counterclaims require the federal court to review the state court foreclosure action.  Under the Rooker-Feldman Doctrine, lower federal courts do not have subject matter jurisdiction to review Massachusetts state court decisions; this jurisdiction lies only with the Massachusetts Appeals Court, the State Supreme Judicial Court and the United States Supreme Court.  *See Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999); see generally District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  Here, the Capizzis, through their proposed counterclaims, are asking this Court to essentially void the Massachusetts state court decision regarding the foreclosure.  The Cappizzis' federal court claims are "inextricably intertwined" with issues previously addressed and adjudicated in the state court foreclosure action.  *See Feldman*, 460 U.S. at 286; s*ee Hill*, 193 F.3d at 39.  As a result, this Court does not have jurisdiction to hear the Capizzis' proposed counterclaims, and, therefore, said counterclaims must not be allowed and, ultimately, must be dismissed pursuant to the Rooker-Feldman Doctrine.

3

Furthermore, the Capizzis' proposed paragraph seventy-one (71) identifies a potential witness, Kathleen E. Cook, a real estate broker, who allegedly wrote a letter to Michael Capizzi regarding the possible listing price of the foreclosed property. The Plaintiff would be unfairly prejudiced by the Court's allowance of this proposed paragraph, as further discovery would be necessary to address the Capizzis' allegation regarding the proposed listing price of the foreclosed property determined by Ms. Cook. Since more than six months have passed since the complaint was filed and less than two months remain until the discovery deadline of September 7, 2004, the Plaintiffs would not have sufficient time to prepare its case in response to the introduction of this new allegation and new witness.

**B.     Defendants Michael Capizzi and Catherine R. Capizzi's motion should be denied due to the Capizzis' failure to comply with this Court's Orders and the Local Rules.**

In filing their Motion to Permit the Filing of Amended Verified Counterclaims, the Capizzis have failed to comply with this Court's Scheduling Order and Local Rule 7.1(a)(2). The Scheduling Order requires that "all future submissions in this case are subject to electronic filing and all counsel choose to appear must make arrangements to register for participation in electronic case filing." While pro se defendants are relieved from filing electronically if they do not have access to a computer or email, it is clear that the Capizzis have access to a computer based on the fact that their pleadings are computer generated. Moreover, at the scheduling conference, the Capizzis were required to provide a current email address to the court and all parties in this case; however, they have yet to do so. In addition, in filing their Motion to Permit the Filing of Amended Verified Counterclaims, the Capizzis neglected to certify that they "have conferred and have attempted in good faith to resolve or narrow the issue" pursuant to Local Rule 7.1(a)(2) and, in fact, failed to confer concerning this motion. Furthermore, because the Capizzis have demonstrated a lack of good faith in cooperating with this Court and complying with this Court's orders in previous federal court litigation with the Plaintiff, the Capizzis should

4

not be allowed to take advantage of the liberal standard applied to Fed. R. Civ. P. 15(a) and have their motion granted.

## II. CONCLUSION

The Plaintiff respectfully requests that this Court deny Defendants Michael Capizzi and Catherine R. Capizzi's Motion to Permit the Filing of Amended Verified Counterclaims and, additionally, that all of Defendants Michael Capizzi and Catherine R. Capizzi's counterclaims against the Plaintiff be dismissed.

Respectfully Submitted,

Date: July 12, 2004

/s/ John A. Doonan
John A. Doonan, Esq. (BBO# 547838)
Reneau J. Longoria, Esq. (BBO#635118)
Doonan, Graves & Longoria, L.L.C.
100 Cummings Center, Suite 213C
Beverly, MA 01915
(978) 921-2670