UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

C.A. NO. 04-10095 DPW

| | |
|---|---|
| STATES RESOURCES CORPORATION,<br>PLAINTIFF<br><br>V.<br><br>MICHAEL CAPIZZI AND<br>CATHERINE R. CAPIZZI,<br>THE ARCHITECTURAL TEAM, INC.<br>GARRETT, INC., JOHN J. CONNOLLY, JR.,<br>MASSACHUSETTS DEPARTMENT OF<br>REVENUE, JAMES GRUMBACK,<br>DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### THIRD PARTY DEFENDANT KEVIN DUFFY'S OPPOSITION TO EMERGENCY MOTION TO RECORD LIS PENDENS AND SPECIAL MOTION TO DISMISS COMPLAINT

Now comes the Defendant Kevin Duffy and states his opposition to the Plaintiff's Emergency Motion for a Lis Pendens and further moves pursuant to M.G.L. c.184, §15 to dismiss the Defendant Michael Capizzi and Catherine R. Capizzi's Third Party Complaint.

### FACTS

On or about September 26, 2003 Kevin Duffy ("Duffy") appeared at a foreclosure auction for property at 236 Lincoln Road, Lincoln, Massachusetts. At said auction Duffy was the winning bidder for the real property at 236 Lincoln Road, Lincoln, Massachusetts

1

(the "Property"). On or about October 27, 2003 Duffy paid State Resources the balance of the purchase price bid on September 26, 2003 and accepted a deed from them for the property. See copy of deed attached hereto as Exhibit A.

Soon thereafter Duffy began eviction proceedings at the Concord District Court against the Plaintiffs Michael Capizzi and Catherine Capizzi.

On December 18, 2003 a summary process trial was held at the Concord District Court. On December 18, 2003 the Court found for Duffy against the Capizzi's for possession of the property at 236 Lincoln Road, Lincoln, Massachusetts and for money damages. See Exhibits B-1 and B-2. At the trial Capizzi raised the issue of fraud by State Resources and that the foreclosure was based on fraud.

On or about December 29, 2003 Capizzi filed an "appeal" of the December 18, 2003 decision of the Court. See Exhibits C-1 and C-2 attached hereto. Exhibit C-2 is a revised Notice that Capizzi filed several days after the original filing.

Pursuant to M.G.L. c.239, §5 an appeal bond hearing was held and an appeal bond amount was set by the Court.

Subsequent to that bond amount being set Capizzi sought relief from the order. The Court held a subsequent hearing and refused to change the bond amount but gave Capizzi two additional weeks to post the bond.

Capizzi failed to post the bond pursuant to the Court Order. For several reasons, including Capizzi's failure to post, the Court dismissed his appeal. See Exhibit D.

Capizzi appealed the dismissal of his appeal. Another bond hearing was held and an amount was set by the Court.

Capizzi sought "review" under M.G.L. c.239, §5 for the amount of the bond. The Appellate Division heard the "review" and affirmed the bond amount. See Exhibit E.

Capizzi failed to post the bond.

On March 10, 2004, Capizzi filed a Petition in Bankruptcy. On March 11, 2004 Duffy filed an Emergency Motion to Dismiss Capizzi's bankruptcy case.

On March 12, 2004 the Bankruptcy Court allowed the Motion and dismissed Capizzi's Bankruptcy. See Exhibit F attached hereto.

On March 17, 2004 Duffy began the eviction of Capizzi from the property at 236 Lincoln Road, Lincoln, Massachusetts. The eviction was completed on March 18, 2004. See Execution attached hereto as Exhibit G.

On March 17, 2004 Capizzi filed a Verified Complaint in the Massachusetts Superior Court, Middlesex, alleging the same issues as provided in Answer here. The Capizzi's sought claims of: 1) declaratory judgment; 2) breach of contract; 3) unlawful and fraudulent foreclosure; 4) violation of M.G.L. c.93A; and 5) injunctive relief.

With the filing of the Complaint in the Middlesex Superior Court, Capizzi also sought a Lis Pendens.

The Middlesex Superior Court denied his request and dismissed the case. The Capizzi's appealed the denial to a single justice of the Court of Appeals, who also denied the request. Capizzi filed an appeal of the dismissal of the Middlesex Superior Court case in the Court of Appeals. That case is still pending.

The Capizzi's have recorded at the Middlesex South Registry of Deeds a Notice of Filing an Appeal to the Single Justice of the Appeals Court, and a Notice of Appeal. See documents attached hereto as Exhibits H, I and J.

