**UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS**

—————————————————

| | |
|---|---|
| **STATES RESOURCES CORPORATION** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | )   **Civil Action No. 04 10095 DPW** |
| | ) |
| **v.** | ) |
| | ) |
| **MICHAEL CAPIZZI,** | ) |
| **CATHERINE R. CAPIZZI,** | ) |
| **THE ARCHITECTURAL TEAM, INC.,** | ) |
| **GARRETT, INC.,** | ) |
| **JOHN CONNOLLY, JR.,** | ) |
| **MASSACHUSETTS DEPARTMENT OF REVENUE,** | ) |
| **JAMES GRUMBACH** | ) |
| | ) |
| **Defendants** | ) |
| ——————————————— | ) |

**MEMORANDUM IN SUPPORT OF STATES RESOURCES CORPORATION'S
OPPOSITION TO MICHAEL CAPIZZI AND CATHERINE R. CAPIZZI'S MOTION
FOR PERMISSION TO RECORD MEMORANDUM OF LIS PENDENS AND SPECIAL
MOTION TO DISMISS THE CAPIZZIS'COUNTERCLAIMS AGAINST STATES
RESOURCES CORPORATION**

In support of States Resources Corporation's ("States") Opposition to Defendants

Michael Capizzi and Catherine R. Capizzi's Motion for Permission to Record Memorandum of

Lis Pendens and motion to dismiss Michael and Catherine R. Capizzi's counterclaims against

States Resources Corporation pursuant to Mass. Gen. Laws c. 184, § 15(3), States Resources

Corporation, through its attorneys, Doonan, Graves & Longoria, hereby submits the following.

**I. History of Proceedings**

The Capizzis have been before this Court in three prior civil actions, C.A. No. 01-11298-DPW ("2001 civil action"), C.A. No. 02-12319-DPW ("2002 civil action") and C.A. No. 04-10533-DPW ("2004 civil action"), regarding the foreclosure action instituted by States Resources Corporation against their former property located in Lincoln, Massachusetts ("Lincoln property"). The 2001 civil action was dismissed without prejudice and the 2002 civil action resulted in Judgment being entered on June 9, 2003, in favor of States Resources Corporation in the amount of $875,203.38. On March 16, 2004, the Capizzis filed the 2004 civil action and sought an Ex Parte Injunction from this Court. This Court denied the Motion for an Injunction that very day. On June 16, 2004, the Capizzis' Notice of Voluntary Dismissal of the 2004 civil action was entered by the clerk's office.

The Capizzis have also raised the same issues as those in the three federal district court actions, in four separate bankruptcy petitions (three of which have been dismissed by Judge Feeney for cause and the fourth, which was converted to Chapter 7 by the Trustee). Moreover, on March 17, 2004, the Capizzis filed a complaint in Middlesex Superior Court again alleging the same claims as in the previous federal court actions and as those alleged in this case. On April 1, 2004, the Capizzis filed a Motion for Ex-Parte Permission to Record a Memorandum of Lis Pendens in Middlesex Superior Court. After hearing arguments on this motion on April 5, 2004, Justice Burnes denied the motion and dismissed the case on April 13, 2004. Judge Burnes held that "any interest the Capizzis had in [the Lincoln property] was foreclosed at the foreclosure sale and any and all of their claims have been litigated numerous times and are barred by res judicata." *See* Exhibit A (a true and correct copy of the Clerk's Notice is attached hereto). The Capizzis then filed a Motion for Reconsideration of Motion to Record

Memorandum of Lis Pendens and Dismissal of Case Pursuant to Mass. G.L. c. 84 § 15. Said motion was denied on April 29, 2004. *See* Exhibit B (a true and correct copy of the Docket History is attached hereto). The Capizzis appealed the denial of the motion and dismissal to a single justice of the Court of Appeals, who also denied their request. The Capizzis have currently filed a Notice of Appeal with the Massachusetts Appeals Court.

In each of these eight cases, the Capizzis have raised the same issues they attempt to litigate once again in this forum. Upon information and belief, the Capizzis have also raised, in front of the Concord District Court, the same issues in the eviction matter, which resulted in a Judgment in favor of Kevin P. Duffy and the Capizzis being removed from the Lincoln property. Having now litigated, or attempted to litigate these issues at least nine times, the Capizzis attempt once more to litigate them in this forum.

## II. Legal Argument

Pursuant to Mass. Gen. Laws c. 184, § 15, in order for a memorandum of lis pendens to be approved by the Court, the civil action must "affect the title to real property or the use and occupation thereof or the building thereon . . ." In addition, the party requesting approval of a lis pendens must "be asserting in a judicial proceedings a claim on his own behalf of some interest in real estate or some right to use and occupy it." *McCarthy v. Hurley,* 24 Mass. App. Ct. 533, 536, 510 N.E.2d 779, 781 (1987). The statute also allows a party to file a special motion to dismiss if the "party believes that the action or claim supporting the memorandum of lis pendens is frivolous." Mass. Gen. Laws c. 184, § 15 (c) (2003). In order for the action to be dismissed, the Court must find "that the action is frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense . . ." *Id.*

