## UNITED STATES OF AMERICA
## DISTRICT COURT OF MASSACHUSETTS

**CIVIL ACTION NO.:  04-10095DPW**

_____
)
**STATES RESOURCES CORPORATION**          )
    **Plaintiff**                                      )
                         )
**v.**                                                        )
                         )
**MICHAEL CAPIZZI, CATHERINE CAPIZZI,**  )
**THE ARCHITECTURAL TEAM, INC.,**          )
**GARRETT, INC., JOHN CONNOLLY, JR.,**     )
**MASSACHUSETTS DEPARTMENT OF**        )
**REVENUE, and JAMES GRUMBACH**          )
    **Defendants**                                   )
_____)

## EXHIBITS SUBMITTED IN SUPPORT OF GARRETT, INC.'S OPPOSITION TO THE ARCHITECTURAL TEAM, INC.'S MOTION TO AMEND (SECOND) ANSWER

| Exhibit No. | Description |
| --- | --- |
| 1 | Affidavit of Stephanie M. Williams |
| 2 | Stipulation Re Garrett, Inc[sic] and Garrett D. Healey (A Non Party) Under Federal Rule Civ. P. 29 |
| 3 | June 28, 2004 email from Jordan Ring |
| 4 | June 30, 2004 email from Jordan Ring |
| 5 | June 30, 2004 email from Stephanie M. Williams |
| 6 | July 1, 2004 email from Jordan Ring |

The Defendant,
Garrett, Inc.,
By Its Attorneys,

/s/ Stephanie M. Williams_____
CARMEN A. FRATTAROLI,  BBO#:  177960
STEPHANIE M. WILLIAMS, BBO#: 560149
Law Office of Carmen A. Frattaroli
76 Lafayette Street
Salem, MA  01970
(978) 740-9501

Date: July 19, 2004

# EXHIBIT 1

**UNITED STATES OF AMERICA**
**DISTRICT COURT OF MASSACHUSETTS**

CIVIL ACTION NO.:  04-10095DPW

```
_____
                                        )
STATES RESOURCES CORPORATION            )
       Plaintiff                        )
                                        )
v.                                      )
                                        )
MICHAEL CAPIZZI, CATHERINE CAPIZZI,     )
THE ARCHITECTURAL TEAM, INC.,           )
GARRETT, INC., JOHN CONNOLLY, JR.,      )
MASSACHUSETTS DEPARTMENT OF             )
REVENUE, and JAMES GRUMBACH             )
       Defendants                       )
_____)
```

**AFFIDAVIT OF STEPHANIE M. WILLIAMS**

Now comes Stephanie M. Williams and states as follows:

1. I am an associate at the Law Office of Carmen A. Frattaroli & Associates.  I am a member in good standing of the bar of the Commonwealth of Massachusetts and the Federal District Court of Massachusetts.  I represent Garrett, Inc. in the above matter.

2. In response to The Architectural Team's ("TAT") desire to depose on the same day both Garrett, Inc. ("Garrett") and the president of Garrett, Inc., Garrett Healey, individually, I agreed with counsel for TAT that Mr. Healey would voluntarily appear without the need for a Notice of Deposition or a subpoena, and give testimony in his individual capacity and as an officer of Garrett.  Counsel for TAT stated that he would send me a stipulation regarding this agreement.

3.  Counsel for TAT provided me with a proposed stipulation that greatly exceeded the scope of our agreement regarding Mr. Healey's appearance to give testimony.  In fact, the

1

stipulation sought Garrett's agreement with respect to the production of a wide range of documents that are not reasonably calculated to lead to the discovery of admissible evidence and/or that are confidential and privileged.  See TAT's Proposed "Stipulation Re[sic] Garrett, Inc[sic] and Garrett D. Healey (A Non Party) Under Federal Rule Civ. P. 29", filed as Exhibit 2 to Garrett's Opposition to TAT's Motion to Amend.

4. **In connection with the proposed stipulation, counsel for TAT (Jordan Ring) wrote the following to me: "i am preparing to add 93a claim as against states[,] i will hold of re your clients until we explore", "we are hopeful of Garrett Healeys[sic] full cooperation".**  See Emails from Jordan L. Ring, June 28, 2004 and June 30, 2004, filed as Exhibits 3 and 4 to Garrett's Opposition to TAT's Motion to Amend.

