UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| **STATES RESOURCES CORPORATION** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) Civil Action No. 04 10095 DPW |
| | ) |
| v. | ) |
| | ) |
| **MICHAEL CAPIZZI,** | ) |
| **CATHERINE R. CAPIZZI,** | ) |
| **THE ARCHITECTURAL TEAM, INC.,** | ) |
| **GARRETT, INC.,** | ) |
| **JOHN CONNOLLY, JR.,** | ) |
| **MASSACHUSETTS DEPARTMENT OF REVENUE,** | ) |
| **JAMES GRUMBACH** | ) |
| | ) |
| Defendants | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE ARCHITECTURAL TEAM, INC'S MOTION TO AMEND THE ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, CROSS-CLAIMS OF THE ARCHITECTURAL TEAM, INC. BY THE ADDITION OF A FURTHER COUNTERCLAIM (COUNTERCLAIM FIVE) AS AGAINST THE PLAINTIFF, STATES RESOURCES CORPORATION, GARRETT, INC. AND MICHAEL CAPIZZI**

In support of Plaintiff's Opposition to Defendant The Architectural Team, Inc.'s ("TAT") Motion to Amend, States Resources Corporation ("States"), through its attorneys, Doonan, Graves & Longoria, hereby submits the following.

**I.  LEGAL ARGUMENT**

Fed. R. Civ. P. 15(a) provides that a party may amend its pleading by leave of court and that "leave shall be freely given when justice so requires."  The decision whether to grant leave

to amend is within the sound discretion of the court. *Foman v. Davis*, 371 U.S 178, 182 (1962). While the standard for allowing a party leave to amend is construed liberally by the courts, *see O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004), the courts consider numerous factors in determining if leave shall be freely given. *Foman*, 371 U.S. at 182. Specifically, leave to amend should be granted unless the following factors are present: "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Here, TAT requests leave to amend to include an additional counterclaim against States and Garrett, Inc. for unlawful foreclosure and violation of Mass. Gen. Laws c. 93A. TAT's motion to amend should be denied, because (1) the proposed amendment is futile, as it lacks any factual support and has no merit, and could not withstand a motion to dismiss and (2) the proposed amendment was brought in bad faith.

    **A.**    **TAT's motion should be denied, because the proposed amendment is futile and could not withstand a motion to dismiss.**

TAT argues that through the discovery process, it has uncovered an additional claim against States for "the bad faith, wrongful and unfair foreclosure of [the Lincoln property]", *(*Proposed Second Amended Answer, Court Claims, Cross-Claims, and Affirmative Defenses of The Architectural Team Counterclaim Five ¶ 35), in violation of Mass. Gen. Laws. c. 93A. TAT's proposed counterclaim five is futile, because it contains no factual support and lacks any arguable basis in law. "A proposed amendment is futile if it serves no legitimate purpose or is without legal merit." *Savoy v. White*, 139 F.R.D. 265, 267 (D. Mass. 1991) citing *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990) and *Liberty Leather Corp. v. Callum*, 653 F.2d 694, 700 (1st Cir. 1981). Because States followed the statutory requirements under Mass Gen. Laws c. 183, § 21and c. 244, § 14 and conducted the foreclosure auction in

2

good faith and with reasonable diligence, TAT's proposed counterclaim cannot be allowed. *See Atlas Mortgage Co. v. Tebaldi*, 304 Mass. 554, 24 N.E.2d 554 (1940).

TAT contends that States had a duty to inform TAT and Michael Capizzi of the $2,000,000.00 offer by Leonard Florence ("Florence") and to accept said offer even though the offer was not made at the public auction on September 26, 2003. This argument completely contradicts Mass. Gen. Laws. c. 183, § 21, which governs the statutory power of sale. Mass. Gen. Laws c. 183, § 21 provides that "upon default in the performance or observation of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof . . . by public auction on or near the premises then subject to the mortgage . . ." In executing this power of sale, States was required to exercise good faith and use reasonable diligence in protecting Michael Capizzi's interest. *See Atlas Mortgage Co. v. Tebaldi*, 304 Mass. 554, 557, 24 N.E.2d 554, 555 (1940). If States would have accepted Florence's offer, made privately outside the public auction forum, such a sale would have been void, it would not have satisfied the requirements under Mass. Gen. Laws c. 183, § 21. TAT does not, and could not, allege that any bid was made by Florence or anyone else at the public auction on September 26, 2003 in the amount of $2,000,000.00. TAT also does not, and could not, allege that Florence even bid at the September 26, 2003 auction. As evidenced by the public auction held on September 26, 2003, States clearly complied with the prerequisites to a foreclosure sale under Mass. Gen. Laws c. 183, § 21.

