UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-10095-DPW

| | |
|---|---|
| STATES RESOURCES CORPORATION, | ) |
| Plaintiff | ) |
| v. | ) |
| MICHAEL CAPIZZI, | ) |
| CATHERINE R. CAPIZZI, | ) |
| THE ARCHITECTURAL TEAM, INC., | ) |
| GARRETT, INC., | ) |
| JOHN CONNOLLY, JR., | ) |
| MASSACHUSETTS DEPARTMENT OF REVENUE, | ) |
| JAMES GRUMBACH, | ) |
| Defendants | ) |

## MOTION TO PERMIT THE FILING OF AMENDED VERIFIED COUNTERCLAIMS OF DEFENDANTS MICHAEL CAPIZZI AND CATHERINE R. CAPIZZI

Defendants and Plaintiffs-in-Counterclaim, Michael Capizzi and Catherine R. Capizzi (collectively the "Capizzis"), hereby move this Honorable Court to permit the filing of Amended Verified Counterclaims in this matter pursuant to Fed. R. Civ. P. Rule 15 (a), for the following reasons:

1. Paragraph 71 of the Verified Counterclaims of the Capizzis, as originally filed, alleges that States Resources advertised the foreclosure auction citing substantially less land than was included in the Property conveyed to Defendant Duffy at the foreclosure sale.

2. The disclosure submitted by Defendant Garrett, Inc. pursuant to Rule 26 (a)(1)

included as a exhibit the Notice of the Foreclosure Sale as printed in the <u>Boston Globe</u> on September 14, 2003 and September 21, 2003.

3. The published notice of the foreclosure sale described the property as consisting of 2½ acres when actually the premises sold at the foreclosure auction consisted of five parcels totaling 5.84 acres which could be subdivided into one or two additional lots as shown by the 2004 real estate tax bills from the Town of Lincoln, Massachusetts.

4. The notice also describes the house as containing 5 bedrooms, 3 fireplaces and 3 full baths whereas the house actually contains 6 bedrooms, 4 fireplaces and 2 half baths in addition to the 3 full baths as accurately described in a letter dated March 3, 2003 to Michael Capizzi from Kathleen E. Cook, a real estate broker with Atlantic Associates Real Estate of Boston, Massachusetts.

5. The March 3, 2003 letter from Kathleen E. Cook provides corroboration for the statement in Paragraphs 54 and 74 of the Counterclaim. Paragraph 74 has been changed from 30 % to one-third to make it consistent with Paragraph 54. The suggested marketing list price of $3,700,000.00 is more than three times the price paid by Kevin Duffy at the foreclosure sale on September 26, 2003. The letter also opines that if a two acre buildable lot were subdivided form the property, it would have a value of approximately $900,000.00 and the market value of the resulting four acre lot and existing home would have a market value of $3,200,000.00 for a total market value of $4,100,000.00.

6. Misdescription of the premises in published notices of the foreclosure auction is a basis for voiding the foreclosure sale, especially where the amount of land described in the notice is less than one half the amount actually sold. Such significant discrepancies should be set forth in the counterclaim with greater particularity. The Capizzis were not aware of these particulars

until they saw the notice include in Defendant Garrett, Inc.'s disclosure.

7. Justice would best be served by allowing the Counterclaims to be amended by adding the particulars to Paragraph 71 of the Counterclaims.

8. Rule 15 (a) provides that "leave shall be freely given when justice so requires." See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L Ed. 2d 222, 226 (1962), on remand, 316 F. 2d 254 (1st Cir. 1963) underscoring the requirement that "leave be freely given when justice so requires" and severely limiting the discretionary authority of the trial judge to deny a proposed amendment. See Foster Mfg. Co. v. FTC, C.A. 1st, 1964, 335 F 2d 47, cert. den. 380 U.S. 906, 85 S. Ct. 887, 13 L. Ed. 2d 794. (Court permitted amendment to complaint that stated additional claims.) Our proposed amendment merely provides the particulars for previously stated claims.

9. There is no undue delay, bad faith, dilatory motive or undue prejudice to the Defendants-in-Counterclaim in allowing this Amended Counterclaim. See Foman v. Davis, op cit., 371 U.S. at 182. Generally a court will allow an amendment to a pleading if it appears that no prejudice will accrue to the other party. Corey v. Look, C.A. 1st, 1981, 641 F 2d 32; Savoy v. White, D.C. Mass. 1991, 139 F.R.D. 265, 269 (good faith effort to cure prior deficiency). This is not an amendment proposed late in the proceedings that would open up the case to new discovery and considerable delay. See, for example, Kennedy v. Josephthal & Co., D.C. Mass. 1985, 635 F. Supp. 399. Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself, to disallow an amendment of a pleading. Carmona v. Toledo, C.A. 1st, 2000, 215 F. 3d 124.

WHEREFORE, Plaintiffs-in-Counterclaim respectfully request that this Court permit the

filing of the attached Amended Verified Counterclaims of Michael Capizzi and Catherine R. Capizzi.

Dated: July 1, 2004

Respectfully submitted,

MICHAEL CAPIZZI AND
CATHERINE R. CAPIZZI

Michael Capizzi, pro se
1725 Wedgewood Common
Concord, Massachusetts 01742
(978) 369-4894

Catherine R. Capizzi, pro se
1725 Wedgewood Common
Concord, Massachusetts 01742
(978) 369-4894

### RULE 7.1 (A) (2) CERTIFICATES

Pursuant to L.R. 7.1(A)(2), Plaintiff-in-Counterclaim Michael Capizzi has conferred with Plaintiff's counsel, John Doonan, Esquire and counsel for Defendant-in-Counterclaim Kevin Duffy, on the above motion and attempted in good faith to resolve the or narrow issues included.

Dated: July 17, 2004

Michael Capizzi

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on the date set forth below.

Date: July 17, 2004

Michael Capizzi

4