UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| **STATES RESOURCES CORPORATION,** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>)<br>**v.** )<br>)<br>**MICHAEL CAPIZZI,** )<br>**CATHERINE R. CAPIZZI,** )<br>**THE ARCHITECTURAL TEAM, INC.,** )<br>**GARRETT, INC.,** )<br>**JOHN CONNOLLY, JR.,** )<br>**MASSACHUSETTS DEPARTMENT OF REVENUE,** )<br>**JAMES GRUMBACH,** )<br>)<br>**Defendants.** )<br>) | **Civil Action No. 04 10095 DPW** |

**MEMORANDUM IN SUPPORT OF STATES REOURCES CORPORATION'S
MOTION FOR A PROTECTIVE ORDER**

The Plaintiff, States Resources Corporation, ("States"), by and through its attorneys, Doonan, Graves & Longoria, LLC, hereby submits this memorandum in support of its Motion for a Protective Order pursuant to Fed. R. Civ. P. 26(c) and Local Rule 37.1 with regard to The Architectural Team, Inc.'s, ("TAT"), Notice of Deposition. Plaintiff requests that this Court allow the deposition of States to be taken by telephone pursuant to Fed. R. Civ. P. 30(7).

FACTUAL BACKGROUND

On June 30, 2004, TAT requested to take the testimony upon oral examination of a

1

representative of States on August 4, 2004 at 9:00 A.M. in Boston, Massachusetts. States requested the deposition be taken by telephone and TAT assented initially, but then withdrew its assent on August 1, 2004. The Capizzis have also refused to assent. Garrett, Inc., John Connolly, Jr., and Kevin Duffy assent to States having its deposition taken by telephone. States moves for the Court's protection on the grounds that the Notice of Deposition creates an undue burden and inconvenience on States.

## ARGUMENT AND AUTHORITIES

States recognizes that coming to the Court for this Protective Order is truly a last resort to be used only when negotiations have failed. Fed. R. Civ. P. 26(b) provides that the Court may limit the use of discovery by a party if the discovery sought is "unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive." In seeking this Order, it is the plaintiff's burden of proving "good cause" for its request. *Multi-core Inc. v. Southern Water Treatment Co.,* 139 F.R.D. 262, 263-64 (D. Mass. 1991), *citing Anderson v. Cryovac Inc.,* 805 F.2d 1, 7 (1st Cir. 1986); *see also Public Citizen v. Liggett Group Inc.,* 858 F.2d 775, 789 (1st Cir. 1988), *cert. denied,* 488 U.S. 1030 (1989). In assessing whether to issue a protective order, Courts generally balance the hardship to the party against whom the discovery is sought versus the necessity of the information. *Id.,* at 264, *citing,* 8C Wright & Miller, *Federal Practice and Procedure* § 2043 (1970).

While it is generally understood that the plaintiff should be available for examination in the district in which the cause of action is taking place, since it chose that forum, "this rule is not to be applied absolutely and inflexibly to every situation." *Dalmady v. Price Waterhouse & Company*, 62 F.R.D. 157, 158 (D. P.R. 1973). Courts have not held plaintiffs to this rule if the plaintiff had no choice but to commence the suit in a particular district, because the cause of action arose there. *Kovalksy v. Avis Rent-A-Car, Inc*., 48 F.R.D. 453, 454 (D. P.R. 1969). Furthermore, courts have shown greater

flexibility in allowing out of state parties to be deposed by alternative means, such as by deposition by telephone. With regard to requests for a telephonic depositions, Fed. R. Civ. P. 30(b)(7) does not require "that a telephonic deposition may only be taken upon a showing of necessity, financial inability, or other hardship." *Jahr v. IU International Corp.,* 109 F.R.D. 429, 431 (M.D. N.C. 1986). "By looking to a concomitant 1980 amendment to Fed. R. Civ. P. 30, one discerns a purpose to encourage the courts to be more amenable to employing nontraditional methods of conducting depositions, such as telephonic depositions, in order to reduce the cost of federal litigation." *Id.* Consequently, if a party has provided a legitimate reason as to why a telephonic deposition is preferred, the burden then shifts to the opposing party, who must prove why the deposition should not be taken by telephone. *See id.; see also Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444 (W.D. Mich. 1993); *Anguile v. Gerhart*, 1993 WL 414665, *2 (D. N.J. 1993); *Cressler v. Neunschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996). If accuracy and trustworthiness can be ensured and there is no showing that the party requesting discovery will be prejudiced, a telephone deposition should be allowed. *Rehau, Inc.,* 145 F.R.D. at 447.

