UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

STATES RESOURCES CORPORATION, )
)
    Plaintiff, )
)
) Civil Action No. 04 10095 DPW
)
v. )
)
MICHAEL CAPIZZI, )
CATHERINE R. CAPIZZI, )
THE ARCHITECTURAL TEAM, INC., )
GARRETT, INC., )
JOHN CONNOLLY, JR., )
MASSACHUSETTS DEPARTMENT OF REVENUE, )
JAMES GRUMBACH, )
)
    Defendants. )
)

## AFFIDAVIT OF ROBIN OBERG IN SUPPORT OF STATES RESOURCES CORPORATION'S MOTION FOR A PROTECTIVE ORDER

1. I, Robin Oberg, am the Special Assets Manager for State Resources Corp., ("States"), the Plaintiff in the above captioned interpleader matter.

2. I am the individual at States who is most aware of the matters set forth in the above action and, therefore, will be States's representative for the deposition.

3. The total outstanding debt that was due to States was $932,630.87, which was made up of the principal balance of $651,277.66, interest in the amount of $181,781.09, late charges totaling $6,628.66, impound in the amount of $9,434.97, and fees and costs in the amount of $83,508.49. This amount has been collected by States, but continues to accrue legal fees and costs.

4. Based on the foregoing facts and circumstances, this action was filed so that the Court might award States its further accrued interest and incurred fees and costs; determine who is

entitled to the surplus of funds; determine reasonable auctioneer costs; and distribute the surplus funds.

5. The Architectural Team, Inc., ("TAT"), has requested that I come to Boston for an oral examination on August 4, 2004.

6. Upon information and belief, States's request to appear at the deposition telephonically has been assented to by TAT, Garrett, Inc. and John Connolly, Jr.

7. Upon information and belief, the Capizzis have refused to assent and Joseph M. Connors, Jr. has been unavailable.

8. In response to the Capizzis' refusal, States hereby requests that the Court allow me to be deposed by telephone pursuant to Fed. R. Civ. P. 30(b)(7).

9. TAT's Notice of Deposition indicates questioning on the following topics: the fifty thousand and 00/100 ($50,000.00) dollars check from Leonard Florence; States's knowledge of Garrett, Inc.'s involvement with Leonard Florence; the alleged offer by Leonard Florence; and the advertisement relating to the foreclosure auction. I am the person at States most familiar with those topics.

10. No employee of States has ever had any direct contact with Garrett, Inc. or Leonard Florence and any knowledge of either entities' involvement with the other is based upon information from its counsel.

11. States has had no direct contact with the foreclosure vendors other than its counsel in this action.

12. Upon information and belief, the statutory advertisements were made by our attorneys at Doonan, Graves and Longoria, LLC, and the commercial advertisements were made by Garrett Inc., States had no direct contact with the entities publishing the Notices of Sale, other than reviewing one display ad, which was forwarded to States by its counsel.

13. Based on the lack of personal knowledge concerning this sale, I anticipate my testimony will be very brief and I request permission to have my deposition taken via telephone pursuant to Fed. R. Civ. P. 30(b)(7).

Sworn to under the pains of penalty and perjury,

Dated: 7-30-2004

*signature*

Robin Oberg
State Resources Corp.

Notary: *Donna Butler*

GENERAL NOTARY-State of Nebraska
DONNA BUTLER
My Comm. Exp. Sept. 24, 2004