# United States District Court
# Eastern District of Massachusetts

**Civil Action No. 04 10095 DPW**

_____

STATES RESOURCES CORPORATION

**Plaintiff**

v.

MICHAEL CAPIZZI,
CATHERINE R. CAPIZZI,
THE ARCHITECTURAL TEAM, INC.,
JOHN CONNOLLY, JR.,
GARRETT, INC.
MASSACHUSETTS DEPARTMENT OF REVENUE,
JAMES GRUMBACH
KEVIN DUFFY

**Defendants**

_____

**THE ARCHITECTURAL TEAM, INC.'S MEMORANDUM OF LAW
IN OPPOSITION
UNDER MA R USDCT LR 7.1 (B) 2
TO MOTION OF STATES RESOURCES CORPORATION
FOR PROTECTIVE ORDER AND FOR
REQUEST FOR RELIEF**

**BRIEF OVERVIEW**
The Architectural Team, Inc. (Tat) served States

Resources Corporation (States) on <u>June 30, 2004</u> a Notice of

Deposition and Production under FRCP <u>Rule 30 (b) (1)</u> and

FRCP <u>Rule 30 (b) (5) (6)</u> for a deposition to be conducted on

<u>August 4, 2004</u> in Boston, Massachusetts to be recorded via a

stenographic record.  For judicial economy, that Notice of Taking is set out in the Motion for Protective Order by States, incorporated herein without repeating that which is of record. <u>See,</u> Motion of States Docket Item 74 and Memorandum of Support <u>Docket Item 75</u> entered <u>8/3/04</u> on this Court's docket, the day before the deposition date of <u>8/4/04</u>.

A portion of the production material duly requested by Tat together with the deposition notice was served by States upon Tat together with the refusals by States to produce and the *<u>invocation of the attorney-client privilege by counsel</u>* of States thirteen (13) times.[1]  The invocation of the attorney-client privilege by States is an implied admission that the claimed privileged material would be harmful to States.  <u>See,</u> <u>Phillips v. Chase</u>, 201 Mass 444, 450, 87 NE 755, 758 (1909), as applied under FRE <u>Rule 501</u>.  For the purpose of this opposition, such claim is proffered by Tat to further support the now need of an stenographic record of appearance of States who continues to not have registered with the Secretary of State of Massachusetts as mandated by G.L. c. *181, § 9,* and, has further refused in its production response to produce the requested policies of insurance that may apply in this

---

[1] States claims the attorney-client privilege in Response to Request numbered 6,8,9,10,11,12,15,18,19,20,21,21(sic),25 to the Requests of Tat. *See* filing of States setting forth Requests of The Architectural Team, Inc. (Docket item 75)

proceeding. <u>See,</u> Tat Request 22 in the production request in the Notice of Taking.

## BRIEF HISTORY

After service of the deposition notice, States requested Tat agree to a telephonic deposition. Tat first conditionally agreed to the taking of that deposition by telephonic mean provided that:

    a. each party designated by States was properly identified under the <u>FRCP Rule 30</u> process, his/her oath properly administered;

    b. was alone in the room without notes or prompters during the depositions, except for the documents provided in the production request of Tat's;

    c. that affidavits of the aforesaid were to be provided to counsels of all parties and that the deposition was completed to the satisfaction of all counsels and parties; and

    d. electronic confirmation was received and agreed upon by all parties.

The e mail confirmation by Attorney Doonan neither referred to the consent of the "parties", other than The Architectural Team, Inc. as is mandated by the <u>FRCP Rule 30,</u> nor contained the agreed stipulation regulating the telephonic

3

deposition.  The global consent requirement of <u>all parties</u> to telephonic depositions under <u>FRCP Rule 30</u> was brought to Attorney John Doonan's attention by this counsel by e-mail.  Thereafter, <u>for the first time,</u> literally a few days before the scheduled deposition, noticed more than a month prior to the request, Attorney Doonan sought the assent of parties other than Tat.  Because of the closing of discovery on <u>September 7, 2004</u>, by ORDER of this Court (Docket item 44), Tat was unwilling to prejudice the deposition by any delay.  *<u>The day before</u>* the scheduled deposition Attorney Doonan filed the Motion for Protection creating a prejudicial delay to Tat by delaying discovery within the mandate of the ORDER of this Court (Docket item 44).  The delay was exacerbated by Attorney Doonan who waits until the day before the deposition date to file a request for a protective order.  Such delay has now frustrated Tat in completing the discovery process.

