**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**C.A. No.:  04-10095-DPW**

|  |  |
|---|---|
| | ) |
| STATE RESOURCES CORPORATION, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL CAPIZZI, | ) |
| CATHERINE R. CAPIZZI, | ) |
| THE ARCHITECTURAL TEAM, INC., | ) |
| GARRET, INC., | ) |
| JOHN CONNOLLY, JR., | ) |
| MASSACHUSETTS DEPARTMENT OF | ) |
| REVENUE, and | ) |
| JAMES GRUMBACH, | ) |
| Defendants | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF THIRD PARTY DEFENDANT, KEVIN DUFFY'S OPPOSITION TO MOTION TO PERMIT THE FILING OF AMENDED VERIFIED COUNTERCLAIMS OF DEFENDANTS MICHAEL CAPIZZI AND CATHERINE R. CAPIZZI**

In support of Third Party Defendant's Opposition to Defendants Michael Capizzi and Catherine R. Capizzi's Motion to Permit the Filing of Amended Verified Counterclaims, Kevin Duffy hereby submits the within Memorandum of Law.

**LEGAL ARGUMENT**

Fed. R. Civ. P. 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  The decision whether to grant leave to amend is within the sound discretion of the court.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Though the standard for allowing a party leave to amend has been construed liberally by the courts, leave shall not be freely given when such circumstances as "undue delay, bad

faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment" are present.  Foman at 182. In the present case, the Defendant's proposed amendment is futile and will have a prejudicial effect on all parties involved in the litigation.

A.    **Defendants Michael Capizzi and Catherine R. Capizzi's Motion Should Be Denied Because The Proposed Amendment Is Futile.**

The Capizzis argue that paragraph seventy-one (71) of their counterclaim for unlawful and fraudulent foreclosure should be amended to include more extensive details regarding their allegations that the Notice of Foreclosure Sale incorrectly described the foreclosed property.   In support of their motion, Defendants argue that "such significant discrepancies should be set forth within the counterclaim with greater particularity." *See* Motion to Permit the Filing of amended Verified Counterclaims of Defendants Michael Capizzi and Catherine R. Capizzi ¶ 6.

Through their counterclaims, the Capizzis have clearly alleged that the Notice of Foreclosure Sale inaccurately describes the property.  The facts, as already described in the currently filed verified counterclaim, are sufficient and on point.  To allow the Capizzis to amend their counterclaim would be redundant.

The Defendants proposed amendment is further futile, because even if the proposed amendment is allowed, the amended third party claims could not withstand a motion to dismiss. *See* Wright, Miller & Kane, 6 Federal Practice and Procedure § 1487 (2d ed. 1990), *See* Halpert v. Wertheim & Co., 81 F.R.D. 734 (D.C.N.Y. 1979). *See* Bernstein  v. National Liberty Int'l Corp., 407 F. Supp. 709 (D.C. Pa. 1976).

In their Third Party action against Third Party Defendant, Kevin Duffy, the Capizzi's allege a claim for wrongful eviction, including damages for loss or destruction or damage to personal property removed from the Capizzis' residence upon levy of the eviction execution.  However, in or about December 2003, Defendant in Third Party Complaint, Kevin Duffy, filed a Summary Process action (C.A. No. 0347-CV-0517) in the Concord District Court and on December 18, 2003, after trial, the Court entered a

judgment for possession and damages in favor of Kevin Duffy.  *See* Motion to Permit the Filing of amended Verified Counterclaims of Defendants Michael Capizzi and Catherine R. Capizzi ¶ 57.

As a result, the Defendants Michael Capizzi and Catherine R. Capizzi's proposed Third Party claims would not withstand a motion to dismiss, because said claims require the Federal Court to review the State Court Summary Process action.  Under the Rooker-Feldman Doctrine, the Lower Federal courts do not have subject matter jurisdiction to review Massachusetts State Court decisions; this jurisdiction lies only with the Massachusetts Appeals Court, the State Supreme Judicial Court and the United States Supreme Court.  *See* Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999); *See* Generally District of Columbia Court of Appeals v. Fedlman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).   Here, the Capizzi's failed to perfect their appeal by failing to post bond and therefore the Concord District Court issued an execution.  The Capizzi's are now asking this Federal Court to essentially void the Massachusetts State Court decision regarding the Summary Process.  The Capizzi's Federal Court claims, with respect to Kevin Duffy, are "inextricably intertwined" with issues already addressed and adjudicated in the State Court Summary Process action.  *See* Feldman, 460 U.S. at 286.  Therefore, this Court does not have jurisdiction to hear the Capizzis' proposed Third Party claims.  Said Third Party claims must not be allowed and, ultimately, must be dismissed pursuant to the Rooker-Feldman Doctrine.  The claim for damages for destruction or damage to personal property is intertwined with the Wrongful Eviction claim and therefore, though a new claim, cannot stand alone in the Federal Court because it lacks subject matter jurisdiction on that claim.

