Exhibit 1

UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10095DPW

STATES RESOURCES CORPORATION )
  Plaintiff )
)
v. )
)
MICHAEL CAPIZZI, CATHERINE CAPIZZI, )
THE ARCHITECTURAL TEAM, INC., )
GARRETT, INC., JOHN CONNOLLY, JR., )
MASSACHUSETTS DEPARTMENT OF )
REVENUE, and JAMES GRUMBACH )
  Defendants )

## STATES RESOURCES RESPONSE TO INTERROGATORIES PROPOUNDED BY GARRETT, INC.

INTERROGATORY NO.1:

Do you believe that it is reasonable to pay Garrett, Inc. a commission that amounts to three and one half percent (3½%) of the price obtained for the Property at auction?

ANSWER: While up to the discretion of the Court, paying a commission that amounts to three and one half percent of the price obtained at auction is certainly within the range considered reasonable.

INTERROGATORY NO.2:

State the basis for any claim that Garrett, Inc. should be paid a commission that is less than three and one half percent (3 1/2%) of the price obtained at auction for the Property.

ANSWER: The awarding of the commission is at the discretion of the Court, but a commission of three and one half percent (3 ½%) was agreed to between our agent and Garrett, Inc.

INTERROGATORY NO.3:

Describe the nature of the relationship between you and Doonan, Graves & Longoria, LLP/John Doonan with respect to the Property.

ANSWER: Doonan, Graves & Longoria, LLP was our attorney concerning the foreclosure and related litigation in regards to the Property.

INTERROGATORY NO.4:

Describe in full and complete detail any agreement between you or Doonan, Graves & Longoria, LLP and Garrett, Inc. with respect to the commission to be paid to Garrett, Inc. in connection with auction of the Property.

ANSWER: Any agreement concerning the paying of a commission to Garrett, Inc. is embodied in the e-mail from to Doonan, Graves & Longoria, LLP previously produced.

INTERROGATORY NO.5:

Describe in full and complete detail any and all authorization given by you to Garrett, Inc. with respect to marketing and/or advertising of the Property.

ANSWER: The advertisement placed by Garrett, Inc. was reviewed by States and the information contained therein was based upon the best available information in the possession of States.

INTERROGATORY NO.6:

Did you or any agent or attorney of States approve the newspaper adds run in the Boston Globe with respect to the auction of the Property?

ANSWER: See answer to Interrogatory No. 5.

INTERROGATORY NO.7:

Within the two (2) years preceding the commencement of this litigation to the present, state how many foreclosure auctions Doonan, Graves & Longoria, LLP has handled on your behalf.

ANSWER: This particular foreclosure is the only one we have had in Massachusetts within the past two years.

INTERROGATORY NO.8:

For each auction identified in the preceding Interrogatory, state the number of times that Doonan, Graves & Longona, LLP filed an Interpleader Action on your behalf in order to obtain a Court Order with respect to the payment of an auctioneers commission or fee.

ANSWER: See answer to Interrogatory No. 7.

INTERROGATORY NO.9:

Does States have the right pursuant to the note and mortgage documents concerning the Capizzis, to pay the commission and/or fee of Garrett, Inc.? If not, state the basis for any claim

that States does not have the right to do so.

ANSWER: While the subject Note and Mortgage speak for themselves, they do allow for for the collection of reasonable fees and costs of collection.

INTERROGATORY NO. 10:

Describe in full and complete detail any and all communications between you Doonan, Graves & Longoria, LLP and The Architectural Team and/or Attorney Jordan Ring, concerning the commission to be paid Garrett, Inc.

ANSWER: States objects to this interrogatory to the extent that it requests any information concerning communication between States and its counsel. While reserving that objection, the vast majority of communications with Attorney Jordan Ring have been by e-mail and copies are provided as part of the Response to the Request for Production and upon information and belief, any verbal communications between Doonan, Graves & Longoria, LLP and Attorney Ring have mirrored the e-mail communications.

AS TO ANSWERS:

_____
Robin Oberg

AS TO OBJECTIONS:

_____
John A. Doonan, Esq.
BBO #547838
Doonan, Graves & Longoria, LLP
100 Cummings Ctr.
Suite 213C
Beverly, MA 01915
978-921-2670

| | | |
|---|---|---|
| 08360<br>CONTROL NO.<br>197<br>LICENSE NO. | THE COMMONWEALTH OF MASSACHUSETTS<br>DIVISION OF STANDARDS<br>ONE ASHBURTON PLACE, BOSTON, 02108<br>**STATE AUCTIONEER LICENSE** | PHONE<br>617-727-3480<br>DATE 4/29/03 |

This is to certify that:
**LICENSEE :**       GARRETT D. HEALEY
**ADDRESS :**       4 PORTER MEADOW RD.
**CITY      :**         TOPSFIELD, MA  01983
**STATE/ZIP:**

This license is in effect as of date of issue. Said licensee must comply with the requirements of Sec. 10 of Chapter 100; said license shall remain in force until one year from date of issue, unless surrendered prior thereto for cancellation.

