# NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Michael Capizzi and Catherine R. Capizzi to Winchendon Savings Bank dated 10/19/88, recorded with Middlesex County (Southern District) Registry of Deeds at Book 19420, Page 84 of which mortgage the undersigned is the present holder for breach of conditions of said mortgage and for the purpose of foreclosing the same will be sold at PUBLIC AUCTION at ~~4:00 PM~~ on ~~March 5, 2003~~ 9/26, on the mortgaged premises. The entire mortgaged premises, all and singular, the premises as described in said mortgage:

The following parcels of land situated in the Southerly part of Lincoln, Middlesex County, Commonwealth of Massachusetts:

1) That parcels of land described as Lot 117-22-.01 on a plan entitled "Plan of Land in Lincoln, MA., owned by John L. Przybylski, scale 1 inch = 60 feet, Snelling, Hilton & Asso., Lincoln, MA., Civil Engineers & Land Surveyors, dated May 19, 1980" and recorded with Middlesex County South District Registry of Deeds in Book 14168, Page 381; bounded and described as follows:

<u>SOUTHEASTERLY</u>    by land now formerly of Gallitano, as shown on said plan, Two Hundred Fifty-Three and 71/100 (253.71) feet;

<u>SOUTHWESTERLY</u>    by lot 117-22.012, as shown on said plan, by two lines, Two Hundred Five and 71/100 (205.71) feet, and Two Hundred Fifty-Eight and 22/100 (258.22) feet;

<u>NORTHWESTERLY</u>    by Lot 117-22.02, as shown on said plan, Two Hundred Fifteen and 48/100 (215.48) feet;

<u>NORTHERLY</u>    by 117-22.02, by a curved line Sixty-Three and 68/100 (63.68) feet;

<u>NORTHEASTERLY</u>    by Lot 117-22.02, Two Hundred One and 89/100 (201.89) feet;

<u>EASTERLY</u>    by Lot 117-22.02, by a curved line, One Hundred Twenty-Three and 66/100 (123.66) feet, to the point of beginning.

e:\Massachusetts Foreclosures\Generated_Forms\NMS_Foreclosure_Capizzi_4505.87F

Said Lot containing 111,494 square feet, more or less according to said plan.

2) That parcel of land described as Lot 117-21.012 on the aforementioned plan, bounded and described as follows:

| | |
|---|---|
| SOUTHEASTERLY | by land now or formerly of Gallitano, as shown on said plan, One Hundred Twenty-Eight and 48/100 (128.48) feet; |
| SOUTHWESTERLY | by land now or formerly of Coffin and the Lincoln Land Conservation Trust and Burt, by four lines, Fifty-Three (53.00) feet, Three Hundred Forty and 95/100 (340.95) feet, Seventy-Nine (79.00) feet, and Sixty-Four and 88/100 (64.88) feet; |
| WESTERLY | by land, now or formerly of Burt, Eighty-Four and 31/100 (84.31) feet; |
| NORTHWESTERLY | by Lots 117-21.07 and 117-22.02 by two lines, One Hundred Fifteen and 29/100 (115.29) feet, and by a curved line Sixty-Four and 15/100 (64.15) feet; |
| NORTHEASTERLY | by Lot 117-22.01, by two lines, Two Hundred Fifty-Eight and 22/100 (258.22) feet, and Two Hundred Five and 71/100 (205.71) feet to the point of beginning. |

Said Lot containing 85,737 square feet, more or less, according to said plan.

3) That parcel of land described as Lot 117-22.03, on "Plan Showing Subdivision of Land in Lincoln, MA, owned by Alphonse L. and Eleanor M. Gallitano and John L. and Jean M. Przybylski (scale 1 inch = 60 feet) July 1975, Snelling, Hilton & Assoc., Lincoln, MA, Civil Engineers and Land Surveyors", and recorded with Middlesex South District Registry of Deeds in Book 12893, Page 712, bounded and described as follows:

| | |
|---|---|
| NORTHEASTERLY | by Lot 117-22.02 as described on said plan, One Hundred Eighty-Three and 51/100 (183.51) feet; |
| NORTHWESTERLY | by land now or formerly of John A. and Marion M. MacDearmid, Two Hundred Twenty-Eight and 43/100 (228.43) feet; |
| NORTHEASTERLY | by Lot 117-22.04 as described on said plan, Two Hundred Twenty-Eight and 32/100 (228.32) feet, to point of beginning. |

Containing 19,190 square feet more or less according to said plan.