## ARGUMENT

M.G.L. c.184, §15 allows a party to file a special motion to dismiss the claimant's action if that party believes the action is frivolous. The statute further defines frivolous as . . . "because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds."

The Defendant Kevin Duffy contends that he is entitled to a dismissal of the Plaintiff's Complaint in that it is devoid of any arguable basis in law and the action is barred by res judicata.

The facts alleged by the Capizzi's state in ¶51 of their Answer "On June 9, 2003, the Federal District Court dismissed with prejudice Plaintiffs second federal suit . . .". Clearly, the Plaintiffs here admit that they have litigated this same case in two prior federal cases. A third federal case was filed and voluntarily dismissed after the Court denied his motion for a T.R.O. to enjoin the eviction in Case No. 04-10533 DPW. The fourth case is the one now pending in the Massachusetts Court of Appeals. The Capizzi's Third Party Complaint against Duffy in response to States Resources Complaint for Interpleader is the fifth case to raise the same issue.

In the Massachusetts Court of Appeals case, the Capizzi's have filed a Notice of Appeal at the Middlesex Registry of Deeds. As a practical matter the Capizzi's have already achieved their request here. See Exhibits H, I and J.

"There is no dispute that the judgment in the first action, entered with prejudice, is valid and final, it may, therefore preclude subsequent litigation based on the same claim."

*Andre Saint Louis v. Baystate Medical Center, Inc.*, 30 Mass. App. Ct. 393, 568 N.E. 2d 1181, 1991 Mass. App. Lexis 207.

Based on the pleadings of the Plaintiffs they have litigated these same issues with State Resources in three prior cases in the Federal Court. By their own admission, see ¶51 of the Answer, their opportunity to litigate this alleged fraud has already been addressed by another Court and the case is final.

These same allegations of fraud were alleged in several bankruptcy Petitions. State Resources sought and was granted relief from stay so that they could move forward with the foreclosure and eviction.

In the summary process eviction proceedings, Capizzi again raised the issue of fraud. The Concord Court ruled on behalf of Duffy. Capizzi appealed that ruling and failed to pursue and perfect his appeal.

The Execution for possession of 236 Lincoln Road, Lincoln, Massachusetts was executed by the Constable and completed on March 18, 2004.

The Defendant further argues that the Plaintiff is not entitled to a Lis Pendens under M.G.L. c.184 §15. The Plaintiffs are not entitled to overturn a valid foreclosure sale. The Plaintiffs have failed to allege any facts which show that State Resources did not conduct a foreclosures sale pursuant to a power of sale contained in the mortgage. There is no allegation that the actual foreclosure sale was defective. Any remedy the Plaintiffs may have are now only money damages.

The Plaintiffs cannot have the property returned after a valid foreclosure.

## CONCLUSION

In conclusion, the Defendant Kevin Duffy opposes the issuance of a Memorandum of Lis Pendens against the property and further he moves to dismiss the Complaint because it is frivolous, without merit and barred by the theory of res judicata. M.G.L. c.184 §15 also provides that if a Court was to grant a Special Motion to Dismiss, it shall award the moving party costs and reasonable attorneys fees. Duffy respectfully requests that the Capizzi's request for a Lis Pendens be denied, and that their Third Party Complaint against Duffy be dismissed, and costs and reasonable attorneys fees be awarded to Duffy.

Kevin Duffy,
By his Attorney,

Joseph M. Connors, Jr.
BBO# 548622
Law Offices of Joseph M. Connors, Jr., P.C.
135 Beaver Street
Waltham, Massachusetts 02452
781-893-8200

## CERTIFICATE OF SERVICE

I, Joseph M. Connors, Jr., hereby certify that a true copy of the above document was served by first class mail, postage prepaid on the following identified below on July 14, 2004.

John A. Doonan, Esq.
Doonan, Graves & Longoria, L.L.C.
100 Cummings Center, Suite, 213 C
Beverly, MA 01915

Massachusetts Department of Revenue
Counsel for the Commissioner
ATTN: Eileen McAuliffe
100 Cambridge Street
Boston, MA 02114

Law Offices of John Connolly, Jr.
Attn: Joseph B. Harrington
545 Salem Street
Wakefield, MA 01880

Michael & Catherine Capizzi
1725 Wedgewood Common
Concord, MA 01742

Ring Law Firm
ATTN: Jordan Lewis Ring
4 Longfellow Place, 37th Floor
Boston, MA 02114

Rothenberg, Estner, Orsi, Arone & Grumbach, LLP
Attn: Nicholas A. Iannuzzi, Jr.
20 Williams Street, Suite 245
Wellesley, MA 02481

Joseph M. Connors, Jr.