A.      **Michael Capizzi lost all interest in the subject property at the time of the foreclosure auction and Catherine R. Capizzi has never held any interest in the property, as a result, they both have no standing to request permission to record a memorandum of lis pendens.**

"It is settled in Massachusetts ….that a mortgage is a conveyance giving the mortgagee title to the land, subject to defeasance upon performance of the condition." 28 Arthur L. Eno, Jr., & William V. Hovey, Massachusetts Practice Real Estate Law § 9.2 (1995), *citing Pineo v. White,* 320 Mass. 487, 70 N.E.2d 294 (1946). In *Outpost Café, Inc. v. Fairhaven Savings Bank*, 3 Mass. App. Ct. 1 (1975), the Massachusetts Appeals Court directly addressed the issue of when a mortgagor loses his/her right to redeem a mortgaged property. "The plaintiff's equity of redemption was barred under the concluding clause of G.L. 244, Sec. 18, at least as early as the point in time when the memorandum of sale was executed by the purchaser at the foreclosure sale." *Id.* at 7-8. Consequently, Michael Capizzi's rights in the Lincoln property were extinguished on September 26, 2003. As a result, Michael Capizzi has no interest in the Lincoln property and, therefore, cannot be allowed to record a memorandum of lis pendens against it.

Moreover, it has been determined that Catherine R. Capizzi has never held any interest in the Lincoln property. Judge Feeney of the United States Bankruptcy Court for the District of Massachusetts, in Case No. 03-14266-JNF, found as a matter of law that Catherine R. Capizzi "has no equitable interest in the Lincoln Property . . ." Judge Feeney's finding was based on Superior Court Judge Thayer Fremont-Smith's ruling in *The Architectural Team Inc. v. Capizzi,* Civil Action No. 89-4479-D. Judge Fremont-Smith found that Michael Capizzi owned the Lincoln property from November 25, 1986, until he transferred it to Catherine R. Capizzi on March 23, 1989. However, Judge Fremont-Smith held that the conveyance to Catherine R. Capizzi was fraudulent and was made "with actual intent to hinder, delay or defraud present or future creditors" and therefore, must be set aside. The Appeals Court later affirmed Judge

4

Fremont-Smith's ruling on February 13, 2003. Accordingly, Catherine R. Capizzi has no legally protected right or interest in the Lincoln property and, as a result, has no standing to request this Court's permission to record a memorandum of lis pendens against it.

> **B.    Because this civil action does not affect "title to real property or the use and occupation thereof or the building thereon . . .", Mass. Gen. Laws c. 184, § 15, the Capizzis' Motion for Permission to Record Memorandum of Lis Pendens should be denied.**

On September 26, 2003, Kevin Duffy purchased the Lincoln property at a foreclosure auction for $1,200,000.00. States filed this Interpleader action in order to allow the Court to determine which defendants have valid claims to the surplus funds. This action in no way affects title to the Lincoln property; it is simply a surplus monies action. Title to the Lincoln property is legally held by Kevin Duffy, the highest bidder at the above mentioned foreclosure auction.

> **C.    The Capizzis' counterclaims must be dismissed pursuant to Mass. Gen. Laws c. 184, § 15 (c), because said claims have no factual support, lack any specificity, are not supported by any arguable basis of law and are subject to dismissal based on the doctrine of res judicata and the Rooker-Feldman Doctrine.**

The Capizzis' rationale for requesting approval to record a memorandum of lis pendens is based on claims that they have asserted numerous times before in state and federal court and are precluded from asserting in this Court, pursuant to the doctrine of res judicata and the Rooker-Feldman Doctrine. In C.A. No. 02-123319-DPW, the Capizzis asserted claims of declaratory judgment, breach of contract, injunctive relief and violation of Mass. Gen. Laws c. 93A. Since this Court rendered a valid, final judgment on the merits in C.A. No. 02-123319-DPW in favor of States in the amount of $875,203.38, the Capizzis are barred by the doctrine of res judicata from asserting those same causes of action in this suit.

Further, the Capizzis' claims require this Court to review previous Massachusetts state court decisions relating to the foreclosure action and the summary process proceeding in

Concord District Court.  Specifically, the same exact claims that the Capizzis allege in this action, were also alleged by them in the Middlesex Superior Court action that was dismissed and is currently pending appeal by the Massachusetts Court of Appeals.[1]  Under the Rooker-Feldman Doctrine, lower federal courts do not have subject matter jurisdiction to review Massachusetts state court decisions; this jurisdiction lies only with the Massachusetts Appeals Court, the Massachusetts Supreme Judicial Court and the United States Supreme Court.  *See Hill v. Town of Conway,* 193 F.3d 33, 39 (1st Cir. 1999*); see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923).  Because this Court does not have jurisdiction to hear the Capizzis' claims, their counterclaims against States must be dismissed and their Motion for Permission to Record a Memorandum of Lis Pendens must be denied.