5. **During a telephone conversation regarding the stipulation between Attorney Ring and me, he stated that TAT wants to go after the "deep pocket" (States) and not the "little guy" (Garrett).  Counsel for TAT further stated that if Garrett fully cooperated with respect to TAT's proposed stipulation, he would recommend to his client to leave Garrett out of the 93A case.  At the time of these discussions, TAT was fully aware of Mr. Leonard's $2,000,000 offer and the fact that Garrett had deposited the $50,000 deposit into its bank account.**

6. Due to the extremely overbroad nature of TAT's proposed stipulation, and notwithstanding its veiled threats regarding a chapter 93A claim, Garrett was unwilling to execute TAT's proposed stipulation.  Garrett's unwillingness was apparent to TAT by the afternoon of June 30.  See Email from Stephanie M. Williams, June 30, 2004, filed as Exhibit 5 to Garrett's Opposition to TAT's Motion to Amend.  The very next morning, counsel for TAT emailed counsel for Garrett a diatribe which announced that TAT would

now attempt to amend its answer and counterclaim again in order to include a 93A count

against Garrett.  <u>See</u> Email from Jordan L. Ring, July 1, 2004, filed as Exhibit 6 to

Garrett's Opposition to Motion to Amend.

Signed under the penalties of perjury this 19th day of July 2004.


<u>/s/ Stephanie M. Williams</u>
Stephanie M. Williams

# EXHIBIT 2

# United States District Court
# Eastern District of Massachusetts

### Civil Action No. 04 10095 DPW

_____

**STATES RESOURCES CORPORATION,**

**Plaintiff**

**v.**

**MICHAEL CAPIZZI,**
**CATHERINE R. CAPIZZI,**
**THE ARCHITECTURAL TEAM, INC.,**
**JOHN CONNOLLY, JR.,**
**GARRETT, INC.**
**MASSACHUSETTS DEPARTMENT OF REVENUE,**
**JAMES GRUMBACH**

**Defendants**

_____

### STIPULATION RE GARRETT, INC AND GARRETT D. HEALEY (A NON PARTY) <u>UNDER FEDERAL RULE CIV. P. 29</u>

**This discovery stipulation entered into by Garrett, Inc., (identification number <u>000716791 incorporated in Massachusetts 08/08/2000 as recorded)</u> and Garrett D. Healey, both represented by counsel Stephanie M. Williams, Esq. and Carmen A. Frattarilli, Esq. and The Architectural Team, Inc. represent by Jordan Lewis Ring, Esq., is entered into for the purpose of expediting discovery and to reduce discovery costs and expenses and to expedite the discovery process and to resolve in good faith, any discovery dispute.**

1.    It is agreed that the oral deposition of Garrett D. Healey, individually, a non party, and Garrett, Inc, through its officer (President, Treasurer, Clerk), Garrett Healey, aka Garrett D Healey, shall take place on July 14, 2004 commencing at 9:30 AM at the law offices of Carmen A. Frattarilli, Esq. 76 Lafayette Street, Salem, MA 01970, such deposition to be a joint combined oral deposition of Garrett Healey and Garrett, Inc., each waiving summons, notices, demands, time limitations, witness fees and objections to said deposition.   The notice of deposition shall contain this stipulation and the same shall be entered as an exhibit.

2.    That in addition to oral examination, there will be produced at that deposition all the documents, records and data referred to in the Federal Rule Civil Procedure Rule 26 1. A filings of Garrett, Inc., States Resources Corporation, and The Architectural Team, Inc. in the care, custody, control or possession of Garrett Healey and Garrett, Inc., their attorneys, agents or others under their or either direction.

3.    There will be produced all records of any type, kind or nature written, copies, or electronic, in the custody, control or possession of Garrett, Inc and/or Garrett Healey or their attorneys and agents that in any way relate, directly or indirectly, to the subject property in Lincoln, Massachusetts, the advertising, promotional materials, foreclosure of the same, proposed bidders, bidders, interested persons, offers, and all communications re same with either States Resources Corporation and or Michael Capizzi, Elizabeth Capizzi, or both or with one on their behalf, including without limitation telephone/cell phone records to States or Leonard Florence, or The Architectural Team, Inc., all e mails, and memorandums, and all documents and items identified directly or indirectly in the pleadings of Garrett, Inc, The Architectural Team, Inc., or States, and without limitation, all records relating to the check and offer of Leonard Florence, with anyone, including deposits and memo and writings

2

or notes including all discussions with States Resources Corporation and it agents and counsels.