Moreover, Massachusetts law is clear that there is no duty on the part of the foreclosing entity to disclose third party offers. *See Manoog v. Miele*, 350 Mass. 204, 213 N.E.2d 917 (1966). The *Manoog* case dealt with a more stark fact pattern where the Court refused to impose a duty on the foreclosing entity to disclose an accepted offer to resell the subject that had in fact agreed to sell the foreclosed property to a third party for more than the auction price. *Id*. They

reached the agreement prior to the auction and sold it after acquiring the property at the auction. *Id.*

TAT further argues that its interests were damaged, because States accepted the high bid of $1,200,000.00 from Kevin Duffy, even though it knew the property could be sold for $2,000,00.00. Mere inadequacy in the price obtained at a foreclosure auction will not cause the foreclosure to be set aside. *See Seppala & Aho Const. Co., Inc. v. Petersen*, 373 Mass. 316, 367 N.E.2d 613 (1977); *see also B.F.P. v. Resolution Trust Corp.*, 511 U.S. 531, 538 (1994) ("In short, fair market value presumes market conditions that, by definition, simply do not obtain in context of forced sale."). "Auctions conducted with the utmost good faith and due diligence in full compliance with statutory and mortgage requirements do not necessarily yield a sale price commensurate with the full market value of the property." *Oyegbola v. DeSimone,* 1996 WL 210689, *4 (Mass. App. Div.) *citing American Mech. Corp. v. Union Mac. Co.*, 21 Mass. App. Ct. 97, 101 (1985). Even though there was the possibility that the property could have been purchased for more than the highest bid, States "was not required to postpone the sale . . . until such time, and on the basis of a remote chance, that another prospective purchaser might appear with a higher bid." *Id*. at 4.

Additionally, in its proposed amendment, TAT asserts, in support of its claim of wrongful foreclosure and damages under Mass. Gen. Laws c. 93A, that the advertisements published in the Boston Globe for the foreclosure auction were incorrect. (TAT's Proposed Second Amended Answer, Counterclaims ¶ 58). Mass. Gen. Laws c. 244, § 14 provides that "no sale under such power [of sale] shall be effectual to foreclose a mortgage unless, previous to such sale, notice thereof has been published once in each of three successive weeks, the first publication to be not less than twenty-one days before the day of the sale, in a newspaper, if any, published in the town where the land lies . . ." States clearly carried out its duties pursuant to this statute in good faith and with reasonable diligence, as a result, TAT's allegation is without any merit. *See Atlas*

4

*Mortgage Co. v. Tebaldi*, 304 Mass. 554, 24 N.E.2d 554 (1940). TAT is referring to "display" advertisements that Garrett, Inc. ran in the Boston Globe, which were even based in good faith upon the Town of Lincoln's records. *See* Exhibit A (a true and correct copy of the Town of Lincoln's Municipal Lien Certificate is attached hereto). However, these advertisements were not the Notice of Mortgagee's Sale of Real Estate ("Notice"), which was required by the Land Court to be advertised in the Concord Journal. *See* Exhibit B (a true and correct copy of the Court's Order is attached hereto). The Notice, which lists the correct legal description of the property and gives its exact square footage, ran in the Concord Journal on September 4, 2003, September 11, 2003, September 18, 2003 and September 20, 2003. *See* Exhibit C (a true and correct copy of the Notice is attached hereto). No further notices are required under Massachusetts law. *See West Roxbury Co-Op Bank v. Bowser*, 324 Mass. 489, 87 N.E.2d 113 (1949). The Notice was also read at the September 26, 2003 auction. *See* Exhibit D (a true and correct copy of the Affidavit of John A. Doonan, Esq. is attached hereto). The "display" advertisements show States's good faith and diligence in going beyond the statutory advertisements required under Massachusetts law.