    A. <u>TAT's Notice of Deposition</u>

This is a surplus monies proceeding following a foreclosure, to determine whom is entitled to the surplus funds. TAT has attempted to broaden the scope of this litigation with its Counterclaims (Docket # 11) and Amended Counterclaims (Docket # 54). States did not select this forum for purposes of bringing parties to court to seek relief and damages. This is precisely the type of matter appropriate for telephonic deposition. TAT has requested that a representative of States come to Boston for an oral examination on August 4, 2004. States has designated Robin Oberg, its Special Assets Manager, as the individual at States who is most aware of the matters set forth in this action. States's request to have Mr. Oberg appear at the deposition telephonically has been refused by the Capizzis and TAT. In response to their refusal, States hereby requests that the Court allow Mr. Oberg to be deposed by

telephone pursuant to Fed. R. Civ. P. 30(b)(7).

TAT's Notice of Deposition indicates it intends to question Mr. Oberg relating to States's knowledge of a $50,000.00 check from Leonard Florence; Garrett, Inc.'s involvement with Leonard Florence; the alleged offer by Leonard Florence; and the advertisement relating to the foreclosure auction. *See* Exhibit A (a true and correct copy of the Notice of Taking Deposition of States Resources Corporation is attached hereto). As set forth in the attached affidavit, States has never had any direct contact with Garrett, Inc. or Leonard Florence. Furthermore, Massachusetts law is clear that there is no duty on the part of the foreclosing entity to disclose third party offers. *See Manoog v. Miele*, 350 Mass. 204, 213 N.E.2d 917 (1966). Any failure on the part of a foreclosing entity to disclose such offers does not constitute bad faith. *Id.* The *Manoog* case dealt with a more stark fact pattern where the Court refused to impose a duty on the foreclosing entity to disclose an accepted offer to resell the subject property following a foreclosure auction. The *Manoog* scenario involved a foreclosing entity, which had in fact agreed to sell the foreclosed property to a third party for more than the auction price. *Id*. The parties reached the agreement prior to the auction and the agreement was not disclosed to anyone. The foreclosing entity then sold the property to the third party, after acquiring it at the auction. *Id.* Clearly, if the Court found no duty under *Manoog*, there should be no finding of such a duty in this matter.

To require Mr. Oberg to fy to Boston from Omaha, Nebraska (States's principle place of business) to restate the responses in the affidavit that States had no direct contact with Garrett, Inc. or Leonard Florence is a waste of resources and time. States also notes that during the seven-hour deposition of Garrett Healey on August 2, 2004, there was no testimony that Mr. Healey or anyone from Garrett, Inc. had any contact with anyone from States Resources Corp. It is also unnecessary, since an alternative exists that would be just, inexpensive and a more efficient use of each party's

resources. Furthermore, because States had no choice in selecting the District of Massachusetts as its forum, since this is where the cause of action arose, States should not be required to be available for examination in said district, where as here, the examination arises not from its claim, but from other parties counterclaims. *See Kovalksy v. Avis Rent-A-Car, Inc*., 48 F.R.D. 453, 454 (D. P.R. 1969).

In sum, the costs and inconvenience involved in requiring Mr. Oberg to travel to Boston highly outweigh any prejudice to any party in conducting the deposition by telephone. In the instant matter, the nature and scope of questions are factual and brief. This is an ideal case for a telephonic deposition under Fed. R. Civ. P. 37(b)(7) and such a deposition would not prejudice any party. Based on the foregoing, face-to-face contact is not necessary in conducting a deposition on this entity in this case. *Jahr v. IU International Corp.,* 109 F.R.D. 429, 432 (M.D. N.C. 1986); *see also Anguile v. Gerhart*, 1993 WL 414665, *2 (D. N.J. 1993); *Cressler v. Neunschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996).

## CONCLUSION

While Garrett, Inc., Kevin Duffy, and John Connolly, Jr., have given their assent to States's request for a telephonic deposition, the Capizzis and TAT are unwilling to do so. Because there will be no prejudice to any party if States has its deposition taken by telephone, States requests that this Court allow it to be deposed telephonically.