Further Attorney Doonan in the Motion for the Protective Order set forth arguments regarding the merits of Tat's claim that does not fully and fairly reflect the law and the facts.

<u>RELEVANT LAW</u>

States Resources Corporation owed to The Architectural Team, Inc. a duty of good faith, diligence as provided by Massachusetts law in dealing with the foreclosure of the

property of Michael Capizzi known by States to be specially attached by order of the Massachusetts Courts by Tat. These facts of the special attachment issued after hearing by the Superior Court of Massachusetts of The Architectural Team, Inc. (and the subsequent execution issued by the Superior Court) are set forth by admissions in the pleadings of States, admittedly known to States and again for judicial economy are not repeated here. *See* admissions of such knowledge by States in their Complaint (Docket item 1) ¶ 32 and Exhibit N wherein it declared the $600,000.00 attachment of Tat was known by States. As such, States, aside from a duty to Michael Capizzi, owed such *direct* duty to Tat.

Chief Justice Rugg observed in Sandler v. Silk, 292 Mass. 493, 496 (1935), "[t]he mortgagee is a trustee for the benefit of all persons interested." *See also* Taylor v. Weingartner, 233 Mass. 243, 247 (1916) ("The defendant in executing the power [of sale] was bound to exercise the utmost good faith for the protection of the rights of the owner of the equity of redemption....").

Recent Supreme Judicial Court opinions declare the expanded duty of the mortgagor in its present context:

> We have frequently stated that the basic rule of law applicable to the foreclosure of real estate mortgages is that "a mortgagee in exercising a power of sale in a mortgage must

5

> act in good faith and must use reasonable diligence to protect the interests of the mortgagor." <u>West-Roxbury Co-op. Bank v. Bowser, 324 Mass. 489, 492, 87 N.E.2d 113, 115 (1949)</u>. <u>Manoog v. Miele, 350 Mass. 204, 206, 213 N.E.2d 917 (1966)</u>. <u>Union Mkt. Nat'l Bank v. Derderian, 318 Mass. 578, 581-582, 62 N.E.2d 661 (1945)</u>. <u>Sandler v. Silk, 292 Mass. 493, 496, 198 N.E. 749 (1935)</u>. <u>Cambridge Sav. Bank v. Cronin, 289 Mass. 379, 382, 194 N.E. 289 (1935)</u>. *321 "This duty and obligation is available for the protection not only of the mortgagor *but of those claiming in his right, including those holding junior encumbrances or liens*," <u>Sher v. South Shore Nat'l Bank, 360 Mass. 400, 401, 274 N.E.2d 792 (1971), and thus including Seppala & Aho's attachment</u>. <u>Sandler v. Silk, 292 Mass. 493, 496, 198 N.E. 749, 794 (1935)</u>. Seppala & Aho Const. Co., Inc. v. Petersen, 373 Mass. 316, 367 N.E.2d 613 (Emphasis added).

**Further, more recent declarations of that expanded duty owed by States is set out by the Supreme Judicial Court as provided:**

> Chapter 93A is "a statute of broad impact which creates new substantive rights and provides new procedural devices for the enforcement of those rights." <u>*Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 693, 322 N.E.2d 768 (1975)</u>. The relief available under c. 93A is "sui generis. It is neither wholly tortious nor wholly contractual in nature, and is not subject to the traditional limitations of preexisting causes of action." <u>*Id.* at 704, 322 N.E.2d 768.</u> It "mak[es] conduct unlawful which was not unlawful under the common law or any prior statute." *13 <u>*Commonwealth v. DeCotis*, 366 Mass. 234, 244 n. 8, 316 N.E.2d 748 (1974)</u>. Thus, a cause of action under c. 93A is "not

6

> dependent on traditional tort or contract law concepts for its definition." *Heller v. Silverbranch Constr. Corp.*, 376 Mass. 621, 626, 382 N.E.2d 1065 (1978). See *Nei v. Burley*, 388 Mass. 307, 313, 446 N.E.2d 674 (1983) ("[A]nalogies between common law claims for breach of contract, fraud, or deceit and claims under c. 93A are inappropriate because c. 93A dispenses with the need to prove many of the essential elements of those common law claims"). *Kattar v. Demoulas*, 433 Mass. 1, 13-14, 739 N.E.2d 246 (2000).