The same argument applies to the Capizzi's allegation of "unlawful and fraudulent foreclosure."  This claim is also futile under the Rooker-Feldman Doctrine as the state court has already rendered a judgment against the Capizzis.

**B.     Defendants Michael Capizzi and Catherine R. Capizzi's motion should**
**        denied because the proposed amendment is prejudicial.**

The Capizzis' proposed amendment is prejudicial.  Capizzis' proposed amendment alters paragraph seventy-one (71) in that it identifies a potential witness, Kathleen e. Cook, a real estate broker, who allegedly wrote a letter to Michael Capizzi regarding the possible listing price of the foreclosed property.  In the present case, the discovery deadline is September 7, 2004.  There are less than two months remaining for discovery until this deadline, yet more than six months have passed since the Complaint was originally filed with this Court.  Therefore, the Defendant in the Third Party action, Kevin Duffy, would be unfairly prejudiced by the Court's allowance of this amendment, because further discovery would be necessary to address the Capizzis' allegation regarding the proposed listing price of the foreclosed property determined by Ms. Cook.

## CONCLUSION

WHEREFORE, the Third Party Defendant, Kevin Duffy, respectfully requests that this Court deny Defendants Micahel Capizzi and Catherine R. Capizzi's Motion to Permit the Filing of Amended Verified Coutnerclaims and, additionally, that the alleged claim of wrongful eviction against Kevin Duffy be dismissed.

Respectfully Submitted,
Kevin Duffy,
by his attorney

Date:    August 17, 2004

/s/ Joseph M. Connors, Jr.
Joseph M. Connors, Jr.
BBO No.:  548622
Law Offices of Joseph M. Connors, Jr., P.C.
135 Beaver Street
Waltham, Massachusetts  02452
(781) 893-8200

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**C.A. No.:  04-10095-DPW**

|  |  |
|---|---|
| STATE RESOURCES CORPORATION, | ) |
| Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| MICHAEL CAPIZZI, | ) |
| CATHERINE R. CAPIZZI, | ) |
| THE ARCHITECTURAL TEAM, INC., | ) |
| GARRET, INC., | ) |
| JOHN CONNOLLY, JR., | ) |
| MASSACHUSETTS DEPARTMENT OF | ) |
| REVENUE, and | ) |
| JAMES GRUMBACH, | ) |
| Defendants | ) |
|  | ) |

## CERTIFICATE OF SERVICE

I, Joseph M. Connors, Jr., hereby certify that true and correct copies of the Third Party Defendant, Kevin Duffy's, OPPOSITION TO MOTION TO PERMIT THE FILING OF AMENDED VERIFIED COUNTERCLAIMS OF DEFENDANTS MICHAEL CAPIZZI AND CATHERINE R. CAPIZZI and supporting papers have been served by placing same in the United States Mail, postage pre-paid, on this 17th day of August 2004, to all of the individuals on the following service list.

/s/ Joseph M. Connors, Jr.
Joseph M. Connors, Jr.

## SERVICE LIST

Michael Capizzi
1725 Wedgewood Common
Concord, MA  01742

Catherine R. Capizzi
1725 Wedgewood Common
Concord, MA  01742
Law Office of Carment A. Frattaroli
Attn:   Stephanie Williams
76 Lafayette Street

Salem, MA  01970

Massachusetts Department of Revenue
Counsel for the Commissioner
Attn:  Eileen McAuliffe
100 Cambridge Street
Boston, MA  02114

Ring Law Firm
Attn:   Jordan Lewis Ring
4 Longfellow Place, 37th fl.
Boston, MA  02114

Law Offices of John Connolly, Jr.
Attn:   John Connolly, Jr.
Kevin P. Geaney
545 Salem Street,
Wakefield, MA  01880