**EXPIRES:** 4/28/04                                    (COPY OF LAW FURNISHED HEREWITH)

THIS LICENSE IS <u>NOT TRANSFERABLE</u>.

_[signature]_
DIRECTOR OF STANDARDS

— Exhibit 2

# State of Maine

### DEPARTMENT OF PROFESSIONAL & FINANCIAL REGULATION
## BOARD OF LICENSING OF AUCTIONEERS

### License # AUC985

Be it known that: **GARRETT D. HEALEY**

**has qualified** as required by Title 32 MRSA Chapter 5A and is licensed as an
### AUCTIONEER

**ISSUE DATE**
Mar 22, 2004

**EXPIRATION DATE**
Mar 31, 2005

*Robert S. Ruygh*
Commissioner
Authorizing signature

ME 63274

Evelyn S Lamprey
*Chairperson*

Marilyn F Hoffman
*Vice-Chairperson*

Devin Moisan
Secretary

Garth Millett
*Member*



# The State of New Hampshire
## Board of Auctioneers

*This is to certify that*
**GARRETT D HEALEY**
*is duly licensed as an auctioneer in accordance with RSA 311-B and the rules of the Board. This license number #2357 applies only to the person named herein and shall remain effective until August 30, 2004 unless sooner suspended or revoked, in accordance with law.*



_____
Chairperson of the Board

State House, Room 204, Concord, NH 03301       Ph. 603-271-3242       Fax 603-271-6316

## State of Vermont

The Director of Professional Regulation grants this License to sell Real and Personal Property as an Auctioneer

GARRETT D HEALEY
4 PORTER MEADOW ROAD
TOPSFIELD, MA 01983

LICENSE NUMBER 057-0000701
TITLE 26   CHAPTER 203
EFFECTIVE 10/01/2002   EXPIRES 09/30/2004
UNDER THE PROVISIONS OF V.S.A.

*Deborah Markowitz*
Secretary of State

---

**Massachusetts Department of Revenue**
Customer Service Bureau
PO Box 7010
Boston, MA 02204

**SALES AND USE TAX REGISTRATION**

The vendor herein named is registered to sell tangible personal property at retail or for resale, pursuant to the General Laws, Chapters 62C, 64H and 64I. This registration is effective only for the registrant at the location specified herein. Any change of name or address must be reported to the Department of Revenue so that a correct ST-1 can be issued.

GARRETT AUCTIONEERS, INC
76 HIGH ST
DANVERS

043-254-522

ST-1

*Exhibit 3*

UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10095DPW

| | |
|---|---|
| STATES RESOURCES CORPORATION<br>    Plaintiff<br><br>v.<br><br>MICHAEL CAPIZZI, CATHERINE CAPIZZI,<br>THE ARCHITECTURAL TEAM, INC.,<br>GARRETT, INC., JOHN CONNOLLY, JR.,<br>MASSACHUSETTS DEPARTMENT OF<br>REVENUE, and JAMES GRUMBACH<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## GARRETT, INC.'S RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY THE ARCHITECTURAL TEAM, INC.

### General Objections

1. Garrett, Inc. hereby objects to the interrogatories to the extent they seek information protected by the attorney client privilege, the work product doctrine, and/or any other applicable privilege.

2. Garrett, Inc. hereby objects to the interrogatories to the extent they seek information that is confidential.

3. Garrett, Inc. objects to the interrogatories to the extent that they are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4. Garrett, Inc. objects to the instructions set forth in the interrogatories because they seek to impose on Garrett, Inc. obligations greater than those created by the Federal Rules of Civil Procedure and the Local Rules of the United States Court of the District of Massachusetts.

5. Garrett, Inc. objects to the definitions set forth in the interrogatories because they seek to impose obligations on Garrett, Inc. that are greater than those created Federal Rules of Civil Procedure and the Local Rules of the United States Court of the District of Massachusetts.