4) That parcel of land described as Lot 117-22.02 (a minor street) on the above mentioned plan. Containing 33,310 square feet more or less. Subject to a right of way granted to Alphonse L. and Eleanor M. Gallitano, husband and wife, and their heirs and assigns, dated November 12, 1975, and recorded in Book 12893, Page 718. For a more definite description refer to said plan in Book 12893, Page 712.

5) That parcel of land described as Lot 117-21.07 on a "Plan Showing an Exchange of Land in Lincoln, MA., Snelling, Hilton & Assoc.-Lincoln, Mass., Civil Engineers & Land Surveyors, June 1976" recorded with Middlesex South District Registry of Deeds in Book 13332, Page 155, more particularly described as follows:

| | |
|---|---|
| NORTHEASTERLY | by Lot 117-21.06, Eighty-Eight and 56/100 (88.56) feet; |
| SOUTHEASTERLY | by Lot 117-22.01, One Hundred Fifteen and 29/100 (115.29) feet; and |
| WESTERLY | by Lot 117-21, One Hundred Fourteen and 44/100 (114.44) feet to the point of beginning. |

Containing according to said plan 4,694 square feet, more or less.

6) A right of way for all usual purposes that streets and ways are now or have been used in the Town of Lincoln over that parcel of land described in a Plan of Land entitled "Plan Showing Subdivision of Land in Lincoln, MA., owned by Alphonse L. And Eleanor M. Gallitano and John L. And Jean M. Przybylski", scale 1 inch = 60 feet, July 1975, Snelling, Hilton & Assoc., Lincoln, MA., Civil

Engineers & Land Surveyors, being Lot 117-22.04 as described on said plan and having a width of 33 feet and an area of 39,958 square feet more or less. For a more definite description see plan recorded in Book 12893, Page 712, said deeds.

7) All right, title and interest in an undivided one-half interest in and to certain easements which the grantor owns and has the benefit of by virtue of reservation of said easements in deed from concord Countyside Realty, Inc. To William F. Burt and Donna G. Burt, of Lots 1, situated Longmeadow Road in the Town of Lincoln, Middlesex County, Comonwealth of Massachusetts, as shown on a plan entitled "Plan of land in Lincoln, Mass., dated October 28, 1971, Albert A. Miller and Wilbur C. Nylander, Civil Engineers and Surveyors, recorded with Middlesex County South District Registry of Deeds as Plan No. 143 (A of 3) of 1972 and recorded Book 12158, Page 071, said deed being dated September 1, 1972, recorded with Middlesex South District Registry of Deeds in Record Book 12281, Page 98, said reserved easements being described in said deed as follows:

"The within conveyancing is made subject to reservation of right of a right of way and easement 50' in width extending from Longmeadow Road to the land of Dorothy G. Gray as shown on the aforementioned plan along the Northeasterly boundary being a distance of 198.91 feet according to said plan; said right of way and easement being for all purposes for which streets and ways are commonly used in the Town of Lincoln and including without limiting the foregoing the right to install electric, telephone, water, sewer, gas, facilities, equipment and services to and from Longmeadow Road to the Land of said Dorothy G. Gray, including the right to operate, maintain and repair the same."

Said premises are further conveyed subject to and with the benefit of easements, rights restriction and agreements of record, if any there be, insofar as the same are now in force and applicable.

For title, see deed to the mortgagor recorded with said Deeds in Book 17611, Page 334.