Additionally, the Capizzis' claim of unlawful and fraudulent foreclosure must be dismissed, because said claim has no factual support and is supported by no arguable legal basis. The Capizzis assert that the notice of foreclosure sale published in the Boston Globe provides an incorrect description of the property.  *See Answer, Counterclaims, Cross Claims and Answer to Cross Claims of Defendants Michael Capizzi and Catherine R. Capizzi* ¶ 71 (Docket # 17); s*ee Emergency Motion for Permission to Record Memorandum of Lis Pendens* ¶ 10 (Docket # 59). The amount of land advertised was based upon the Town of Lincoln records.  *See* Exhibit C (a true and correct copy of the Municipal Lien Certificate issued by the Town of Lincoln noting the property as 2.56 acres is attached hereto).  However, their allegation is irrelevant to the issue of whether States provided notice of the sale pursuant to Mass. Gen. Laws c. 244, § 14.  The Capizzis are referring to "display" advertisements that Garrett, Inc. ran in the Boston Globe;

---

[1] Said claims are 1) declaratory judgment; 2) breach of contract; 3) unlawful and fraudulent foreclosure; 4) violation of Mass. Gen. Laws. c. 93A; and 5) wrongful eviction.

however, said advertisements were not the Notice of Mortgagee's Sale of Real Estate ("Notice"), which was required by the Land Court to be advertised in the Concord Journal.  *See* Exhibit D (a true and correct copy of the Court's Order is attached hereto).  The Notice, which lists the correct legal description of the property and gives its exact square footage, ran in the Concord Journal on September 4, 2003, September 11, 2003, September 18, 2003 and September 20, 2003.  *See* Exhibit E (a true and correct copy of the Notice is attached hereto).   No further notices are required under Massachusetts law.  *See West Roxbury Co-Op Bank v. Bowser*, 324 Mass. 489, 87 N.E.2d 113 (1949).  The Notice was also read at the September 26, 2003 auction, with the exact square footage being announced by the auctioneer.  *See* Exhibit F (a true and correct copy of the Affidavit of John A. Doonan, Esq. is attached hereto).

In their claim of unlawful and fraudulent foreclosure, the Capizzis also allege that States ignored a high bid of $2,000,00.00 from a third party that was not present at the auction on September 26, 2003.  The $2,000,00.00 offer was not made by a registered bidder at the auction and, therefore, cannot be characterized as a bid.  Further, pursuant to Mass. Gen. Laws c. 183, § 11, States was required to sell the Lincoln property by public auction.[2]  Because the third party offer was made privately, States had no choice, but to reject it.  As a result, because said claim has no factual support or legal basis, said claim must be dismissed pursuant to Mass. Gen. Laws c. 184, § 15 (c).

In addition to being barred on other grounds, the Capizzis' Motion for Permission to Record Memorandum of Lis Pendens (filed without a certification pursuant to Local Rule 7.1 and, in fact, no such conference occurred prior to the filing of the Motion) lacks sufficient specificity to justify the granting of the Motion.  In reviewing the specific applicable paragraphs

---

[2] Mass. Gen. Laws c. 183 § 21 provides that "upon default in the performance or observation of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof . . . by public auction on or near the premises then subject to the mortgage . . ."

of the Capizzis' Motion, States agrees with the Capizzis' contention in paragraph six of the Motion that the Capizzis previously sought the protection of the Federal Bankruptcy Laws and an injunction from this Court.  States denies any false threats or the illegality of any foreclosure sale of the Lincoln property.  The Capizzis' allegation of never being in default (Paragraph seven of their Motion) directly contradicts this Court's Order of June 9, 2003 in Civil Action No. 02-12319-DPW.  Paragraph eight of their Motion makes vague, unsubstantiated allegations of misconduct lacking sufficient basis or specificity to be relied upon by this Court.  There is no specific showing in paragraph nine of the Capizzis' requests for reinstatement and States specifically notes that in the Capizzis' initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(a), no mention is made of any written request to reinstate the Mortgage.  The Capizzis also fail to demonstrate an ability to make any such reinstatement payment.  Paragraph ten has previously been addressed by the Memorandum.  Paragraph eleven of the Capizzis' Motion attempts to incorporate pleadings from The Architectural Team, Inc., which have not been allowed by this Court and which States intends to oppose.  Lastly, there is no showing as to the value of the subject property and mere inadequacy of price, even if proven, will not invalidate the foreclosure sale.  *See Fairhaven Sav. Bank v. Callahan*, 391 Mass. 1011, 462 N.E.2d 112 (1984).

### III.  Conclusion

The Plaintiff respectfully requests that this Court deny Defendants Michael Capizzi and Catherine R. Capizzi's Motion for Permission to Record Memorandum of Lis Pendens, all of Defendants Michael Capizzi and Catherine R. Capizzi's counterclaims against the Plaintiff be dismissed pursuant Mass. Gen. Laws c. 184, § 15 (c), and States be awarded its fees and costs and sanctions be imposed upon the Capizzis.