4.      Garrett Healey and Garrett, Inc. will produce a list of all documents as requested anywhere herein that did exist but are now lost, misplaced or unavailable.

5.      Documents that indicate directly or indirectly suggestions by any person or organization of auctioneer charges, both within and outside Massachusetts.

6.      All communications with counsel for States Resources Corporation.

7.      All records and documents  including all writings, memos, telephone/cell phone records of notice to States Resources Corporation and/or John Doonan re the Leonard Florence check and offer or both and all letters and communications received from Leonard Florence or another on his behalf or his companies behalf or/and Fay Florence regarding the offer, the check, the proceeds, the foreclosure, the Lincoln property, including the check deposits and the return of the same to Leonard Florence.

8.      All records of communication with any bidder or their counsel re the Lincoln, MA property including all interest person inquiry.

9.      Copies of all licenses issued by Massachusetts re real estate brokers and salesperson that were issued to Garrett, Inc., or Garrett Healey.

10.     All e mails with any other person or organization regarding directly or indirectly the issues raised by the pleadings.

11.     The address and contact person of each reference furnished by Garrett, Inc. in its pleadings, including date of engagement, specific matter of engagement and fee charged and payment made thereon

12.     All complaints or the notice of the filing of same received by Garrett Healey or Garrett, Inc from any agency of the Commonwealth of Massachusetts regarding matters referencing auctions or matters related thereto, including, without limitation all complaints received from Massachusetts and the State of New Hampshire to either Garrett, Inc., or Garrett Healey.

13.     All checks or evidence of payments to any attorney by Garrett, Inc. or Garrett Healey or on account of them or either of them paid on account of employment or referral as an auctioneer.

14.     All documents of every type, kind or nature related to auctioneer fee arrangements, expenses and cost, all fees and expenses or costs expensed, all request for permission for expenses or costs to States and responses from States, all checks evidencing such costs and expenses and all actual payments for auctioneering costs, expenses, advertising by Garrett, Inc. or Garrett Healey.

15.     All communications with States Resources Corporation or their counsels or agents referencing any matter as to Leonard Florence, his companies, his offer, his writing, his check, all writings and memos re same, the history of deposits of the check.

16..    **All communications with Attorney John Doonan and/or is associates, assistance, counsel, paralegals having any relation to the Lincoln, Ma property.**

17.    **Copy of your driver's license and passport for identification purposes.**

18.    **All communications and documents that support, reference or tend to support the allegations or facts made by Garrett, Inc. as contained in any and all pleadings and filings in 04-10095 DPW.**

## DEFINITIONS

A.    **"States Resources Corporation" or "States" as used herein refers to the, its officers, directors, agents, attorneys, servants, representatives, and any other person acting for it or on its behalf.**

B.    **"Garrett, Inc" as used herein refers to Defendant, Garrett, Inc, its officers, directors, agents, attorneys, servants, representatives, and any other person acting for it or on its behalf.**

C.    **"Garrett Healey" as used herein refers to Garrett Healey, his officers, directors, agents, attorneys, servants, representatives, and any other person acting for it or on its behalf.**

D.    **"Communication" as used herein in addition to the above identification, means any written or oral transmission of fact, information, opinion, utterance, notation, or statement of any nature, whatsoever, including, but not limited to Documents as defined below, correspondence, facsimiles, electronic mail, and telephone/cell conversations, video/audio recordings.**

E.    **"Document" in addition to the above directions and identification, as used herein includes notes, inter-office communications, intra-office communications, memoranda, agreements, contracts, legal reports, studies, calendars, schedules, plans, drawings, specifications, designs, sketches, pictures, photographs, photocopies, descriptions, journals, ledgers, bills, invoices, checks, canceled checks, receipts, transcripts of telephone conversations, financial records, corporate records, correspondence, reports, agreements, assignments, mortgages, understandings, licenses, balance sheets, profit and loss statements, bank**

5

statements, check stubs, check registers, bank books, passbooks, certificates of deposit, deposit slips, advertisements, credit applications, drafts, facsimiles, and each and every writing, graphic matter, or other medium upon which intelligence or information can be recorded whether currently contained on paper or within the memory of a computer, on computer disk, or recorded in some other manner. This definition specifically includes all drafts and final versions of such documents whether different from the original because of alterations, notes, comments, initials, underscoring, routing information, or other material attached thereto.