TAT cites *Snowden v. Chase Manhattan Mortgage Corp.*, in support of its argument that States did not act in good faith and with reasonable diligence; however, this case is merely a Superior Court case currently on appeal and is distinguishable from the facts here. 2003 WL 22519518, *1-2 (Mass. Super. 2003). In *Snowden v. Chase Manhattan Mortgage Corp.*, the Plaintiffs, the mortgagors, alleged that the defendant, the mortgagee, violated Mass. Gen Laws c. 93A by refusing to postpone the auction of their home, even though they had produced evidence of a buyer able and willing to purchase the home for a price that would have completely paid off the defendant's loan. *Id.* Unlike in *Snowden,* the Capizzis, the legal owners of the property and holders of the equity of redemption, were not in communication with States regarding a prospective buyer that was qualified to purchase the property for an amount that would have paid

in full State's loan. Garrett, Inc., the auctioneering company in charge of conducting the auction of the Lincoln property, was the party in contact with the potential third party buyer. Because neither States nor Garrett, Inc. had a legal interest allowing a private sale of the property and were not the holders of the equity of redemption, States would have violated Massachusetts law in accepting the third party buyer's offer and not executing the power of sale via a public auction, as clearly required under Mass. Gen. Laws c. 183, § 21. Acting as TAT argues would have directly violated Mass. Gen. Laws c. 183, § 21 and c. 244, § 14. It also would not have resulted in a valid sale of the subject property.

      **B.**      **TAT's motion should be denied, because the motion to amend has been brought in bad faith.**

TAT contends that based on the initial disclosures that have been submitted by the parties in this action, TAT must be allowed to amend its Answer for the second time to assert a new cause of action against States. However, since this motion has been brought in bad faith, TAT should not be allowed leave to amend. In its motion to amend, TAT asserts its claim of wrongful foreclosure in violation of Mass. Gen. Laws. c. 93A with unsupported allegations not substantiated by any affidavits. As argued above, TAT's claim is based on a clearly erroneous reading of both Massachusetts statutory and case law. Further, instead of exploring the proposed claim through the discovery process to determine if said claim has any arguable basis in law and could be substantiated, TAT chose to immediately file a motion to amend with the Court. TAT has yet to explore this new claim through the discovery process. Finally, this is the second time that TAT has requested leave to amend its answer, counterclaims, cross-claims and affirmative defenses. TAT has clearly taken advantage of this rule.

## II. CONCLUSION

The Plaintiff respectfully requests that this Court deny TAT's Motion to Amend, since the actions that TAT alleges States should have taken would have violated Mass. Gen. Laws c.

183, § 21 and c. 244, § 14 and do not exist as a duty under Massachusetts case law, and deny TAT's request for Injunctive Relief and that all of TAT's counterclaims against the Plaintiff be dismissed.

                Respectfully Submitted,

Date:  July 19, 2004                /s/ Reneau J. Longoria
                John A. Doonan, Esq. (BBO# 547838)
                Reneau J. Longoria, Esq. (BBO#635118)
                Doonan, Graves & Longoria, L.L.C.
                100 Cummings Center, Suite 213C
                Beverly, MA  01915
                (978) 921-2670

The Commonwealth of Massachusetts
Office of the Collector of Taxes
Town of Lincoln
Municipal Lien Certificate



Number: 5
6/11/03

DOONAN, GRAVES & LONGORIA
16 FRONT ST.
SALEM, MA 01970

I Certify from available information that all taxes, assessments, and charges, now payable that constitute liens as of the date of this certificate on the parcel of real estate specified in your application received on 6/5/03 are listed below:

## DESCRIPTION OF PROPERTY

| | | | | |
|---|---|---|---|---|
| Parcel Identifier | 117-22-1 | Assessed Owner | CAPIZZI CATHERINE R | |
| Account | 447 | Additional Owner | | |
| Location of Property | 236 LINCOLN RD | Supposed Present Owner | | |
| | | Legal Reference | Book | 19716 |
| Acreage | 2.56 Acres | | Page | 41 |
| | | | Deed Date | |

## VALUATION

| FY | Residential | Rate1 | Open Space | Rate 2 | Commercial | Rate 3 | Industrial | Rate 4 | Exempt |
|---|---|---|---|---|---|---|---|---|---|
| 2003 | 1,534,300 | 9.35 | 0 | 9.35 | 0 | 9.35 | 0 | 9.35 | 0 |