WHEREFORE and based on all of the foregoing, the Plaintiff hereby moves the Court for an Order

1. Allowing States Resources Corporation to be deposed by telephone pursuant to Fed. R. Civ. P. 37(b)(7); and

2. For such other and further relief as this Court deems just and equitable.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Date: August 3, 2004 | /s/ Reneau J. Longoria<br>John A. Doonan, Esq. (BBO# 547838)<br>Reneau J. Longoria, Esq. (BBO#635118)<br>Doonan, Graves & Longoria, L.L.C.<br>100 Cummings Center, Suite 213C<br>Beverly, MA  01915<br>(978) 921-2670 |

# United States District Court
# Eastern District of Massachusetts

Civil Action No. 04 10095 DPW

STATES RESOURCES CORPORATION,

Plaintiff

v.

MICHAEL CAPIZZI,
CATHERINE R. CAPIZZI,
THE ARCHITECTURAL TEAM, INC.,
JOHN CONNOLLY, JR.,
GARRETT, INC.
MASSACHUSETTS DEPARTMENT OF REVENUE,
JAMES GRUMBACH
KEVIN DUFFY

Defendants

## NOTICE OF TAKING DEPOSITION OF STATES RESOURCES CORPORATION

### Notice Of Taking Of Deposition Of Party With Notice To Produce Documents

### [Rules 30(b)(1), 30(b)(5) (6)]

EXHIBIT A

**Please take notice that The Architectural Team, Inc. will take the testimony upon oral examination of STATES RESOURCES CORPORATION PLAINTIF AND DEFENDANT IN COUNTERCLAIM on <u>August 4, 2004 at 9:00 AM</u>, before, a notary public to take place at**

Eyal Court Reporting, Inc.
Fourth floor
4 Faneuil Hall Marketplace
Boston, MA 02109

    The Architectural Team, Inc. hereby requests STATES RESOURCES CORPORATION designate those officers, agents, employees, or others who shall be examined upon oral deposition and further requested to choose for the oral deposition one or more of its proper employees, officers, attorneys, agents, or other persons duly authorized to testify on its behalf who are most aware of the matters set forth in the pleadings in the within proceeding, those that will testify, those most knowledgeable of the retaining of Garrett, Inc. of the $50,000.00 check of Leonard Florence, the foreclosure, the $50,000.00 deposit check (copy, front and back) of Leonard Florence, the unconditional offer of Leonard Florence for the locus for $2,000,000.00, the decision not to notice Michael Capizzi or The Architectural Team, Inc. of such check and offer, on any date and particular the time of the sale to Kevin Duffy, the decision not to accept the offer of Leonard Florence between August 25, 2003 and September 26, 2003, all payments or billings by John Doonan and his firm including all time records, the cashing and deposit of the $50,000.00 check of Leonard Florence, all advertising by Garrett, Inc., and all claims of The Architectural Team, Inc. and Michael

2

Capizzi set forth in this proceeding, and all matters set forth in the mandatory/automatic responses as required by both local rules and federal rules of civil procedure, all conversation of John Doonan or his associates with Kevin Duffy or his agents, attorneys on or before September 26, 2003, with reference to 236 Lincoln Road,
And to appear
for this <u>oral examination</u> at the above time and place and requests to at such time and place <u>produce</u> and to permit The Architectural Team, Inc. <u>to copy and inspect</u> at the oral examination at the above time and place each of the following documents listed in the attachment hereto. The deposition shall take place before a notary public, Armos Eyal or such other notary public as appears.

All parties are invited to attend and cross-examine.

## ATTACHMENT

### Notice To Produce Documents

Copy and inspect at the oral examination at the above time and place each of the following documents.

1. That in addition to oral examination, there will be produced at that deposition all the documents, records and data referred to in the <u>Federal Rule Civil Procedure Rule 26 1. A</u> filings of Garrett, Inc., States Resources Corporation, Kevin Duffy, and The Architectural Team, Inc. in the care, custody, control or possession of STATES RESOURCES CORPORATION., their attorneys, agents or others under their or either direction.

2. $50,000.00 check of Leonard Florence or copy (front and back) as set forth in the mandatory discovery regarding the property known as 236 Lincoln Road, Lincoln, MA, the deposit slip, the account into which said $50,000.00 check was deposited, the account statement for the month of deposit and the month thereafter, all checks written upon such account for

3

the month of deposit and the two month thereafter, all deposits for the months of deposit and the following two months, the check returning the $50,000.00 to Leonard Florence or his accountant or designee. The deposit records of Lind Micu, the account, the tracing of such funds after deposits.