The deposition taken August 2, 2004 (transcript not yet available as of this writing) of Garrett, Inc., the auctioneer of States, established a written unconditional offer of Leonard Florence for the subject property for $2,000,000.00 with a $50,000.00 deposit check cashed by the auctioneer and placed in his designated trust account.[2]

The $800,000 higher offer with a $50,000.00 cashed deposit check, was in writing and was unconditional, made by a multi millionaire[3] was *never* communicated to Michael Capizzi, The Architectural Team, Inc., and of more telling consequence, not communicated to the United States Bankruptcy Court Case No 03-18040-JNF in a pleading filed by States related to the Michael Capizzi bankruptcy proceeding

---

[2] Verified by representation of this counsel under Rule 11 as to these facts re deposition.
[3] So confirmed by testimony of the deposition of August 2, 2004 by Garrett, Inc agent of States and so verified by this counsel.

which disclosure is arguably mandated under <u>MA R USBCT MLBR 4001-1.</u>

### CONCLUSION AND RELIEF

Respectfully The Architectural Team, Inc. requests that:

a. The Request for Protective Order of States be denied;

b. That the ORDER of this court regarding time deadlines be extend by 21 days; i.e. that discovery deadline of <u>September 7, 2004</u> be extended to <u>September 28, 2004</u>;

c. that the summary judgment dated of <u>October 8, 2004</u> be extended to <u>October 29, 2004</u>…<i>See,</i> Docket item 44; and

d. that the deposition of States be ORDERED to proceed forthwith; and

e. such other further relief as this Courts deems meet and proper.

That to the extent applicable, counsel has complied with MA R USDCT LR 7.1 (2) by electronic communications.

<u>August 10, 2004</u>

Respectfully submitted,

By its Attorney,

s/Jordan Lewis Ring
Jordan Lewis Ring, Esquire
Attorney for:
The Architectural Team, Inc.
RING LAW FIRM

8

**4 Longfellow Place**
**37th Floor**
**Boston, Massachusetts**
**02114**
**BBO# 420980**
**jordanlewisring@masslawyer.us**
**617-558-9800**
**fax 617-558-9801**

```
               UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF MASSACHUSETTS
                CIVIL ACTION NO 04-10095DPW
```

**STATES RESOURCES CORPORATION,**

**Plaintiff**

v.

**MICHAEL CAPIZZI,**
**CATHERINE R. CAPIZZI,**
**THE ARCHITECTURAL TEAM, INC.,**
**JOHN CONNOLLY, JR.,**
**GARRETT, INC.**
**MASSACHUSETTS DEPARTMENT OF REVENUE,**
**JAMES GRUMBACH**
**KEVIN DUFFY**

**Defendants**

**CERTIFICATE OF SERVICE MA R USDCT LR 5.2**
**THE ARCHITECTURAL TEAM, INC.'S MEMORANDUM OF LAW**
**IN OPPOSITION**
**UNDER MA R USDCT LR 7.1 (B) 2**
**TO MOTION OF STATES RESOURCES CORPORATION**
**FOR PROTECTIVE ORDER AND FOR**
**REQUEST FOR RELIEF**

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by electronic service as provided in the docket

ELECTRONIC FILING TO ALL E-MAIL ADDRESSES
```
August 11, 2004
```

        **Respectfully submitted.**
        **By its Attorney,**
           **s/Jordan Lewis Ring**
        **Jordan Lewis Ring, Esquire**
        **Attorney for:**
        **The Architectural Team, Inc.**
        **RING LAW FIRM**
        **4 Longfellow Place 37th Floor**
        **Boston, Massachusetts 02114**
        **BBO# 420980**
        **jordanlewisring@masslawyer.us**
        **617-558-9800/fax 617-558-9801**