### INTERROGATORIES

**Interrogatory No. 1:**

[a] Please identify fully the person, position and address of the person responding to these interrogatories, the positions held, the dates of position, the description of the position and [b] state

1

whether the person responding has consulted all of the Garrett, Inc. records, <u>documents</u>, and <u>communications</u>, telephone records and regarding all issues raised directly or indirectly in this litigation, including pending amendments to pleadings and pending motions, before answering these interrogatories.

**Response No. 1:**

Garrett objects to this Interrogatory because, in fact, it is more than one interrogatory propounded under the guise of one. Subject to and without waiving this objection or its General Objections, Garrett responds to the multiple discrete subparts of this Interrogatory as follows:

  a. Garrett D. Healey, 4 Porter Meadow Road, Topsfield, MA 01983, President, Secretary and Treasurer of Garrett, Inc. since Garrett, Inc.'s incorporation. Mr. Healey calls the auctions conducted by Garrett, Inc.

  b. During the course of this litigation Mr. Healey has familiarized himself with the documents produced by Garrett, Inc. in connection with this litigation.

**Interrogatory No. 2:**

[a] <u>Identify</u> the state of incorporation of Garrett, Inc., the date of incorporation, [b] <u>identify</u> the name and address of each corporate officer for the year 2003 and the year 2004, [c] the states wherein Garrett, Inc. has done and is doing business in 2003 and 2004, including all addresses, the nature of the business, all telephone numbers and [d] the evidence of current good standing in each such jurisdiction in which Garrett, Inc. did/does business in 2003 and does business in 2004, <u>identifying</u> in particular all offices and locations and filings reflecting the same for each of the years 2003 and 2004, including all states and regions wherein Garrett, Inc. has filed tax returns in the years 2002, 2003, and 2004 or will be filling such returns.

**Response No. 2:**

Garrett objects to this Interrogatory because, in fact, it is more than one interrogatory propounded under the guise of one. Subject to and without waiving this objection or its General Objections, Garrett responds to the multiple discrete subparts of this Interrogatory as follows:

  a. Garrett, Inc. is incorporated under the laws of the Commonwealth of Massachusetts and was incorporated on August 8, 2000.

  b. Garrett D. Healey currently is the President, Treasurer, and Secretary of Garrett, Inc. and was during 2003.

  c. Garrett, Inc. objects to this interrogatory because it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or its General Objections, Garrett, Inc. was and is licensed to do business in the following states during 2003 and 2004: Massachusetts, Maine, New Hampshire, and Vermont

2

    d. To the best of its knowledge, information and belief, Garrett, Inc. is in good standing in the states in which it has conducted business as it has no knowledge or information regarding any complaints regarding it.

**Interrogatory No. 3:**

[a] Was Garrett, Inc. engaged to marketing the property, and if so how was the property marketed by Garrett, Inc., [b] identify the date of each and every advertisement of the property including the date of each advertisement and the place wherein the advertisement appeared including the name of each publication wherein the advertisement appeared and [c] as to each such advertisement identify the reference to the specific advertised acreage of the property, identify the number of bedrooms and other rooms, and [d] identify who did you or Garrett, Inc. submit such advertisements for approval and if that approval or disapproved was ever denied or corrected at any time by States Resources Corporation and its counsels.

**Response No. 3:**

Garrett objects to this Interrogatory because, in fact, it is more than one interrogatory propounded under the guise of one. Subject to and without waiving this objection or its General Objections, Garrett responds to the multiple discrete subparts of this Interrogatory as follows:

    a. Yes, Garrett was engaged to market the property and did so via telemarketing, mailings, published ads, and its website.

    b. The copies of the ads contained in Garrett, Inc.'s files and produced in this litigation reflect that ads were run in the Boston Globe on May 18, 2003, July 20, 2003, September 14, 2003, and September 21, 2003, February 23, 2003.

    c. Pursuant to Local Rule 33.1(b) Garrett, Inc. hereby refers The Architectural Team to the documents produced in connection with this litigation from which the answer may be derived or ascertained, specifically, copies of the ads placed in the Boston Globe.

    d. The information included in the advertisements was provided to Garrett, Inc. by State Resources Corporation and/or its counsel.

**Interrogatory No. 4:**

[a] Identify all insurance policies or documents that may be applicable to any matters, or issue or claim in this litigation as covered event or an insured event, in matters raised by the litigation herein, including proposed amendments and pending motions by The Architectural Team, Inc., the address of the insurance company including and the policy, the insured limits and address of such company and [b] if and when each was noticed of claim or possible claim and to whom notice was given by Garrett, Inc. to such company or companies.