Subject to and with the benefit of easements, reservation, restrictions, and taking of record, if any, insofar as the same are now in force and applicable.

In the event of any typographical error set forth herein in the legal description of the premises, the description as set forth and contained in the mortgage shall control by reference.

This property has the address of 236 Lincoln Road, Lincoln, MA 01773.

c:\Massachusetts Foreclosures\Generated_Forms\NMS_Foreclosure_Capizzi_4505.87F

Together with all the improvements now or hereafter erected on the property and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this sale.

**Terms of Sale:**

Said premises will be sold subject to any and all unpaid taxes and assessments, tax sales, tax titles and other municipal liens and water or sewer liens and State or County transfer fees, if any there are, and FIVE THOUSAND DOLLARS ($5,000.00) in cashier's or certified check will be required to be paid by the purchaser at the time and place of the sale as a deposit and the balance in cashier's or certified check will be due in thirty (30) days, at the offices of DOONAN, GRAVES, & LONGORIA L.L.C, 16 Front Street, Salem, Massachusetts, time being of the essence.

The Mortgagee reserves the right to postpone the sale to a later date by public proclamation at the time and date appointed for the sale and to further postpone at any adjourned sale-date by public proclamation at the time and date appointed for the adjourned sale date.

The premises is to be sold subject to and with the benefit of all easements, restrictions, leases, tenancies, and rights of possession, building and zoning laws, encumbrances and all other claim in the nature of liens, if any there be.

In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder, providing that said second highest bidder shall deposit with the Mortgagee's attorneys, DOONAN, GRAVES, & LONGORIA L.L.C., 16 Front Street, Salem, Massachusetts, 01970, the amount of the required deposit as set forth herein within three (3) business days after written notice of the default of the previous highest bidder and title shall be conveyed to the said second highest bidder within twenty (20) days of said written notice.

If the second highest bidder declines to purchase the within described property, the Mortgagee reserves the right to purchase the within described property at the amount bid by the second highest bidder.

The foreclosure deed and the consideration paid by the successful bidder shall be held in escrow by DOONAN, GRAVES, & LONGORIA L.L.C., (hereinafter called the "Escrow Agent") until the deed shall be released from escrow to the successful bidder at the same time as the consideration is released to the Mortgagee, thirty (30) days after the date of sale, whereupon all obligations of the Escrow Agent shall be deemed to have been properly fulfilled and the Escrow Agent shall be discharged.

Other terms to be announced at the sale.

Dated: February 19, 2003                                    States Resources Corp.

*JW*                                                        By: John A. Doonan, Esq.,
          New Address:                                      DOONAN, GRAVES, & LONGORIA L.L.C.
     100 Cummings Center                                    ~~16 Front Street Salem, MA 01970~~
           Suite 213C                                       ~~(978) 741-2680~~
     Beverly MA 01915                                       978-921-2670
     FAX 978 921 4870
     Kerry PASS      Ex 14

c:\Massachusetts Foreclosures\Generated_Forms\NMS_Foreclosure_Capizzi_4505.87F

04/21/2004 15:03 9788214870 DOONANGRAVESLONGORIA PAGE 02/04
Case 1:04-cv-10095-DPW Document 86-4 Filed 10/04/2004 Page 7 of 9

L9420 P09

## MORTGAGE MODIFICATION AGREEMENT

In consideration of Lender granting a mortgage to the undersigned, the parties hereby agree to amend Paragraph 19 of said mortgage, executed of even date as follows:

Paragraph 19 is deleted in full and the following Paragraphs inserted in its place:

> "19. Acceleration; Remedies. Except as provided in paragraph 17 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this mortgage, or if a monthly installment remains unpaid for a period of thirty days after the same becomes due and payable, the entire principal amount outstanding hereunder the accrued interest thereon shall at once become due and payable at the option of the Lender. Failure to exercise such option shall not constitute a waiver of the right to exercise such option if the undersigned is in default hereunder."
>
> "Statutory Power of Sale. This Mortgage is upon the Statutory Condition, for any breach of which the Lender shall have the Statutory Power of Sale. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this Paragraph 19 including, but not limited to, reasonable attorney's fees."