Respectfully Submitted,

Dated:  July 16, 2004

/s/ John A. Doonan
John A. Doonan, Esq. (BBO# 547838)
Reneau J. Longoria, Esq. (BBO#635118)
Doonan, Graves & Longoria, L.L.C.
100 Cummings Center, Suite 213C
Beverly, MA  01915
(978) 921-2670

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

Civil Docket **MICV2004-01041**

RE:   Capizzi v States Resources Corporation et al

TO:   John A Doonan, Esquire
Doonan Graves & Longoria LLC
100 Cummings Center
Suite 213C
Beverly, MA 01915

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **04/22/2004**:

*RE: Plaintiff Michael & Catherine R Capizzi's Ex Parte MOTION to record memorandum of Lis Pendens. The within matter is set down for hearing on April 5, 2004 in Courtroom 9B at 2:00 pm (Burnes, J.)*

**is as follows:**

**MOTION (P#3) After hearing this motion is DENIED and pusuant to c 184 sec 15 the case is dismissed. Any interest the Capizzis had in this property was forclosed at the forclosure sale and any and all of their claims have been litigated numorous times and are barred by res judicator. Dated: April 13, 2004 (Nonnie S. Burnes, Justice) Notices mailed April 22, 2004**

Dated at Cambridge, Massachusetts this 22nd day of April, 2004.

Edward J. Sullivan,
Clerk of the Courts

BY:

Michael H. Powers/James Lynch
Assistant Clerk

Telephone: 617-494-4010 EXT 4274

Copies mailed 04/22/2004



cvdresult_2.wpd 2549859 motden johnson

### MICV2004-01041
### Capizzi v States Resources Corporation et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 03/17/2004 | Status | Active (under advisement) (acunder) | | |
| Status Date | 04/12/2004 | Session | J - Cv J (9B Cambridge) | | |
| Origin | 1 | Case Type | C99 - Misc real property | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 06/15/2004 | Answer | 08/14/2004 | Rule12/19/20 | 08/14/2004 |
| Rule 15 | 08/14/2004 | Discovery | 01/11/2005 | Rule 56 | 02/10/2005 |
| Final PTC | 03/12/2005 | Disposition | 05/11/2005 | Jury Trial | Yes |

#### PARTIES

**Plaintiff**
Michael & Catherine R Capizzi
236 Lincoln Road
Lincoln, MA 01773
Phone: 781-259-0918
Active 03/17/2004 Notify

**Defendant**
States Resources Corporation
Service pending 03/17/2004

**Private Counsel 547838**
John A Doonan
Doonan Graves & Longoria LLC
100 Cummings Center
Suite 213C
Beverly, MA 01915
Phone: 978-921-2670
Fax:
Active 04/14/2004 Notify

**Defendant**
Kevin Duffy
Service pending 03/17/2004

**Private Counsel 548622**
Joseph M Connors Jr
Connors & Connors
135 Beaver Street
Waltham, MA 02452
Phone: 781-893-8200
Fax: 781-894-6718
Active 04/12/2004 Notify

#### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/17/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 03/17/2004 | | Origin 1, Type C99, Track F. |
| 03/17/2004 | 2.0 | Plffs' Ex Parte Emergency Motion for a Stay of Eviction or Alternatively for a Temporary Restraining Order. |
| 03/17/2004 | | MOTION (P#2) Denied after hearing. This Court does not sit as an Appellate Court and will not revisit final orders issued by the Concord District Court, The United States District Court, and The United States Bankruptcy Court. (Gants, J.) copy in hd to plff |
| 03/25/2004 | | NO ACTIVITIES IN THIS CASE UNTIL FURTHER NOTICE  Filing fee CK.was returned for insuficients funds. |

EXHIBIT

B

## MICV2004-01041
### Capizzi v States Resources Corporation et al

| Date | Paper | Text |
|------|-------|------|
| 04/01/2004 | | Court received $275.00 in cash to reactivate case |
| 04/01/2004 | 3.0 | Plaintiff Michael & Catherine R Capizzi's Ex Parte MOTION to record memorandum of Lis Pendens. The within matter is set down for hearing on April 5, 2004 in Courtroom 9B at 2:00 pm (Burnes, J.) |
| 04/01/2004 | 4.0 | Affidavit of Plffs Pro Se to Record Memorandum of Lis Pendens. |
| 04/01/2004 | 5.0 | Affidavit of Michael Capizzi for Ex Parte Motion of Lis Pendens. |
| 04/06/2004 | | MOTION (P#3) The within matter is set down for hearing on April 12, 2004 at 2:00 PM in Courtroom 9B. (Burnes, J.) |
| 04/12/2004 | 6.0 | Atty Joseph M Connors Jr's notice of appearance for Kevin Duffy ; Filed in Court. |
| 04/12/2004 | 7.0 | Atty John A Doonan's notice of appearance for States Resources Corporation ; Filed in Court. |
| 04/12/2004 | | Hearing on (P#3) Lis pendens held, matter taken under advisement. (Nonnie S. Burnes, Justice) |
| 04/21/2004 | 8.0 | Plaintiffs' Opposition to Motions of Defendant State Resources Corporation and of Defendant Kevin Duffy To Dismiss Plaintiffs' Complaint And To Their Opposition To Plaintiffs' Lis Pendens. |
| 04/22/2004 | | MOTION (P#3) After hearing this motion is dismissed. Any interest the Capizzis had in this property was forclosed at the forclosure sale and any and all of their claims have been litigated numorous times and are barred by res judicator. Dated: April 13, 2004  (Nonnie S. Burnes, Justice) Notices mailed April 22, 2004 |
| 04/23/2004 | 9.0 | Plaintiff Michael & Catherine R Capizzi's MOTION for Reconsideration of Motion to Record Memorandum of Lis Pendens and Dismissal of Case pursuant to C.184, sec.15. |