H.      The relevant time period covered by this request, or unless otherwise specified, is from January 1, 1999, to the date upon which the response is made, noting the continued obligation to update or supplement any response.

The notice shall further contain.

## INSTRUCTIONS AND DEFINITIONS

1.      As used herein, the term "documents" encompasses all items which are within the scope of Massachusetts Rules of Civil Procedure Rule 34, and the Federal Rules of Civil Procedure including local rules, including without limitation, all no identical copies of such documents and all data compilations available to deponent from which information can be obtained and translated into usable form and including all writings or notes made thereon.

2.      If any of the documents described below are withheld on the grounds of privilege or work, each such document should be identified by author, recipient, date, current custodian, general description (e.g., letter memorandum, notes, etc.) general subject matter and the basis upon which it is withheld from production.

3.      Unless otherwise noted, this request is intended to encompass all documents from January 1, 1999 to the present.

## RESERVATION OF RIGHTS AND AGREEMENTS

It is further agreed, understood and stipulated that neither Garrett Healey nor Garrett, Inc., as a result of this stipulation, to aid discovery and minimize costs, waive any privileges or rights to object under law and court rules and further that the stipulation itself is not an admission as to the existence of any such document, but merely a request for production subject to the Rules of Federal Civil Procedure and MA DC Local Rules.

<u>June 28, 2004</u>

<u>ASSENTED TO AND STIPULATED</u>

s/Jordan Lewis Ring

Jordan Lewis Ring, Esquire
Attorney for:
The Architectural Team, Inc.
RING LAW FIRM
4 Longfellow Place 37th Floor
Boston, Massachusetts 02114
BBO# 420980
jordanlewisring@masslawyer.us
617-558-9800/fax 617-558-9801

s/Stephanie M. Williams

STEPHANIE M. WILLIAMS, BBO #560149
CARMEN A. FRATTAROLI, BBO# 177960
Law Office of
CARMEN A. FRATTAROLI
76 LAFAYETTE STREET
SALEM, MA  01970

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO 04-10095DPW

**STATES RESOURCES CORPORATION,**

**Plaintiff**

**v.**

**MICHAEL CAPIZZI,**
**CATHERINE R. CAPIZZI,**
**THE ARCHITECTURAL TEAM, INC.,**
**JOHN CONNOLLY, JR.,**
**GARRETT, INC.**
**MASSACHUSETTS DEPARTMENT OF REVENUE,**
**JAMES GRUMBACH**

**Defendants**

## CERTIFICATE OF SERVICE

I Jordan Lewis Ring, hereby certify that on this date I caused to be served a copy of this

**STIPULATION RE GARRETT, INC AND GARRETT D. HEALEY (A NON PARTY) UNDER FEDERAL RULE CIV. P. 29**

**ELECTRONIC FILING**

**JUNE 28 ,2004**

Respectfully submitted.
By its Attorney,

s/Jordan Lewis Ring

Jordan Lewis Ring, Esquire
Attorney for:
The Architectural Team, Inc.
RING LAW FIRM
4 Longfellow Place 37th Floor
Boston, Massachusetts 02114
BBO# 420980

8

jordanlewisring@masslawyer.us
617-558-9800/fax 617-558-9801

# EXHIBIT 3

**Stephanie Williams**

**From:** MASSLAWYERUSA/jordan lewis ring/ma [jordanlewisring@masslawyer.us]

**Sent:** Monday, June 28, 2004 10:38 PM

**To:** swiliams,esq; Law Offices of Carmen A. Frattaroli

**evening stephanie**

**we got to wind this up tomorrow**

**i learned today that your client returned check oct 2, 2003   that florence's check cashed into your clients accounts**