## ASSESSMENT

| | 2003 1st Half | 2003 2nd Half | FY 2002 | FY 2001 |
|---|---|---|---|---|
| Semi-Annual Tax | $7,172.85 | $7,172.85 | $13,433.01 | $6,526.07 |
| Semi-Annual Other Land Tax | $100.58 | $100.58 | | |
| Interest To Date | $0.00 | $0.00 | $0.00 | $0.00 |
| Charges and Fees | | $5.00 | $104.00 | |
| Tax Title/Tax Deferral | $7,797.91 | $7,454.19 | $16,041.07 | |
| Per Diem | $0.00 | $0.00 | $0.00 | $0.00 |
| Balance Due | $0.00 | $0.00 | $0.00 | $0.00 |

**Property Tax Per Diem** $0.00
**Outstanding Property Tax** $0.00

Property has been placed in tax title for non-payment of prior year(s) taxes. Add current amount due plus tax title amount to determine total payment. Tax Title to be paid to the Treasurer by separate check. Tax Title Amount Due: $31,409.95

All of the amounts listed above are to be paid to the Collector. I have no knowledge of any other lien outstanding.
INFORMATION ON THIS CERTIFICATE IS COMPLETE AS OF 6/11/03

Roy M Raja

EXHIBIT A

# COMMONWEALTH OF MASSACHUSETTS

## LAND COURT

### DEPARTMENT OF THE TRIAL COURT

RE: Case No. 2̲8̲1̲1̲6̲7̲

## SERVICE

The plaintiff is hereby ordered to serve the within notice by:

1. publishing the same <u>once</u> in the *Concord Journal*

   a newspaper published in *Needham*

   in the County of

   and said Commonwealth, at least <u>*twenty-one days*</u> before the said return

   day;

2. mailing by certified or registered mail (return receipt requested) a xerox copy of this citation or a proof slip from the newspaper not less than <u>*fourteen days*</u> before the return day to each defendant named in said complaint:

   service may also be made by deputy sheriff;

3. recording the attested copy of said notice <u>*prior to the return day*</u> fixed therein in the registry of deeds in which such mortgage is recorded.

CHARLES W. TROMBLY, Jr.
RECORDER

LCO-5A (2/88)

EXHIBIT
B

## EXHIBIT "A"

36 LINCOLN RD.

**LEGAL NOTICE**
**NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE**

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Michael Capizzi and Catherine R. Capizzi to Winchendon Savings Bank dated 10/19/88, recorded with Middlesex County (Southern District) Registry of Deeds at Book 19420, Page 84 of which mortgage the undersigned is the present holder for breach of conditions of said mortgage and for the purpose of foreclosing, the same will be sold at PUBLIC AUCTION at **11:30 a.m** on **September 23, 2003**, on the mortgaged premises. The entire mortgaged premises, all and singular, the premises as described in said mortgage:

The following parcels of land situated in the Southerly part of Lincoln, Middlesex County, Commonwealth of Massachusetts:

1) That parcels of land described as Lot 117-22.01 on a plan entitled "Plan of Land in Lincoln, MA, owned by John L. Przybylski, scale 1 inch = 60 feet, Snelling, Hilton & Assoc., Lincoln, MA, Civil Engineers & Land Surveyors, dated May 19, 1980" and recorded with Middlesex County South District Registry of Deeds in Book 14168, Page 381; bounded and described as follows:

**SOUTHEASTERLY** by land now formerly of Gallitano, as shown on said plan, Two Hundred Fifty-Three and 71/100 (253.71) feet;

**SOUTHWESTERLY** by lot 117-22.01, as shown on said plan, by two lines, Two Hundred Five and 71/100 (205.71) feet and Two Hundred Fifty-Eight and 22/100 (258.22) feet;

**NORTHWESTERLY** by Lot 117-22.02 as shown on said plan, Two Hundred Fifteen and 48/100 (215.48) feet;

**NORTHERLY** by 117-22.02, by a curved line Sixty-Three and 68/100 (63.68) feet;

**NORTHEASTERLY** by Lot 117-22.02, Two Hundred One and 89/100 (201.89) feet;

**EASTERLY** by Lot 117-22.02, by a curved line, One Hundred Twenty-Three and 66/100 (123.66) feet, to the point of beginning.

Said Lot containing 111,494 square feet, more or less according to said plan.