3. Copies of all advertising regarding the property at 236 Lincoln Road, Lincoln, MA, dates of publications, approvals by STATES RESOURCES CORPORATION and John Doonan or members or associates or para legals of his law firm and without limitations all advertisement in the Boston Globe of Garrett, Inc.

4. Copies of all town assessors description of 236 Lincoln Road, Lincoln, MA, tax bills, tax listings and listing data regarding the 236 Lincoln Road, Lincoln, MA property.

5. All communications with Leonard Florence and his counsels and accountants regarding 236 Lincoln Road, Lincoln, MA.

6. All time records of John Doonan and his firm re the foreclosure and all matters related thereto as to 236 Lincoln Road, Lincoln, MA.

7. Copy of description of the 236 Lincoln Road, Lincoln, MA property by metes and bounds and area and square footage The first sales agreement and ALL correspondence related thereto, the check of deposit on account of purchase, the deposit of same and the application of the $5,000.00 check.

8. There will be produced all records of any type, kind or nature written, copies, or electronic, in the custody, control or possession of STATES RESOURCES CORPORATION and its attorneys and agents that in any way

relate, directly or indirectly, to the subject property in Lincoln, Massachusetts, internal memos, the advertising, promotional materials, foreclosure of the same, proposed bidders, bidders, interested persons, offers, and all communications re same with either States Resources Corporation and or Michael Capizzi, Elizabeth Capizzi, or both or with one on their behalf, including without limitation telephone/cell phone records to States or Leonard Florence, or The Architectural Team, Inc., all e mails, and memorandums, and all documents and items identified directly or indirectly in the pleadings of Garrett, Inc, Garrett Auctioneers Inc, The Architectural Team, Inc., States and its counsel and auctioneer and Kevin Duffy or his counsels, and without limitation, all records relating to the check and offer of Leonard Florence, with anyone, including deposits by States, it counsel, Garrett, Inc, Garrett Auctioneers Inc and memo and writings or notes including all discussions with States Resources Corporation and it agents and counsels referencing the Lincoln property.

9.  . STATES RESOURCES CORPORATION will produce a list of all documents as requested anywhere herein that did exist but are now lost, misplaced or unavailable.

10.   Documents that indicate directly or indirectly suggestions by any person or organization of auctioneer charges, both within and outside Massachusetts.

11.   All communications with counsel for Garrett Healey and Garrett, Inc and Garrett Auctioneers, Inc.

12.   All records and documents including all writings, memos, telephone/cell phone records of notice to States Resources Corporation and/or John Doonan re the Leonard Florence check and offer or both and all letters and communications received from Leonard Florence or another

5

on his behalf or his companies behalf or/and Fay Florence regarding the offer, the check, the proceeds, the foreclosure, the Lincoln property, including the check deposits and the return of the same to Leonard Florence by States, Garrett, Inc and or Garrett Auctioneers, Inc.

13. All records of communication and agreements with any bidder or their counsel of agent re the Lincoln, MA property including all interest person inquiry.

14. Copies of all licenses issued by Massachusetts re real estate brokers and salesperson that were issued to Garrett, Inc.

15. All e mails with any other person or organization regarding directly or indirectly the issues raised by the pleadings.

16. The address and contact person of each reference furnished by Garrett, Inc. in its pleadings, including date of engagement, specific matter of engagement and fee charged and payment made thereon

17. All correspondence from John Doonan or his associates re offer of Leonard Florence and $50,000.00 check.

18. All checks or evidence of payments to Garrett, Inc. or Garrett Healey or Garrett Auctioneers Inc. on account of them or either of them paid on account of employment or referral as an auctioneer.

19. All documents of every type, kind or nature related to auctioneer fee arrangements, expenses and cost, all fees and expenses or costs expensed, all request for permission for expenses or costs to States and responses from States, all checks evidencing such costs and expenses

and all actual payments for auctioneering costs, expenses, advertising by Garrett, Inc. or Garrett Healey or/and Garrett Auctioneers, Inc.

20. All communications with States Resources Corporation or their counsels or agents referencing any matter as to Leonard Florence, his companies, his offer, his writing, his check, all writings and memos re same, the history of deposits of the check.