3

**Response No. 4:**

Garrett objects to this Interrogatory because, in fact, it is more than one interrogatory propounded under the guise of one. Subject to and without waiving this objection or its General Objections, Garrett responds to the multiple discrete subparts of this Interrogatory as follows:

   a. None

   b. Not applicable.

**Interrogatory No. 5:**

[a] The date and manner when Garrett, Inc. first learned of Leonard Florence and his interest in the property, said Leonard Florence who is identified in the pleadings, pending motions to amend and in this proceeding and in the request for admissions filed herein, [b] how, when and in detail how Leonard Florence learned of the property, and [c] identify each and every document, item, and communication directly or indirectly referencing Leonard Florence or/and his offer or/and deposit in reference to the property including each and every and all documents and communications whether oral or in writing with any officer, employee, auctioneer and foreclosing attorney of States Resources Corporation in any way related to the offer of Leonard Florence for the property and [d] identify any joint defense agreement related to this litigation.

**Response No. 5:**

Garrett objects to this Interrogatory because, in fact, it is more than one interrogatory propounded under the guise of one. Subject to and without waiving this objection or its General Objections, Garrett responds to the multiple discrete subparts of this Interrogatory as follows:

   a. Garrett, Inc. does not recall the date that it first learned of Mr. Florence's interest in the property.

   b. Garrett, Inc. objects to this interrogatory because it seeks speculation regarding when a third party learned of the property. Subject to and without waiving this objection or its General Objections, sometime in late July or early August 2003 during a telephone conversation between Mr. Healey and Mr. Florence, Mr. Healey brought up the property to Mr. Florence. According to Mr. Healey, he does not recall if he contacted Mr. Florence for that reason or if they were talking in conversation about other matters that they were involved in together. Mr. Healey believes that he may have sent Mr. Florence some marketing materials.

   c. The documents reflecting Mr. Florence's interest in the property are: Mr. Florence's August 4 letter to Garrett, Inc.; the $50,000.00 check from Mr. Florence; and the $50,000.00 return check to Mr. Florence. Subsequent to the receipt of the $50,000.00 and the August 4 letter, Mr. Healey spoke with Mr. Florence and told him that his offer had been refused and that a second auction was going to take place. Mr. Healey believes that this conversation took place a day or two before the second auction (September 26, 2003 auction). Mr. Healey asked Mr. Florence whether or not he wanted Mr. Healey to place his bid at the auction with the $50,000.00 deposit on behalf of the $2,000,000.00.

4

>Mr. Florence said "no", that he was very busy in a very large project in Chicago and that he would not be able to put the time into pursuing the Lincoln property. Within a few days of initialing receiving the August 4 letter and the $50,000.00 check from Mr. Florence, Mr. Healey advised John Doonan that he had received such from Mr. Florence. Mr. Doonan said that he needed to look into and consider what to do with the proposal from Mr. Florence, and that he would get back to Mr. Healey within a few days. Thereafter, Mr. Doonan told Mr. Healey that he could not accept the offer and that it was necessary to go back to auction with the property.
>
>d.  There is no joint defense agreement related to this litigation.

**Interrogatory No. 6:**

[a] <u>Identify</u>, in detail how, when, where and by whom did the matter of the written offer of Leonard Florence for the acquisition of the <u>property</u> first come to the attention of Garrett, Inc., [b] <u>identify</u> all discussions, <u>memoranda</u> and/or <u>documents</u> referencing such discussions or offer or deposit of Leonard Florence, and the decision by Garrett, Inc. to notice or not to notice the offer of Leonard Florence and his deposit for the <u>property</u> to John Doonan, Michael Capizzi, Catherine Capizzi, Linda Micu, and The Architectural Team, Inc. or any one of them, including [c] <u>identifying</u> all dates of notice, <u>documents</u> and persons or persons directly or indirectly related to that decision.

**Response No. 6:**

Garrett objects to this Interrogatory because, in fact, it is more than one interrogatory propounded under the guise of one. Subject to and without waiving this objection or its General Objections, Garrett responds to the multiple discrete subparts of this Interrogatory as follows:

> a.  Sometime in early August 2003, Garrett, Inc. received an August 4 letter from Mr. Florence along with the $50,000.00 check indicating that Mr. Florence "would like to" make an offer on the property.
>
> b.  Garrett, Inc. incorporates by reference its response to Interrogatory Number 5[c]. Further answering Garrett, Inc. notified John Doonan of the August 4 letter and $50,000.00 from Mr. Florence because Garrett, Inc. had a fiduciary duty to John Doonan and States Resources Corporation, as their agent. Garrett, Inc. did not have any specific conversation with John Doonan regarding notifying or not notifying the Capizzis, Linda Micu, and/or The Architectural Team, Inc. of Mr. Florence's proposal. At all material times, Garrett, Inc. believed that it had no duty to notify them of Mr. Florence's proposal.
>
> c.  Garrett, Inc. incorporates by reference its response to Interrogatory No. 5[c].