The parties furthermore agree that if the Federal Home Loan Mortgage Corporation, or the Federal National Mortgage Association, or the Government National Mortgage Association buys all or some of the Lender's rights under said Mortgage, then this mortgage Modification Agreement shall no longer apply and the original Paragraph 19 in said mortgage shall be in effect.

October 19, 1988
Date

Borrower Michael Capizzi

Co-Borrower

Exhibit 10

# United States District Court
# Eastern District of Massachusetts

Civil Action No. 04 10095 DPW

STATES RESOURCES CORPORATION

Plaintiff

v.

MICHAEL CAPIZZI,
CATHERINE R. CAPIZZI,
THE ARCHITECTURAL TEAM, INC.,
JOHN CONNOLLY, JR.,
GARRETT, INC.
MASSACHUSETTS DEPARTMENT OF REVENUE,
JAMES GRUMBACH
KEVIN DUFFY

Defendants

## ANSWERS OF THE ARCHITECURAL TEAM, INC.TO INTERROGATORIES PROPOUNDED BY GARRETT, INC.

INTERROGATORY NO. 1:
State whether or not The Architectural Team was present at any auction of the Property, and if so, identify any and all individuals present on behalf The Architectural Team and the dates on which such individuals were present at any auctions.

ANSWER 1:
**Objection to the question, it is uncertain and ambiguous and there being no "The Architectural Team" in this litigation or identified, however The Architectural Team, Inc. was present on 6/24/03 and 7/24/03 and 09/26/03; Robert Verrier was present 6/24/03, 7/24/03, 09/26/03; Attorney Murray Reiser 4 Longfellow Place present on 7/24/03; Attorney Jordan Lewis Ring, Boston 4 Longfellow Place present on 6/24/03 and 09/26/03.**

INTERROGATORY NO. 2:
Did The Architectural Team ever place any bid on the property or offer to purchase the Property, and if so, state the amount of any such bid or offer and the dates on which they were submitted?
ANSWER 2:
**Objection, The Architectural Team is not involved or identified in the litigation and the question and language is both ambiguous and uncertain, there being no "The Architectural Team" in the litigation, but the answer, under the circumstance, subject to objection, is that The Architectural Team, Inc. answers no.**

INTERROGATORY NO. 3:
Identify the dates of each auction of the Property for which you were given notice.
ANSWER 3:
**Objection to the question and language as both ambiguous and uncertain, but answer under the circumstance the reply is 6/24/03 and 7/24/03 and 09/26/03.**

INTERROGATORY NO. 4:
State what you believe to be the acreage of the Property and identify the date upon which you came to this conclusion.
ANSWER 4:
**Approximately 6 acres, approximately 1989.**

INTERROGATORY NO. 5:
As of September 25, 2003, what did you believe to be the fair market value of the Property, and state the basis for any such conclusion.
ANSWER 5:
**The Architectural Team, Inc. was not able to determine the fair market value because of the conduct of Garrett Healey, Garrett, Inc., States Resources Corporation since The Architectural Team, Inc. was not aware that Mr. Leonard Florence of Chestnut Hill, a multi millionaire businessperson with successful business and investment history had made an unconditional written offer of $2,000,000.00 together with a $50,000 cash deposit on August 4, 2003 to Garrett Healey, his friend and business associate of long standing. As a direct result of the nondisclosure and intentional secret of Garrett Healey and Garrett, Inc. and States Resources Corporation, The Architectural Team, Inc. was greatly and gravely damaged since a key element of value was kept secret. The actions of Garrett, Inc. in keeping such a serious and unconditional written offer and cashed deposit from The Architectural Team, Inc. who Garrett, Inc. knew had a serious and lawful interest in the property was both deceitful and unfair and intentional.**

INTERROGATORY NO. 6:
State the basis for any claim by you that the 3.5% commission claimed by Garrett, Inc.

2