The Commonwealth of Massachusetts
Office of the Collector of Taxes
Town of Lincoln
Municipal Lien Certificate



Number:            5
                6/11/03

DOONAN, GRAVES & LONGORIA
16 FRONT ST.
SALEM,MA 01970

I Certify from available information that all taxes, assessments, and charges, now payable that constitute liens as of the date of this certificate on the parcel of real estate specified in your application received on 6/5/03 are listed below:

## DESCRIPTION OF PROPERTY

| | | | | |
|---|---|---|---|---|
| Parcel Identifier | 117-22-1 | Assessed Owner | | CAPIZZI CATHERINE R |
| Account | 447 | Additional Owner | | |
| Location of Property | 236 LINCOLN RD | Supposed Present Owner | | |
| | | Legal Reference | Book | 19716 |
| Acreage | 2.56 | Acres | Page | 41 |
| | | | Deed Date | |

## VALUATION

| FY | Residential | Rate1 | Open Space | Rate 2 | Commercial | Rate 3 | Industrial | Rate 4 | Exempt |
|---|---|---|---|---|---|---|---|---|---|
| 2003 | 1.534.300 | 9.35 | 0 | 9.35 | 0 | 9.35 | 0 | 9.35 | 0 |

## ASSESSMENT

| | 2003 1st Half | 2003 2nd Half | | FY 2002 | FY 2001 |
|---|---|---|---|---|---|
| Semi-Annual Tax | $7,172.85 | $7,172.85 | | $13,433.01 | $6,526.07 |
| Semi-Annual Other Land Tax | $100.58 | $100.58 | | | |
| Interest To Date | $0.00 | $0.00 | | $0.00 | $0.00 |
| Charges and Fees | | $5.00 | | $104.00 | |
| Tax Title/Tax Deferral | $7,797.91 | $7,454.19 | | $16,041.07 | |
| Per Diem | $0.00 | $0.00 | | $0.00 | $0.00 |
| Balance Due | $0.00 | $0.00 | | $0.00 | $0.00 |

| | |
|---|---|
| Property Tax Per Diem | $0.00 |
| Outstanding Property Tax | $0.00 |

Property has been placed in tax title for non-payment of prior year(s) taxes.  Add current amount due plus tax title amount to determine total payment.  Tax Title to be paid to the Treasurer by separate check;  Tax Title Amount Due: $31,409.95

All of the amounts listed above are to be paid to the Collector.  I have no knowledge of any other lien outstanding.
INFORMATION ON THIS CERTIFICATE IS COMPLETE AS OF 6/11/03

Roy M Raja

# COMMONWEALTH OF MASSACHUSETTS

## LAND COURT

### DEPARTMENT OF THE TRIAL COURT

RE: Case No.  28-1167

## SERVICE

The plaintiff is hereby ordered to serve the within notice by:

1. publishing the same _once_ in the    Concord Journal
   a newspaper published in    Needham
   in the County of
   and said Commonwealth, at least _twenty-one days_ before the said return

   day;

2. mailing by certified or registered mail (return receipt requested) a xerox copy of this
   citation or a proof slip from the newspaper not less than _fourteen days_ before the return
   day to each defendant named in said complaint:

   service may also be made by deputy sheriff;

3. recording the attested copy of said notice _prior to the return day_ fixed therein in the regis-
   try of deeds in which such mortgage is recorded.

CHARLES W. TROMBLY, JR.
RECORDER

LCO-5A (2/88)



EXHIBIT

D

## EXHIBIT "A"

236 LINCOLN RD.

**LEGAL NOTICE**
**NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE**

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Michael Capizzi and Catherine R. Capizzi to Winchendon Savings Bank dated 10/19/88, recorded with Middlesex County (Southern District) Registry of Deeds at Book 19420, Page 84 of which mortgage the undersigned is the present holder for breach of conditions of said mortgage and for the purpose of foreclosing, the same will be sold at PUBLIC AUCTION at 11:30 a.m. on September 23, 2003, on the mortgaged premises. The entire mortgaged premises, all and singular, the premises as described in said mortgage:

The following parcels of land situated in the Southerly part of Lincoln, Middlesex County, Commonwealth of Massachusetts:

1) That parcels of land described as Lot 117-22.01 on a plan entitled "Plan of Land in Lincoln, MA, owned by John L. Przybylski, scale 1 inch = 60 feet, Snelling, Hilton & Asso., Lincoln, MA, Civil Engineers & Land Surveyors, dated May 19, 1980" and recorded with Middlesex County South District Registry of Deeds in Book 14168, Page 381; bounded and described as follows:

SOUTHEASTERLY by land now formerly of Gallitano, as shown on said plan, Two Hundred Fifty-Three and 71/100 (253.71) feet;

SOUTHWESTERLY by lot 117-22.01, as shown on said plan, by two lines, Two Hundred Five and 71/100 (205.71) feet and Two Hundred Fifty-Eight and 21/100 (258.22) feet;

NORTHWESTERLY by Lot 117-22.02 as shown on said plan, Two Hundred Fifteen and 48/100 (215.48) feet;

NORTHERLY by 117-22.02, by a curved line Sixty-Three and 68/100 (63.68) feet;

NORTHEASTERLY by Lot 117-22.02, Two Hundred One and 89/100 (201.89) feet

EASTERLY by Lot 117-22.02, by a curved line, One Hundred Twenty-Three and 66/100 (123.66) feet, to the point of beginning.

Said Lot containing 111,494 square feet, more or less according to said plan.

2) That parcel of land described as Lot 117-21.012 on the aforementioned plan, bounded and described as follows:

SOUTHEASTERLY by land now or formerly of Gallitano, as shown on said plan, One Hundred Twenty-Eight and 48/100 (128.48) feet;

SOUTHWESTERLY by land now or formerly of Coffin and the Lincoln Land Conservation Trust and Burt, by four lines Fifty-Three (53.00) feet, Three Hundred Forty and 95/100 (340.95) feet, Seventy-Nine (79.00) feet, and Sixty-Four and 88/100 (64.88) feet;

WESTERLY by land, now or formerly of Burt, Eighty-Four and 31/100 (84.31) feet;

NORTHWESTERLY by Lots 117-21.07 and 117-22.02 by two lines, One Hundred Fifteen and 29/100 (115.29) feet, and by a curved line Sixty-Four and 15/100 (64.15) feet;

NORTHEASTERLY by Lot 117-22.01, by two lines, Two Hundred Fifty-Eight and 22/100 (258.22) feet, and Two Hundred Five and 71/100 (205.71) feet to the point of beginning.

Said Lot containing 85,737 square feet, more or less, according to said plan.

3) That parcel of land described as Lot 117-22.03, on "Plan Showing Subdivision of Land in Lincoln, MA, owned by Alphonse L. and Eleanor M. Gallitano and John L. and Jean M. Przybylski (scale 1 inch = 60 feet) July 1975, Snelling, Hilton & Assoc., Lincoln, MA, Civil Engineers and Land Surveyors," and recorded with Middlesex South District Registry of Deeds in Book 12893, Page 712, bounded and described as follows:

SOUTHEASTERLY by Lot 117-22.02 as described on said plan, One Hundred Eighty-Three and 51/100 (183.51) feet;

NORTHWESTERLY by land now or formerly of John A. and Marion M. MacDearmid, Two Hundred Twenty-Eight and 43/100 (228.43) feet;

NORTHEASTERLY by Lot 117-22.04 as described on said plan, Two Hundred Twenty-Eight and 32/100 (228.32) feet, to point of beginning.

Containing 19,190 square feet more or less according to said plan.

4) That parcel of land described as Lot 117-22.02 (a minor street) on the above mentioned plan. Containing 33,310 square feet more or less. Subject to a right of way granted to Alphonse L. and Eleanor M. Gallitano, husband and wife, and their heirs and assigns, dated November 12, 1975, and recorded in Book 12893, Page 718. For a more definite description refer to said plan in Book 12893, Page 712.

5) That parcel of land described as Lot 117-21.07 on a "Plan Showing an Exchange of Land in Lincoln, MA, Snelling, Hilton & Assoc.- Lincoln, Mass., Civil Engineers & Land Surveyors, June 1976" recorded with Middlesex South District Registry of Deeds in Book 13332, Page 155, more particularly described as follows:

NORTHEASTERLY by Lot 117-21.06, Eighty-Eight and 56/100 (88.56) feet;

SOUTHEASTERLY by Lot 117-22.01, One Hundred Fifteen and 29/100 (115.29) feet; and

WESTERLY by Lot 117-21, One Hundred Fourteen and 44/100 (114.44) feet to the point of beginning.

Containing according to said plan 4,694 square feet, more or less.

6) A right of way for all usual purposes that streets and ways are now or have been used in the town of Lincoln over that parcel of land described in a Plan of Land entitled "Plan Showing Subdivision of Land in Lincoln, MA, owned by Alphonse L. And Eleanor M. Gallitano and John L. And Jean M. Przybylski," scale 1 inch = 60 feet, July 1975, Snelling, Hilton & Assoc., Lincoln, MA, Civil Engineers & Land Surveyors, being Lot 117-22.04 as described on said plan and having a width of 33 feet and an area of 39,958 square feet more or less. For a more definite description see plan recorded in Book 12893, Page 712, said deeds.