**i need to add that doc to production   ie  returned check to leonard florence**

**suggest we talk**

**i am preparing to add 93a claim as against states**

**i will hold off re your clients until we explore**

**best to all**


**RING LAW FIRMS**
**Admissions:  MA/DC/NY/PA**

**Boston, USA**
**4 Longfellow Place,**
**37th Floor**
**Boston, MA 02114 USA**

**Suburban Office:**

**"The Towers"**
**250 Hammond Pond Parkway**
**Penthouse 1701 North Tower**
**Chestnut Hill, MA  02467.1529 USA**

**American Affiliated Caribbean Offices**
**P. O. Box 7, 15 Wellington  Road, Cole Bay**
**St. Maarten, NA**
**011 5995 5 77777**
**On SXM   5 444444**

---

7/19/04

jordanlewisring@masslawyer.us
masslawyer@comcast.net

www.masslawyer.us
_____
boston usa  617 558 9800
boston fax.  617 558 9801
usa cell       617 680 4422

This message and any attached document(s) contain information which may be confidential, subject to privilege or exempt from disclosure under applicable Federal, State, International Law, United Nations UNCITRAL MODEL LAW ON ELECTRONIC SIGNATURES 2001*. This e-mail message (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Further, this e-mail may be protected by attorney-client privilege and/or work-product doctrine.  Any unauthorized review, use, disclosure, dissemination, copying, forwarding or distribution is strictly prohibited.  If you are not the intended recipient, or received this e-mail in error, please contact the sender by reply e-mail and destroy all copies of the original message. These materials are intended only for the use of the intended recipient and are for discussion purposes only, unless stated expressly otherwise. If you are not the intended recipient of this transmission, you are hereby notified that any distribution, disclosure, printing, copying,storage,modification or the taking of any action in reliance upon this transmission is strictly prohibited. Delivery of this message to any person other than the intended recipient shall not compromise or waive such confidentiality, privilege or exemption from disclosure as to this communication. If you have received this communication in error, please immediately notify the sender and delete the message from your system.

+This footnote also confirms that this email message and any attachments have been swept by Commercial Systems for content and the presence of known computer infections.

Disclaimer Regarding Electronic Transactions*:
If this communication concerns negotiation of a contract or agreement, any electronic transaction or electronic signature act, including  Electronic <Signatures> in Global and National Commerce Act, 15 U.S.C. § 7001 et. seq., does not apply to this communication: contract formation in this matter shall occur only with manually-affixed original signatures on original documents unless expressly and specifically stated/waived in a dated witnessed non electronic writing and the written waiver is affirmed in writing and executed in a witnessed and dated non electronic writing by each party and witness thereto.

This message is digitally signed and verified. Y6jjjjX77j782950Sß¥S????S€???-

¦j49933j9595j5b000 399448856h568868992043232385859385944hfj6ye  tj

**Jordan Lewis Ring**

# EXHIBIT 4

**Stephanie Williams**

| | |
|---|---|
| **From:** | Jordan Lewis Ring/ masslawyer/ma [masslawyer@comcast.net] |
| **Sent:** | Wednesday, June 30, 2004 1:34 PM |
| **To:** | Stephanie Williams |
| **Cc:** | officefrattarilliesq; attorneydoonan; ***jordanlewisring; Attorney John Doonan; connolycounsell; rjl; swiliams,esq; powers,esq; attymcarter; kevingeaneyesq; attyconnorspc; Dr RICH L.BLUMENTHAL; REISER |
| **Subject:** | Re: stipulation modification proposed only |

counsel:  reply to your draft

need broader production   remember only docs that exist     no agreement they
in fact exist in custody/control/possession/

i am deeply concerned that this ongoing sager is pointing to misconduct in
not revealing a check deposited for 2 million offer unconditional at
direction of atty doonan   and held in the states agents account at the time
of a sale for 800k less

we will i assure u get to the truth

i appreciate your professional cooperation

there is no continuance of the dep notice of august 2, 2004 until we /if we
can agree on issues in writing signed by all

we are hopeful of garrett healeys full cooperation

our amended 93 a  as against states will follow


RING LAW FIRMS
Admissions:  MA/DC/NY/PA

Boston, USA
4 Longfellow Place,
37th Floor
Boston, MA 02114 USA

Suburban Office:

"The Towers"
250 Hammond Pond Parkway
Penthouse 1701 North Tower
Chestnut Hill, MA  02467.1529 USA

American Affiliated Caribbean Offices
P. O. Box 7, 15 Wellington  Road, Cole Bay
St. Maarten, NA
011 5995 5 77777
On SXM   5 444444
_____
jordanlewisring@masslawyer.us
masslawyer@comcast.net

www.masslawyer.us
_____
boston usa  617 558 9800
boston fax.  617 558 9801
usa cell       617 680 4422

This message and any attached document(s) contain information which may be
confidential, subject to privilege or exempt from disclosure under

applicable Federal, State, International Law, United Nations UNCITRAL MODEL
LAW ON ELECTRONIC SIGNATURES 2001*. This e-mail message (including
attachments) is covered by the Electronic Communications Privacy Act, 18
U.S.C. §§ 2510-2521, and is intended only for the person or entity to which
it is addressed and may contain confidential and/or privileged material.
Further, this e-mail may be protected by attorney-client privilege and/or
work-product doctrine.  Any unauthorized review, use, disclosure,
dissemination, copying, forwarding or distribution is strictly prohibited.
If you are not the intended recipient, or received this e-mail in error,
please contact the sender by reply e-mail and destroy all copies of the
original message. These materials are intended only for the use of the
intended recipient and are for discussion purposes only, unless stated
expressly otherwise. If you are not the intended recipient of this
transmission, you are hereby notified that any distribution, disclosure,
printing, copying,storage,modification or the taking of any action in
reliance upon this transmission is strictly prohibited. Delivery of this
message to any person other than the intended recipient shall not compromise
or waive such confidentiality, privilege or exemption from disclosure as to
this communication. If you have received this communication in error, please
immediately notify the sender and delete the message from your system.


+This footnote also confirms that this email message and any
attachments have been swept by Commercial Systems for
content and the presence of known computer infections.


Disclaimer Regarding Electronic Transactions*:
If this communication concerns negotiation of a contract or agreement,
any electronic transaction or electronic signature act, including
Electronic <Signatures> in Global and National Commerce Act, 15 U.S.C. §
7001 et. seq., does not apply to this communication: contract formation in
this matter shall occur only with manually-affixed original signatures on
original documents unless expressly and specifically stated/waived in a
dated witnessed non electronic writing and the written waiver is affirmed in
writing and executed in a witnessed and dated non electronic writing by each
party and witness thereto.

This message is digitally signed and verified.
Y6jjjjX77j782950Sß¥S????S€???-|j49933j9595j5b000
399448856h568868992043232385859385944hfj6ye  tj


Jordan Lewis Ring


----- Original Message -----
From: "Stephanie Williams" <swilliams11@verizon.net>
To: "Jordan Ring" <masslawyer@comcast.net>
Cc: "Carmen Frattaroli" <cafrattaroli@verizon.net>
Sent: Wednesday, June 30, 2004 2:17 PM
Subject: stipulation


> Jordan-
> Here is what I am willing to stipulate to.  Please let me know if you will
> sign it.  I hope this resolves things and that we can move on.
> smw
>

# EXHIBIT 5

**Stephanie Williams**

| | |
|---|---|
| **From:** | Stephanie Williams [swilliams11@verizon.net] |
| **Sent:** | Wednesday, June 30, 2004 2:17 PM |
| **To:** | Jordan Ring |
| **Cc:** | Carmen Frattaroli |
| **Subject:** | stipulation |



stipulation re
depositon.doc          Jordan-

Here is what I am willing to stipulate to.  Please let me know if you will sign it.  I
hope this resolves things and that we can move on.
smw

# UNITED STATES OF AMERICA
## DISTRICT COURT OF MASSACHUSETTS

**CIVIL ACTION NO.:  04-10095DPW**

_____
)
**STATES RESOURCES CORPORATION**   )
    **Plaintiff**   )
)
**v.**   )
)
**MICHAEL CAPIZZI, CATHERINE CAPIZZI,**   )
**THE ARCHITECTURAL TEAM, INC.,**   )
**GARRETT, INC., JOHN CONNOLLY, JR.,**   )
**MASSACHUSETTS DEPARTMENT OF**   )
**REVENUE, and JAMES GRUMBACH**   )
    **Defendants**   )
_____)

## STIPULATION BETWEEN GARRETT, INC. AND
## THE ARCHITECTURAL TEAM

Garrett, Inc. ("Garrett") and The Architectural Team ("TAT") hereby stipulate as follows:

1.    On July 14, 2004, at the Law Office of Carmen Frattaroli, Garrett Healey will appear and give testimony in the above-captioned matter, in his capacity as President of Garrett, and in his individual capacity.  Mr. Healey waives the requirement of service of a deposition subpoena.