2) That parcel of land described as Lot 117-21.012 on the aforementioned plan, bounded and described as follows:

**SOUTHEASTERLY** by land now or formerly of Gallitano, as shown on said plan, One Hundred Twenty-Eight and 48/100 (128.48) feet;

**SOUTHWESTERLY** by land now or formerly of Coffin and the Lincoln Land Conservation Trust and Burt, by four lines Fifty-Three (53.00) feet, Three Hundred Forty and 95/100 (340.95) feet, Seventy Nine (79.00) feet, and Sixty-Four and 88/100 (64.88) feet;

**WESTERLY** by land, now or formerly of Burt, Eighty-Four and 31/100 (84.31) feet;

**NORTHWESTERLY** by Lots 117-21.07 and 117-22.02 by two lines, One Hundred Fifteen and 29/100 (115.29) feet, and by a curved line Sixty-Four and 15/100 (64.15) feet;

**NORTHEASTERLY** by Lot 117-22.01, by two lines, Two Hundred Fifty-Eight and 22/100 (258.22) feet, and Two Hundred Five and 71/100 (205.71) feet to the point of beginning.

Said Lot containing 85,737 square feet, more or less, according to said plan.

3) That parcel of land described as Lot 117-22.03, on "Plan Showing Subdivision of Land in Lincoln, MA, owned by Alphonse L. and Eleanor M. Gallitano and John L. and Jean M. Przybylski (scale 1 inch = 60 feet) July 1975, Snelling, Hilton & Assoc., Lincoln, MA, Civil Engineers and Land Surveyors," and recorded with Middlesex South District Registry of Deeds in Book 12893, Page 712, bounded and described as follows:

**SOUTHEASTERLY** by Lot 117-22.02 as described on said plan, One Hundred Eighty-Three and 51/100 (183.51) feet;

**NORTHWESTERLY** by land now or formerly of John A. and Marion M. MacDearmid, Two Hundred Twenty-Eight and 43/100 (228.43) feet;

**NORTHEASTERLY** by Lot 117-22.04 as described on said plan, Two Hundred Twenty-Eight and 32/100 (228.32) feet, to point of beginning.

Containing 19,190 square feet more or less according to said plan.

4) That parcel of land described as Lot 117-22.02 (a minor street) on the above mentioned plan. Containing 33,310 square feet more or less. Subject to a right of way granted to Alphonse L. and Eleanor M. Gallitano, husband and wife, and their heirs and assigns, dated November 12, 1975, and recorded in Book 12893, Page 718. For a more definite description refer to said plan in Book 12893, Page 712.

5) That parcel of land described as Lot 117-21.07 on a "Plan Showing an Exchange of Land in Lincoln, MA, Snelling, Hilton & Assoc., Lincoln, Mass., Civil Engineers & Land Surveyors, June 1976" recorded with Middlesex South District Registry of Deeds in Book 13332, Page 155, more particularly described as follows:

**NORTHEASTERLY** by Lot 117-21.06, Eighty-Eight and 56/100 (88.56) feet;

**SOUTHEASTERLY** by Lot 117-22.01, One Hundred Fifteen and 29/100 (115.29) feet; and

**WESTERLY** by Lot 117-21, One Hundred Fourteen and 44/100 (114.44) feet to the point of beginning.

Containing according to said plan 4,694 square feet, more or less.

6) A right of way for all usual purposes that streets and ways are now or have been used in the Town of Lincoln over that parcel of land described in a Plan of Land entitled "Plan Showing Subdivision of Land in Lincoln, MA, owned by Alphonse L. And Eleanor M. Gallitano and John L. And Jean M. Przybylski," scale 1 inch = 60 feet, July 1975, Snelling, Hilton & Assoc., Lincoln, MA, Civil Engineers & Land Surveyors, being Lot 117-22.04 as described on said plan and having a width of 33 feet and an area of 39,958 square feet more or less. For a more definite description see plan recorded in Book 12893, Page 712, said deeds.