21. All communications with Attorney John Doonan and/or is associates, assistance, counsel, paralegals having any relation to the Lincoln, Ma property.

22.. Copy of your driver's license and passport for identification purposes.

21. All communications and documents that support, reference or tend to support the allegations or facts made by STATES RESOURCES CORPORATION as contained in any and all pleadings and filings in 04-10095 DPW.

22. All policies of insurance that may apply to the issues of the proceeding including all liability policies that may be applicable to the actions or omissions of any party hereto or their counsels.

23. Copies of all documents that reflect the description of the property at 236 Lincoln Road, the number of acres, the number of bathrooms, the number of bedrooms and all advertising in the Boston Globe regarding any sale of the property at foreclosure.

25. The documents reflecting the $50,000.00 check of Leonard Florence, when STATES RESOURCES CORPORATION knew of same and when

7

**STATES RESOURCES CORPORATION** learned of its deposit by Garrett Healey or Garrett, Inc. and/or Garrett Auctioneers, Inc and all objections thereto and notices to any person of such $50,000.00 receipt.

26.    The $5,000.00 deposit check, into what account was it deposited, by who deposited and the credit of the same, if any, to what account.

## DEFINITIONS

    A.    "States Resources Corporation" or "States" as used herein refers to the, its officers, directors, agents, attorneys, servants, representatives, and any other person acting for it or on its behalf.

    B.    "Garrett, Inc" as used herein refers to Defendant, Garrett, Inc, Garrett Auctioneers, Inc., its officers, directors, agents, attorneys, servants, representatives, and any other person acting for it or on its behalf.

    C.    "Garrett Healey" as used herein refers to Garrett Healey, his officers, directors, agents, attorneys, servants, representatives, and any other person acting for it or on its behalf.

    D.    "Communication" as used herein in addition to the above identification, means any written or oral transmission of fact, information, opinion, utterance, notation, or statement of any nature, whatsoever, including, but not limited to Documents as defined below, correspondence, facsimiles, electronic mail, and telephone/cell conversations, video/audio recordings.

    E.    "Document" in addition to the above directions and identification, as used herein includes notes, inter-office communications, intra-office communications, memoranda, agreements, contracts, legal reports, studies, calendars, schedules, plans, drawings, specifications, designs, sketches, pictures, photographs, photocopies, descriptions, journals, ledgers, bills, invoices, checks, canceled checks, receipts, transcripts of telephone conversations, financial records, corporate records, correspondence, reports, agreements, assignments, mortgages, understandings, licenses, balance sheets, profit and loss statements, bank statements, check stubs, check registers, bank books, passbooks, certificates of deposit, deposit slips, advertisements, credit applications, drafts, facsimiles, and each and every writing, graphic matter, or other medium upon which intelligence or information can be recorded whether

8

currently contained on paper or within the memory of a computer, on computer disk, or recorded in some other manner. This definition specifically includes all drafts and final versions of such documents whether different from the original because of alterations, notes, comments, initials, underscoring, routing information, or other material attached thereto. Such items shall without limitation including writing, faxes, electronic communications.

      H.      The relevant time period covered by this request, or unless otherwise specified, is from January 1, 1999, to the date upon which the response is made, noting the continued obligation to update or supplement any response.

The notice shall further contain.

## INSTRUCTIONS AND DEFINITIONS

1. As used herein, the term "documents" encompasses all items which are within the scope of Federal Rules of Civil Procedure including local rules, including without limitation, all no identical copies of such documents and all data compilations available to deponent from which information can be obtained and translated into usable form and including all writings or notes made thereon.

2. If any of the documents described below are withheld on the grounds of privilege or work, each such document should be identified by author, recipient, date, current custodian, general description (e.g., letter memorandum, notes, etc.) general subject matter and the basis upon which it is withheld from production.

3. Unless otherwise noted, this request is intended to encompass all documents from January 1, 1999 to the present.

Dated: _June 30, 2004

s/Jordan Lewis Ring

Jordan Lewis Ring, Esquire
Attorney for:
The Architectural Team, Inc.
RING LAW FIRM
4 Longfellow Place 37th Floor
Boston, Massachusetts 02114
BBO# 420980
jordanlewisring@masslawyer.us
617-558-9800/fax 617-558-9801

9