**Interrogatory No. 7:**

[a] <u>Identify</u> the date, time, and place when Garrett, Inc. received a deposit check for the acquisition of the <u>property</u> from Leonard Florence, [b] the date of each conversation relating to the property by Garrett, Inc. referencing the <u>property</u>, and the offer/deposit of Leonard Florence, the details of each conversation with Leonard Florence referencing anything to do with <u>property</u>, [c] the

5

date of deposit of the check from Leonard Florence to Garrett, Inc. or Garrett Auctioneers, Inc., [d] the check number and date of the check of Leonard Florence, the notations on the check of Leonard Florence; the amount of the check; [e] the date of deposit of the check of Garrett, Inc.; [f] the date the check of Leonard Florence cleared the banking system, [g] into what account was the $50,000.00 of Leonard Florence deposited; [h] the full and complete reason for deposit into the account of Garrett Auctioneers, Inc. at the Danvers Savings Bank, [i] all those with the right and power and authorization to sign checks of Garrett Auctioneers, Inc. in 2003, and [j] the date the sum of $50,000 was returned to Leonard Florence and the method of return, [k] including the <u>identification</u> of each <u>document</u> relating in any way to the offer of Leonard Florence for the <u>property</u>.

**Response No. 7:**

Garrett objects to this Interrogatory because, in fact, it is more than one interrogatory propounded under the guise of one. Subject to and without waiving this objection or its General Objections, Garrett responds to the multiple discrete subparts of this Interrogatory as follows:

a. Garrett, Inc. received a $50,000.00 check from Mr. Florence sometime in early August 2003.

b. Garrett, Inc. incorporates by reference its response to Interrogatory No. 5[c].

c. Garrett, Inc. has no independent memory as to when the check was deposited, however, the back of the check appears to bear a stamp indicating that the date was August 6, 2003, although the stamp is somewhat fuzzy. Garrett, Inc. further notes that The Architectural Team, Inc. produced a document indicating that the $50,000.00 check cleared on August 7, 2003.

d. The check from Mr. Florence was dated August 4, 2003 and was check number 1814, the check included on the memo line the following language "deposit 236 Lincoln Rd, Lincoln MA".

e. Garrett, Inc. incorporates by reference its response to Interrogatory No. 7[c].

f. Garrett, Inc. has no independent understanding regarding when the check of Leonard Florence cleared the banking system but incorporates by reference its response to Interrogatory 7[c].

g. Garrett objects to this Interrogatory because, pursuant to Federal Rules of Civil Procedure 33(a), a party is entitled to serve written interrogatories, <u>not exceeding 25</u> in number including <u>all discrete subparts</u>. By virtue of this interrogatory, The Architectural Team, Inc. has exceeded the 25 interrogatory limit.

h. Garrett objects to this Interrogatory because, pursuant to Federal Rules of Civil Procedure 33(a), a party is entitled to serve written interrogatories, <u>not exceeding 25</u> in number including <u>all discrete subparts</u>. By virtue of this interrogatory, The Architectural Team, Inc. has exceeded the 25 interrogatory limit.

        /s/ Garrett Healey
        Garrett, Inc. by its President
        Garrett Healey

As to Objections:

/s/ Stephanie M. Williams
Stephanie M. Williams
BBO No.: 560149
Law Office of Carmen Frattaroli
76 Lafayette Street
Salem, MA 01970
(978) 740-9501

Date: October 4, 2004

# Certified Auctioneers Institute

*To all who may read these letters, Greeting:*

*hereby it is certified that upon the recommendation of the Institute the governors thereof have officially conferred upon*

## Garrett D. Healey

*the professional designation*

# Certified, Auctioneers Institute

*in recognition of the fulfillment of the requirements for this designation including the completion of the Certified Auctioneers Institute's prescribed three-year course of study given at*

# Indiana University

*During such period as this Designate CAI continues to meet the requirements of the Certified Auctioneers Education Institute as developed and maintained by the Board of Governors, the member CAI is granted the right to use the professional*