7) All right, title and interest in an undivided one-half interest in and to certain easements which the grantor owns and has the benefit of by virtue of reservation of said easements in deed from concord Countyside Realty, Inc. To William F. Burt and Donna G. Burt, of Lots 1, situated Longmeadow Road in the Town of Lincoln, Middlesex County, Commonwealth of Massachusetts, as shown on a plan entitled "Plan of land in Lincoln, Mass., dated October 28, 1971, Albert A. Miller and Wilbur C. Nylander, Civil Engineers and Surveyors, recorded with Middlesex County South District Registry of Deeds as Plan No. 143 (A of 3) of 1972 and recorded Book 12158, Page 071, said deed being dated September 1, 1972, recorded with Middlesex South District Registry of Deeds in Record Book 12281, Page 98, said reserved easements being described in said deed as follows:

"The within conveyancing is made subject to reservation of right of a right of way and easement 50' in width extending from Longmeadow Road to the land of Dorothy G. Gray as shown on the aforementioned plan along the Northeasterly boundary being a distance of 198.91 feet according to said plan; said right of way and easement being for all purposes for which streets and ways are commonly used in the Town of Lincoln and including without limiting the foregoing the right to install electric, telephone, water, sewer, gas, facilities, equipment, and services to and from Longmeadow Road to the land of said Dorothy G. Gray, including the right to operate, maintain and repair the same."

Said premises are further conveyed subject to and with the benefit of easements, rights restriction and agreements of record, if any there be, insofar as the same are now in force and applicable.

For title, see deed to the mortgagor recorded with said Deeds in Book 17611, Page 334.

Subject to and with the benefit of easements, reservation, restrictions, and taking of record, if any, insofar as the same are now in force and applicable.

In the event of any typographical error set forth herein in the legal description of the premises, the description as set forth and contained in the mortgage shall control by reference.

This property has the address of 236 Lincoln Road, Lincoln, MA 01773.

Together with all the improvements now or hereafter erected on the property and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this sale.

**Terms of Sale:**

Said premises will be sold subject to any and all unpaid taxes and assessments, tax sales, tax titles and other municipal liens and water or sewer liens and State or County transfer fees, if any there are, and FIFTY THOUSAND DOLLARS ($50,000.00) in cashier's or certified check will be required to be paid by the purchaser at the time and place of the sale as a deposit and the balance in cashier's or certified check will be due in thirty (30) days, at the offices of DOONAN, GRAVES, & LONGORIA L.L.C., 16 Front Street, Salem, Massachusetts, 01970, time being of the essence.

The Mortgagee reserves the right to postpone the sale to a later date by public proclamation at the time and date appointed for the sale and to further postpone at any adjourned sale date by public proclamation at the time and date appointed for the adjourned sale date.

The premises is to be sold subject to and with the benefit of all easements, restrictions, leases, tenancies, and rights of possession, building, and zoning laws, encumbrances and all other claim in the nature of lien, if any there be.

In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder, providing that said second highest bidder shall deposit with the Mortgagee's attorney, DOONAN, GRAVES, & LONGORIA, L.L.C., 16 Front Street, Salem, Massachusetts 01970 the amount of the required deposit as set forth herein within three (3) business days after written notice of the default of the previous bidder and title shall be conveyed to the said second highest bidder within twenty (20) days of said written notice.

If the second highest bidder declines to purchase the within described property, the Mortgagee reserves the right to purchase the within described property at the amount bid by the second highest bidder.

The foreclosure deed and the consideration paid by the successful bidder shall be held in escrow by DOONAN, GRAVES, & LONGORIA L.L.C., (hereinafter called the "Escrow Agent") until the deed shall be released from escrow to the successful bidder at the same time as the consideration is released to the Mortgagee, thirty (30) days after the date of sale, whereupon all obligations of the Escrow Agent shall be deemed to have been properly fulfilled and the Escrow Agent shall be discharged.

Other terms to be announced at the sale.

Dated: August 26, 2003

States Resources Corp.

By: John A. Doonan, Esq., DOONAN, GRAVES, & LONGORIA L.L.C., 16 Front Street, Salem, MA 01970, (978) 741-2680

AD#307880, 307881, 307882, 307883
Concord Journal 9/4, 9/11, 9/18/03


EXHIBIT
E

# UNITED STATES OF AMERICA
## DISTRICT COURT OF MASSACHUSETTS

| | | |
|---|---|---|
| **STATES RESOURCES CORPORATION** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | **Civil Action No. 04 10095 DPW** |
| | ) | |
| **v.** | ) | |
| | ) | **AFFIDAVIT OF** |
| **MICHAEL CAPIZZI,** | ) | **JOHN A. DOONAN, ESQ.** |
| **CATHERINE R. CAPIZZI,** | ) | |
| **THE ARCHITECTURAL TEAM, INC.,** | ) | |
| **GARRETT, INC.,** | ) | |
| **JOHN CONNOLLY, JR.,** | ) | |
| **MASSACHUSETTS DEPARTMENT OF REVENUE,** | ) | |
| **JAMES GRUMBACH** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

State of Massachusetts)
County of Essex          ) ss.

I, John A. Doonan the undersigned, being sworn do depose and say that:

1. I am the attorney for the Plaintiff, States Resources Corporation, and am licensed to practice in the Commonwealth of Massachusetts.