2.    Garrett and Mr. Healey will produce the following documents by July 14, 2004, and sooner if practicable, to the extent they are not otherwise privileged or confidential and to the extent they are in their possession, custody or control:

    a.    all documents identified in Garrett's Rule 26.1A disclosure;

    b.    all documents in their possession, custody or control relating to the offer of

        Mr. Leonard Florence to purchase the property located at 236, Lincoln Road,

Lincoln (the "Property"), including, if available, a copy of the check, the deposit slip, redacted account statements reflecting the deposit and withdrawal of the $50,000, and any and all communications between Garrett and Mr. Healey and Mr. Leonard and/or any of his agents, and/or State Resources, and/or John Doonan and/or any of their agents;

c.  any and all documents relating in any manner to the auction of the Property, including copies of all advertising, offers, communications, property descriptions, bids, and foreclosure documents;

d.  any and all communications between and/or among Garrett and/or Mr. Healey and any party to this action;

e.  any and all documents reflecting or evidencing costs incurred by Garrett in connection with the auction of the Property.

The Defendant,
Garrett, Inc.
By Its Attorney,

/s/ Stephanie M. Williams_____
STEPHANIE M. WILLIAMS, BBO #560149
CARMEN A. FRATTAROLI, BBO # 177960
Law Office of Carmen A. Frattaroli
76 Lafayette Street
Salem, MA  01970
Date:June 30, 2004                (978) 740-9501

2

The Architectural Team
By its Attorney,

_____
Jordan L. Ring BBO# 420980
Ring Law Firm
4 Longfellow Place
Boston, MA 02114

# EXHIBIT 6

Stephanie Williams

| | |
|---|---|
| **From:** | MASSLAWYERUSA/jordan lewis ring/ma [jordanlewisring@masslawyer.us] |
| **Sent:** | Thursday, July 01, 2004 10:41 AM |
| **To:** | attygeaney; officefrattariliesq; attorneydoonan; ***jordanlewisring; Attorney John Doonan; connolycounsell; rjl; swiliams,esq; powers,esq; attymcarter; attyconnorspc |
| **Cc:** | RBLUMENTHAL@SILVERMANKUDISCH.COM; REISER |
| **Subject:** | 04 10095 dpw madec local rule conference notice and request base on discovery |
| **Importance:** | High |

consistent with notice under local rules you are advised :

that within the week the architectural team inc (tat) will be filing an amended complaint :

seeking in the amended complaint as against the defendants Garrett, inc and States, jointly and severally, counterclaims as against each for both 93a unfair and deceptive trade practices, fraudulent conduct, and triple damages and attorney fees based upon the evidence produced and discovered from and after the first amended complaint wherein a $2,000,000 unconditional written offer from a mega millionaire Leonard Florence was made in writing and known to agents of States and Garrett, that a $50,000.00 deposit check of Leonard Florence securing the $2,000,000 offer was cashed by deposit and negotiated of States agent, Garrett, Inc., on 08/07/2003 at the davers savings bank, the $50,000 deposit check of Leonard Florence made payable to Garrett, inc, all known to john doonan agent of States, both agents Garrett and doonan being agents or operatives of States, that the check was deposited into a third party account in Danvers bank apparently in the account of Garrett Auctioneers Inc (no licenses from ma and no filings with s of s since 1999) ; that the deposit on 08.07.2003 endorsed by Garrett with the alleged knowledge of Doonan, that the unconditional offer and check was never revealed by Garrett allegedly upon instructions from John Doonan, that nws the June 3 2004 statement of john doonan to Judge Woodlock that the check/offer could not be accepted for the higher $800,000.00 offer because of the outstanding agreement with muci, after the expiration of such muci agreement the check remained in the account agent Garrett, was never revealed even after the expiration of micu agreement on august 25, 2003, that a sale of the 236 Lincoln street property with pictures made by Garrett inc and charged as a cost, was readvertised in the Boston Globe by Garrett with the knowledge of States and its counsels which repeated ads in the Globe and other publications misstated the essential and material property descriptions of bedrooms and bathroom and referred to 2 1/2 acres when the acreage was at least 6 acres , that the check proceeds while in the account controlled by Garrett was never announced at the sept 26, 2003 sale or at any time prior to the litigation, never revealed to capizzi and tat allegedly on order of john doonan knowingly the Lincoln property was sold for $800,000.00 less than the Florence offer to defendant Duffy for reasons yet  fully established at this time but being now investigated, and that the $50,000.00 deposit was not returned until after the September 26, 2003 all to the great damages of tat and capizzi