7) All right, title and interest in an undivided one-half interest in and to certain easements which the grantor owns and has the benefit of by virtue of reservation of said easements in deed from Concord Countyside Realty, Inc. To William F. Burt and Donna G. Burt, of Lots 1, situated Longmeadow Road in the Town of Lincoln, Middlesex County, Commonwealth of Massachusetts, as shown on a plan entitled "Plan of land in Lincoln, Mass. dated October 28, 1971, Albert A. Miller and Wilbur C. Nylander, Civil Engineers and Surveyors," recorded with Middlesex County South District Registry of Deeds as Plan No. 143 (A of 3) of 1972 and recorded Book 12158, Page 071, said deed being dated September 1, 1972, recorded with Middlesex South District Registry of Deeds in Record Book 12281, Page 98, said reserved easements being described in said deed as follows:

"The within conveyancing is made subject to reservation of right of a right of way and easement, 50' in width extending from Longmeadow Road to the land of Dorothy G. Gray as shown on the aforementioned plan along the Northeasterly boundary being a distance of 198.91 feet according to said plan; said right of way and easement being for all purposes for which streets and ways are commonly used in the Town of Lincoln and including without limiting the foregoing the right to install electric, telephone, water, sewer, gas, facilities, equipment, and services to and from Longmeadow Road to the land of said Dorothy G. Gray, including the right to operate, maintain and repair the same."

Said premises are further conveyed subject to and with the benefit of easements, rights restriction and agreements of record, if any there be, insofar as the same are now in force and applicable.

For title, see deed to the mortgagor recorded with said Deeds in Book 17611, Page 334.

Subject to and with the benefit of easements, reservation, restrictions, and taking of record, if any, insofar as the same are now in force and applicable.

**In the event of any typographical error set forth herein in the legal description of the premises, the description as set forth and contained in the mortgage shall control by reference.**

This property has the address of **236 Lincoln Road, Lincoln, MA 01773.**

Together with all the improvements now or hereafter erected on the property and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this sale.

**Terms of Sale:**

Said premises will be sold subject to any and all unpaid taxes and assessments, tax sales, tax titles and other municipal liens and water or sewer liens and State or County transfer fees, if any there are, and FIFTY THOUSAND DOLLARS ($50,000.00) in cashier's or certified check will be required to be paid by the purchaser at the time and place of the sale as a deposit and the balance in cashier's or certified check will be due in thirty (30) days, at the offices of DOONAN, GRAVES, & LONGORIA L.L.C., 16 Front Street, Salem, Massachusetts, 01970, time being of the essence.

The Mortgagee reserves the right to postpone the sale to a later date by public proclamation at the time and date appointed for the sale and to further postpone at any adjourned sale date by public proclamation at the time and date appointed for the adjourned sale date.

The premises is to be sold subject to and with the benefit of all easements, restrictions, leases, tenancies, and rights of possession, building, and zoning laws, encumbrances and all other claim in the nature of lien, if any there be.

In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder, providing that said second highest bidder shall deposit with the Mortgagee's attorney, DOONAN, GRAVES, & LONGORIA L.L.C. 16 Front Street, Salem, Massachusetts 01970, the amount of the required deposit as set forth herein within three (3) business days after written notice of the default of the previous bidder and title shall be conveyed to the said second highest bidder within twenty (20) days of said written notice.

If the second highest bidder declines to purchase the within described property, the Mortgagee reserves the right to purchase the within described property at the amount bid by the second highest bidder.

The foreclosure deed and the consideration paid by the successful bidder shall be held in escrow by DOONAN, GRAVES, & LONGORIA L.L.C. (hereinafter called the "Escrow Agent") until the deed shall be released from escrow to the successful bidder at the same time as the consideration is released to the Mortgagee, thirty (30) days after the date of sale, whereupon all obligations of the Escrow Agent shall be deemed to have been properly fulfilled and the Escrow Agent shall be discharged.

Other terms to be announced at the sale.

Dated: August 26, 2003

States Resources Corp.

By: John A. Doonan, Esq.
DOONAN, GRAVES, & LONGORIA L.L.C.
16 Front Street, Salem, MA 01970
(978) 741-2680

AD#307880, 307881, 307882, 307883
Concord Journal 9/4, 9/11, 9/18/03



UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| **STATES RESOURCES CORPORATION** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| ) | Civil Action No. 04 10095 DPW |
| ) | |
| v. ) | |
| ) | **AFFIDAVIT OF** |
| **MICHAEL CAPIZZI,** ) | **JOHN A. DOONAN, ESQ.** |
| **CATHERINE R. CAPIZZI,** ) | |
| **THE ARCHITECTURAL TEAM, INC.,** ) | |
| **GARRETT, INC.,** ) | |
| **JOHN CONNOLLY, JR.,** ) | |
| **MASSACHUSETTS DEPARTMENT OF REVENUE,** ) | |
| **JAMES GRUMBACH** ) | |
| ) | |
| **Defendants** ) | |
| ) | |

State of Massachusetts)
County of Essex        ) ss.