2. I have reviewed and am fully familiar with all the documents relating to this action.

3. I submit this Affidavit in support of Plaintiff's Opposition to Michael and Catherine R. Capizzi's Motion for Permission to Record a Memorandum of Lis Pendens and Special Motion to Dismiss Capizzis' Counterclaims Against States Resources Corporation.

4. That at the public auction dated September 26, 2003 for the property located at 236 Lincoln Rd., Lincoln, Massachusetts ("Lincoln property"), the auctioneer read aloud the Notice of Mortgagee's Sale of Real Estate, which contained the correct legal description of the property. *See* Exhibit A (a true and correct copy of the Notice is attached hereto).



EXHIBIT
F

Under the pains of penalty and perjury,

Dated:  July 16, 2004

John A. Doonan, Esq.  (BBO# 547838)
Reneau J. Longoria, Esq. (BBO#635118)
Doonan, Graves & Longoria, L.L.C.
100 Cummings Center, Suite 213C
Beverly, MA  01915
Tel. (978) 921-2670

## NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Michael Capizzi and Catherine R. Capizzi to Winchendon Savings Bank dated 10/19/88, recorded with Middlesex County (Southern District) Registry of Deeds at Book 19420, Page 84 of which mortgage the undersigned is the present holder for breach of conditions of said mortgage and for the purpose of foreclosing the same will be sold at PUBLIC AUCTION at **11:30 a.m.** on **September 23, 2003**, on the mortgaged premises. The entire mortgaged premises, all and singular, the premises as described in said mortgage:

The following parcels of land situated in the Southerly part of Lincoln, Middlesex County, Commonwealth of Massachusetts:

1) That parcels of land described as Lot 117-22-.01 on a plan entitled "Plan of Land in Lincoln, MA., owned by John L. Przybylski, scale 1 inch = 60 feet, Snelling, Hilton & Asso., Lincoln, MA., Civil Engineers & Land Surveyors, dated May 19. 1980" and recorded with Middlesex County South District Registry of Deeds in Book 14168, Page 381; bounded and described as follows:

SOUTHEASTERLY by land now formerly of Gallitano, as shown on said plan, Two Hundred Fifty-Three and 71/100 (253.71) feet;

SOUTHWESTERLY by lot 117-22.012, as shown on said plan, by two lines, Two Hundred Five and 71/100 (205.71) feet, and Two Hundred Fifty-Eight and 22/100 (258.22) feet;

NORTHWESTERLY by Lot 117-22.02, as shown on said plan, Two Hundred Fifteen and 48/100 (215.48) feet;

NORTHERLY by 117-22.02, by a curved line Sixty-Three and 68/100 (63.68) feet;

NORTHEASTERLY by Lot 117-22.02, Two Hundred One and 89/100 (201.89) feet;

EASTERLY by Lot 117-22.02, by a curved line, One Hundred Twenty-Three and 66/100 (123.66) feet, to the point of beginning.

e:\Massachusetts Foreclosures\Generated_Forms\NMS_Foreclosure_Capizzi_4505.87F


EXHIBIT
A

Said Lot containing 111,494 square feet, more or less according to said plan.

2) That parcel of land described as Lot 117-21.012 on the aforementioned plan, bounded and described as follows:

| | |
|---|---|
| SOUTHEASTERLY | by land now or formerly of Gallitano, as shown on said plan, One Hundred Twenty-Eight and 48/100 (128.48) feet; |
| SOUTHWESTERLY | by land now or formerly of Coffin and the Lincoln Land Conservation Trust and Burt, by four lines, Fifty-Three (53.00) feet, Three Hundred Forty and 95/100 (340.95) feet, Seventy-Nine (79.00) feet, and Sixty-Four and 88/100 (64.88) feet; |
| WESTERLY | by land, now or formerly of Burt, Eighty-Four and 31/100 (84.31) feet; |
| NORTHWESTERLY | by Lots 117-21.07 and 117-22.02 by two lines, One Hundred Fifteen and 29/100 (115.29) feet, and by a curved line Sixty-Four and 15/100 (64.15) feet; |
| NORTHEASTERLY | by Lot 117-22.01, by two lines, Two Hundred Fifty-Eight and 22/100 (258.22) feet, and Two Hundred Five and 71/100 (205.71) feet to the point of beginning. |

Said Lot containing 85,737 square feet, more or less, according to said plan.

3) That parcel of land described as Lot 117-22.03, on "Plan Showing Subdivision of Land in Lincoln, MA, owned by Alphonse L. and Eleanor M. Gallitano and John L. and Jean M. Przybylski (scale 1 inch = 60 feet) July 1975, Snelling, Hilton & Assoc., Lincoln, MA, Civil Engineers and Land Surveyors", and recorded with Middlesex South District Registry of Deeds in Book 12893, Page 712, bounded and described as follows:

Other terms to be announced at the sale.

Dated: August 26, 2003

States Resources Corp.

By: John A. Doonan. Esq.,
DOONAN, GRAVES, & LONGORIA L.L.C.
16 Front Street Salem, MA 01970
(978) 741-2680

e:\Massachusetts Foreclosures\Generated_Forms\NMS_Foreclosure_Capizzi_4505.87F