tat will seek damages under the reach and apply of mr cappizzi's rights or and in its own

right since the legal research now confirms a direct right in tat

tat will seek to set aside all claims of Garrett inc because of its conduct, violations of law and deceptive trade practices

tat will seek repayment of all fees of states if the above allegations are true base upon breach of fiduciary relationships

tat reserves it right to add as a third party defendant the doonan law firm.

we are considering adding Duffy into the 93s claim pending further investigation.

we are considering additional counts and claims and actions /this notice is not to be deemed a limitation of tat's future pleadings but notice of those now to be filed after notice and confrences

thank you

we are sending this in conformity with local rules of the ma dc.

s/jordan lewis ring  atty for tat
unproofed to exp

RING LAW FIRMS
Admissions:  MA/DC/NY/PA

Boston, USA
4 Longfellow Place,
37th Floor
Boston, MA 02114 USA

Suburban Office:

"The Towers"
250 Hammond Pond Parkway
Penthouse 1701 North Tower
Chestnut Hill, MA  02467.1529 USA

American Affiliated Caribbean Offices
P. O. Box 7, 15 Wellington  Road, Cole Bay

7/19/04

**St. Maarten, NA**
**011 5995 5 77777**
**On SXM   5 444444**
_____

jordanlewisring@masslawyer.us
masslawyer@comcast.net

www.masslawyer.us
_____

**boston usa  617 558 9800**
**boston fax.  617 558 9801**
**usa cell      617 680 4422**

This message and any attached document(s) contain information which may be confidential, subject to privilege or exempt from disclosure under applicable Federal, State, International Law, United Nations UNCITRAL MODEL LAW ON ELECTRONIC SIGNATURES 2001*. This e-mail message (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Further, this e-mail may be protected by attorney-client privilege and/or work-product doctrine.  Any unauthorized review, use, disclosure, dissemination, copying, forwarding or distribution is strictly prohibited.  If you are not the intended recipient, or received this e-mail in error, please contact the sender by reply e-mail and destroy all copies of the original message. These materials are intended only for the use of the intended recipient and are for discussion purposes only, unless stated expressly otherwise. If you are not the intended recipient of this transmission, you are hereby notified that any distribution, disclosure, printing, copying,storage,modification or the taking of any action in reliance upon this transmission is strictly prohibited. Delivery of this message to any person other than the intended recipient shall not compromise or waive such confidentiality, privilege or exemption from disclosure as to this communication. If you have received this communication in error, please immediately notify the sender and delete the message from your system.

+This footnote also confirms that this email message and any attachments have been swept by Commercial Systems for content and the presence of known computer infections.

Disclaimer Regarding Electronic Transactions*:
If this communication concerns negotiation of a contract or agreement, any electronic transaction or electronic signature act, including  Electronic <Signatures> in Global and National Commerce Act, 15 U.S.C. § 7001 et. seq., does not apply to this communication: contract formation in this matter shall occur only with manually-affixed original signatures on original documents unless expressly and specifically stated/waived in a dated witnessed non electronic writing and the written waiver is affirmed in writing

and executed in a witnessed and dated non electronic writing by each party and witness thereto.

This message is digitally signed and verified. Y6jjjjX77j782950Sß¥S????S€???-¦j49933j9595j5b000 399448856h568868992043232385859385944hfj6ye  tj

**Jordan Lewis Ring**