I, John A. Doonan the undersigned, being sworn do depose and say that:

1. I am the attorney for the Plaintiff, States Resources Corporation, and am licensed to practice in the Commonwealth of Massachusetts.

2. I have reviewed and am fully familiar with all the documents relating to this action.

3. I submit this Affidavit in support of Plaintiff's Opposition to Michael and Catherine R. Capizzi's Motion for Permission to Record a Memorandum of Lis Pendens and Special Motion to Dismiss Capizzis' Counterclaims Against States Resources Corporation.

4. That at the public auction dated September 26, 2003 for the property located at 236 Lincoln Rd., Lincoln, Massachusetts ("Lincoln property"), the auctioneer read aloud the Notice of Mortgagee's Sale of Real Estate, which contained the correct legal description of the property. See Exhibit A (a true and correct copy of the Notice is attached hereto).



*E:\Massachusetts Interpleader Cases\Open Files\Capizzi 4505 87IP\Aff.JD.hsp...*

Dated: July 16, 2004

Under the pains of penalty and perjury,

*/s/ John A. Doonan*

John A. Doonan, Esq.  (BBO# 547838)
Reneau J. Longoria, Esq. (BBO#635118)
Doonan, Graves & Longoria, L.L.C.
100 Cummings Center, Suite 213C
Beverly, MA  01915
Tel. (978) 921-2670

# NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Michael Capizzi and Catherine R. Capizzi to Winchendon Savings Bank dated 10/19/88, recorded with Middlesex County (Southern District) Registry of Deeds at Book 19420, Page 84 of which mortgage the undersigned is the present holder for breach of conditions of said mortgage and for the purpose of foreclosing the same will be sold at PUBLIC AUCTION at **11:30 a.m.** on **September 23, 2003**, on the mortgaged premises. The entire mortgaged premises, all and singular, the premises as described in said mortgage:

The following parcels of land situated in the Southerly part of Lincoln, Middlesex County, Commonwealth of Massachusetts:

1) That parcels of land described as Lot 117-22-.01 on a plan entitled "Plan of Land in Lincoln, MA., owned by John L. Przybylski, scale 1 inch = 60 feet, Snelling, Hilton & Asso., Lincoln, MA., Civil Engineers & Land Surveyors, dated May 19. 1980" and recorded with Middlesex County South District Registry of Deeds in Book 14168, Page 381; bounded and described as follows:

| | |
|---|---|
| SOUTHEASTERLY | by land now formerly of Gallitano, as shown on said plan, Two Hundred Fifty-Three and 71/100 (253.71) feet; |
| SOUTHWESTERLY | by lot 117-22.012, as shown on said plan, by two lines, Two Hundred Five and 71/100 (205.71) feet, and Two Hundred Fifty-Eight and 22/100 (258.22) feet; |
| NORTHWESTERLY | by Lot 117-22.02, as shown on said plan, Two Hundred Fifteen and 48/100 (215.48) feet; |
| NORTHERLY | by 117-22.02, by a curved line Sixty-Three and 68/100 (63.68) feet; |
| NORTHEASTERLY | by Lot 117-22.02, Two Hundred One and 89/100 (201.89) feet; |
| EASTERLY | by Lot 117-22.02, by a curved line, One Hundred Twenty-Three and 66/100 (123.66) feet, to the point of beginning. |

e:\Massachusetts Foreclosures\Generated_Forms\NMS_Foreclosure_Capizzi_4505.87F



EXHIBIT A

Other terms to be announced at the sale.

Dated: August 26, 2003                    States Resources Corp.

                                          By: John A. Doonan. Esq.,
                                          DOONAN, GRAVES, & LONGORIA L.L.C.
                                          16 Front Street Salem, MA 01970
                                          (978) 741-2680

e:\Massachusetts Foreclosures\Generated_Forms\NMS_Foreclosure_Capizzi_4505.87F