## UNITED STATES OF AMERICA
## DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| **STATES RESOURCES CORPORATION,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| ) | **Civil Action No. 04 10095 DPW** |
| ) | |
| **v.** ) | |
| ) | |
| **MICHAEL CAPIZZI, ET AL.** ) | |
| ) | |
| **Defendants** ) | |
| ) | |

## STATEMENT OF UNDISPUTED MATERIAL FACTS SUBMITTED BY
## STATES RESOURCES CORPORATION PURSUANT TO LOCAL RULE 56.1

States Resources Corporation ("States"), Plaintiff and Defendant-in-Counterclaim, hereby submits this Statement of Undisputed Material Facts pursuant to Local Rule. 56.1 for the purpose only of its Motion for Partial Summary Judgment.

1) States Resources Corporation (hereafter "States") is a corporation duly organized under the laws of the State of Iowa and is not registered with the Commonwealth of Massachusetts due its exclusive interstate business.

2) States was the holder of a first mortgage on the property located at 236 Lincoln Rd., Lincoln, MA ("Lincoln property").

3) On July 26, 2001, Michael Capizzi and Catherine Capizzi filed suit against States in the United States District Court, District of Massachusetts (Civil Action # 1:01-cv-11298) ("First Complaint"). The Capizzis alleged that a) States had breached the terms of the Amended Note and associated loan documents; b) States had violated G.L. c. 93A, § 9, by failing to abide by the

terms of the Amended Note, by engaging in unfair debt collection practices, by failing to disburse real estate tax payments from the escrow account and by failing to give a proper accounting of all payments made, owed and held in escrow. *See* Exhibit A (a true and correct copy of the Docket Report is attached hereto).

4) In or about September 2002, States commenced foreclosure proceedings pursuant to the power of sale contained in the mortgage.  *See* Exhibit B (a true and correct copy of the Complaint it attached hereto).

5) Garrett, Inc. and Garrett Healey were hired to conduct the auction of the Lincoln property by our counsel.

6) Subject to the approval of the Court, States, through its counsel, Garrett, Inc., and Garrett Healey agreed that if the Lincoln property was purchased at the auction by a third party in an amount greater than the balance due on the foreclosing first mortgage, Garrett, Inc. and/or Garrett Healey's commission would be 3.5% of the sale price.  *See* Exhibit U of the Memorandum in Support of States Resources Corporation's Motion for Partial Summary Judgment.

7) On September 30, 2002, this Court dismissed without prejudice Capizzis' First Complaint, based on the Plaintiffs' failure to meet their discovery responsibilities and, therefore, failure to prosecute their claims pursuant to Fed. R. Civ. P. 41(b), 37 (a)(4).  *See* Exhibit C (a true and correct copy of the Order is attached hereto).

8) On December 2, 2002, Michael Capizzi and Catherine Capizzi again filed suit against States in the United States District Court, District of Massachusetts (Civil Action # 1:02-cv-12319) ("Second Complaint").  The Capizzis reasserted the same allegations made in their First Complaint filed on July 26, 2001 (See Paragraph 3) and further requested injunctive relief, enjoining States from conducting a foreclosure sale of the Lincoln property.  *See* Exhibit D (a true and correct copy of the Docket Report is attached hereto).

9)   Michael Capizzi filed a Pro Se voluntary petition for Bankruptcy under Chapter 13 of the United
     States Bankruptcy Code on February 28, 2003.  *See* Exhibit E (a true and correct copy of the
     Docket Report is attached hereto).

10)  States filed a Motion to Dismiss the Chapter 13 Bankruptcy Case No. 03-11621 on March 3,
     2003, on grounds that the Debtor's secured debts were greater than eight hundred seventy-one
     thousand five hundred fifty and 00/100 dollars ($871,550.00) at the time of the filing, and thus,
     the Debtor was not an eligible Chapter 13 debtor.

11)  On March 5, 2003, in response to States's Motion to Dismiss, the Bankruptcy Court granted
     relief from stay in order to proceed to judgment in U.S. District Court concerning Capizzis'
     Second Complaint.   *See* Exhibit F (a true and correct copy of the Order is attached hereto.)

12)  On May 1, 2003, the Bankruptcy Court granted debtor's Motion to Dismiss and pursuant to 11
     U.S.C. 105(A) and 11 U.S.C. 109(G)(2), Michael Capizzi was barred from re-filing for 180 days,
     since he voluntarily dismissed his filing after a Motion for Relief had been filed.

13)  On May 20, 2003, Catherine Capizzi filed a Pro Se voluntary petition for Bankruptcy under
     Chapter 11 of the United States Bankruptcy Code ("Second Capizzi Bankruptcy").  *See* Exhibit
     G (a true and correct copy of the Docket Report is attached hereto).

14)  That same day, States filed a Motion to Dismiss Pursuant to 11 U.S.C. 105(a) and 11 U.S.C.
     109(g)(2) and a Motion for Relief from Stay for Cause Pursuant to 11 U.S.C. 362(d)(1).  States
     then filed a Motion for Relief from Stay to Proceed to Judgment in the District Court on May 23,
     2003.

15)  States was granted relief to proceed to judgment in U.S. District Court concerning Capizzis'
     Second Complaint on May 28, 2003.  *See* Exhibit H (a true and correct copy of the Order is
     attached hereto.)

16)  On June 24, 2003, the Court granted States Motion for Relief from Stay for Cause pursuant to 11
     U.S.C. Section 362(d)(1).  *See* Exhibit I (a true and correct copy of the Order is attached hereto.)

17) On June 9, 2003, this Court dismissed with prejudice the Capizzis' Second Complaint pursuant to Fed. R. Civ. P. 41(b). *See* Exhibit A of the Memorandum in Support of States Resources Corporation's Motion for Partial Summary Judgment.

18) This Court also granted judgment for States against the Capizzis in the sum of eight hundred seventy-five thousand two hundred three and 38/100 ($875,203.38) dollars. *Id.*

19) The first foreclosure sale of the subject property was held on July 24, 2003. Linda Micu was the highest bidder at that auction for two million and 00/100 dollars ($2,000,000.00); however, Linda Micu defaulted and the sale never occurred. *See* Exhibit J (a true and correct copy of the Memorandum of Sale is attached hereto.)

20) Linda Micu attended the sale as an agent for the Capizzis. *See* Exhibit K (a true and correct copy of the Deposition of Catherine Capizzi, at page 20, lines 15-16 is attached hereto).

21) A representative of The Architectural Team ("TAT") was present at the July 24, 2003 auction, but did not bid. *See* Exhibit L (a true and correct copy of the Deposition of Garrett Healey ("Healey"), at page 331, lines 6-24; at page 332, lines 1-13 is attached hereto).

22) In August 2003, Garrett Healey, president of Garrett, Inc., informed John Doonan that a third party, Leonard Florence ("Florence"), had sent him a check for $50,000.00 and letter indicating that he was interested in the Lincoln property. *See* Exhibit M (a true and correct copy of the Deposition of Healey at page 109, lines 14-17).

23) John Doonan, on behalf of States, informed Garrett Healey that under Massachusetts law, States could not accept the proposal made by Florence. *See* Exhibit N (a true and correct copy of the Deposition of Healey at page 122, lines 9-10 is attached hereto).

24) The Capizzis and TAT were not informed of Florence's proposal. *See* Exhibit J of the Memorandum in Support of States Resources Corporation's Motion for Partial Summary Judgment.

25) Michael Capizzi filed a Pro Se voluntary petition for Bankruptcy under Chapter 11 of the United States Bankruptcy Code on September 25, 2003 at 3:38 p.m., the day before the second auction was to take place. ("Third Capizzi Bankruptcy"). *See* Exhibit O (a true and correct copy of the Docket Report is attached hereto).

26) The Notice of Mortgagee's Sale of Real Estate ("Notice") for the second auction was published on September 4, 2003, September 11, 2003, and September 18,2003 in the Concord Journal. *See* Exhibit P (a true and correct copy of the ad is attached hereto).

27) The Notice lists the correct legal description of the Lincoln property and gives the exact square footage. *Id.*

28) The advertisements in the Boston Globe were display advertisements that were published above and beyond the legally required advertising that was published in the Concord Journal, which contained a legal description and specifically referenced the mortgage being foreclosed. *See* Exhibit M of the Memorandum in Support of States Resources Corporation's Motion for Partial Summary Judgment.

29) The Notice of Mortgagee's Sale was read at the September 26, 2003 auction, in which TAT was present and the Capizzis were not. *See* Exhibit N of the Memorandum in Support of States Resources Corporation's Motion for Partial Summary Judgment.

30) At the September 26, 2003 auction, the property was sold to Kevin P. Duffy for one million two hundred thousand and 00/100 ($1,200,000.00) dollars. *See* Exhibit Q (a true and correct copy of the Memorandum of Sale is attached hereto).

31) After the September 26, 2003 sale, States and The Architectural Team, Inc. exchanged emails in which States would disburse a check in the amount of two hundred ten thousand ninety-six and 33/100 ($210,096.33) dollars from the surplus proceeds of the foreclosure sale to TAT, who was second in line to States and held an execution on the property for five hundred forty-one thousand one hundred fifty-two and 81/100 ($541,152.81) dollars. *See* Exhibit V of the

Memorandum in Support of States Resources Corporation's Motion for Partial Summary Judgment.

32) Pursuant to those emails, the States, through its attorneys, sent TAT a check for two hundred ten thousand ninety-six and 33/100 ($210,096.33) dollars on November 11, 2003.  TAT negotiated the aforesaid check on or about November 13, 2003.  *See* Exhibit R (a true and correct copy of the check is attached hereto).

33) On January 15, 2004, States commenced this action in order to determine which interested parties had rights to the surplus funds.

Respectfully Submitted,

Date:  October 6, 2004

/s/ John A. Doonan
John A. Doonan, Esq. (BBO# 547838)
Reneau J. Longoria, Esq. (BBO#635118)
Doonan, Graves & Longoria, L.L.C.
100 Cummings Center, Suite 213C
Beverly, MA  01915
(978) 921-2670

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:01-cv-11298-DPW

Capizzi, et al v. State Resources Corp
Assigned to: Judge Douglas P. Woodlock
Referred to:
Demand: $181000
Lead Docket: None
Related Cases: None
Case in other court: Middlesex Superior, 01-02618
Cause: 28:1332 Diversity-Negotiable Instrument

Date Filed: 07/26/01
Jury Demand: Plaintiff
Nature of Suit: 140 Negotiable Instrument
Jurisdiction: Diversity

**Plaintiff**

-----------------------

**Michael J. Capizzi**

represented by **Joseph P. Davis, III**
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
617-310-6204
Fax : 617-310-6001
Email: davisjo@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Capizzi**
236 Lincoln Road
Lincoln, MA 01773
781-259-0918
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip Y. Brown**
Adler, Pollock & Sheehan, PC
175 Federal Street
Boston, MA 02110
617-482-0600
Fax : 617-482-0604
Email: pbrown@apslaw.com
*TERMINATED: 06/26/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Capizzi**

represented by **Joseph P. Davis, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip Y. Brown**
(See above for address)


EXHIBIT
A

*TERMINATED: 06/26/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
----------------------

**State Resources Corp**                represented by   **John A. Doonan**
                                                         Doonan, Graves, Longoria, LLC
                                                         100 Cummings Center
                                                         Suite 213C
                                                         Beverly, MA 01915
                                                         978-741-2680
                                                         Fax : 978-744-8780
                                                         Email: jad@doonanandgraves.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Counter Claimant**
----------------------

**State Resources Corp**                represented by   **John A. Doonan**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**
----------------------

**Michael J. Capizzi**                  represented by   **Joseph P. Davis, III**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Philip Y. Brown**
                                                         (See above for address)
                                                         *TERMINATED: 06/26/2002*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Catherine Capizzi**                   represented by   **Joseph P. Davis, III**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Philip Y. Brown**
                                                         (See above for address)

*TERMINATED: 06/26/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 07/26/2001 | 1 | Notice of Removal filed. Received from: Middlesex Superior; State Court Docket #: 01-2618. Assigned to: Judge Woodlock Receipt #: 32748 Amount: $ 150. Fee status: paid (mr) (Entered: 07/30/2001) |
| 07/31/2001 | 2 | Judge Douglas P. Woodlock . Notice of Hearing/conference: set scheduling conference for 2:30 9/20/01 . cc/cl (mr) (Entered: 07/31/2001) |
| 08/14/2001 | 3 | Answer by State Resources Corp to complaint , filed. (mr) (Entered: 08/14/2001) |
| 08/31/2001 | 4 | Joint statement by Michael J. Capizzi, Catherine Capizzi, State Resources Corp for scheduling conference . (mr) (Entered: 08/31/2001) |
| 09/20/2001 | | Scheduling conference held . (mr) (Entered: 09/24/2001) |
| 09/20/2001 | 5 | Judge Douglas P. Woodlock . Clerk's Notes: re: scheduling conference, scheduling order issued; set further scheduling conference for 2:30 5/30/02 Court Reporter: Pam Owens (mr) (Entered: 09/24/2001) |
| 09/20/2001 | 6 | Judge Douglas P. Woodlock . Scheduling Order entered setting Discovery cutoff 3/1/02 Expert witness list due on 3/1/02; deposition discovery permitted through 3/30/02 Deadline for filing of all motions 4/19/02 Status report due on 5/23/02 for State Resources Corp, for Catherine Capizzi, for Michael J. Capizzi. Further scheduling conference set for 5/30/02 at 2:30. cc/cl [EOD Date 9/24/01] (mr) (Entered: 09/24/2001) |
| 01/10/2002 | 7 | Motion by State Resources Corp to amend [3-1] answer , filed. c/s (mr) Modified on 01/11/2002 (Entered: 01/11/2002) |
| 01/10/2002 | | Judge Douglas P. Woodlock . Endorsed Order entered granting [7-1] motion to amend [3-1] answer. Motion allowed, there being no opposition. Notice sent to counsel. [EOD Date 1/11/02] (mr) (Entered: 01/11/2002) |
| 01/10/2002 | 8 | Affidavit of John A. Doonan , re: [7-1] motion to amend [3-1] answer , filed. (mr) (Entered: 01/11/2002) |

| 01/10/2002 | 9 | Answer to complaint and Counterclaim by State Resources Corp against Michael J. Capizzi, Catherine Capizzi , filed. c/s (mr) (Entered: 01/11/2002) |
|---|---|---|
| 01/10/2002 | 10 | Motion by State Resources Corp to extend discovery , filed. c/s (mr) Modified on 01/11/2002 (Entered: 01/11/2002) |
| 01/10/2002 | 11 | Affidavit of John A. Doonan , re: [10-1] motion to extend discovery , filed. (mr) (Entered: 01/11/2002) |
| 01/10/2002 | | Judge Douglas P. Woodlock . Endorsed Order entered granting [10-1] motion to extend discovery, Expert witness list due on 5/1/02 and depositions shall be completed by 5/30/02; reset all discovery (factual and expert) due for 5/30/02 , reset summary judgement motion filing deadline for 7/8/02 ; oppositions by 7/29/02; reset further scheduling conference for 2:30 8/13/02 , and Status report due on 8/6/02 . The parties are advised that no further enlargements of this schedule will be permitted, and the parties must work diligently to complete discovery, and file motions on this revised schedule, notwithstanding the volume of discovery alleged to be done. Notice sent to counsel. [EOD Date 1/11/02] (mr) (Entered: 01/11/2002) |
| 01/14/2002 | 12 | Revised Motion by State Resources Corp to amend [9-1] answer , filed. c/s (mr) (Entered: 01/15/2002) |
| 01/14/2002 | | Judge Douglas P. Woodlock . Endorsed Order entered granting [12-1] Revised motion to amend [9-1] answer. Notice sent to counsel. [EOD Date 1/15/02] (mr) (Entered: 01/15/2002) |
| 01/14/2002 | 13 | Affidavit of John A. Doonan , re: [12-1] motion to amend [9-1] answer , filed. c/s (mr) (Entered: 01/15/2002) |
| 01/14/2002 | 14 | Affidavit of John A. Doonan , re: [10-1] motion to extend discovery , filed. (mr) (Entered: 01/15/2002) |
| 01/14/2002 | 15 | Revised Motion by State Resources Corp to extend discovery , filed. (mr) (Entered: 01/15/2002) |
| 01/14/2002 | | Judge Douglas P. Woodlock . Endorsed Order entered [15-1] motion to extend discovery. This motion is duplicative of #10 (see endorsement of 1/10/02). [EOD Date 1/15/02] (mr) (Entered: 01/15/2002) |
| 02/12/2002 | 16 | Answer by Michael J. Capizzi, Catherine Capizzi to [9-2] counter claim , filed. c/s (mr) (Entered: 02/12/2002) |
| 05/07/2002 | 17 | Motion by Michael J. Capizzi, Catherine Capizzi for Adler Pollock & |

| | | |
|---|---|---|
| | | Sheehan to withdraw as attorney , filed. c/s (mr) (Entered: 05/07/2002) |
| 05/13/2002 | 18 | Response by State Resources Corp to [17-1] motion for Adler Pollock & Sheehan to withdraw as attorney , filed. c/s (mr) (Entered: 05/14/2002) |
| 05/13/2002 | | Judge Douglas P. Woodlock . Endorsed Order entered, Motion hearing before Judge Douglas P. Woodlock set for 3:00 6/18/02 for [17-1] motion for Adler Pollock & Sheehan to withdraw as attorney . All counsel, including counsel for defendants shall be present, as well as the plaintiffs, Michael and Catherine Capizzi, who are ordered to appear in person at the hearing. Notice sent to counsel. [EOD Date 5/20/02] (mr) (Entered: 05/20/2002) |
| 05/14/2002 | | Judge Douglas P. Woodlock . Endorsement re: [18-1] motion response. "A hearing has been set. The parties should be prepared to address any outstanding discovery issues." Notice sent to counsel. (kf) (Entered: 05/15/2002) |
| 06/18/2002 | | Motion hearing re: [17-1] motion for Adler Pollock & Sheehan to withdraw as attorney Motion hearing held. Counsel advises this may have been resolved with the client - Court holds in abeyance. Report by counsel by cob 6/21/02. All discovery by 9/6/02; s/j motions 10/4/02. This is the final schedule notwithstanding the problems with counsel. If not worked out Pltf will have to proceed pro se. (eaf) Modified on 06/24/2002 (Entered: 06/24/2002) |
| 06/18/2002 | 19 | Judge Douglas P. Woodlock . Clerk's Notes: re: motion hearing [17-1] motion for Adler Pollock & Sheehan to withdraw as attorney Court Reporter: Gibbons (eaf) (Entered: 06/24/2002) |
| 06/18/2002 | 20 | Judge Douglas P. Woodlock . Scheduling Order entered setting Discovery cutoff 9/6/02; s/j motions by 10/4/02 Status report due on 11/14/02 for Catherine Capizzi, for Michael J. Capizzi, for State Resources Corp, for State Resources Corp, for Catherine Capizzi, for Michael J. Capizzi . [EOD Date 6/24/02] (eaf) (Entered: 06/24/2002) |
| 06/24/2002 | 21 | Status report by Michael J. Capizzi, Catherine Capizzi, State Resources Corp , filed. (eaf) (Entered: 06/25/2002) |
| 06/25/2002 | | Judge Douglas P. Woodlock . Endorsed Order entered granting [17-1] motion for Adler Pollock & Sheehan to withdraw as attorney (Terminated Philip Brown) [EOD Date 6/26/02] (eaf) (Entered: 06/26/2002) |
| 07/18/2002 | 22 | Motion by State Resources Corp to compel , and to dismiss , filed. c/s |

| | | |
|---|---|---|
| | | (mr) (Entered: 07/19/2002) |
| 07/18/2002 | 23 | Memorandum by State Resources Corp in support of [22-1] motion to compel, [22-2] motion to dismiss , filed. c/s (mr) (Entered: 07/19/2002) |
| 08/19/2002 | | Judge Douglas P. Woodlock . Endorsed Order entered granting [22-2] motion to dismiss. The plaintiffs' failure to meet their discovery responsibilities are further evidence of a failure to prosecute their claim justifies in the circumstances of this case dismissal pursuant to Fed.Civ.P. 41(b), 37(a)(4). Allowed only as to the request for dismissal. No attorney's fees are awarded at this time. Notice sent to counsel. [EOD Date 8/21/02] (mr) (Entered: 08/21/2002) |
| 08/19/2002 | 24 | Judge Douglas P. Woodlock . Order of Dismissal entered. cc/cl [EOD Date 8/21/02] (mr) (Entered: 08/21/2002) |
| 08/21/2002 | | Case closed. (mr) (Entered: 08/21/2002) |
| 09/06/2002 | 25 | Motion by Michael J. Capizzi, Catherine Capizzi for reconsideration of [24-1] judgment order , filed. (eaf) (Entered: 09/11/2002) |
| 09/09/2002 | 26 | Judge Douglas P. Woodlock . Notice of Hearing/conference: Motion hearing set for 3:15 9/23/02 for [25-1] motion for reconsideration of [24-1] judgment order cc: all counsel of record. . (eaf) (Entered: 09/11/2002) |
| 09/17/2002 | 28 | Motion in letter form on behalf of Michael J. Capizzi, Catherine Capizzi to continue hearing , filed. (mr) (Entered: 09/19/2002) |
| 09/17/2002 | | Judge Douglas P. Woodlock . Endorsed Order entered granting [28-1] motion to continue hearing, Motion hearing before Judge Douglas P. Woodlock set for 3:00 9/26/02 for [25-1] motion for reconsideration of [24-1] judgment order . Notice sent to parties/counsel. [EOD Date 9/19/02] (mr) (Entered: 09/19/2002) |
| 09/19/2002 | 27 | Response by State Resources Corp in opposition to [25-1] motion for reconsideration of [24-1] judgment order , filed. (opposition to motion to vacate order of dismissal) c/s (mr) (Entered: 09/19/2002) |
| 09/26/2002 | | Motion hearing re: [25-1] motion for reconsideration of [24-1] judgment order Motion hearing held (mr) (Entered: 09/27/2002) |
| 09/26/2002 | 29 | Judge Douglas P. Woodlock . Clerk's Notes: re: motion hearing re: [25-1] motion for reconsideration of [24-1] judgment order; court reconsiders dismissal; both are dismissed without prejudice for want of prosecution; parties may bring another lawsuit; motion to vacate |

| | | order of dismssal is denied Court Reporter: Pam Owens (mr) (Entered: 09/27/2002) |
|---|---|---|
| 09/26/2002 | 30 | Exhibits by Michael J. Capizzi, Catherine Capizzi [25-1] motion for reconsideration of [24-1] judgment order (mr) (Entered: 09/27/2002) |
| 09/30/2002 | 31 | Judge Douglas P. Woodlock. Amended Order of Dismissal entered. cc/cl [EOD Date 10/1/02] (mr) (Entered: 10/01/2002) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/06/2004 14:08:23 | | | |
| **PACER Login:** | dg0130 | **Client Code:** | |
| **Description:** | Docket Report | **Case Number:** | 1:01-cv-11298-DPW |
| **Billable Pages:** | 3 | **Cost:** | 0.21 |



UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

# 04   10095 DPW

FILED
IN CLERKS OFFICE

2004 JAN 15  A 11: 04

U.S. DISTRICT COURT
DISTRICT OF MASS.

_____

**STATES RESOURCES CORPORATION**

   **Plaintiff**

    **v.**

**MICHAEL CAPIZZI,**
**CATHERINE R. CAPIZZI,**
**THE ARCHITECTURAL TEAM, INC.,**
**GARRETT, INC.,**
**JOHN CONNOLLY, JR.,**
**MASSACHUSETTS DEPARTMENT OF REVENUE,**
**JAMES GRUMBACH**

   **Defendants**
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

MAGISTRATE JUDGE ____

**Civil Action No.**

AMOUNT $150
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. Ebm
1-15-04

## INTERPLEADER COMPLAINT

### PARTIES

1) States Resources Corporation (hereafter "States") is a corporation duly organized under the laws of the State of Iowa.

2) Defendant Michael Capizzi is an individual residing at 236 Lincoln Road, Lincoln, MA 01773.

3) Defendant Catherine R. Capizzi is an individual residing at 236 Lincoln Road, Lincoln, MA 01773.

4) Defendant Architectural Team, Inc. is a Massachusetts corporation duly organized under the laws of the Commonwealth of Massachusetts.



EXHIBIT
B

84, of the Middlesex South Registry of Deeds. *See* Exhibit B (a true and correct copy of the
Mortgage is attached hereto).

13) On March 17, 1989, Catherine Capizzi became bound by all of the terms and conditions of the
aforesaid Note and Mortgage by accepting an ownership interest by Quitclaim Deed. Said Deed
was recorded in the Middlesex South Registry of Deeds at Book 19715, Page 41. *See* Exhibit C
(a true and correct copy of the Deed is attached hereto).

14) On August 14, 1992, Winchendon Savings Bank was declared insolvent or in such condition to
be unsafe for the Bank to continue doing business and the Federal Deposit Insurance Corporation
("FDIC") was appointed receiver. *See* Exhibit D (a true and correct copy of the Assignment of
Mortgages and Security Documents is attached hereto).

15) Said Mortgage was assigned by FDIC to First Essex, dated January 18, 1995, and recorded in the
Middlesex South Registry of Deeds at Book 25259, Page 594. Then by assignment dated June
28, 1995, said mortgage was assigned back to FDIC. *See* Exhibit E (a true and correct copy of
said Assignment is attached hereto).

16) On September 30, 1998, said Mortgage was assigned to States through a Loan Sale Agreement
with the FDIC. Said assignment was recorded in the Middlesex South Registry at Book 29864,
Page 441. *See* Exhibit F (a true and correct copy of said Assignment is attached hereto).

17) On July 26, 2001, Michael Capizzi and Catherine Capizzi filed suit against States in the United
States District Court, District of Massachusetts (Civil Action # 1:01-cv-11298) ("First
Complaint"). The Capizzis alleged that a) States had breached the terms of the Amended Note
and associated loan documents; b) States had violated G.L. c. 93A, § 9, by failing to abide by the
terms of the Amended Note, by engaging in unfair debt collection practices, by failing to
disburse real estate tax payments from the escrow account and by failing to give a proper
accounting of all payments made, owed and held in escrow.

18) On September 30, 2002, the Court dismissed without prejudice Capizzis' First Complaint, based on the Plaintiffs' failure to meet their discovery responsibilities and, therefore, failure to prosecute their claims pursuant to Fed. R. Civ. P. 41(b), 37 (a)(4). *See* Exhibit G (a true and correct copy of said Order is attached hereto).

19) On December 2, 2002, Michael Capizzi and Catherine Capizzi once again filed suit against States in the United States District Court, District of Massachusetts (Civil Action # 1:02-cv-12319) ("Second Complaint"). The Capizzis reasserted the allegations made in their First Complaint filed on July 26, 2001 (See Paragraph 15) and further requested injunctive relief, enjoining States from conducting a Mortgage Sale of the property.

20) Michael Capizzi filed a Pro Se voluntary petition for Bankruptcy under Chapter 13 of the United States Bankruptcy Code on February 28, 2003. States filed a Motion to Dismiss the Chapter 13 Bankruptcy Case No. 03-11621 on March 3, 2003, on grounds that the Debtor's secured debts were greater than eight hundred seventy-one thousand five hundred fifty and 00/100 dollars ($871,550.00) at the time of the filing, and thus, the Debtor was not an eligible Chapter 13 debtor.

21) On March 5, 2003, in response to States's Motion to Dismiss, the Bankruptcy Court granted relief from stay in order to proceed to judgment in U.S. District Court concerning Capizzis' Second Complaint. *See* Exhibit H (a true and correct copy of said Order is attached hereto).

22) On May 1, 2003, the Bankruptcy Court granted debtor's Motion to Dismiss and pursuant to 11 U.S.C. 105(A) and 11 U.S.C. 109(G)(2), Michael Capizzi was barred from re-filing for 180 days, since he voluntarily dismissed his filing after a Motion for Relief had been filed.

23) On May 20, 2003, Catherine Capizzi filed a Pro Se voluntary petition for Bankruptcy under Chapter 11 of the United States Bankruptcy Code ("Second Capizzi Bankruptcy"). That same day, States filed a Motion to Dismiss Pursuant to 11 U.S.C. 105(a) and 11 U.S.C. 109(g)(2) and a

Motion for Relief from Stay for Cause Pursuant to 11 U.S.C. 362(d)(1). States then filed a Motion for Relief from Stay to Proceed to Judgment in the District Court on May 23, 2003.

24) States was granted relief to proceed to judgment in U.S. District Court concerning Capizzis' Second Complaint on May 28, 2003. *See* Exhibit I (a true and correct copy of said Order is attached hereto).

25) On June 24, 2003, the Court granted States Motion for Relief from Stay for Cause pursuant to 11 U.S.C. Section 362(d)(1) based on the fact that, as was determined as a matter of law in the state court, Catherine Capizzi did not have an interest in the subject property and, therefore, her bankruptcy did not affect the foreclosure. *See* Exhibit J (true and correct copies of the Order and Memorandum are attached hereto).

26) On June 9, 2003, the Court dismissed with prejudice the Capizzis' Second Complaint pursuant to Fed. R. Civ. P. 41(b), as a result of Plaintiffs failing to plead or defend against the Counterclaims of States. *See* Exhibit K (a true and correct copy of said Order is attached hereto).

27) Further, the Court granted judgment for States against the Capizzis in the sum of eight hundred seventy-five thousand two hundred three and 38/100 dollars ($875,203.38). *See* Exhibit L (a true and correct copy of said Judgment is attached hereto).

28) Michael Capizzi filed a Pro Se voluntary petition for Bankruptcy under Chapter 11 of the United States Bankruptcy Code on September 25, 2003 at 3:38 p.m., the day before the foreclosure sale scheduled for September 26, 2003 at 11:30 a.m. ("Third Capizzi Bankruptcy").

29) On September 26, 2003, the Bankruptcy Court held that based on the record of proceedings in this case and the debtor's prior case, Michael Capizzi was barred from filing another bankruptcy petition until November 1, 2003 and dismissed the Third Capizzi Bankruptcy. *See* Exhibit M (a true and correct copy of said Order is attached hereto).

30) Pursuant to Massachusetts General Law and after proper notice, Plaintiff held a Foreclosure Auction due to the debtor's default on the mortgage on July 24, 2003. Linda Micu was the

highest bidder at that auction for two million and 00/100 dollars ($2,000,000.00); however, Linda Micu defaulted and the sale never occurred, with the five thousand and 00/100 dollars ($5,000.00) forfeited. Upon information and belief, Linda Micu was a straw for the Capizzis to fraudulently delay transfer of the property. *See* Exhibit N (true and correct copies of the Memorandum of Terms and Conditions for the Purchase at Mortgagee's Foreclosure Sale and check are attached hereto).

31) Pursuant to Massachusetts General Law and after proper notice, Plaintiff held another Foreclosure Auction on September 26, 2003. The property was sold to Kevin P. Duffy for one million two hundred thousand and 00/100 dollars ($1,200,000.00). *See* Exhibit O (a true and correct copy of the Foreclosure Deed is attached hereto).

32) The Architectural Team, Inc. has an Attachment on the subject property recorded on or about December 14, 1994 and carried forward on December 16, 1999 in the amount of six hundred thousand and 00/100 dollars ($600,000.00) and recorded at the Middlesex South Registry of Deeds at Book 25104, Page 393. An Execution for five hundred forty-one thousand one hundred fifty-two and 81/100 dollars ($541,152.81) was issued on September 24, 2003 and recorded on September 25, 2003 in the Middlesex South Registry of Deeds. Pursuant to the aforesaid Execution, The Architectural Team, Inc. may possess a claim to any surplus proceeds from the auction sale of the subject property. *See* Exhibit P (true and correct copies of the Attachment and Execution are attached hereto).

33) James Grumbach has an Attachment on the subject property dated December 30, 1998 in the amount of twenty-five thousand and 00/100 dollars ($25,000.00) and recorded at the Middlesex South Registry of Deeds. Pursuant to the aforesaid Attachment, James Grumbach may possess a claim to any surplus proceeds from the auction sale of the subject property. *See* Exhibit Q (a true and correct copy of the Execution is attached hereto).

34) The Massachusetts Department of Revenue has a Tax Lien against the subject property dated
March 37, 2002 in the amount of nine thousand six hundred twelve and 17/100 dollars
($9,612.17) and recorded at the Middlesex South Registry of Deeds. Pursuant to the aforesaid
Lien, the Massachusetts Department of Revenue may possess a claim to any surplus proceeds
from the auction sale of the subject property. *See* Exhibit R (a true and correct copy of the Tax
Lien is attached hereto).

35) John Connolly, Jr. has an Attachment on the subject property dated March 19, 2003 in the
amount of thirty-five thousand six hundred thirty-eight and 53/100 dollars ($35,638.53) and
recorded at the Middlesex South Registry of Deeds at Book 38430, Page 483. Pursuant to the
aforesaid Attachment, John Connolly, Jr. may possess a claim to any surplus proceeds from the
auction sale of the subject property. *See* Exhibit S (a true and correct copy of the Execution is
attached hereto).

36) Garrett, Inc., the auction company who sold the mortgaged premises on September 26, 2003 and
provided advertising for the auction, has not yet been paid in full. Per its invoice dated October
16, 2003, Garrett, Inc. is owed six thousand four hundred fifty-nine and 20/100 dollars
($6459.20) for advertising fees and a commission of forty-two thousand and 00/100 dollars
($42,000.00). Upon information and belief, if the property at 236 Lincoln Road was purchased
at the auction by a third party in an amount greater than the balance due on the foreclosing first
mortgage, Garrett, Inc.'s commission would be 3.5% of the sale price. The Mortgage states that
the "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided
in this paragraph 19, including, but not limited to, reasonable attorneys' fees and costs . . ."
Pursuant to its invoice, Garrett, Inc. may possess a claim to any surplus proceeds from the
auction sale of the subject property. *See* Exhibit T (a true and correct copy of the Invoice is
attached hereto).

37) Michael Capizzi and Catherine Capizzi defaulted on a Mortgage executed on or about October 19, 1988, by Michael Capizzi to Winchendon Savings Bank in the principle amount of seven hundred fifty thousand and 00/100 dollars ($750,000.00) on the property commonly known as 236 Lincoln Road, Lincoln, Massachusetts. Pursuant to the aforesaid Mortgage and related title interest, Michael Capizzi and/or Catherine Capizzi may possess a claim to any surplus proceeds from the auction sale of the subject property. *See* Exhibit B (a true and correct copy of the Mortgage is attached hereto).

38) Through email communications between November 7, 2003 and November 10, 2003, the Plaintiff and The Architectural Team, Inc. negotiated an agreement in which the Plaintiff would disburse a check in the amount of two hundred ten thousand ninety-six and 33/100 dollars ($210,096.33) from the proceeds of the foreclosure sale to The Architectural Team, Inc. In consideration of the payment, The Architectural Team, Inc. would sign an Indemnification Agreement, warranting that the sum of two hundred ten thousand ninety-six and 33/100 dollars ($210,096.33) is due and owing to it and indemnifying the Plaintiff and the Plaintiff's attorneys from any and all actions, proceedings, claims, demands, costs, damages and expenses in connection with or arising out of the payment to The Architectural Team, Inc. of the said funds. Pursuant to that agreement, the Plaintiff, through its attorneys, sent The Architectural Team, Inc. a check for two hundred ten thousand ninety-six and 33/100 dollars ($210,096.33) on November 11, 2003. The Architectural Team, Inc. negotiated the aforesaid check on or about November 13, 2003. However, The Architectural Team, Inc. has yet to sign the Indemnification Agreement. *See* Exhibit U (true and correct copies of the Indemnification Agreement, the check, Emails, and the Letter to Ring Law Firm are attached hereto).

39) The total outstanding debt that was due to the plaintiff is nine hundred thirty-two thousand six hundred thirty and 87/100 dollars ($932,630.87). This amount has been collected by the Plaintiff, but continues to accrue legal fees and costs.

40) The Surplus amount is estimated to be two hundred seventy-two thousand three hundred sixty-nine and 13/100 dollars ($272,369.13).

41) As of January 27, 2003, the date the most current title examination ended, there were no other lien holders on the subject property.

WHEREFORE, Plaintiff respectfully requests this court to:

1.    Award Plaintiff its further accrued interest and incurred fees and costs;
2.    Determine who is entitled to the surplus of funds;
3.    Award costs and attorney's fees to Plaintiff;
4.    Determine reasonable auctioneer costs;
5.    Award such other relief as this Court deems just and proper.

Date: January _____, 2004

John A. Doonan, Esq.
BBO# 547838
Erin E. Powers, Esq.
BBO# 654644
Doonan, Graves & Longoria, L.L.C.
100 Cummings Center, Suite 213C
Beverly, MA  01915
(978) 921-2670

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL J. CAPIZZI, ET AL., | ) | |
| Plaintiffs | ) | CIVIL ACTION NO. |
| | ) | 01-11298-DPW |
| v. | ) | |
| | ) | |
| STATE RESOURCES, CORP., | ) | |
| Defendant. | ) | |

AMENDED ORDER OF DISMISSAL
September 30, 2002

In accordance with this Court's Ruling from the bench on
September 26, 2002, on Plaintiff's Motion to Vacate the Order of
Dismissal dated August 19, 2002, after further reconsideration of
the submission of the parties, and after hearing that date in
which the *pro se* plaintiff Michael Capizzi admitted purported
lack of awareness of the need to file a timely response, it is
hereby ORDERED that the earlier Order of Dismissal dated August
19, 2002 with respect to the Defendant's motion to compel
discovery and for dismissal, is Amended to provide that this
action is DISMISSED in its entirety, without prejudice[1].

Dated: September 30, 2002

Hon. Douglas P. Woodlock
United States District Judge

---

[1]Upon review I will also amend the written endorsement
allowing the defendant's Motion for Dismissal to reflect after
further consideration the more grammatical but still operative
reason that the plaintiffs' failure to meet their discovery and
motion response responsibilities in a timely fashion is further
evidence of a failure to prosecute their claims in this case and
justifies in the circumstances of this case, dismissal, without
prejudice, pursuant to Fed.R.Civ.P. 41(b) and 37(a).
Consequently, the parties may file new litigation raising the
issues if they choose to do so.

EXHIBIT
C

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:02-cv-12319-DPW

Capizzi, et al v. State Resources Corp
Assigned to: Judge Douglas P. Woodlock
Referred to:
Demand: $187000
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: JS 44 Sec. IV - no matching citation currently in database

Date Filed: 12/02/02
Jury Demand: Plaintiff
Nature of Suit: 220 Real Property: Foreclosure
Jurisdiction: Diversity

**Plaintiff**
-----------------------

**Michael J. Capizzi**

represented by **Michael J. Capizzi**
236 Lincoln Road
Lincoln, MA 01773
PRO SE

**George L. Garfinkle**
George L. Garfinkle, Attorney at Law
99 Pond Ave.
Suite 621
Brookline, MA 02445
617-734-4904
Fax : 617-734-6033
Email: ggarfinkle@rcn.com
*TERMINATED: 01/28/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth I. Gordon**
(See above for address)
*TERMINATED: 01/28/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Capizzi**

represented by **Catherine Capizzi**
236 Lincoln Road
Lincoln, MA 01773
PRO SE

**George L. Garfinkle**
George L. Garfinkle, Attorney at Law
99 Pond Ave.
Suite 621
Brookline, MA 02445


EXHIBIT
D

617-734-4904
Fax : 617-734-6033
Email: ggarfinkle@rcn.com
*TERMINATED: 01/28/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth I. Gordon**
(See above for address)
*TERMINATED: 01/28/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
----------------------

**State Resources Corp**                 represented by   **John A. Doonan**
                                                          Doonan, Graves, Longoria, LLC
                                                          100 Cummings Center
                                                          Suite 213C
                                                          Beverly, MA 01915
                                                          978-741-2680
                                                          Fax : 978-744-8780
                                                          Email: jad@doonanandgraves.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Counter Claimant**
----------------------

**State Resources Corp**                 represented by   **John A. Doonan**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**
----------------------

**Michael J. Capizzi**                   represented by   **George L. Garfinkle**
                                                          George L. Garfinkle, Attorney at Law
                                                          99 Pond Ave.
                                                          Suite 621
                                                          Brookline, MA 02445
                                                          617-734-4904
                                                          Fax : 617-734-6033
                                                          Email: ggarfinkle@rcn.com

Page 3 of 8

*TERMINATED: 01/28/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth I. Gordon**
63 Chatham Street
Boston, MA 02109
617-742-4602
Fax : 617-742-1506
Email: kgordon@gordonlawoffice.com
*TERMINATED: 01/28/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Capizzi**                    represented by  **George L. Garfinkle**
(See above for address)
*TERMINATED: 01/28/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth I. Gordon**
(See above for address)
*TERMINATED: 01/28/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 12/02/2002 | 1 | Complaint filed. Case assigned to Judge: Woodlock. Receipt #: 43519 Amount:$ 150. Fee Status: paid (mr) (Entered: 12/03/2002) |
| 12/02/2002 | | Summons issued for State Resources Corp (mr) (Entered: 12/03/2002) |
| 12/02/2002 | 2 | Motion by Michael J. Capizzi, Catherine Capizzi for preliminary injunction , filed. c/s (mr) (Entered: 12/03/2002) |
| 12/02/2002 | 3 | Memorandum by Michael J. Capizzi, Catherine Capizzi in support of [2-1] motion for preliminary injunction , filed. c/s (mr) (Entered: 12/03/2002) |
| 12/02/2002 | 4 | Motion by Michael J. Capizzi, Catherine Capizzi for short order of notice , filed. (mr) (Entered: 12/03/2002) |
| 12/09/2002 | 5 | Response by Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 in opposition to [2-1] motion for preliminary injunction , filed. c/s (mr) (Entered: 12/09/2002) |

| 12/11/2002 | 6 | Judge Douglas P. Woodlock . Notice of Hearing/conference: Motion hearing before Judge Douglas P. Woodlock set for 11:00 12/13/02 for [2-1] motion for preliminary injunction . cc/cl (mr) (Entered: 12/11/2002) |
| 12/13/2002 | 7 | Affidavit by Robin Oberg, filed. (mr) (Entered: 12/16/2002) |
| 12/13/2002 | 8 | Local Rule 7.3 Corporate Disclosure statement filed by State Resources Corp in 1:02-cv-12319 (mr) (Entered: 12/16/2002) |
| 12/13/2002 | 9 | Waiver of service returned executed as to State Resources Corp in 1:02-cv-12319. Mailed on 12/2/02 . Answer due on 1/31/03 for State Resources Corp (mr) (Entered: 12/16/2002) |
| 12/13/2002 | | Motion hearing re: [2-1] motion for preliminary injunction Motion hearing held (mr) (Entered: 12/16/2002) |
| 12/13/2002 | 10 | Judge Douglas P. Woodlock . Clerk's Notes: re: motion hearing; preliminary injunction granted on condition that plaintiffs put money owed in escrow, make timely payments, and for reinstatement and payment without prejudice (of the current amount) to be made, excrow amount to include $37,000 and attys fees and costs; payment to be made within 45 days (by 2/3/03); discovery to be done asap; next payment to be made on 12/19/02; foreclosure in enjoined; parties to prepare draft order for 12/19/02; absent court order the foreclosure may proceed upon re-notice; scheduling order issued; Court Reporter: Pam Owens (mr) (Entered: 12/16/2002) |
| 12/13/2002 | | Judge Douglas P. Woodlock . Endorsed Order entered granting [2-1] motion for preliminary injunction. Allowed, for reasons stated during and reflected in the stenographers notes of the hearing this day. Notice sent to counsel. [EOD Date 12/16/02] (mr) (Entered: 12/16/2002) |
| 12/13/2002 | 11 | Judge Douglas P. Woodlock . Scheduling Order entered setting plaintiffs shall put money in escrow by 2/3/03; parties shall perpare a proposed Order on preliminary injunction by 12/19/02; Discovery cutoff 4/14/03 Status conference set for 3:00 5/15/03 Status report due on 5/7/03 for State Corp, for Catherine Capizzi, for Michael J. Capizzi. cc/cl [EOD Date 12/16/02] (mr) (Entered: 12/16/2002) |
| 12/19/2002 | 12 | Judge Douglas P. Woodlock. Stipulated Order on the Motion for preliminary injunction entered. cc/cl [EOD Date 12/20/02] (mr) (Entered: 12/20/2002) |
| 12/30/2002 | 13 | Transcript of proceedings for held on proceeding date: 12/13/02 before Judge: Woodlock. Court Reporter: Pam Owens (mr) (Entered: |

| | | |
|---|---|---|
| | | 01/03/2003) |
| 01/07/2003 | 14 | Motion by State Resources Corp in 1:02-cv-12319 partially dissolve stipulated order for contempt , and to dismiss complaint with prejudice , filed. (mr) (Entered: 01/08/2003) |
| 01/07/2003 | 15 | Memorandum by State Resources Corp in 1:02-cv-12319 in support of [14-1] motion partially dissolve stipulated order for contempt, [14-2] motion to dismiss complaint with prejudice , filed. c/s (mr) (Entered: 01/08/2003) |
| 01/14/2003 | 17 | Affidavit of State Resources Corp in 1:02-cv-12319 , re: [14-1] motion partially dissolve stipulated order for contempt , filed. (eaf) (Entered: 01/23/2003) |
| 01/15/2003 | 16 | Response by Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 in opposition to [14-2] motion to dismiss complaint with prejudice, filed. c/s (kf) (Entered: 01/16/2003) |
| 01/19/2003 | | Judge Douglas P. Woodlock . Endorsed Order entered granting [14-1] motion partially dissolve stipulated order for contempt, granting [14-2] motion to dismiss complaint with prejudice . [EOD Date 1/23/03] "Allowed to the extent that the 12/19/02 Stipulated Order is vacated leaving the defendants free to pursue foreclosure of the property." cc: all counsel of record. (eaf) (Entered: 01/23/2003) |
| 01/21/2003 | | Judge Douglas P. Woodlock. Endorsed Order entered, re: motion to partially dissolve stipulated order , for contempt and to dismiss complaint with prejudice; set scheduling conference for 3:00 5/15/03 before Judge Douglas P. Woodlock . Notice sent to counsel. [EOD Date 2/3/03] (mr) (Entered: 02/03/2003) |
| 01/22/2003 | 18 | Motion by Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 for Garfinkle & Gordon to withdraw as attorney , filed. (eaf) (Entered: 01/23/2003) |
| 01/28/2003 | 19 | Response by State Resources Corp in 1:02-cv-12319 to [18-1] motion for Garfinkle & Gordon to withdraw as attorney , filed. (mr) (Entered: 01/28/2003) |
| 01/28/2003 | | Judge Douglas P. Woodlock . Endorsed Order entered granting [18-1] motion for Garfinkle & Gordon to withdraw as attorney There will be no modifications of the schedule previously established; any successer counsel will be held to that schedule as will the plaintiffs if they continue pro se. (Terminated attorney Kenneth I. Gordon for Catherine Capizzi in 1:02-cv-12319, attorney George L. Garfinkle for Catherine Capizzi in 1:02-cv-12319, attorney Kenneth I. Gordon for |

| | | |
|---|---|---|
| | | Michael J. Capizzi in 1:02-cv-12319, attorney George L. Garfinkle for Michael J. Capizzi in 1:02-cv-12319 . [EOD Date 1/30/03] (fmr) (Entered: 01/30/2003) |
| 02/13/2003 | 20 | Answer to complaint and Counterclaim by State Resources Corp in 1:02-cv-12319 against Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 , filed. (mr) (Entered: 02/14/2003) |
| 03/13/2003 | 21 | Request/Motion by State Resources Corp in 1:02-cv-12319 for entry of default as to Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 , filed. c/s (mr) (Entered: 03/14/2003) |
| 03/13/2003 | 22 | Affirmation of Adam M. Kelley, re: [21-1] motion for entry of default as to Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 , filed. (mr) (Entered: 03/14/2003) |
| 03/31/2003 | 23 | Motion by State Resources Corp in 1:02-cv-12319 to compel discovery , to dismiss , and for default judgment against Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 , filed. c/s (mr) (Entered: 03/31/2003) |
| 03/31/2003 | 24 | Memorandum by State Resources Corp in 1:02-cv-12319 in support of [23-1] motion to compel discovery, [23-2] motion to dismiss, [23-3] motion for default judgment against Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 , filed. c/s (mr) (Entered: 03/31/2003) |
| 04/03/2003 | | Judge Douglas P. Woodlock . Endorsed Order entered granting [21-1] motion for entry of default as to Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319. Notice sent to counsel. [EOD Date 4/9/03] (mr) (Entered: 04/09/2003) |
| 04/09/2003 | 25 | Notice of default as to Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 issued. (mr) (Entered: 04/09/2003) |
| 04/09/2003 | 26 | Judge Douglas P. Woodlock . Standing Order entered re: motions for default judgment. (mr) (Entered: 04/09/2003) |
| 04/22/2003 | 28 | Judge Douglas P. Woodlock . Notice of Hearing/conference: reset scheduling conference for 2:30 6/9/03 . cc/cl (kf) (Entered: 04/25/2003) |
| 04/28/2003 | 29 | Motion by State Resources Corp in 1:02-cv-12319 for default judgment against Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 , filed. c/s (mr) (Entered: 04/29/2003) |

| | | |
|---|---|---|
| 04/28/2003 | 30 | Affidavit of John A. Doonan in 1:02-cv-12319 , re: [29-1] motion for default judgment against Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 , filed. (mr) (Entered: 04/29/2003) |
| 04/28/2003 | 31 | Affidavit of Robin Oberg, re: [29-1] motion for default judgment against Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 , filed. (mr) (Entered: 04/29/2003) |
| 04/28/2003 | 32 | Affidavit of Douglas Bartzatt, re: [29-1] motion for default judgment against Michael J. Capizzi in 1:02-cv-12319, Catherine Capizzi in 1:02-cv-12319 , filed. (mr) (Entered: 04/29/2003) |
| 06/02/2003 | <u>33</u> | STATUS REPORT by State Resources Corp. (Rynne, Michelle) (Entered: 06/03/2003) |
| 06/09/2003 | | Electronic Clerk's Notes for proceedings held before Judge Douglas P. Woodlock : Scheduling Conference held on 6/9/2003. Plaintiffs do not appear. The Defendant's motion for default judgment (on its counterclaim) is ALLOWED as requested by the Defendant. The Defendant's Motion to Dismiss Plaintiff's Complaint is ALLOWED, WITH PREJUDICE, as a result of Plaintiff's failure to comply with the Court's Orders. A Default Judgment shall issue. (Court Reporter Debbie Crossman.) (Greenberg, Rebecca) (Entered: 06/09/2003) |
| 06/09/2003 | <u>34</u> | Judge Douglas P. Woodlock : ORDER on Motions entered: The Defendant's Motion for Default Judgment on its counterclaim (#29) is ALLOWED as proposed; The Defendant's Motion to Dismiss the Plaintiff's Complaint (#23) is allowed WITH PREJUDICE; All other pending motions ([14] Motion for Miscellaneous Relief; Motion to Dismiss filed by State Resources Corp, [21]; Motion for Entry of Default filed by State Resources Corp, [2] Motion for Preliminary Injunction filed by Michael J. Capizzi, Catherine Capizzi; [23] Motion to Compel filed by State Resources Corp, [4] Motion for Miscellaneous Relief filed by Michael J. Capizzi, Catherine Capizzi; and [18] Motion to Withdraw as Attorney filed by Michael J. Capizzi, Catherine Capizzi, shall be terminated from the docket as moot in view of the dismissal of this action.(Greenberg, Rebecca) (Entered: 06/09/2003) |
| 06/09/2003 | <u>35</u> | Judge Douglas P. Woodlock : ORDER entered: DEFAULT JUDGMENT in favor of Defendant State Resources Corp. against Michael and Catherine Capizzi, and ORDER DISMISSING CASE:In accordance with 1) The Court's allowance of the Defendant's Motion for a Default Judgment at a conference this date, at which time the Plaintiffs failed to Appear, 2) The Court's allowance of the Defendant's Motion to Dismiss the Plaintiff's Complaint, 3) a Notice of default having been entered on April 9, 2003 against each Plaintiff, |

| | | |
|---|---|---|
| | | and 4) the plaintiffs having failed to plead or otherwise defend in this action against the Counterclaims of Defendant, State Resources Corp., and 5) upon application of Defendant and Counterclaim Plaintiff State Resources Corp., and affidavits demonstrating that Plaintiffs owe Defendant the sum of $816,983.37, and that Plaintiffs are not infants or incompetent people or in the military service of the United States, and the Defendant has incurred costs of $58,220.01, it is hereby ORDERED, ADJUDGED and DECREED: Judgment for Defendant and Counterclaim Plaintiff State Resources Corp. against the Plaintiffs Michael Capizzi and Catherine Capizzi, in the sum of $875,203.38, with interest as provided by law; and Dismissal of Plaintiff's Complaint, With Prejudice.(Greenberg, Rebecca) Modified on 6/9/2003 (Greenberg, Rebecca). (Entered: 06/09/2003) |
| 06/08/2004 | 36 | MOTION to Set Aside default Judgment by Catherine Capizzi, Michael J. Capizzi.(Rynne, Michelle) (Entered: 06/14/2004) |
| 06/08/2004 | 37 | MEMORANDUM in Support re 36 MOTION to Set Aside default Judgment filed by Catherine Capizzi, Michael J. Capizzi. (Rynne, Michelle) (Entered: 06/14/2004) |
| 06/21/2004 | 38 | Opposition re 36 MOTION to Set Aside Judgment filed by State Resources Corp. (Longoria, Reneau) (Entered: 06/21/2004) |
| 06/21/2004 | 39 | MEMORANDUM in Opposition re 36 MOTION to Set Aside Judgment filed by State Resources Corp. (Longoria, Reneau) (Entered: 06/21/2004) |
| 06/21/2004 | 40 | CERTIFICATE OF SERVICE by State Resources Corp re 38 Opposition to Motion, 39 Memorandum in Opposition to Motion. (Longoria, Reneau) (Entered: 06/21/2004) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 10/06/2004 14:15:13 | | |
| PACER Login: dg0130 | Client Code: | |
| Description: Docket Report | Case Number: | 1:02-cv-12319-DPW |
| Billable Pages: 4 | Cost: | 0.28 |

CLOSED, DISMISSED

# United States Bankruptcy Court
# District of Massachusetts (Boston)
# Bankruptcy Petition #: 03-11621

*Assigned to:* Judge William C. Hillman
Chapter 13
Voluntary
Asset

*Date Filed:* 02/28/2003
*Date Terminated:*
06/20/2003
*Date Dismissed:* 05/01/2003

**Michael Joseph Capizzi**
236 Lincoln Rd.
Lincoln, MA 01773
SSN: xxx-xx-1595
*Debtor*

represented by **Edward J. Neville, III**
Mauser & Mauser
180 Canal Street
Boston, MA 02114
(617) 720-5585

**Denise M. Pappalardo**
P. O. Box 16607
Worcester, MA 01601
508-791-3300
*Trustee*

| Filing Date | # | Docket Text |
|---|---|---|
| 02/28/2003 | 1 | Voluntary Chapter 13 Petition ( Filing Fee $ 185.00 Receipt 494366) missing documents: All Schedules a-j Statement of Financial Affairs Disclosure of Aty Compensation Due on 4:30 3/17/03 Chapter 13 Plan due on 4:30 3/17/03 ;Proof of Claim (gov. units only) Deadline: 4:30 8/27/03 (cw) (Entered: 02/28/2003) |
| 02/28/2003 | | Matrix. (cw) (Entered: 02/28/2003) |
| 02/28/2003 | 2 | Order to Update Petition. Incomplete Filing; missing documents: All Schedules a-j Statement of Financial Affairs Disclosure of Aty Compensation Chapter 13 Plan ; Missing Documents Due 4:30 3/17/03 (cw) (Entered: 02/28/2003) |
| 03/03/2003 | 3 | Emergency Motion By Creditor States Resources Corp. To Dismiss Case c/s (caf) (Entered: 03/03/2003) |
| 03/03/2003 | 4 | Motion By Creditor States Resources Corp. To Expedite Hearing Re: ( [3-1] Motion To Dismiss Case by States Resources Corp. ) c/s (caf) (Entered: 03/03/2003) |

**EXHIBIT**

E

| 03/03/2003 | 5 | Amended (Exhibits) re: [3-1] Motion To Dismiss Case filed by: Creditor States Resources Corp. (caf) (Entered: 03/03/2003) |
|---|---|---|
| 03/03/2003 | 6 | ENDORSEMENT ORDER: Denying [4-1] Motion To Expedite Hearing Re: ( [3-1] Motion To Dismiss Case by States Resources Corp. ). (caf) (Entered: 03/03/2003) |
| 03/04/2003 | | Hearing Re: [3-1] Motion To Dismiss Case by States Resources Corp. scheduled For 9:30 3/5/03 at Courtroom 3, (caf) (Entered: 03/04/2003) |
| 03/04/2003 | 7 | Certificate Of Service By States Resources Corp. Of 3/5/03 Hearing re: [3-1] Motion To Dismiss Case (caf) (Entered: 03/04/2003) |
| 03/05/2003 | 8 | Affirmation of Adam M. Kelly to exhibits re: [3-1] Motion To Dismiss Case by States Resources Corp. (caf) (Entered: 03/05/2003) |
| 03/05/2003 | 9 | Statement filed by Douglas Bartzatt RE: [3-1] Motion To Dismiss Case by States Resources Corp. (caf) (Entered: 03/05/2003) |
| 03/05/2003 | 10 | Response By Debtor To [3-1] Motion To Dismiss Case by States Resources Corp. c/s. (caf) (Entered: 03/05/2003) |
| 03/05/2003 | | Hearing Held Re: [3-1] Motion To Dismiss Case by States Resources Corp. . (caf) (Entered: 03/05/2003) |
| 03/05/2003 | 11 | ORDER: Denied without prejudice re: [3-1] Motion To Dismiss Case by States Resources Corp.; On movant's oral motion, relief from stay granted to proceed to judgment in the U.S. District Court #02-12319-DPW (caf) (Entered: 03/05/2003) |
| 03/05/2003 | 12 | Amended [7-1] Service Notice filed by: Edward J. Neville for Debtor Michael Capizzi (mjt) (Entered: 03/06/2003) |
| 03/06/2003 | 13 | Imaged Certificate of Mailing. (auto) (Entered: 03/06/2003) |
| 03/06/2003 | 15 | United States Trustee's Notice of Appointment of Trustee Denise M. Pappalardo. c/s (caf) (Entered: 03/10/2003) |
| 03/08/2003 | 14 | Imaged Certificate of Mailing. (auto) (Entered: 03/08/2003) |
| 03/12/2003 | 16 | Notice of Appearance And Request For Service Of Notice By Peter L. Zimmerman for Creditor Architectural Team, Inc. c/s (mjt) (Entered: 03/13/2003) |
| 03/14/2003 | 17 | Motion By Debtor Michael Capizzi To Extend Time To File |

| | | Schedules and Plan c/s (caf) (Entered: 03/14/2003) |
|---|---|---|
| 03/21/2003 | 18 | Schedules A-J (mlm) (Entered: 03/25/2003) |
| 03/21/2003 | 19 | Statement of Financial Affairs. (mlm) (Entered: 03/25/2003) |
| 03/21/2003 | 20 | Disclosure of Compensation filed by Attorney Edward J. Neville for the Debtor in the amount of $ 2,500.00. (mlm) (Entered: 03/25/2003) |
| 03/21/2003 | 21 | Chapter 13 Plan With Certificate of Service. (mlm) (Entered: 03/25/2003) |
| 03/26/2003 | 22 | ENDORSEMENT ORDER: Granting [17-1] Motion To Extend Time To File Schedules and Plan by Michael Capizzi . (jmd) (Entered: 03/27/2003) |
| 03/31/2003 | | First Meeting of Creditors scheduled For 1:30 4/29/03 At 10 Causeway Street, Room 255-A ;Proofs of Claim due on 4:30 7/28/03 Notice to be mailed within two weeks. (kpm) (Entered: 03/31/2003) |
| 03/31/2003 | 23 | Imaged Certificate of Mailing. (auto) (Entered: 03/31/2003) |
| 04/02/2003 | 24 | Motion By Creditor Architectural Team, Inc. For Relief from Automatic Stay ( 236 Lincoln Rd., Lincoln MA ) c/s (caf) (Entered: 04/02/2003) |
| 04/02/2003 | 25 | Objection By Creditor Architectural Team, Inc. To Confirmation Of [21-1] Chapter 13 Plan. c/s (caf) (Entered: 04/02/2003) |
| 04/02/2003 | 26 | Motion By Creditor Architectural Team, Inc. To Dismiss Case c/s. (caf) (Entered: 04/02/2003) |
| 04/03/2003 | | Hearing Re: [25-1] Objection to confirmation of plan by Architectural Team, Inc. and [26-1] Motion To Dismiss Case by Architectural Team, Inc. schd For 12:00 Noon on 5/1/03 at Courtroom 3, Objections Due: 12:00 4/28/03 (caf) (Entered: 04/03/2003) |
| 04/07/2003 | 27 | Court's Notice of the First Meeting being sent to the Bankruptcy Noticing Center. (auto) (Entered: 04/07/2003) |
| 04/08/2003 | 28 | Trustee's Final Report and Account and Request for Discharge of Trustee. Action Taken: Dismissed (mjt) (Entered: 04/09/2003) |
| 04/08/2003 | 29 | Order Pursuant to 11 U.S.C. Section 350(a), the Court hereby discharges the Chapter 13 Trustee. (mjt) (Entered: 04/09/2003) |
| | | |

| 04/11/2003 | 30 | First Meeting Certificate of Mailing. (auto) (Entered: 04/11/2003) |
| 04/14/2003 | 31 | Objection/Opposition by Debtor Michael Capizzi Re: 26Motion to Dismiss Case filed by Creditor Architectural Team, Inc. c/s (mjt, usbc) (Entered: 04/15/2003) |
| 04/14/2003 | 32 | Response (To: 24Motion for Relief From Stay filed by Creditor Architectural Team, Inc.) by Debtor Michael Capizzi Re: 24 Motion for Relief From Stay filed by Creditor Architectural Team, Inc. c/s (mjt, usbc) (Entered: 04/15/2003) |
| 04/14/2003 | 33 | Response by Debtor Michael Capizzi To: 25 Objection to Confirmation of the Plan filed by Creditor Architectural Team, Inc and Request for Additional Time to File Amended Plan. c/s (mjt, usbc) (Entered: 04/15/2003) |
| 04/14/2003 | 34 | Objection to Confirmation of Plan (RE: 21 Chapter 13 Plan). Filed by Creditor States Resources Corp. c/s (caf , ) (Entered: 04/15/2003) |
| 04/15/2003 | 35 | Hearing Scheduled 5/1/2003 at 12:00 PM at Boston Courtroom 3 - WCH for 34 Objection to Confirmation of the Plan filed by Creditor States Resources Corp. Objections due: 4/28/03 12:00. (caf , ) (Entered: 04/15/2003) |
| 04/15/2003 | 36 | Court Certificate of Mailing. RE: 35 Hearing Scheduled. (caf , ) (Entered: 04/15/2003) |
| 04/16/2003 | 37 | Certificate of Service (Re:24 Motion for Relief From Stay) , (Re: 26 Objection to Debtor's Chapter 13 Plan. Filed by Creditor Architectural Team, Inc. (caf) (Entered: 04/16/2003) |
| 04/18/2003 | 39 | Certificate of Service re: hearing on 34 Objection to Confirmation of the Plan Filed by Creditor States Resources Corp. (caf , ) (Entered: 04/22/2003) |
| 04/21/2003 | 38 | Hearing Scheduled for 5/1/2003 at 12:00 PM Boston Courtroom 3 - WCH for 24 Motion for Relief From Stay filed by Architectural Team, Inc. (caf , ) (Entered: 04/21/2003) |
| 04/22/2003 | 40 | Certificate of Service Re: Hearing on [24 Motion for Relief From Stay Filed by Creditor Architectural Team, Inc. (caf , ) (Entered: 04/22/2003) |
| 04/30/2003 | 41 | Motion to appear telephonically at hearing scheduled for 5/1/03 Filed by Trustee Denise M. Pappalardo. c/s (caf , ) (Entered: 04/30/2003) |
| 04/30/2003 | 42 | Endorsed Order Granting (41) Motion to appear telephonically at |

| | | |
|---|---|---|
| | | hearing filed by Denise M. Pappalardo Chapter 13 Trustee. 4/30/2003. (caf , ) (Entered: 04/30/2003) |
| 04/30/2003 | 43 | Motion to Dismiss Case Filed by Debtor Michael Capizzi. c/s (ph, ) (Entered: 05/01/2003) |
| 05/01/2003 | | Hearing off RE: 34 Objection to Confirmation of the Plan filed by States Resources Corp., 24 Motion for Relief From Stay filed by Architectural Team, Inc., 26 Motion to Dismiss Case filed by Creditor Architectural Team, Inc. Case Dismissed (caf , ) (Entered: 05/01/2003) |
| 05/01/2003 | 44 | Endorsed Order Granting 43 Debtor's Motion to Dismiss Case. 5/1/2003. (caf , ) (Entered: 05/01/2003) |
| 05/01/2003 | 45 | Notice of Dismissal . (caf , ) (Entered: 05/01/2003) |
| 05/01/2003 | 46 | Motion For Expedited Rehearing on 43 Debtor's Motion to Dismiss Case and Request to Enter Order of Dismissal with Prejudice and With a 180 Day Bar To Re-Filing Pursuant of 11 U.S.C 109(g)(2) c/s (caf , ) (Entered: 05/01/2003) |
| 05/01/2003 | 47 | Motion to Expedite Hearing on 46 Motion For Expedited Rehearing on 43 Debtor's Motion to Dismiss Case and Request to Enter Order of Dismissal with Prejudice and With a 180 Day Bar To Re-Filing Pursuant of 11 U.S.C 109(g) Filed by Creditor States Resources Corp. c/s (caf , ) (Entered: 05/01/2003) |
| 05/01/2003 | 51 | Endorsed Order Mooting 24 Motion For Relief From Stay. Case Dismissed. 5/1/2003. (caf , ) (Entered: 05/06/2003) |
| 05/01/2003 | 52 | Endorsed Order Mooting 26 Motion to Dismiss Case. Case Dismissed. 5/1/2003. (caf , ) (Entered: 05/06/2003) |
| 05/02/2003 | 48 | BNC Certificate of Mailing - PDF Document. Service Date 05/02/2003. (Related Doc # 42) (Admin.) (Entered: 05/03/2003) |
| 05/03/2003 | 49 | BNC Certificate of Mailing. Service Date 05/03/2003. (Related Doc # 45) (Admin.) (Entered: 05/04/2003) |
| 05/03/2003 | 50 | BNC Certificate of Mailing - PDF Document. Service Date 05/03/2003. (Related Doc # 44) (Admin.) (Entered: 05/04/2003) |
| 05/08/2003 | 53 | BNC Certificate of Mailing - PDF Document. Service Date 05/08/2003. (Related Doc # 51) (Admin.) (Entered: 05/09/2003) |
| | | |

| 05/08/2003 | 54 | BNC Certificate of Mailing - PDF Document. Service Date 05/08/2003. (Related Doc # 52) (Admin.) (Entered: 05/09/2003) |
| 05/19/2003 | 55 | Endorsement Order dated 5/19/03 Denying 46 Motion Of States Resources Corp. For Expedited Rehearing On The Debtor's Motion To Dismiss. (jmd, ) (Entered: 05/19/2003) |
| 05/19/2003 | 56 | Endorsement Order dated 5/19/03 Denying Motion 47 For Expedited Hearing. (jmd, ) (Entered: 05/19/2003) |
| 05/21/2003 | 57 | BNC Certificate of Mailing - PDF Document. Service Date 05/21/2003. (Related Doc # 55) (Admin.) (Entered: 05/22/2003) |
| 05/21/2003 | 58 | BNC Certificate of Mailing - PDF Document. Service Date 05/21/2003. (Related Doc # 56) (Admin.) (Entered: 05/22/2003) |
| 06/06/2003 | 59 | Chapter 13 Trustee's Final Report and Account and Request of Discharge of Trustee. Action Taken: Dismissed prior to confirmation. (ph) (Entered: 06/10/2003) |
| 06/10/2003 | 60 | Order Pursuant to 11 U.S.C. Section 350(a), the Court hereby discharges the Chapter 13 Trustee.(ph) (Entered: 06/10/2003) |
| 06/20/2003 | | Bankruptcy Case Closed (caf, ) (Entered: 06/20/2003) |
| 10/16/2003 | 61 | Letter Filed by Debtor Michael Joseph Capizzi. (caf, ) (Entered: 10/21/2003) |
| 12/15/2003 | 62 | BNC Certificate of Mailing - Meeting of Creditors.. (Garrity, E.) (Entered: 12/15/2003) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/06/2004 14:03:33 | | |
| PACER Login: | dg0130 | Client Code: | |
| Description: | Docket Report | Case Number: | 03-11621 |
| Billable Pages: | 3 | Cost: | 0.21 |

In re: Michael Capizzi                                    Case#: 03-11621   Ch: 13

**MOVANT/APPLICANT/PARTIES:**
    1.  #3 Emergency Motion of States Resources Corp. to Dismiss Chapter 13 Filing
    Pursuant to 11 USC Section 109 (E)
    (Longoria)

**OUTCOME:**

☐ By Agreement of the Parties

_____ Granted - Approved - Sustained
_√__ Denied - Denied without prejudice - Withdrawn in open court - Overruled
_____ OSC enforced/released

_____ Continued to:_____ For:_____

_____ Formal order/stipulation to be submitted by:_____ Date due_____
_____ Findings and conclusions dictated at close of hearing incorporated by reference.

_____ Taken under advisement:  Brief(s) due_____ From_____

                            Response(s) due_____ From_____

_____ Fees allowed in the amount of:_$_____ Expenses of:_$_____

_____ No appearance/response by:_____

_____ DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

_On movant's oral motion, relief from stay granted_
_to proceed to judgement in the U.S. District Court_
_# 02 - 12319 - DPW_

_____

_____

_____

_____

IT IS SO NOTED:                          IT IS SO ORDERED:

*Patricia L. Deaney*                     *William C. Hillman*      Dated: 3/5/03
Courtroom Deputy                         William C. Hillman, U.S. Bankruptcy Judge

025802


EXHIBIT
F

ASSET, CLAIMS

# United States Bankruptcy Court
## District of Massachusetts (Boston)
### Bankruptcy Petition #: 03-14266

*Assigned to:* Judge Joan N. Feeney
Chapter 7
Previous chapter 11
Voluntary
Asset

*Date Filed:* 05/20/2003
*Date Converted:* 04/26/2004

**Catherine R. Capizzi**
1725 Wedgwood Common
Conford, MA 01742
SSN: xxx-xx-4937
*Debtor*
*aka*
**Catherine Claire Rowley Capizzi**

**John Fitzgerald**
Office of the US Trustee
10 Causeway Street
Boston, MA 02222
*Assistant U.S. Trustee*

represented by **Paula R.C. Bachtell**
Department of Justice
10 Causeway St.
Room 1184
Boston, MA 02222
(617) 565-6360

**Joseph Braunstein**
Reimer and Braunstein
3 Center Plaza
Boston, MA 02108
617-523-9000
*Trustee*

represented by **Joseph Braunstein**
Reimer and Braunstein
3 Center Plaza
Boston, MA 02108
617-523-9000
Email:
jbraunstein@riemerlaw.com

**Joseph Braunstein**
Reimer & Braunstein
Three Center Plaza
Boston, MA 02108-0617
(617) 880-3510

| Filing Date | # | Docket Text |
|---|---|---|
| 05/20/2003 | 1 | Chapter 11 Voluntary Petition.. Receipt Number 498327, Fee Amount $830 Filed by Catherine R. Capizzi rep by Timothy M. Mauser . 20 Largest Unsecured Creditors due 6/4/2003. |

**EXHIBIT**
6

| | | |
|---|---|---|
| | | Financial Affairs due 6/4/2003. (cb, usbc) (Entered: 05/20/2003) |
| 05/20/2003 | | Matrix (cb, usbc) (Entered: 05/20/2003) |
| 05/20/2003 | | Order to Update (RE: 1 Voluntary Petition (Chapter 11) filed by Debtor Catherine R. Capizzi). 20 Largest Unsecured Creditors due 6/4/2003. Statement of Financial Affairs due 6/4/2003. Incomplete Filings due by 6/4/2003. (cb, usbc) (Entered: 05/20/2003) |
| 05/20/2003 | 2 | Order to Update (RE: 1 Voluntary Petition (Chapter 11) filed by Debtor Catherine R. Capizzi). 20 Largest Unsecured Creditors due 6/4/2003. Statement of Financial Affairs due 6/4/2003. (cb, usbc) (Entered: 05/20/2003) |
| 05/20/2003 | 3 | Motion to Dismiss Case Pursuant to 11 U.S.C. 105(a) and 11 U.S.C. 109(g)(2), and, Motion for Relief from Stay for Cause Pursuant to 11 U.S.C. 362(D)(1) 236 Lincoln Road, Lincoln, Ma. Amount Due $75, Filed by States Resources Corp. c/s Objections due by 5/30/2003. (pkn, ) (Entered: 05/20/2003) |
| 05/20/2003 | 4 | Motion For Emergency Hearing (Re: 3 Motion to Dismiss Case, Motion for Relief From Stay ) Filed by States Resources Corp. (pkn, ) (Entered: 05/20/2003) |
| 05/20/2003 | 5 | Endorsement Order Dated 5/20/03 Re: 4 Motion For Emergency Hearing. MOTION DENIED. THE SOLE DEBTOR IN THIS CASE IS CATHERINE CAPIZZI, NOT MICHAEL CAPIZZI. A GENUINE ISSUE EXISTS AS TO WHETHER THE REAL ESTATE IS PROPERTY OF HER ESTATE UNDER 11 U.S.C. SEC. 541. THE MOTION TO DISMISS WILL BE SCHEDULED IN THE ORDINARY COURSE. (pkn, ) (Entered: 05/20/2003) |
| 05/21/2003 | | Receipt Number 00498366, Fee Amount $75. RE: 3 Motion for Relief From Stay filed by States Resources Corp. (pkn, ) (Entered: 05/28/2003) |
| 05/22/2003 | 6 | Hearing scheduled for 6/18/2003 at 10:15 AM Boston Courtroom 1 - JNF Objections due by 6/12/2003 at 04:30 PM. RE: 3 Motion to Dismiss Case, Motion for Relief From Stay, , filed by States Resources Corp. (pkn, ) (Entered: 05/22/2003) |
| 05/22/2003 | 7 | BNC Certificate of Mailing - PDF Document. Service Date 05/22/2003. (Related Doc # 5) (Admin.) (Entered: 05/23/2003) |
| 05/23/2003 | 8 | Motion for Relief from Stay To Proceed to Judgment in U.S. District Court Case #02-12319 DPW. Receipt Number 00498497, Fee Amount $75, Filed by States Resources Corp. Objections due by |

| | | |
|---|---|---|
| | | 6/5/2003. (pkn, ) (Entered: 05/23/2003) |
| 05/23/2003 | 9 | Memorandum of Law In Support of (Re: 3 Motion To Dismiss Pursuant to 11 U.S.C. 105(a) and 11 U.S.C. 109(g)(2), and Motion for Relief from Stay for Cause Pursuant to 11 U.S.C. 362(D)(1) Filed by States Resources Corp. (pkn, ) (Entered: 05/23/2003) |
| 05/23/2003 | 10 | Motion to Expedite Hearing (Re: 8 Motion for Relief From Stay) To Proceed To Judgment in The United States District Court Case #02-12319 DPW Filed by Creditor States Resources Corp. (pkn, ) (Entered: 05/23/2003) |
| 05/23/2003 | 11 | Certificate of Service (Re: 10 Motion to Expedite Hearing, 8 Motion for Relief From Stay, 9 Brief/Memorandum). Filed by States Resources Corp. (pkn, ) (Entered: 05/23/2003) |
| 05/23/2003 | 12 | Revised Certificate of Service (Re: 3 Motion to Dismiss Case and Motion for Relief From Stay )Filed by States Resources Corp. (pkn, ) (Entered: 05/23/2003) |
| 05/23/2003 | 14 | Endorsement Order Dated 5/23/03 (Re: 10) Motion Expedite Hearing. MOTION GRANTED. A HEARING ON THE MOTION FOR RELIEF FROM STAY WILL BE HELD ON MAY 28, 2003 AT 11:30 AM. Hearing scheduled for 5/28/2003 at 11:30 AM Boston Courtroom 1 - JNF for 8, Motion of States Resouces Corp. for Relief from Stay to Proceed to Judgment in the U.S. District Court Case #02-12319DPW . Telephonic Notice Given to Attorney Langoria. (pkn, (Entered: 05/27/2003) |
| 05/24/2003 | 13 | BNC Certificate of Mailing - Hearing. Service Date 05/24/2003. (Related Doc # 6) (Admin.) (Entered: 05/27/2003) |
| 05/27/2003 | | Hearing Scheduled for 5/28/2003 at 11:30 AM Boston Courtroom 1 - JNF for RE: 8 Motion for Relief From Stay filed by States Resources Corp. (pkn, ) (Entered: 05/27/2003) |
| 05/27/2003 | | First Meeting of Creditors scheduled on 341(a) meeting to be held on 6/24/2003 at 01:15 PM at Room 1190, US Trustee Office. Last day to file a complaint objecting to the dischargeabilty is 8/25/2003. (mjv, USBC) (Entered: 05/27/2003) |
| 05/28/2003 | 15 | Notice of Appearance and Request for Notice by Richard L. Blumenthalfor Architectural Team, Inc. (kmp) (Entered: 05/29/2003) |
| 05/28/2003 | | Hearing Held RE: 8 Motion for Relief From Stay filed by States Resources Corp. (pkn, ) (Entered: 05/29/2003) |
| | | |

| 05/28/2003 | 16 | Order Dated 5/28/03 (Re: 8)Motion For Relief From Stay To Proceed to Judgment in the U.S. District Court Case #02-12319. #8 GRANTED. DEBTOR'S COUNSEL ASSENTED TO THE MOTION IN OPEN COURT. A SEPARATE ORDER ENTERED. (pkn, ) (Entered: 05/29/2003) |
|---|---|---|
| 05/28/2003 | 17 | Order Granting States Resources Corp. Relief From Stay Dated 5/28/03 (RE: 8 Motion for Relief From Stay filed by States Resources Corp.) . (pkn, ) (Entered: 05/29/2003) |
| 05/28/2003 | 20 | Motion for Relief from Stay Re: 236 Lincoln Road, Lincoln, Ma. Fee Amount Owed $75., Filed by Architectural Team, Inc. Objections due by 6/10/2003. (pkn, ) (Entered: 05/30/2003) |
| 05/28/2003 | 21 | Motion to Dismiss Case Filed by Architectural Team, Inc. (pkn, ) (Entered: 05/30/2003) |
| 05/28/2003 | 22 | Certificate of Service (Re: 20 Motion for Relief From Stay, 21 Motion to Dismiss Case). Filed by Architectural Team, Inc. (pkn, ) (Entered: 05/30/2003) |
| 05/29/2003 | 18 | BNC Certificate of Mailing - PDF Document. Service Date 05/29/2003. (Related Doc # 14) (Admin.) (Entered: 05/30/2003) |
| 05/29/2003 | 19 | Certificate of Service filed by John A. Doonan for Creditor States Resources Corp. of Notice of Hearing on May 28, 2003 at 11:30 re: 8 Motion for Relief From Stay. (kmp) (Entered: 05/30/2003) |
| 05/29/2003 | 23 | Certificate of Service of Notice of Hearing (Re: 3 Motion to Dismiss Case Filed by States Resources Corp. (pkn, ) (Entered: 05/30/2003) |
| 05/30/2003 |  | Receipt Number 00498760, Fee Amount $75.00 RE: 20 Motion for Relief From Stay filed by Creditor Architectural Team, Inc. (pkn, ) (Entered: 06/02/2003) |
| 05/31/2003 | 24 | BNC Certificate of Mailing - PDF Document. Service Date 05/31/2003. (Related Doc # 16) (Admin.) (Entered: 06/01/2003) |
| 05/31/2003 | 25 | BNC Certificate of Mailing - PDF Document. Service Date 05/31/2003. (Related Doc # 17) (Admin.) (Entered: 06/01/2003) |
| 06/02/2003 | 26 | Hearing scheduled for 6/18/2003 at 10:15 AM Boston Courtroom 1 - JNF with Responses due by 6/16/2003 at 04:30 PM. RE: 20 Motion for Relief From Stay and 21 Motion to Dismiss Case filed by Architectural Team, Inc. (pkn, ) (Entered: 06/02/2003) |
| 06/03/2003 | 27 | Certificate of Service of Notice of Hearing (Re: 26 Hearing |

|  |  | Scheduled for 6/18/03 RE: Motion For Relief from Stay and Motion to Dismiss Filed by Architectural Team, Inc. (pkn, ) (Entered: 06/04/2003) |
|---|---|---|
| 06/04/2003 | 28 | Court's Notice of 341 sent (mjv, USBC) (Entered: 06/04/2003) |
| 06/04/2003 | 30 | Statement of Financial Affairs (Re: 1 Voluntary Petition (Chapter 11), Filed by Debtor Catherine R. Capizzi (pkn, ) (Entered: 06/11/2003) |
| 06/06/2003 | 29 | BNC Certificate of Mailing - Meeting of Creditors. Service Date 06/06/2003. (Related Doc # 28) (Admin.) (Entered: 06/07/2003) |
| 06/10/2003 | 35 | Notice of Appearance and Request for Notice by Joseph B. Harrington for Catherine R. Capizzi. (kmp) (Entered: 06/16/2003) |
| 06/11/2003 | 31 | List of 20 Largest Creditors (Re: 1 Voluntary Petition (Chapter 11), (pkn, ) (Entered: 06/11/2003) |
| 06/11/2003 | 32 | Debtor's Response (To: 20 Motion for Relief from Stay Re: 236 Lincoln Road, Lincoln, Ma. filed by Architectural Team, Inc.)c/s (pkn, ) (Entered: 06/12/2003) |
| 06/11/2003 | 33 | Application to Employ Timothy Mauser as Debtor Attorney With Affidavit Filed by Debtor Catherine R. Capizzi c/s (pkn, ) (Entered: 06/12/2003) |
| 06/12/2003 | 34 | Debtor's Response To: 3 Motion of States Resources Corp. to Dismiss Pursuant to 11 U.S.C. SEC. 105(a) And 11 U.S.C. SEC. 109(g)(2) and Motion for Relief from Stay for Cause Pursuant to 11 U.S.C. SEC. 362(D)(1) Re: 236 Lincoln Road, Lincoln, Ma. c/s (pkn, ) (Entered: 06/13/2003) |
| 06/16/2003 | 36 | Affirmation of John A. Doonan Esquire in Support of States Resources Corp.'s Motion for Relief from Stay for Cause Pursuant to 11 U.S.C. 362(D)(1) by RE: 3 Motion for Relief From Stay, filed by States Resources Corp. c/s (pkn, ) (Entered: 06/17/2003) |
| 06/18/2003 | 37 | Debtors Response To: 21 Motion to Dismiss Case filed by Architectural Team, Inc. c/s (pkn, ) (Entered: 06/19/2003) |
| 06/18/2003 |  | Hearing Held 3 Motion of States Resources Corp. To Dismiss Pursuant to 11 U.S.C. 105(a) and 11 U.S.C. 109(g)(2), and Moton for Relief from Stay For Cause Pursuant to 11 U.S.C. 362(D)(1) and 34 Debtor's Response (pkn, ) (Entered: 06/19/2003) |
| 06/18/2003 | 38 | Order Dated 6/18/03 RE: 3 Motion to Dismiss Case and Motion for Relief From Stay, filed by States Resources Corp. and 34 |

| | | |
|---|---|---|
| | | Responsefiled by Debtor Catherine R. Capizzi. 3, 34 TAKEN UNDER ADVISEMENT. (pkn, ) (Entered: 06/19/2003) |
| 06/18/2003 | | Hearing Held 20 Motion for Relief from Automatic Stay and 21 Motion to Dismiss Case filed by Architectural Team, Inc. and 32 Debtors Response (pkn, ) (Entered: 06/19/2003) |
| 06/18/2003 | 39 | Order dated 6/18/03 20 Motion for Relief From Stay and 21 Motion to Dismiss Case filed by Architectural Team, Inc.). RE: 32 Response filed by Debtor Catherine R. Capizzi. 20, 21 TAKEN UNDER ADVISEMENT. (pkn, ) (Entered: 06/19/2003) |
| 06/19/2003 | 40 | Supplemental Memorandum In Support of 8 Motion for Relief From Stay filed by Creditor States Resources Corp. (cpd, usbc) (Entered: 06/20/2003) |
| 06/19/2003 | 41 | Certificate of Service by Beth L. Wolfson for Creditor States Resources Corp Re: 40 Supplemental Memorandum In Support of Moiton for Relief from Stay. (cpd, usbc) (Entered: 06/20/2003) |
| 06/21/2003 | 42 | BNC Certificate of Mailing - PDF Document. Service Date 06/21/2003. (Related Doc # 38) (Admin.) (Entered: 06/22/2003) |
| 06/21/2003 | 43 | BNC Certificate of Mailing - PDF Document. Service Date 06/21/2003. (Related Doc # 39) (Admin.) (Entered: 06/22/2003) |
| 06/24/2003 | 44 | Memorandum of Decision RE: 3 Motion to Dismiss Case and Motion for Relief From Stay filed by States Resources Corp, 20 Motion for Relief From Stay and 21 Motion to Dismiss Case filed by Architectural Team, Inc., 32 Debtors Response, 34 Debtors Response, 37 Debtors Response. (Entered: 06/24/2003) |
| 06/24/2003 | 45 | Order Dated 6/24/03. IN ACCORDANCE WITH THE MEMORANDUM DATED JUNE 24, 2003, 2003, THE COURT HEREBY GRANTS THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY ARCHITECTURAL TEAM, INC. THE COURT GRANTS THE "MOTION OF STATES RESOURCES CORP. TO DISMISS PURSUANT TO 11 U.S.C. SEC.105(a) AND 11 U.S.C. SEC.109(g)(2) AND MOTION FOR RELIEF FROM STAY FOR CAUSE PURSUANT TO 11 U.S.C. SEC.362(d)(1)" IN PART AND DENIES IT IN PART. THE COURT GRANTS STATES RESOURCES CORP. RELIEF FROM THE AUTOMATIC STAY; THE COURT DENIES ITS MOTION TO DISMISS. THE COURT DENIES THE MOTION TO DISMISS FILED BY ARCHITECTURAL TEAM, INC. BECAUSE THE DEBTOR HAS EQUITY IN A CONDOMINIUM LOCATED IN BOSTON, MASSACHUSETTS AND OWNS OTHER NON-EXEMPT ASSETS, THE BEST INTERESTS OF HER CREDITORS |

| | | |
|---|---|---|
| | | ARE NOT SERVED BY DISMISSAL OF HER CHAPTER 11 CASE, BUT BY THE APPOINTMENT OF A CHAPTER 11 TRUSTEE. ACCORDINGLY, THE COURT HEREBY AUTHORIZES THE U.S. TRUSTEE TO APPOINT A CHAPTER 11 TRUSTEE. (Entered: 06/24/2003) |
| 06/24/2003 | 46 | Order Granting (Re: 33) Application to Employ. 6/24/2003. (pkn, ) (Entered: 06/25/2003) |
| 06/27/2003 | 47 | BNC Certificate of Mailing - PDF Document. Service Date 06/27/2003. (Related Doc # 46) (Admin.) (Entered: 06/28/2003) |
| 06/27/2003 | 48 | Application For and Certificate of Appointment of Chapter 11 Trustee to Appoint Gary W. Cruickshank, c/s(pkn) (Entered: 06/30/2003) |
| 06/30/2003 | 49 | Notice of Appearance and Request for Notice by Joseph B. Harrington For John Connolly, Jr. (c/s) (kmp) (Entered: 06/30/2003) |
| 06/30/2003 | 50 | Bond for Cruickshank, as Trustee, is set In the Amount of 100,000.00. Cruickshank is further directed to report to the Court on or before July 25, 2003 at 4:00 PM regarding the above matters and to distribute to the individuals listed below and the United States Trustee a written summary of any report filed. (pkn, ) (Entered: 07/01/2003) |
| 07/01/2003 | 51 | Affidavit of Disinterestedness Pursuant to Federal Rule Bankruptcy Procedure 2007.1 by Gary Cruickshank, Chapter 11 Trustee (Re: 50 Bond c/s (pkn, ) (Entered: 07/02/2003) |
| 07/08/2003 | 52 | Motion of Chapter 11 Trusee To Act As His Own Counsel with Affidavit filed by Gary Cruickshank c/s (pkn, ) (Entered: 07/08/2003) |
| 07/09/2003 | 53 | Bond of Trustee and Approval In the Amount of $100,000.00 With Liberty Mutual Insurance Company As Surety . (pkn, ) (Entered: 07/09/2003) |
| 07/15/2003 | 54 | Order Dated 7/15/03 Granting (Re: 52) Motion of Chapter 11 Trustee to Act as his own counsel. (pkn) (Entered: 07/17/2003) |
| 07/17/2003 | 58 | Notice of Appearance and Request for Notice by Nina M. Parker For The Savings Bank (c/s) (kmp) (Entered: 07/21/2003) |
| 07/18/2003 | 55 | Emergency Motion Filed by Debtor Catherine R. Capizzi To Stay All Proceedings In Chapter 11 Case Pending Review Of Motion To Recuse. (fac, ) (Entered: 07/18/2003) |
| 07/18/2003 | 57 | Debtor's Motion For Recusal of Judge Pursuant to 28 U.S.C. SEC 455 |

| | | |
|---|---|---|
| | | Filed by Debtor Catherine R. Capizzi c/s (pkn, ) (Entered: 07/21/2003) |
| 07/19/2003 | 56 | BNC Certificate of Mailing - PDF Document. Service Date 07/19/2003. (Related Doc # 54) (Admin.) (Entered: 07/20/2003) |
| 07/21/2003 | | Hearing scheduled for 7/23/2003 at 11:00 AM Boston Courtroom 1 - JNF for RE: 55 Motion To Stay Pending Review of Motion To Recuse filed by Debtor Catherine R. Capizzi and 57 Debtor's Motion for Recusal of Judge Pursuant to 28 U.S.C. SEC. 455 c/s. Telephonic Notice given to Attorney Mauser. (pkn, ) (Entered: 07/21/2003) |
| 07/21/2003 | 59 | Certificate of Service (Re: 55 Motion To Stay Filed by Catherine R. Capizzi (pkn, ) (Entered: 07/21/2003) |
| 07/21/2003 | 60 | Amended (Re: 55 Motion To Stay Pending Review of Motion To Recuse filed by Debtor Catherine R. Capizzi c/s (pkn, ) (Entered: 07/21/2003) |
| 07/21/2003 | 64 | Notice of Appearance and Request for Notice by Sarah E. Pugh For American Express Centurion Bank (kmp) (Entered: 07/23/2003) |
| 07/22/2003 | 61 | Memorandum Requesting Claims Bar DAte be Established filed by Chapter 11 Trustee Gary Cruickshank (Entered: 07/22/2003) |
| 07/22/2003 | 62 | Court's Notice of Assets Proofs of Claims due by 10/20/2003. Government proof of claim due by 10/20/2003. (pkn, ) (Entered: 07/22/2003) |
| 07/22/2003 | 63 | Notice of Hearing and Certificate of Service Re: 55 Emergency Motion filed by Debtor Catherine R. Capizzi to Stay All Proceedings in Chapter 11 Case Pending Review of Motion to Recuse; and Amended Emergency Motion filed by Debtor to Stay All Proceedings in Chapter 11 Case Pending Review of Motion to Recuse. 57 Debtor's Motion for Recusal of Judge Pursuant to 28 U.S.C. SEC. 455. (pkn, ) (Entered: 07/23/2003) |
| 07/23/2003 | 65 | Opposition of States Resources Corp. to Re:57 Motion for Recusal of Judge and 55 Debtor's Motion To Stay Pending Review of Motion to Recuse filed by pro Se Debtor (pkn, ) (Entered: 07/23/2003) |
| 07/23/2003 | 66 | Certificate of Service (Re: 65 Opposition). Filed by Creditor States Resources Corp. (pkn, ) (Entered: 07/23/2003) |
| 07/23/2003 | 67 | Amended (Re: 66 Certificate of Service). Filed by Creditor States Resources Corp. (pkn, ) (Entered: 07/23/2003) |
| | | |

| 07/23/2003 | 68 | Objection by Chapter 11 Trustee Gary W. Cruickshank Re: 55 Debtor's Motion To Stay All Proceedings in Chapter 11 Case Pending Review of Motion To Recuse and 57 Debtor's Motion for Recusal of Judge c/s(pkn, ) (Entered: 07/23/2003) |
| --- | --- | --- |
| 07/23/2003 | 69 | Opposition of Architectural Team, Inc. to Re: 60 Amended Debtor's Motion to Stay Pending Review of Motion To Recuse and 57 Debtor's Motion for Recusal of Judge c/s (pkn, ) (Entered: 07/23/2003) |
| 07/23/2003 | | Hearing Held RE: 55 Debtor's Motion To Stay Pending Review Of Motion To Recuse filed by Debtor Catherine R. Capizzi and 6 Amended Motion To Stay Pending Review of Motion to Recuse. (pkn, ) (Entered: 07/24/2003) |
| 07/23/2003 | 70 | Order Dated 7/23/03 55 Debtor's Motion To Stay Pending Review of Motion to Recuse and 60 Debtor's Amended Motion To Stay Pendidng Review of Motion to Recuse. #60, 55 DENIED. #60 THE COURT STATED THE GROUNDS FOR DENIAL OF THE MOTION ON THE RECORD.(pkn) (Entered: 07/24/2003) |
| 07/23/2003 | | Hearing Held RE: 57 Debtor's Motion for Recusal of Judge Pursuant to 28 U.S.C. SEC. 455. (pkn, ) (Entered: 07/24/2003) |
| 07/23/2003 | 71 | Order Dated 7/23/03 57 Debtor's Motion for Recusal of Judge Pursuant to 28 U.S.C. SEC. 455. #57 DENIED. #57 THE COURT STATED THE REASONS FOR DENIAL OF THE MOTION ON THE RECORD. #65 THE REQUEST OF STATE RESOURCES CORPORATION FOR SANCTIONS SHALL BE SCHEDULED FOR HEARING ON SEPTEMBER 9, 2003. OBJECTIONS ARE DUE BY SEPTEMBER 2, 2003. (pkn, ) (Entered: 07/24/2003) |
| 07/23/2003 | 72 | Amended Affidavit in Support of Re: 52 Motion to Act as Counsel to the Chapter 11 Trustee filed by Gary Cruickshank c/s(pkn, ) (Entered: 07/24/2003) |
| 07/23/2003 | 73 | Amended Affidavit of Disinterestedness Pursuant To Federal Rule Bankruptcy Procedure 2007.1 filed by Gary Cruickshank c/s (pkn, ) (Entered: 07/24/2003) |
| 07/23/2003 | 75 | Hearing Scheduled for 9/9/2003 at 11:00 AM Boston Courtroom 1 - JNF with Objection due by 9/2/03 at 4:30 PM for RE: 65 Opposition (Requesting Sanctions) of States Resources Corp (pkn, ) (Entered: 07/25/2003) |
| 07/24/2003 | 74 | BNC Certificate of Mailing. Service Date 07/24/2003. (Related Doc # 62) (Admin.) (Entered: 07/25/2003) |

| | | |
|---|---|---|
| 07/25/2003 | 79 | Report of Chapter 11 Trustee See Re: 50 Bond and Order to file Report by July 25, 2003 for Chapter 11 Trustee c/s (pkn, ) (Entered: 07/29/2003) |
| 07/26/2003 | 76 | BNC Certificate of Mailing - PDF Document. Service Date 07/26/2003. (Related Doc # 70) (Admin.) (Entered: 07/27/2003) |
| 07/26/2003 | 77 | BNC Certificate of Mailing - PDF Document. Service Date 07/26/2003. (Related Doc # 71) (Admin.) (Entered: 07/27/2003) |
| 07/28/2003 | 78 | Certificate of Service Re: 69 Opposition; Filed by Creditor Architectural Team, Inc. (kmp) (Entered: 07/28/2003) |
| 07/30/2003 | 80 | Certificate of Service of Notice of Hearing Re: 65 Opposition (Request for Sanctions) Filed by States Resources Corp. (pkn, ) (Entered: 07/31/2003) |
| 09/09/2003 | | Hearing Held RE: 65 Opposition (Request for Sanctions) filed by States Resources Corp. (pkn, ) (Entered: 09/10/2003) |
| 09/09/2003 | 81 | Order Dated 9/9/03 65 Opposition (Request for Sanctions filed by States Resources Corp. THE COURT FINDS THAT THE DEBTOR'S PRO SE MOTION TO RECUSE WAS SUPERFLUOUS, REDUNDANT OF HER COUNSEL'S MOTION, AND FRIVOLOUS, AND SANCTIONS HER $100. UNDER FRBP 9011, WHICH SHALL BE PAID TO STATE RESOURCE'S COUNSEL WITHIN 30 DAYS. (pkn, ) (Entered: 09/10/2003) |
| 09/12/2003 | 82 | Motion to Convert Case to Chapter 7 Fee Amount Filed by Chapter 11 Trustee Gary W. Cruickshank c/s (pkn, ) (Entered: 09/15/2003) |
| 09/16/2003 | 83 | Hearing scheduled for 10/21/2003 at 10:15 AM Boston Courtroom 1 - JNF with Responses due by 10/8/2003 at 04:30 PM. RE: 82 Motion of Chapter 11 Trustee for Conversion to Chapter 7 (pkn, ) (Entered: 09/16/2003) |
| 09/18/2003 | 84 | BNC Certificate of Mailing - Hearing. Service Date 09/18/2003. (Related Doc # 83) (Admin.) (Entered: 09/19/2003) |
| 09/23/2003 | 85 | Certificate of Service of Notice of Hearing RE: 82 Motion of Chapter 11 Trustee for Conversion to Chapter 7 by Trustee Gary W. Cruickshank. (pkn, ) (Entered: 09/24/2003) |
| 10/03/2003 | 86 | Monthly Receipt and Disbursement Schedule For September 2003 Filed by Chapter 11 Trustee Gary W. Cruickshank c/s (pkn, ) (Entered: 10/06/2003) |
| | | |

| 10/08/2003 | 87 | Chapter 11 Plan of Reorganization Filed by Debtor Catherine R. Capizzi with cc to Gary Cruickshank. (pkn, usbc) (Entered: 10/10/2003) |
| 10/17/2003 | 88 | Motion for Relief from Stay Re: Middlesex Superior Court MICV2003-667. Receipt Number 00505161, Fee Amount $75, Filed by Creditor John Connolly, Jr. Objections due by 10/28/2003. c/s (pkn, usbc) (Entered: 10/20/2003) |
| 10/21/2003 | | Hearing Held Re: Oral Motion of Debtor's Counsel, Timothy Mauser, to withdraw his appearance, and the Debtor Assented to the Oral Motion. (pkn, usbc) (Entered: 10/24/2003) |
| 10/21/2003 | 89 | Order Dated 10/21/03 Re: THE COURT GRANTED THE ORAL MOTION OF DEBTOR'S COUNSEL, TIMOTHY MAUSER, TO WITHDRAW HIS APPEARANCE, AND THE DEBTOR ASSENTED TO THE ORAL MOTION. (pkn, usbc) (Entered: 10/24/2003) |
| 10/21/2003 | | Hearing Held RE: 82 Motion to Convert Case to Chapter 7 filed by Trustee Gary W. Cruickshank. (pkn, usbc) (Entered: 10/24/2003) |
| 10/21/2003 | 90 | Order Dated 10/21/03 82 Motion of Chapter 11 Trustee for Conversion to Chapter 7. CONTINUED TO 11/10/03. ANY RESPONSE TO THE MOTION TO CONVERT MUST BE FILED BY NOVEMBER 6, 2003 AT 4:30 PM. (pkn, usbc) (Entered: 10/24/2003) |
| 10/23/2003 | 91 | Application for and Certificate of Appointment of Chapter 11 Trustee Appoint of Jonathan D. Yellin Filed by Assistant U.S. Trustee John Fitzgerald. Trustee's Acceptance and c/s attached. (pkn, usbc) (Entered: 10/24/2003) |
| 10/23/2003 | 92 | Bond of Trustee and Approval In the Amount of 100,000.00 With Jonathan D. Yellin As Surety (pkn, usbc) (Entered: 10/24/2003) |
| 10/23/2003 | 93 | Verified Statement of Jonathan D. Yellin Pursuant to Rule 2007.1(c) of the Federal Rules of Bankruptcy Procedure Filed by Trustee Jonathan Yellin c/s (pkn, usbc) (Entered: 10/24/2003) |
| 10/24/2003 | | Continued Hearing scheduled for 11/10/2003 at 10:00 AM Boston Courtroom 1 - JNF with Responses due by 11/6/2003 at 04:30 PM. RE: 82 Motion to Convert Case to Chapter 7 filed by Trustee Gary W. Cruickshank. (pkn, usbc) (Entered: 10/24/2003) |
| 10/24/2003 | 97 | Endorsement Order Dated 10/24/03 Motion Application for and Certificate of Appointment of Chapter 11 Trustee. Jonathan Yellin |

| | | added to the case. APPLICATION APPROVED. (pkn, usbc) (Entered: 10/27/2003) |
|---|---|---|
| 10/24/2003 | 98 | Confirmatory Notice of Resignation of Chapter 11 Trustee Gary Cruickshank with c/s (pkn, usbc) (Entered: 10/27/2003) |
| 10/26/2003 | 94 | BNC Certificate of Mailing - PDF Document. Service Date 10/26/2003. (Related Doc # 89) (Admin.) (Entered: 10/27/2003) |
| 10/26/2003 | 95 | BNC Certificate of Mailing - PDF Document. Service Date 10/26/2003. (Related Doc # 90) (Admin.) (Entered: 10/27/2003) |
| 10/27/2003 | 96 | Order Dated 10/27/03 RE: 92 Bond for Yellin, as set at $100,000.00. APPROVED. (pkn, usbc) (Entered: 10/27/2003) |
| 10/28/2003 | 99 | Objection of Chapter 11 Trustee to Re: 88 Motion for Relief From Stay filed by Creditor John Connolly, Jr. c/s (pkn, usbc) (Entered: 10/29/2003) |
| 10/29/2003 | 100 | Application to Employ Jonathan D. Yellin as Counsel to Trustee With Affidavit Filed by Trustee Jonathan Yellin c/s (pkn, usbc) (Entered: 10/30/2003) |
| 10/31/2003 | 101 | Hearing scheduled for 11/10/2003 at 10:00 AM Boston Courtroom 1 - JNF RE: 88 Motion for Relief From Stay filed by Creditor John Connolly, Jr.. (mnd, ) (Entered: 10/31/2003) |
| 10/31/2003 | 102 | Court Certificate of Mailing RE: 101 Motion Relief from Stay of John Connolly Hearing Scheduled. (mnd, ) (Entered: 10/31/2003) |
| 11/04/2003 | 103 | Motion to Extend Time in Order to Respond to Trustee's Motion for Conversion to 7 Filed by Debtor Catherine R. Capizzi (pkn, usbc) (Entered: 11/05/2003) |
| 11/05/2003 | 104 | Endorsement Order Dated 11/5/03 103 Motion to Extend Time in Order to Respond to Trustees Motion for Conversion to Chapter 7. MOTION DENIED. THE DEBTOR HAS STATED NO CAUSE FOR AN EXTENSION OF TIME. (pkn, usbc) (Entered: 11/06/2003) |
| 11/06/2003 | 105 | Bond of Trustee and Approval In the Amount of $100,000.00 With Liberty Mutual Insurance Company As Surety (pkn, usbc) (Entered: 11/06/2003) |
| 11/07/2003 | 106 | Waiver (Re: 88 Motion for Relief From Stay, 101 Hearing Scheduled). Filed by Creditor John Connolly, Jr. (pkn, usbc) (Entered: 11/07/2003) |
| | | |

| 11/07/2003 | 107 | Certificate of Service of Notice of Hearing RE: 88 Motion for Relief from Automatic Stay by John Connolly, Jr. Filed by Creditor John Connolly, Jr. (pkn, usbc) (Entered: 11/07/2003) |
|---|---|---|
| 11/07/2003 | 108 | Emergency Motion to Dismiss Case Filed by Debtor Catherine R. Capizzi c/s (pkn, usbc) (Entered: 11/07/2003) |
| 11/07/2003 | | Emergency Hearing scheduled for 11/10/2003 at 10:00 AM Boston Courtroom 1 - JNF RE: 108 Motion to Dismiss Case filed by Debtor Catherine R. Capizzi TELEPHONIC NOTICE OF HEARING (for 11/10/03 at 10:00 am) GIVEN TO CATHERINE CAPIZZI ON 11/7/03 BY Mary Donnellan. (mnd, ) (Entered: 11/07/2003) |
| 11/10/2003 | 109 | Chapter 11 Plan of Reorganization without service Filed by Debtor Catherine R. Capizzi (pkn, usbc) (Entered: 11/10/2003) |
| 11/10/2003 | | Hearing Held RE: 82 Motion to Convert Case to Chapter 7 filed by Trustee Gary W. Cruickshank (pkn, usbc) (Entered: 11/12/2003) |
| 11/10/2003 | 110 | Order Dated 11/10/03 82 Motion of Chapter 11 Trustee to Convert Case to Chapter 7. CONTINUED GENERALLY. SEE PROCEEDING MEMORANDUM ON DEBTOR'S MOTION TO DISMISS. (pkn, usbc) (Entered: 11/12/2003) |
| 11/10/2003 | | Hearing Held RE: 88 Motion for Relief From Stay filed by Creditor John Connolly, Jr. and 99 Objection by Chapter 7 Trustee (pkn, usbc) (Entered: 11/12/2003) |
| 11/10/2003 | 111 | Order Dated 11/10/03 88 Motion For Relief From Stay by John Connolly, Jr. and 99 Objection by Chapter 7 Trustee. CONTINUED GENERALLY. (pkn, usbc) (Entered: 11/12/2003) |
| 11/10/2003 | | Hearing Held RE: 108 Motion to Dismiss Case filed by Debtor Catherine R. Capizzi (pkn, usbc) (Entered: 11/14/2003) |
| 11/10/2003 | 112 | Order Dated 11/10/03 108 Debtor's Emergency Motion to Dismiss Chapter 11 Case. THE COURT GRANTED THE DEBTOR'S MOTION TO DISMISS ON THE CONDITION THAT THE DEBTOR PAY THE ADMINISTRATIVE CLAIMS OF THE CHAPTER 11 TRUSTEES (J. YELLIN), THE FORMER CHAPTER 11 TRUSTEE (G. CRUICKSHANK), AND THE UNITED STATES TRUSTEE (QUARTERLY FEES).THE ADMINISTRATIVE CLAIMANTS SHALL FILE REQUESTS FOR PAYMENT BY NOVEMBER 21, 2003, AND THE DEBTOR SHALL FILE ANY OBJECTIONS BY DECEMBER 1, 2003. IN THE EVENT NO OBJECTIONS ARE FILED, THE DEBTOR SHALL PAY THE AMOUNT OF ADMINISTRATIVE CLAIMS TO THE CHAPTER |

|  |  | 11 TRUSTEE, WHO SHALL MAKE DISBURSEMENTS TO THE HOLDERS OF SUCH CLAIMS AND SHALL FILE A NOTICE OF COMPLIANCE, AT WHICH TIME THE ORDER OF DISMISSAL SHALL ENTER. (pkn, usbc) (Entered: 11/14/2003) |
|---|---|---|
| 11/14/2003 | 113 | BNC Certificate of Mailing - PDF Document. Service Date 11/14/2003. (Related Doc # 110) (Admin.) (Entered: 11/15/2003) |
| 11/14/2003 | 114 | BNC Certificate of Mailing - PDF Document. Service Date 11/14/2003. (Related Doc # 111) (Admin.) (Entered: 11/15/2003) |
| 11/16/2003 | 115 | BNC Certificate of Mailing - PDF Document. Service Date 11/16/2003. (Related Doc # 112) (Admin.) (Entered: 11/17/2003) |
| 11/17/2003 | 116 | Chapter 11 Trustee's Request for Payment of Administrative Expense Claim Filed by Trustee Jonathan Yellin c/s (pkn, usbc) (Entered: 11/20/2003) |
| 11/20/2003 | 117 | Application of Initial Chapter 11 Trustee for Compensation for Gary W. Cruickshank Period: 6/27/2003 to 10/24/2003, Fee: $1,206.69, Expenses: $. Filed by Trustee Gary W. Cruickshank (pkn, usbc) (Entered: 11/20/2003) |
| 11/20/2003 | 118 | Application of Counsel to Initial Chapter 11 Trustee for Compensation for Gary W. Cruickshank , Trustee's Attorney, Period: 7/15/2003 to 10/24/2003, Fee: $2,670.00, Expenses: $516.84. Filed by Attorney Gary W. Cruickshank (pkn, usbc) (Entered: 11/20/2003) |
| 11/20/2003 | 119 | Initial Chapter 11 Trustee's Request for Payment of Administrative Expense Claim Filed by Trustee Gary W. Cruickshank (pkn, usbc) (Entered: 11/20/2003) |
| 11/20/2003 | 120 | Notice of Filing of Applications for Fees Filed by Trustee Gary W. Cruickshank RE: 117 Application for Compensation and 118 Application for Compensation c/s (pkn, usbc) (Entered: 11/20/2003) |
| 11/25/2003 | 121 | Hearing Scheduled for 1/21/2004 at 10:00 AM Boston Courtroom 1 - JNF, Objections due by 12/30/2003 at 04:30 PM., RE: 116 Application for Administrative Expenses filed by Trustee Jonathan Yellin. (mnd, ) (Entered: 11/25/2003) |
| 11/25/2003 | 122 | Hearing Scheduled for 1/21/2004 at 10:00 AM Boston Courtroom 1 - JNF, Objections due by 12/30/2003 at 04:30 PM, RE: 119 Application for Administrative Expenses filed by Trustee Gary W. Cruickshank (mnd, ) (Entered: 11/25/2003) |
| 11/25/2003 | 123 | Hearing Scheduled for 1/21/2004 at 10:00 AM Boston Courtroom 1 - |

| | | |
|---|---|---|
| | | JNF, Objections due by 12/30/2003 at 04:30 PM. RE: <u>117</u> Application for Compensation filed by Trustee Gary W. Cruickshank (mnd, ) (Entered: 11/25/2003) |
| 11/25/2003 | <u>124</u> | Hearing Scheduled for 1/21/2004 at 10:00 AM Boston Courtroom 1 - JNF Objections due by 12/30/2003 at 04:30 PM RE: <u>118</u> Application for Compensation. (mnd, ) (Entered: 11/25/2003) |
| 11/27/2003 | <u>125</u> | BNC Certificate of Mailing - Hearing. Service Date 11/27/2003. (Related Doc # <u>121</u>) (Admin.) (Entered: 11/28/2003) |
| 11/27/2003 | <u>126</u> | BNC Certificate of Mailing - Hearing. Service Date 11/27/2003. (Related Doc # <u>122</u>) (Admin.) (Entered: 11/28/2003) |
| 11/27/2003 | <u>127</u> | BNC Certificate of Mailing - Hearing. Service Date 11/27/2003. (Related Doc # <u>124</u>) (Admin.) (Entered: 11/28/2003) |
| 12/02/2003 | <u>128</u> | Order Dated 12/2/03 Re: <u>116</u> Chapter 11 Trustee's Request for Payment of Administrative Expense Claim by Jonathan Yellin, <u>117</u> Application of Initial Chapter 11 Trustee For Compensation by Gary Cruickshank, <u>118</u> Application of Counsel to Initial Chapter 11 Trustee for Compensation by Gary Cruickshank, <u>119</u> Initial Chapter 11 Trustee Request for Payment of Administrative Expense Claim by Gary Cruickshank.UPON CONSIDERATIN OF 1) THE CHAPTER 11 TRUSTEE'S REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM, IN WHICH JONATHAN D. YELLIN, THE SUCCESSOR CHAPTER 11 TRUSTEE IN THE ABOVE REFERENCED CASE, SEEKS COMPENSATION FOR ATTORNEY'S FEES IN THE SUM OF $3,666.00 AND FOR EXPENSES IN THE SUM OF $340.79; 2) THE APPLICATION OF COUNSEL TO INITIAL CHAPTER 11 TRUSTEE FOR COMPENSATION, IN WHICH GARY W. CRUICKSHANK SEEKS COMPENSATION FOR FEES IN THE SUM OF $2,670.00 AND FOR EXPENSES IN THE SUM OF $516.84; 3) THE APPLICATION OF INITIAL CHAPTER 11 TRUSTEE FOR COMPENSATION, IN WHICH GARY W. CRUICKSHANK SEEKS FEES IN THE AMOUNT OF $1,206.69 AS A COMMISSION FOR SERVICES RENDERED AS THE INITIAL CHAPTER 11 TRUSTEE; 4) THE INITIAL CHAPTER 11 TRUSTEE'S REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM IN WHICH HE SEEKS A TOTAL PAYMENT OF $3,876.69 FOR COMPENSATION AND $516.84 FOR EXPENSES; AND 5) THIS COURT'S ORDER OF NOVEMBER 10, 2003 GRANTING THE DEBTOR'S MOTION TO DISMISS CONDITIONED UPON THE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS, AS WELL AS ALLOWING THE DEBTOR UNTIL DECEMBER 1, 2003 TO FILE OBJECTIONS TO THE ADMINISTRATIVE EXPENSE CLAIMS OF THE |

|  |  | PROFESSIONALS IN THIS CASE, AND IT APPEARING THAT NO OBJECTIONS TO THE VARIOUS REQUESTS FOR PAYMENT HAVE BEEN MADE, THE COURT HEREBY GRANTS JONATHAN D. YELLIN COMPENSATION FOR FEES IN THE AMOUNT OF $3,666.00 AND FOR EXPENSES IN THE SUM OF $340.79. THE COURT ALSO GRANTS GARY W. CRUICKSHANK COMPENSATIN FOR FEES IN THE SUM OF $3,876.69 AND FOR EXPENSES IN THE SUM OF $516.84. THE COURT DIRECTS THE PROFESSIONALS TO DISREGARD THE NOTICES OF NONEVIDENTIARY HEARING ISSUED WITH RESPECT TO THEIR ADMINISTRATIVE CLAIMS IN THE ABOVE REFERENCED CASE. (pkn, usbc) (Entered: 12/03/2003) |
| 12/05/2003 | 129 | BNC Certificate of Mailing - PDF Document. Service Date 12/05/2003. (Related Doc # 128) (Admin.) (Entered: 12/06/2003) |
| 12/05/2003 | 130 | Chapter 11 Trustee's Motion to Provide Additional Time To Debtor To Review and Object to Chapter 11 Trustee's Administration Fees and Expenses c/s (Entered: 12/08/2003) |
| 12/08/2003 | 131 | Motion To Enforce Order of November 10, 2003, and For Hearing on Creditor John Connolly, Jr.'s Re: 88 Motion for Relief From Stay by Creditor John Connolly, Jr. c/s (pkn, usbc) (Entered: 12/08/2003) |
| 12/08/2003 | 132 | Waiver Re: 88 Motion for Relief From Stay Filed by Creditor John Connolly, Jr. (pkn, usbc) (Entered: 12/08/2003) |
| 12/10/2003 | 133 | Catherine Capizzi Opposes Re: 117 Application of Initial Chapter 11 Trustee for Compensation and 118 Application of Counsel To Initial Chapter 11 Trustee For Compensation. (pkn, usbc) (Entered: 12/10/2003) |
| 12/11/2003 | 134 | Endorsement Order Dated 12/11/03 130 Chapter 11 Trustee's Motion to Provide Additional Time To Debtor To Review And Object To Chapter 11 Trustee's Administrative Fees and Expenses. MOTION ALLOWED. (pkn, usbc) (Entered: 12/12/2003) |
| 12/11/2003 | 135 | Order Dated 12/11/03 Vacating 128 Order Granting 116 Chapter 11 Trustee's Request for Payment of Administrative Expense Claim by Jonathan Yellin, 117 Application of Initial Chapter 11 Trustee For Compensation by Gary Cruickshank, 118 Application of Counsel to Initial Chapter 11 Trustee for Compensation by Gary Cruickshank, 119 Initial Chapter 11 Trustee Request for Payment of Administrative Expense Claim by Gary Cruickshank. IN ACCORDANCE WITH THE NOTICE OF NONEVIDENTIARY HEARING PREVIOUSLY ISSUED, THE COURT SHALL HEAR THE TRUSTEE'S APPLICATIONS FOR COMPENSATION ON JANUARY 21, 2004 AT 10:00 A.M., IF THE DEBTOR FILES AN OBJECTION TO |

| | | |
|---|---|---|
| | | ONE OR MORE OF THE APPLICATIONS ON OR BEFORE DECEMBER 30, 2003 AT 4:30 P.M. (pkn, usbc) (Entered: 12/12/2003) |
| 12/14/2003 | 136 | BNC Certificate of Mailing - PDF Document. Service Date 12/14/2003. (Related Doc # 134) (Admin.) (Entered: 12/15/2003) |
| 12/15/2003 | 137 | Hearing scheduled for 1/21/2004 at 10:00 AM Boston Courtroom 1 - JNF, Objections due by 1/9/2004 at 04:30 PM. RE: 131 Motion to Enforce Order of November 10, 2003, and Motion to Set Hearing on Motion for Relief filed by Creditor John Connolly, Jr.. (mnd, ) (Entered: 12/15/2003) |
| 12/17/2003 | 138 | BNC Certificate of Mailing - Hearing. Service Date 12/17/2003. (Related Doc # 137) (Admin.) (Entered: 12/18/2003) |
| 12/22/2003 | 139 | Certificate of Service of Notice of Hearing 131 Motion To Enforce Order of November 10, 2003 and Motion to Set Hearing Filed by John Connolly, Jr. (pkn, usbc) (Entered: 12/23/2003) |
| 01/09/2004 | 140 | Notice of Change of Address Filed by Joseph B. Harrington Esquire Counsel to John Connolly Jr. c/s (pkn, usbc) (Entered: 01/13/2004) |
| 01/21/2004 | 141 | Order Dated 1/21/2004 Re: 116 Chapter 11 Trustee's Request for Payment of Administrative Expense Claim Filed by Trustee Jonathan Yellin. APPROVED. (mem, usbc) (Entered: 01/23/2004) |
| 01/21/2004 | | Hearing Held RE: 131 Motion To Enforce Order of November 10, 2003, and For Hearing on Creditor John Connolly, Jr.'s Motion for Relief from Stay. (pkn, usbc) (Entered: 01/28/2004) |
| 01/21/2004 | 143 | Order Dated 1/21/04 131) Motion To Enforce Order of November 10, 2003, and For Hearing on Creditor John Connolly, Jr.'s Motion for Relief from Stay. 131 WINTHDRAWN IN OPEN COURT. (pkn, usbc) (Entered: 01/28/2004) |
| 01/21/2004 | | Hearing Held 117 Application of Initial Chapter 11 Trustee for Compensation. 117 GRANTED. A SEPARATE ORDER SHALL ENTER. (pkn, usbc) (Entered: 01/28/2004) |
| 01/21/2004 | 144 | Order Dated 1/21/04 117 Application For Compensation of Initial Trustee. 117 GRANTED. A SEPARATE ORDER SHALL ENTER. (pkn, usbc) (Entered: 01/28/2004) |
| 01/21/2004 | | Hearing Held 118 Application for Compensation of Counsel to Initial Chapter 11 Trustee. (pkn, usbc) (Entered: 01/28/2004) |

| 01/21/2004 | 145 | Order dATED 1/21/04 118 Application For Compensation OF Counsel to Initial Chapter 11 Trustee. 118 GRANTED. A SEPARATE ORDER ENTERED. (pkn, usbc) (Entered: 01/28/2004) |
| 01/21/2004 | 146 | Document (Filed in open court on 1/21/04) by Debtor Catherine R. Capizzi (pkn, usbc) (Entered: 01/28/2004) |
| 01/21/2004 |  | Hearing Held 119 Initial Chapter 11 Trustee's Request Administrative Expenses. (pkn, usbc) (Entered: 01/29/2004) |
| 01/21/2004 | 148 | Order Dated 1/21/04 119 Initial Chapter 11 Trustee's Request Administrative Expenses. 119 GRANTED. (pkn, usbc) (Entered: 01/29/2004) |
| 01/22/2004 | 147 | Order Dated 1/22/04 RE: 117 Application for Compensation of Initial Trustee Gary W. Cruickshank and 118 Application for Compensation of Counsel to Initial Chapter 11 Trustee. 133 Debtor's Objection. ACCORDINGLY, THE COURT OVERRULES THE DEBTOR'S OBJECTIONS AND APPROVES THE INITIAL TRUSTEE'S APPLICATION AND THE INITIAL TRUSTEE'S COUNSEL'S APPLICATION. (pkn, usbc) (Entered: 01/28/2004) |
| 01/25/2004 | 142 | BNC Certificate of Mailing - PDF Document. Service Date 01/25/2004. (Related Doc # 141) (Admin.) (Entered: 01/26/2004) |
| 01/30/2004 | 149 | BNC Certificate of Mailing - PDF Document. Service Date 01/30/2004. (Related Doc # 143) (Admin.) (Entered: 01/31/2004) |
| 01/30/2004 | 150 | BNC Certificate of Mailing - PDF Document. Service Date 01/30/2004. (Related Doc # 144) (Admin.) (Entered: 01/31/2004) |
| 01/30/2004 | 151 | BNC Certificate of Mailing - PDF Document. Service Date 01/30/2004. (Related Doc # 145) (Admin.) (Entered: 01/31/2004) |
| 01/30/2004 | 152 | BNC Certificate of Mailing - PDF Document. Service Date 01/30/2004. (Related Doc # 147) (Admin.) (Entered: 01/31/2004) |
| 01/31/2004 | 153 | BNC Certificate of Mailing - PDF Document. Service Date 01/31/2004. (Related Doc # 148) (Admin.) (Entered: 02/02/2004) |
| 02/17/2004 | 154 | Notice *of Reduction of Application of Fee of Counsel to Initial Chapter 11 Trustee and Certificate of Service* (RE: 118 Application for Compensation, ). Filed by Trustee Gary W. Cruickshank (Cruickshank, Gary) (Entered: 02/17/2004) |
| 02/19/2004 | 155 | Motion to Appoint Joseph Braunstein, Esq. *as Successor Chapter 11 Trustee and certificate of service* Filed by Assistant U.S. Trustee John |

|  |  | Fitzgerald (Attachments: # 1 Exhibit A. Trustee's Resignation# 2 Exhibit B. Successor Trustee's Acceptance) (Bachtell, Paula) (Entered: 02/19/2004) |
|---|---|---|
| 02/19/2004 | 156 | Verified Statement of Joseph Braunstein Pursuant to RTule 2007.1(c) of the Federal Rules of Bankruptcy Procedure and c/s (pkn, usbc) (Entered: 02/23/2004) |
| 02/19/2004 | 157 | Endorsement Order Dated 2/19/04 RE: 154 Notice of Reduction of Application of Fee of Counsel to Initial Chapter 11 Trustee. SO ORDERED.(pkn, usbc) (Entered: 02/24/2004) |
| 02/23/2004 | 158 | Bond Dated 2/23/04 for Braunstein, as Trustee, is set at Amount of 100,000. Braunstein is directed to forthwith file his verified statement per Fed.R.Bankr.P.2007.1. APPROVED. (pkn, usbc) (Entered: 02/24/2004) |
| 02/26/2004 | 159 | BNC Certificate of Mailing - PDF Document. Service Date 02/26/2004. (Related Doc # 157) (Admin.) (Entered: 02/27/2004) |
| 03/18/2004 | 160 | Motion to Vacate (Re: 112 Order on Motion to Dismiss Case,,, ) *and to Convert to Chapter 7* Filed by Trustee Joseph Braunstein (Braunstein, Joseph) (Entered: 03/18/2004) |
| 03/18/2004 | 161 | Certificate of Service (Re: 160 Motion to Vacate). Filed by Trustee Joseph Braunstein (Braunstein, Joseph) (Entered: 03/18/2004) |
| 03/19/2004 | 162 | Notice of Appearance and Request for Notice by Richard S. Hackel For Bullfinch Condominium Association (kmp, ) (c/s) (Entered: 03/30/2004) |
| 04/05/2004 | 163 | Motion *Objection of the Chapter 11 Trustee to the Renewed Motion of Creditor, John Connolly, Jr. for Relief From the Automatic Stay* Filed by Trustee Joseph Braunstein (Braunstein, Joseph) (Entered: 04/05/2004) |
| 04/05/2004 | 164 | Certificate of Service *regarding Objection of Chapter 11 Trustee* (Re: 163 Miscellaneous Motion). Filed by Trustee Joseph Braunstein (Braunstein, Joseph) (Entered: 04/05/2004) |
| 04/06/2004 | 165 | Renewed Motion for Relief from Stay Re: Middlesex Action. Receipt Number 00512456, Fee Amount $150, Filed by Creditor John Connolly, Jr. c/s Objections due by 4/19/2004. (pkn, usbc) (Entered: 04/06/2004) |
| 04/09/2004 | 166 | Hearing Re: 165 Renewed Motion Of Creditor John Connolly, Jr. For Relief From The Automatic Stay Scheduled 5/5/2004 at 10:00 a.m. In |

| | | |
|---|---|---|
| | | Boston Courtroom 1 - JNF. (fac, usbc) (Entered: 04/09/2004) |
| 04/11/2004 | 167 | BNC Certificate of Mailing - Hearing. Service Date 04/11/2004. (Related Doc # 166) (Admin.) (Entered: 04/12/2004) |
| 04/16/2004 | 168 | Certificate of Service of Notice of Hearing Re: 165 Motion for Relief From Stay Filed by John Connolly, Jr. (pkn, usbc) (Entered: 04/19/2004) |
| 04/26/2004 | 169 | Endorsement Order Dated 4/26/04 160 Motion of the Chapter 11 Trustee To Vacate the Conditional Order of Dismissal (November 10, 2003) and To Convert Case to Chapter 7. MOTION ALLOWED. NO OBJECTIONS WERE FILED. (pkn, usbc) (Entered: 04/28/2004) |
| 04/26/2004 | | Convert Case. (pkn, usbc) (Entered: 04/28/2004) |
| 04/28/2004 | 170 | Order to Update: Post Petition Creditors. Filings due by 5/13/2004. (pkn, usbc) (Entered: 04/28/2004) |
| 04/29/2004 | 171 | Certificate of Appointment and Acceptance of Trustee and Fixing of Bond (mjv, USBC) (Entered: 04/29/2004) |
| 04/29/2004 | | First Meeting of Creditors scheduled on 341(a) meeting to be held on 6/3/2004 at 02:30 AM at Room 255-B, 1101 Thomas P. O'Neill Federal Building. Last day to oppose discharge or dischargeability is 8/2/2004. (mjv, USBC) (Entered: 04/29/2004) |
| 04/30/2004 | 172 | Motion for Relief from Stay Re: 350 North Street, Boston, Massachusetts, Unit No. 302 *and for Authority to Foreclose Security Interest*. Fee Amount $150, Filed by Creditor The Savings Bank Objections due by 5/13/2004. (Attachments: # 1 Exhibits A through E) (Parker, Nina) (Entered: 04/30/2004) |
| 04/30/2004 | 173 | Receipt of filing fee for Motion for Relief From Stay(03-14266) [motion,mrlfsty] ( 150.00). Receipt Number 0101B660591, amount $ 150.00. (U.S. Treasury) (Entered: 04/30/2004) |
| 04/30/2004 | 174 | BNC Certificate of Mailing - PDF Document. Service Date 04/30/2004. (Related Doc # 169) (Admin.) (Entered: 05/01/2004) |
| 05/03/2004 | 175 | Application to Employ David Krock and Land Mark Real Estate Services as Real Estate Broker WITH Affidavit Filed by Trustee Joseph Braunstein (Attachments: # 1 Signed Statement of Professional Person# 2 Declaration of Electronic Filing) (Braunstein, Joseph) (Entered: 05/03/2004) |
| 05/03/2004 | 176 | Certificate of Service (Re: 175 Application to Employ, ). Filed by |

| | | |
|---|---|---|
| | | Trustee Joseph Braunstein (Braunstein, Joseph) (Entered: 05/03/2004) |
| 05/03/2004 | 177 | Objection by Trustee Joseph Braunstein Re: 172 Motion for Relief from Stay Re: 350 North Street, Boston, Massachusetts, Unit No. 302 *and for Authority to Foreclose Security Interest*. Fee Amount $150, Filed by Creditor The Savings Bank Objections due by 5/13/2004. (Attachments: # (1) Exhibits A through E) (Parker, Nina) (Braunstein, Joseph) (Entered: 05/03/2004) |
| 05/03/2004 | 178 | Certificate of Service (Re: 177 Objection, ). Filed by Trustee Joseph Braunstein (Braunstein, Joseph) (Entered: 05/03/2004) |
| 05/04/2004 | 179 | Court's Notice of 341 sent (mjv, USBC) (Entered: 05/04/2004) |
| 05/05/2004 | 180 | Request for Bar Date from Trustee Joseph Braunstein.. (Braunstein, Joseph) (Entered: 05/05/2004) |
| 05/05/2004 | 181 | Application to Employ Joseph Braunstein and the law firm of Riemer & BraunsteinLLP as Counsel WITH Affidavit Filed by Trustee Joseph Braunstein (Attachments: # 1 Affidavit # 2 Declaration of Electronic Filing # 3 proposed order) (Braunstein, Joseph) (Entered: 05/05/2004) |
| 05/05/2004 | 182 | Certificate of Service (Re: 181 Application to Employ, ). Filed by Trustee Joseph Braunstein (Braunstein, Joseph) (Entered: 05/05/2004) |
| 05/05/2004 | | Hearing Held RE: 165 Motion for Relief From Stay filed by Creditor John Connolly, Jr. (pkn, usbc) (Entered: 05/05/2004) |
| 05/05/2004 | 183 | Order Dated 5/5/04 165 Renewed Motion by John Connolly, Jr., For Relief From Stay Re: Middlesex Action. #165 GRANTED. #165, 163-A PROPOSED ORDER SHALL BE SUBMITTED. (pkn, usbc) (Entered: 05/05/2004) |
| 05/05/2004 | 184 | Court's Notice of Assets. Proofs of Claims due by 8/3/2004. Government proof of claim due by 8/3/2004. (pkn, usbc) (Entered: 05/05/2004) |
| 05/05/2004 | 185 | Endorsement Order Dated 5/5/04 81 Application of Trustee to Employ Counsel. APPLICATION GRANTED. (pkn, usbc) (Entered: 05/06/2004) |
| 05/06/2004 | 186 | Hearing scheduled for 5/26/2004 at 10:15 AM Boston Courtroom 1 - JNF, RE: 172 Motion for Relief From Stay filed by Creditor The Savings Bank. (mnd, ) (Entered: 05/06/2004) |

| 05/06/2004 | 187 | BNC Certificate of Mailing - Meeting of Creditors. Service Date 05/06/2004. (Related Doc # 179) (Admin.) (Entered: 05/07/2004) |
| 05/07/2004 | 188 | BNC Certificate of Mailing. Service Date 05/07/2004. (Related Doc # 184) (Admin.) (Entered: 05/08/2004) |
| 05/07/2004 | 189 | BNC Certificate of Mailing - PDF Document. Service Date 05/07/2004. (Related Doc # 183) (Admin.) (Entered: 05/08/2004) |
| 05/07/2004 | 193 | Order Dated 5/7/04 RE: 165 Renewed Motion for Relief From Stay filed by Creditor John Connolly, Jr. (pkn, usbc) (Entered: 05/11/2004) |
| 05/08/2004 | 190 | BNC Certificate of Mailing - Hearing. Service Date 05/08/2004. (Related Doc # 186) (Admin.) (Entered: 05/10/2004) |
| 05/08/2004 | 191 | BNC Certificate of Mailing - PDF Document. Service Date 05/08/2004. (Related Doc # 185) (Admin.) (Entered: 05/10/2004) |
| 05/11/2004 | 192 | Notice *of Hearing regarding Motion of The Savings Bank for Relief from the Automatic Stay and for Authority to Foreclose Security Interest with Certificate of Service* (RE: 172 Motion for Relief From Stay, ). Filed by Creditor The Savings Bank (Parker, Nina) (Entered: 05/11/2004) |
| 05/13/2004 | 194 | BNC Certificate of Mailing - PDF Document. Service Date 05/13/2004. (Related Doc # 193) (Admin.) (Entered: 05/14/2004) |
| 05/14/2004 | 195 | Notice of Change of Address Filed by Attorney Joseph B. Harrington (pkn, usbc) (Entered: 05/17/2004) |
| 05/17/2004 | 196 | Endorsement Order Dated 5/17/04 175 Application of The Chapter 7 Trustee For Authority To Employ David Krock and Land Mark Real Estate Services as Real Estate Broker (350 North Street, Unite 302, Boston, Massachusetts). APPLICATION GRANTED. 5/17/2004. (pkn, usbc) (Entered: 05/18/2004) |
| 05/26/2004 |  | Hearing Held RE: 172 Motion for Relief From Stay filed by The Savings Bank. 177 Objection by Chapter 7 Trustee. (pkn, usbc) (Entered: 05/27/2004) |
| 05/26/2004 | 197 | Order Dated 5/26/04 172 Motion For Relief From Stay by The Savings Bank Re: 350 North Street, Boston, Ma, Unit No. 302. and 177 Objection by Chapter 7 Trustee. 172, 177 RELIEF FROM STAY IS GRANTED EFFECTIVE AUGUST 27, 2004. THE MOVANT IS GRANTED IMMEDIATE RELIEF FROM STAY TO COLLECT RENTS. (pkn, usbc) (Entered: 05/27/2004) |

| 05/28/2004 | 198 | Notice *of Rescheduled Meeting of Creditors*. Filed by Trustee Joseph Braunstein (Braunstein, Joseph) (Entered: 05/28/2004) |
|---|---|---|
| 05/28/2004 | 199 | Certificate of Service (Re: 198 Notice). Filed by Trustee Joseph Braunstein (Braunstein, Joseph) (Entered: 05/28/2004) |
| 05/29/2004 | 200 | BNC Certificate of Mailing - PDF Document. Service Date 05/29/2004. (Related Doc # 197) (Admin.) (Entered: 05/30/2004) |
| 06/04/2004 | | Meeting of Creditors Held and Examination of Debtor. (Braunstein, Joseph) (Entered: 06/04/2004) |
| 06/04/2004 | 202 | Notice of Appearance and Request for Notice by Reneau J. Longoria For States Resources Corp. (kmp, )c/s (Entered: 06/09/2004) |
| 06/08/2004 | 201 | Notice *of Debtor's Change of Address*. Filed by Trustee Joseph Braunstein (Braunstein, Joseph) (Entered: 06/08/2004) |
| 06/14/2004 | 203 | Notice of Appearance and Request for Notice by John Connolly Jr. for John Connolly, Jr. (c/s) (kmp, ) (Entered: 06/16/2004) |
| 06/16/2004 | 204 | Notice of Appearance and Request for Notice by John M. Connors Jr. For Kevin P. Duffy (kmp, ) (Entered: 06/17/2004) |
| 06/16/2004 | 205 | Notice of Withdrawal of Appearance filed by Attorney Joseph B. Harrington, Counsel to John Connolly, Jr. c/s (pkn, usbc) (Entered: 06/17/2004) |
| 07/30/2004 | 206 | Motion to Sell Real Property located at 350 North Street, Unit 302, Boston, Massachusetts Filed by Trustee Joseph Braunstein (Attachments: # 1 Notice of Sale# 2 Certificate of Service # 3 Matrix) (Braunstein, Joseph) (Entered: 07/30/2004) |
| 07/30/2004 | 207 | Exhibit A *Offer to Purchase Real Estate - Notice of Intended Private Sale of Real Property*. Filed by Trustee Joseph Braunstein (Braunstein, Joseph) (Entered: 07/30/2004) |
| 07/30/2004 | 208 | Notice of Intent to Sell 350 North Street, Unit 302, Boston, Massachusetts. Hearing scheduled for 9/7/2004 at 09:30 AM with Objections due by 8/27/2004 at 04:30 PM. Bid/Counteroffer Due by 8/27/04 by 4:30 PM Boston Courtroom 1 - JNF, Thomas P. O'Neill Federal Building, 11th Floor, 10 Causeway Street, Boston, Ma. RE: 206 Motion to Sell filed by Trustee Joseph Braunstein. (pkn, usbc) (Entered: 08/05/2004) |
| 08/05/2004 | | Hearing scheduled for 9/7/2004 at 09:30 AM Boston Courtroom 1 - JNF with Objections due by 8/27/2004 at 04:30 PM. Re: 206 Motion |

|  |  | to Sell filed by Trustee Joseph Braunstein (pkn, usbc) (Entered: 08/05/2004) |
|---|---|---|
| 08/05/2004 | 209 | Request for Claims Register. (Braunstein, Joseph) (Entered: 08/05/2004) |
| 08/09/2004 | 210 | Court's Notice of Assets. Proofs of Claims due by 11/8/2004. Government proof of claim due by 11/8/2004. CORRECTIVE ENTRY: Disregard. Docketed in error. (pkn, usbc). (Entered: 08/09/2004) |
| 08/09/2004 | 211 | Certificate of Service of Notice of Hearing (Re: 206 Motion to Sell). Filed by Trustee Joseph Braunstein (Attachments: # 1 Matrix# 2 Notice of Non-Evidentiary Hearing And Objection Deadline# 3 Notice of Intended Private Sale of Real Estate) (Braunstein, Joseph) (Entered: 08/09/2004) |
| 08/13/2004 | 212 | Supplemental Certificate of Service Re: 211 Certificate of Service of Notice of Hearing RE: Trustee's Motion to Sell Filed by Trustee Joseph Braunstein. (Braunstein, Joseph) (Entered: 08/13/2004) |
| 08/19/2004 | 213 | Application to Employ Steven A. Gabovitch as Accountant With Affidavit Filed by Trustee Joseph Braunstein. Signed Statement of Professional. Declaration of Electronic Filing. Proposed Order. Certificate of Service (Braunstein, Joseph) (Entered: 08/19/2004) |
| 08/19/2004 | 214 | Electronic Claims Register to Nicole Daily of Riemer & Braunstein. (kmp) (Entered: 08/19/2004) |
| 08/23/2004 | 216 | Endorsement Order Dated 8/23/04 213 Application to Employ Stephen A. Gabovitch. APPLICATION GRANTED. (pkn, usbc) (Entered: 08/25/2004) |
| 08/24/2004 | 215 | Amended Claims Register electronically sent to Joseph Braunstein. (Entered: 08/24/2004) |
| 08/24/2004 | 218 | Objection by Debtor Catherine R. Capizzi Re: 206 Trustee's Motion to Sell Real Property located at 350 North Street, Unit 302, Boston, Massachusetts c/s (pkn, usbc) (Entered: 08/25/2004) |
| 08/25/2004 | 217 | Limited Objection *with c/s* by Creditor Bullfinch Condominium Association Re: 206 Motion to Sell Real Property located at 350 North Street, Unit 302, Boston, Massachusetts Filed by Trustee Joseph Braunstein (Attachments: # (1) Notice of Sale# (2) Certificate of Service # (3) Matrix) (Braunstein, Joseph) (Hackel, Richard) (Entered: 08/25/2004) |
|  |  |  |

| 08/25/2004 | 219 | Second Amended Claims register electronically sent to Joseph Braunstein. (kmp) (Entered: 08/25/2004) |
| 08/27/2004 | 220 | BNC Certificate of Mailing - PDF Document. Service Date 08/27/2004. (Related Doc # 216) (Admin.) (Entered: 08/28/2004) |
| 09/01/2004 | 221 | Objection by Creditor John Connolly, Jr. Re: 206 Trustee's Motion to Sell Real Property located at 350 North Street, Unit 302, Boston, Massachusetts. c/s (pkn, usbc) (Entered: 09/01/2004) |
| 09/02/2004 | 222 | Status Report *Trustee's Report on Sale Objections and Counteroffers and Response to Objections (Hearing Scheduled for September 7, 2004)* (RE: 206 Motion to Sell filed by Trustee Joseph Braunstein). (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Certificate of Service)(Braunstein, Joseph) (Entered: 09/02/2004) |
| 09/07/2004 | | Hearing Held RE: 206 Motion to Sell filed by Trustee Joseph Braunstein (pkn, usbc) (Entered: 09/09/2004) |
| 09/07/2004 | 223 | Order Dated 9/7/04 206 Trustee's Motion To Sell Real Property located at 350 North Street, Unit 302, Boston, Ma. #206 GRANTED. A SEPARATE ORDER WAS ENTERED. (pkn, usbc) (Entered: 09/09/2004) |
| 09/07/2004 | 224 | ORDER DATED 9/7/04 APPROVING MOTION TO SELL REAL PROPERTY LOCATED AT 350 NORTH STREET, UNIT 302, BOSTON MASSACHUSETTS BY CHAPTER 7 TRUSTEE. (pkn, usbc) (Entered: 09/09/2004) |
| 09/11/2004 | 225 | BNC Certificate of Mailing - PDF Document. Service Date 09/11/2004. (Related Doc # 223) (Admin.) (Entered: 09/12/2004) |
| 09/11/2004 | 226 | BNC Certificate of Mailing - PDF Document. Service Date 09/11/2004. (Related Doc # 224) (Admin.) (Entered: 09/12/2004) |
| 09/14/2004 | 227 | Notice of Withdrawal of Secured Proof of Claim Filed by Creditor Town of Lincoln. $35,738.49 c/s (pkn, usbc) (Entered: 09/16/2004) |
| 09/14/2004 | 228 | Notice of Withdrawal of Priority Proof ofClaim Filed by Creditor Town of Lincoln $34,970.81 c/s (pkn, usbc) (Entered: 09/16/2004) |
| 09/23/2004 | 229 | Withdrawal of Claim(s): *#12 with c/s* Filed by Creditor Bullfinch Condominium Association. (Hackel, Richard) (Entered: 09/23/2004) |
| 09/27/2004 | 230 | Withdrawal of Claim(s): *with Certificate of Service* Filed by Creditor The Savings Bank. (Parker, Nina) (Entered: 09/27/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/06/2004 14:06:28 | | | |
| **PACER Login:** | dg0130 | **Client Code:** | |
| **Description:** | Docket Report | **Case Number:** | 03-14266 |
| **Billable Pages:** | 13 | **Cost:** | 0.91 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
PROCEEDING MEMORANDUM/ORDER

Hrg. Date 5/28/2003

In re:                                    Chapter 11        Case No. 03-14266 JNF

        Catherine R. Capizzi
                                                          Adv. P. No.

Counsel Present:
For Debtor(s) T. Maurer          For  J. Doonan, movant
For Trustee                       For
For U.S. Trustee                  For

Nature of Proceedings:
        #8 Motion of States Resources Corp., for Relief from Stay to Proceed to Judgement in the U.S. District Court
Case # 02-12319

Court Action:
      8    (Granted)_____ Denied _____ Sustained _____ Withdrawn
_____ Continued to _____
_____ Taken Under Advisement/ Briefs Due _____
_____ Stipulation to be Filed by_____

Other Decision:
        Debtor's counsel assented to the
        motion in open court.  a
        separate order was entered.

So Noted:                    So Ordered:        Dated: 5/21/03

_____         Joan N. Feeney
Courtroom Deputy                  U. S. Bankruptcy Judge

Thursday, May 29, 2003 (2).max

027388

**EXHIBIT**

H

United States Bankruptcy Court

District of Massachusetts

~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**CATHERINE CAPIZZI,**
  Debtor

Chapter 11
Case No. 03-14266-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~

### ORDER

In accordance with the Memorandum dated June 24, 2003, the Court hereby grants the Motion for Relief from the Automatic Stay filed by Architectural Team, Inc.  The Court grants the "Motion of States Resources Corp. to Dismiss pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 109(g)(2) and Motion for Relief from Stay for Cause pursuant to 11 U.S.C. § 362(d)(1)" in part and denies it in part.  The Court grants States Resources Corp. relief from the automatic stay; the Court denies its Motion to Dismiss.  The Court denies the Motion to Dismiss filed by Architectural Team, Inc.  Because the Debtor has equity in a condominium located in Boston, Massachusetts and owns other non-exempt assets, the best interests of her creditors are not served by dismissal of her Chapter 11 case, but by the appointment of a Chapter 11 Trustee.  Accordingly, the Court hereby authorizes the U.S.


EXHIBIT

Tuesday, June 24, 2003.max

Trustee to appoint a Chapter 11 Trustee.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: June 11, 2003

cc: Peter L. Zimmerman, Esq., Timothy M. Mauser, Esq., Reneau J. Longoria, Esq., U.S. Trustee

## MEMORANDUM OF TERMS AND CONDITIONS
## FOR THE PURCHASE AT MORTGAGEE'S FORECLOSURE SALE

### PREMISES: 236 Lincoln Road, Lincoln, MA 01773

_____Lind Mizu_____, of 3 Huckleberry Hill, Lincoln, MA
(hereinafter referred to as **"BUYER"**) hereby acknowledges the purchase at public auction from
_____Mr. Garrett_____, of Garrett, Inc., acting as agent for the States Resources
Corp., (hereinafter referred to as **"SELLER"**), the real estate described in the attached copy of
"Mortgagee's Sale of Real Estate" for the bid sum or purchase price of
$ 2,000,000.00_____ DOLLARS. Buyer hereby agrees to
comply with the following terms and conditions of sale, and has paid as a deposit to bind the
bargain the sum of FIVE THOUSAND & 00/100 ($5,000.00) DOLLARS, which sum shall be
forfeited to the Seller should the Buyer fail to comply with these terms and conditions of sale,
but such forfeiture shall not relieve the Buyer from any contractual obligations hereunder nor
shall such forfeiture be applied to the mortgage debt. Such forfeiture shall still be effective in the
event the real estate is sold to the second (2nd) highest bidder.

Such premises are to be conveyed to the Buyer by a good and sufficient Foreclosure Deed
conveying a good and clear record title to the premises located at **236 Lincoln Road, Lincoln,
MA** more fully described in Mortgagee's Notice of Sale of Real Estate attached hereto, subject to
the following:

    1. Provisions of existing zoning, building, subdivision control, environmental
laws and all other laws, by-laws, rules and restrictions of the City/Town of
**Lincoln,** and also of the Commonwealth of Massachusetts relating to use of land
or buildings.

    2. Any existing tenancy or tenancies, leases or occupants, or rights of possession,
if any there be.

    3. Restrictions, rights, reservations, easements and agreements of record, if
applicable.

    4. All outstanding municipal taxes, tax liens, tax titles, tax takings, and
betterment assessments, all transfer costs, including, but not limited to, "tax
stamps" and recording fees, outstanding water rates, water liens, and also sewer
use assessments or taxes, if any there be, all of which shall be assumed by Buyer
without adjustment in favor of Buyer.

1



EXHIBIT

J

5. Said premises are conveyed subject to the right of redemption of the United States or any of it's sub-agencies or divisions according to law, if applicable, to redeem the said premises.

6. Buyer acknowledges that this sale is subject to "so called" Title 5 Regulations that may require the inspection of the septic system for this property. Buyer further acknowledges that the Mortgagee makes no warranty or representation as to the applicability of the aforesaid Title 5 nor makes any warranty or representation as to whether the subject property will pass Title 5 septic system evaluation. The sole responsibility for compliance, if applicable, of the Title 5 requirements shall be the Buyer's and the Mortgagee shall have no responsibility therefore.

If fire or other casualty damages the buildings, Buyer at his option may cancel this agreement and receive back his deposit. However, the Seller, at its option, shall have the privilege to extend this agreement for an additional period of third (30) days and if the buildings are restored to their former condition within said period then Buyer shall be obligated to purchase said premises. The Buyer may elect, however, to have the proceeds of any insurance money received or to be received on account to such casualty assigned to him by the Seller and proceed with the purchase of said property under the terms of this memorandum.

Buyer acknowledges that Buyer has not been influenced to enter into this transaction nor has it relied upon any warranties or representations, expressed or implied, not set forth in this Agreement, or in the legal advertisement of this sale. Specifically, the Buyer acknowledges that the Seller has made no representations or warranties concerning the compliance of the premises with any and all buildings, zoning, environmental or the laws or ordinances (federal, state or local) which may affect the Buyer's use and/or enjoyment of the Premises. Additionally, any improvements including the buildings, if any, on the premises are sold "AS IS, WHERE IS" with no warranties expressed or implied. Buyer acknowledges that the Seller has made no representations or agreements that the Premises is vacant land, is a lot on which a structure may be built or if there is a partially completed structure on the Premises that it may be completed. Buyer also acknowledges that this sale does not include any personal property located on the premises being sold.

Buyer shall obtain his own financing if needed to purchase the premises sold thereunder and the Buyer acknowledges the Seller has made no representations that Seller will give or obtain financing for Buyer.

If a material defect in the record title, other than those set forth in Clauses 1-5 of this agreement preceding, shall be claimed by the Buyer, the Buyer shall notify the Seller and its attorney thereof in writing at least ten (10) days prior to the closing date stated above and the Seller shall have the option to use such portion of sixty (60) days from date of notice thereof as it may require to perfect said title, but shall be under no such obligation to do so.

e:\Massachusetts Foreclosures\Generated_Forms\Memorandum of Terms_Foreclosure_Capizzi_4505.87F

If the Seller does not clear the record title or obtain at Seller's expense affirmative Title Insurance over the defect, the deposit made under this agreement shall be refunded without payment of interest thereon to the Buyer and all obligations of either party shall hereto cease, without further recourse.

The balance of the consideration of the sale, which shall be in the form of a Cashier's Check or Bank Check drawn on a Bank located In Eastern Massachusetts, made payable to States Resources Corp., (except the deposit which shall be held by the Seller), shall be paid to Seller and the Premises conveyed to the Buyer by the usual Mortgagee's deed under the statutory power of sale on or before August 25, 2003, at 5:00 p.m. at the said office of DOONAN, GRAVES, & LONGORIA L.L.C., 16 Front Street, 2nd Floor, Salem, Massachusetts, 01970, time being of the essence. At the same time there shall be delivered to the Buyer a properly executed entry to foreclose and a copy of a Judgment of the Land Court authorizing the sale and said entry.

The Buyer acknowledges that if, as the successful bidder at the Foreclosure Sale, the Buyer shall default in purchasing the within described property according to the terms of the Mortgagee's Sale of Real Estate attached hereto, and/or the terms of this Memorandum of Sale that the Seller reserves the right to sell the property by Foreclosure Deed to the second highest bidder providing that said second highest bidder shall deposit with the Seller's Attorney, DOONAN, GRAVES, & LONGORIA L.L.C., the amount of the required deposit as set forth herein and execute this Memorandum of Sale within three (3) business days after written notice of the default of the previous highest bidder and title shall be conveyed to the said second highest bidder within twenty (20) days of said written notice. It is also agreed that the Seller as holder of the mortgage being foreclosed may bid at this foreclosure Sale, and if Seller is the second highest bidder, Seller Shall have the right to purchase said Premises at the second highest bid price if the highest bidder defaults.

The Buyer is advised that Massachusetts General Laws, Chapter 111, Section 190-191 provides for a program of lead poisoning prevention and control, and further that there is a possibility of lead paint problem under said law if a child under six years of age becomes a resident of the dwelling being purchased. The Buyer takes this risk; in purchasing this property pursuant to notice given hereunder.

The Buyer is further advised that Massachusetts General Laws. Chapter 14S, Section 26F requires that smoke detectors be installed in all residential structures. The Buyer, in purchasing this property at this foreclosure sale, agrees that he/she will assume all costs relative to the purchase and installation, plus all costs dealing with inspection fees for such smoke detection equipment and Buyer further acknowledges that such equipment shall meet all of the minimum state and the appropriate Fire Department requirements.

In the event that the second highest bidder does not wish to purchase the premises, the holder of the mortgage reserves the right to purchase the premises at the amount bid by the second highest bidder.

In the event the mortgagee cannot deliver title to the premises as provided herein, the purchaser shall only be entitled to the return of his/her deposit and this shall be purchaser's sole and exclusive remedy at law or in equity.

In the event that the Mortgagee is unable to deliver title under the conditions hereinbefore stated or referred to, or in the event the Mortgagee elects to, at its sole discretion, unilaterally terminate this Memorandum of Terms and Conditions to permit the owner of the premises to retain ownership, all deposits made by purchaser shall be returned and the contract effected hereby shall cease without recourse to the parties hereto.

The acceptance or recording of a deed and certificate of entry for the premises by the Buyer shall be deemed to be a full performance and discharge of the Seller's obligation hereunder.

This Agreement is executed in duplicate and is to be construed as a Massachusetts contract, to take effect as a sealed instrument, as sets forth the entire contract between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be canceled, modified, or amended only by a written instrument executed by the Seller and Buyer. If two or more persons are named herein as Buyer their obligations hereunder shall be joint and several.

**Time is of the essence of this agreement.**

The Seller hereby acknowledges receipt of said deposit in the amount of FIVE THOUSAND & 00/100 ($5,000.00) DOLLARS. Executed as a sealed instrument in duplicate this 24th day of July 2003.

Please note, there is a real estate lien on the property from The Architectural Team, Inc., v. Michael J. Capizzi and Catherine Capizzi in the amount of $600,000.00. Doonan, Graves & Longoria, L.L.C. makes no warranty or representation as to the accuracy of this payoff.

_Linda Mieis a Assigns_
Buyer

_15 Bypass Rd Lynnfield, Ma._
Buyer Address

_781 259-1554_
Telephone Number   _259-1454_

_Auctioneer for Seller as_
authorized agent and not otherwise.

4



20

In the back of my mind I didn't say Linda or Michael
or Mauser or anybody, I was thinking, "Well, if it
doesn't work out, maybe Linda will let me rent it
from her or something," because I knew she liked it.
It was all part of the things that were in my mind
that day in the rectory, everything that -- it may be
dreaming on my part, I don't know, but I'm just
trying to tell you how I was thinking.

Q    But it was your intent in your discussions with Linda
Micu that you would ultimately own the property on
Lincoln Road in Lincoln?

A    Mm-hmm.

Q    You need to say "yes" or "no"?

A    Yes.

Q    So in other words Ms. Micu was acting as your agent?

A    Yes.

Q    And she was going to follow your instructions?

A    Well, she was doing that, but I thought she was the
one that knew how to do these things.

Q    But ultimately as to the disposition --

A    She did it because when she had said to me, "What can
we do to help you?"

Q    But my point is ultimately as to the disposition or
who was going to own the property on Lincoln Road

**EXHIBIT**

K

1                MS. WILLIAMS:    Objection.

2        A.    I followed the direction of the

3   attorney.

4        Q.    Okay.    And that attorney was?

5        A.    John Doonan.

6        Q.    And you didn't tell me, who you knew,

7   you said you had me at the foreclosure sale, true?

8        A.    I knew you were there.

9        Q.    You knew --

10        A.    I didn't know who you represented.

11        Q.    I didn't introduce myself as the

12   counsel for The Architectural Team?

13        A.    Not to my knowledge.

14        Q.    I didn't give you a card?

15        A.    You gave me a card and you told me

16   that you represent one of the subordinate mortgages.

17        Q.    And I used the word "mortgages"?

18        A.    I'm not sure what you used, but I

19   don't think you specifically told me who your client

20   was.

21        Q.    And you saw -- did you see Robert

22   Berrier at the sale on that date?

23        A.    Who is he?

24        Q.    You don't know Robert Berrier?

EXHIBIT

L

Page 332

1          A.    Robert?

2          Q.    B-E-R-R-I-E-R?

3          A.    No, I don't.

4          Q.    The Architectural Team.

5          A.    Is that the gentleman that was with

6    you?

7          Q.    That's right.

8          A.    Okay.  I don't know him, but I know he

9    was with you.

10         Q.    Did you ever talk to him?

11         A.    I talked to him when you were there

12   that you and he represented a subordinate lien,

13   loan, mortgage, whatever you had.

14         Q.    Did you ever call his office and tell

15   him about the offer?

16         A.    I didn't know him.  No, I didn't call

17   his office.

18         Q.    Did you ever call his office at all,

19   The Architectural Team's office?

20         A.    Never.

21         Q.    You're absolutely certain about that?

22         A.    Did I call his office?

23         Q.    Yes.

24         A.    I don't even know where his office is.

Q.    What's your best --

MS. WILLIAMS:  Your best informed conclusion about when you would have communicated that to him.  It doesn't have to be an exact date. I hope you don't mind.

A.    A day or two maybe.

Q.    Fine.  Within a day or two you communicated the fact you had received, as an auctioneer working for Mr. Doonan, a check for $50,000 that you put into your account.  Is that your testimony?

A.    That's not my testimony.

Q.    What is your testimony?

A.    My testimony is that I received a check for $50,000 from Leonard Florence.  I brought John Doonan privy to it sometime within maybe a couple days of receiving it.

And I may or may have not put it in the account right away.  I may have held the letter and the check in the file for a few days and then deposited it.

Q.    The deposit date on the check Exhibit Seven says 08-06.  The question is, was it deposited about the 6th of October 2003?  Take a look at

EXHIBIT

M

Q.    You didn't return it in August, did you?

A.    It says here that I returned it on 10-1-03.

Q.    That's October.

A.    Okay.

Q.    Did Mr. Doonan tell you to return the check in August of 2003 to Mr. Leonard Florence?

A.    He told me to tell Mr. Florence that he would not be able to accept his offer.

Q.    When did he tell you that?

A.    Within the 30-day period of the auction from the 24th of '03 auction in July.

Q.    But you had the check still?

A.    I had the check in the bulk account.

Q.    And did you notify Mr. Florence that you were returning the check in August?

A.    I notified Mr. Florence that his offer wouldn't be accepted.

Q.    When did you do that?

A.    Sometime within a period of days when I talked to Mr. Doonan in reference to his offer not being accepted.

Q.    On September 26th, 2003, did you have

EXHIBIT
N

DISMISS109g, APPEAL

## United States Bankruptcy Court
## District of Massachusetts (Boston)
## Bankruptcy Petition #: 03-18040

*Assigned to:* Judge Joan N. Feeney
Chapter 11
Voluntary
Asset

*Date Filed:* 09/25/2003
*Date Terminated:*
12/23/2003
*Date Dismissed:* 09/29/2003

**Michael Joseph Capizzi**
236 Lincoln Rd.
Lincoln, MA 01773
SSN: xxx-xx-1595
*Debtor*

represented by  **Michael Joseph Capizzi**
PRO SE

**John Fitzgerald**
Office of the US Trustee
10 Causeway Street
Boston, MA 02222
*Assistant U.S. Trustee*

| Filing Date | # | Docket Text |
|---|---|---|
| 09/25/2003 | 1 | Chapter 11 Voluntary Petition Receipt Number 504251, Filing Fee in the Amount of $830 Filed by Michael Capizzi.Matrix Filed. (kpm, USBC) (Entered: 09/25/2003) |
| 09/25/2003 | 2 | Order to Update (RE: 1 Voluntary Petition (Chapter 11) filed by Debtor Michael Joseph Capizzi). 20 Largest Unsecured Creditors due 10/10/2003. Schedules A-H due 10/10/2003. Statement of Financial Affairs due 10/10/2003. Incomplete Filings due by 10/10/2003. (kpm, USBC) (Entered: 09/25/2003) |
| 09/26/2003 | 3 | Emergency Motion for Relief from Stay Re: 236 Lincoln Road, Lincoln, MA 01773 Filed by States Resources Corp. (cpd, usbc) (Entered: 09/26/2003) |
| 09/26/2003 | 4 | Motion For Emergency Hearing Re: 3 Motion for Relief From Stay Filed by States Resources Corp. (cpd, usbc) (Entered: 09/26/2003) |
| 09/26/2003 | 5 | Certificate of Service by Beth L. Wolfson for States Resources Corp. Re: 3Emergency Motion for Relief From Stay, 4 Motion For Emergency Telephonic Hearing. (cpd, usbc) (Entered: 09/26/2003) |

EXHIBIT

| 09/26/2003 | 6 | Endorsed Order Dated 9/26/2003 RE: 4 Motion For Telephonic Hearing on 3Motion For Relief From Stay Filed by States Resources Corp.. NO HEARING IS NECESSARY AS BASED UPON THE RECORD OF PROCEEDINGS IN THIS CASE AND THE DEBTOR'S PRIOR CASE,THE DEBTOR WAS BARRED FROM FILING ANOTHER BANKRUPTCY CASE UNTIL 11/1/03. (cpd, usbc) (Entered: 09/26/2003) |
| --- | --- | --- |
| 09/26/2003 | 7 | Order Dated 9/26/2003 RE: 3 Emergency Motion For Relief From Stay Filed by States Resources Corp.. GRANTED. (cpd, usbc) (Entered: 09/26/2003) |
| 09/26/2003 | 8 | Emergency Motion to Dismiss Case Filed Architectural Team, Inc. (cpd, usbc) (Entered: 09/26/2003) |
| 09/26/2003 | 9 | Order Dated 9/26/2003 RE: 8 Emergency Motion by Architectural Team, Inc. to Dismiss Case .UPON CONSIDERATION OF 1) THE EMERGENCY MOTION TO DISMISS FILED BY ARCHITECTURAL TEAM, INC. ON SEPTEMBER 26, 2003; 2) THE DEBTOR'S VOLUNTARY DISMISSAL OF HIS PRIOR CHAPTER 13 CASE (CASE NO. 03-11621) FOLLOWING THE FILING OF A MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY THE ARCHITECTURAL TEAM, INC.; 3) THE PROVISIONS OF 11 U.S.C. 109(g)(2); AND 4) THE DIMSISSAL OF THE DEBTOR'S PRIOR CHAPTER 13 CASE ON MAY 2003, THE COURT HEREBY GRANTS THE ARCHITECTURAL TEAM, INC.'S EMERGENCY MOTION TO DISMISS AND DIMISSES THE DEBTOR'S ABOVE-CAPTIONED CASE WITH PREJUDICE. (cpd, usbc) (Entered: 09/29/2003) |
| 09/29/2003 | | First Meeting of Creditors scheduled on 341(a) meeting to be held on 10/28/2003 at 12:30 PM at Room 1190, US Trustee Office. Last day to file a complaint objecting to dischargeability is 12/29/2003. (cw, usbc) (Entered: 09/29/2003) |
| 09/29/2003 | 10 | Notice of Dismissal Under 11 U.S.C. Section 109g . (cpd, usbc) (Entered: 09/29/2003) |
| 09/29/2003 | | Matrix (mjv, USBC) (Entered: 09/30/2003) |
| 09/30/2003 | 11 | Court's Notice of 341 sent. (Garrity, E.) (Entered: 09/30/2003) |
| 10/01/2003 | 12 | BNC Certificate of Mailing. Service Date 10/01/2003. (Related Doc # 10) (Admin.) (Entered: 10/02/2003) |
| 10/02/2003 | 13 | BNC Certificate of Mailing - Meeting of Creditors. Service Date 10/02/2003. (Related Doc # 11) (Admin.) (Entered: 10/03/2003) |

| 10/06/2003 | 14 | Notice of Appeal Filed by Debtor Michael Joseph Capizzi RE: 9 Order Granting Motion to Dismiss Case by Architectural Team, Inc.. Appellant Designation due by 10/16/2003. Complied Records Due by 10/31/2003. Transmission of Designation Due by 11/5/2003. (cpd, usbc) (Entered: 10/07/2003) |
|---|---|---|
| 10/07/2003 | 15 | Election of Appeal to District Court Filed by Debtor Michael Joseph Capizzi RE: 14 Notice of Appeal. (cpd, usbc) (Entered: 10/07/2003) |
| 10/07/2003 | 16 | Notice of Appeal to District Court RE: 14 Notice of Appeal filed by Debtor Michael Joseph Capizzi. (cpd, usbc) (Entered: 10/07/2003) |
| 10/07/2003 | 17 | Clerk's Notice of Fees Due by 10/17/2003. RE: 14 Notice of Appeal filed Debtor Michael Joseph Capizzi. (cpd, usbc) (Entered: 10/07/2003) |
| 10/16/2003 | 18 | Motion by Debtor Michael Joseph Capizzi to Extend Time to file Designation of the Record on Appeal and State of Issues. (cpd, usbc) (Entered: 10/20/2003) |
| 10/20/2003 | 19 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor Michael Joseph Capizzi RE: 14 Notice of Appeal. (cpd, usbc) (Entered: 10/21/2003) |
| 10/20/2003 | 20 | Statement of Issues, Filed by Debtor Michael Joseph Capizzi RE: 14 Notice of Appeal. (cpd, usbc) (Entered: 10/21/2003) |
| 10/23/2003 | 21 | Endorsed Order Dated 10/23/2004 RE: 18 Debtor's Motion to Extend Time. BECAUSE THE DEBTOR HAS FILED A DESIGNATION OF THE RECORD AND A STATEMENT OF THE ISSUES, THE COURT SHALL TREAT THIS MOTION AS A MOTION TO EXTEND TIME TO SUPPLEMENT THE DESIGNATION AND STATEMENT. THE MOTION IS ALLOWED. THE DEBTOR SHALL HAVE UNTIL OCTOBER 31, 2003 TO SUPPLEMENTAL THE DESIGNATION AND STATEMENT. (cpd, usbc) (Entered: 10/24/2003) |
| 10/24/2003 | 22 | Statement Filed by Debtor Michael Joseph Capizzi. (cpd, usbc) (Entered: 10/31/2003) |
| 10/30/2003 | 23 | Motion Filed by Debtor Michael Joseph Capizzi to Rescind 7 Order Granting States Resources Corp.'s Motion for Relief from Stay. Exhibits. (cpd, usbc) (Entered: 10/31/2003) |
| 10/31/2003 | 24 | Emergency Motion Filed by Debtor Michael Joseph Capizzi to Rescind 7 Order Granting States Resources Corp.'s Motion for Relief from Stay. (cpd, usbc) (Entered: 10/31/2003) |

| 10/31/2003 | 25 | Notice of Appeal Filed by Debtor Michael Joseph Capizzi RE: 7 Order on Motion For Relief From Stay filed States Resources Corp. Appellant Designation due by 11/10/2003. Complied Records Due by 11/25/2003. (cpd, usbc) (Entered: 10/31/2003) |
|---|---|---|
| 10/31/2003 | 26 | Election of Appeal to District Court Filed by Debtor Michael Joseph Capizzi RE: 25 Notice of Appeal. (cpd, usbc) (Entered: 10/31/2003) |
| 10/31/2003 | 27 | Motion to Extend Time Filed by Debtor Michael Joseph Capizzi to File Supplement to the Designation of the Record and the Statement of Issues. (cpd, usbc) (Entered: 10/31/2003) |
| 10/31/2003 | 28 | Statement Filed by Debtor Michael Joseph Capizzi. (cpd, usbc) (Entered: 10/31/2003) |
| 11/07/2003 | 29 | Supplemental Filed by Debtor Michael Joseph Capizzi Re: 23 Motion to Rescind Judges Order Granting States Resources Corp. Motion for Relief from Stay and the Architectural Team's Motion to Dismiss on September 26, 2003 Under Statutes of Fraud. (cpd, usbc) (Entered: 11/10/2003) |
| 11/10/2003 | 30 | Order Dated 11/10/2003 RE: 3 Emergency Motion for Relief From Stay filed by States Resources Corp., 8 Emergency Motion to Dismiss Case filed by Architectural Team, Inc., 9 Order on Motion to Dismiss Case 14 Notice of Appeal filed by Debtor Michael Joseph Capizzi,17 Clerk's Notice of Fees Due, 18 Motion to Extend filed by Debtor Michael Joseph Capizzi, 19 Appellant Designation filed by Debtor Michael Joseph Capizzi, 21 Order on Motion to Extend, 24 Motion to Rescind filed by Debtor Michael Joseph Capizzi, 25 Notice of Appeal filed by Debtor Michael Joseph Capizzi, 27 Motion to Extend filed by Debtor Michael Joseph Capizzi. WHEREAS, THE DEBTOR HAS NOT PAID THE FILING FEE ASSOCIATED WITH EITHER OF HIS APPEAL, NOW, THEREFORE, THE COURT HEREBY DENIES THE DEBTOR'S EMERGENCY MOTION. TO THE EXTENT IT CAN BE CONSIDERED A MOTION FO RECONSIDERATION, THE EMERGENCY MOTION TO RESCIND IS UNTIMELY. SEE FED. R. BANKR. P. 9024. MOREOVER, AS THE DEBTOR DID NOT ADDRESS THE PARAMOUNT ISSUE AFFECTING THE DISMISSAL OF HIS CHAPTER 11 CASE, NAMELY 180 DAY BAR IMPOSED BY 11 U.S.C. SEC. 109(g)(2) FOLLOWING THE VOLUNTARY DISMISSAL OF HIS CHAPTER 13 CASE AFTER THE FILING OF A MOTION FOR RELIEF FROM THE AUTOMATIC STAY, THE COURT FINDS THAT THE DEBTOR HAS NOT STATED ANY GR0UNDS TO VACATE THE COURT'S PRIOR ORDERS GRANTING RELIEF FROM THE AUTOMATIC STAY AND DISMISSING THE DEBTOR'S CHAPTER 11 CASE. THE COURT ALSO DENIES THE DEBTOR'S SECOND MOTION TO EXTEND |

| | | |
|---|---|---|
| | | TIME AS THE DEBTOR HAS FAILED TO STATE ANY CAUSE FOR HIS REQUEST. PURSUANT TO LOCAL RULE 203 OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, THE COURT DISMISSES THE DEBTOR'S APPEAL FILED ON OCTOBER 6, 2003. THE DEBTOR HAS FAILED TO PAY THE FILING FEE AND HAS FAILED TO PROVIDE THE COURT WITH COPIES OF THE PAPERS WHICH HE HAS DESIGNATED FOR INCLUSION IN THE RECORD ON APPEAL. PURSUANT TO LOCAL RULE 203, THE COURT ALSO DISMISSES THE DEBTOR'S APPEAL FILED ON OCTOBER 31, 2003 AS IT WAS FILED AFTER THE TIME SPECIFIED IN FED. R. BANKR. P. 8002(a). (cpd, usbc) (Entered: 11/10/2003) |
| 12/23/2003 | | Bankruptcy Case Closed (cpd, usbc) (Entered: 12/23/2003) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/06/2004 14:05:12 | | | |
| **PACER Login:** | dg0130 | **Client Code:** | |
| **Description:** | Docket Report | **Case Number:** | 03-18040 |
| **Billable Pages:** | 3 | **Cost:** | 0.21 |

## EXHIBIT "A"

### LEGAL NOTICE
### NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Michael Capizzi and Catherine F. Capizzi to Winchendon Savings Bank, placed of record with Middlesex County (Southern District) Registry of Deeds at Book 19420, Page 84 of which mortgage the undersigned is the present holder, for breach of conditions of said mortgage and for the purpose of foreclosing, the same will be sold at PUBLIC AUCTION at 11:00 a.m. on September 23, 2003, on the mortgaged premises. The entire mortgaged premises, all and singular, the premises as described in said mortgage.

The following parcels of land situated in the Southerly part of Lincoln, Middlesex County, Commonwealth of Massachusetts:

1) That parcel of land described as Lot 117-22.01, on a plan entitled "Plan of Land in Lincoln, MA, owned by John L. Przybylski, scale 1 inch = 60 feet, Snelling, Hilton & Assoc. Civil Engineers and Land Surveyors, dated May 19, 1980" and recorded with Middlesex County South District Registry of Deeds in Book 14168, Page 981; bounded and described as follows:

SOUTHEASTERLY by land now formerly of Gallitano, as shown on said plan, Two Hundred Fifty-Three and 71/100 (253.71) feet;

SOUTHWESTERLY by Lot 117-22.01, as shown on said plan by two lines, Two Hundred Five and 71/100 (205.71) feet and Two Hundred Fifty-Eight and 21/100 (258.21) feet;

NORTHWESTERLY by Lot 117-22.02, as shown on said plan, Two Hundred Fifteen and 48/100 (215.48) feet;

NORTHERLY by 117-22.02, by a curved line Sixty-Three and 68/100 (63.68) feet;

NORTHEASTERLY by Lot 117-22.02, Two Hundred One and 89/100 (201.89) feet;

EASTERLY by Lot 117-22.02, by a curved line, One Hundred Twenty-Three and 66/100 (123.66) feet, to the point of beginning.

Said Lot containing 111,494 square feet, more or less, according to said plan.

2) That parcel of land described as Lot 117-21.012 on the aforementioned plan, bounded and described as follows:

SOUTHEASTERLY by land now or formerly of Gallitano, as shown on said plan, One Hundred Twenty-Eight and 48/100 (128.48) feet;

SOUTHWESTERLY by land now or formerly of Coffin and the Lincoln Land Conservation Trust and Burt, by four lines Fifty-Three (53.00) feet, Three Hundred Forty and 95/100 (340.95) feet, Seventy-Nine and 73/100 feet, and Sixty-Four and 86/100 (64.86) feet;

WESTERLY by land, now or formerly of Burt, Eighty-Four and 31/100 (84.31) feet;

NORTHWESTERLY by Lot 117-21.01 and 117-22.02, by two lines, One Hundred Fifteen and 29/100 (115.29) feet, and by a curved line Sixty-Four and 15/100 (64.15) feet;

NORTHEASTERLY by Lot 117-22.01, by two lines, Two Hundred Fifty-Eight and 22/100 (258.22) feet, and Two Hundred Five and 71/100 (205.71) feet to the point of beginning.

Said Lot containing 85,737 square feet, more or less, according to said plan.

3) That parcel of land described as Lot 117-22.03, on "Plan Showing Subdivision of Land in Lincoln, MA, owned by Alphonse L. and Eleanor M. Gallitano and John L. and Jean M. Przybylski (scale 1 inch = 60 feet) July 1975, Snelling, Hilton & Assoc., Lincoln, MA, Civil Engineers and Land Surveyors" and recorded with Middlesex South District Registry of Deeds in Book 12893, Page 712, bounded and described as follows:

SOUTHEASTERLY by said plan, One Hundred Eighty-Three and 51/100 (183.51) feet;

NORTHWESTERLY by land now or formerly of John M. and Marion M. MacDearmid, Two Hundred Twenty-Eight and 43/100 (228.43) feet;

NORTHEASTERLY by Lot 117-22.04 described on said plan, two Hundred Twenty-Eight and 32/100 (228.32) feet, to point of beginning.

Containing 19,190 square feet more or less, according to said plan.

4) That parcel of land described as Lot 117-22.02 (a minor street) on the above mentioned plan. Containing 33,310 square feet more or less. Subject to a right of way granted to Alphonse L. and Eleanor M. Gallitano, husband and wife, and their heirs and assigns, dated November 12, 1975, and recorded in Book 12893, Page 718. For a more definite description refer to said plan in Book 12893, Page 712.

5) That parcel of land described as Lot 117-21.01 on a "Plan Showing an Exchange of Land in Lincoln, MA," Snelling, Hilton & Assoc., Lincoln, Mass., Civil Engineers & Land Surveyors, June 1976" recorded with Middlesex South District Registry of Deeds in Book 13332, Page 155, more particularly described as follows:

NORTHEASTERLY by Lot 117-21.06, Eighty-Eight and 56/100 (88.56) feet;

SOUTHEASTERLY by Lot 117-22.01, One Hundred Fifteen and 29/100 (115.29) feet; and

WESTERLY by Lot 117-21, One Hundred Fourteen and 44/100 (114.44) feet to the point of beginning.

Containing according to said plan 4,694 square feet, more or less.

6) A right of way for all usual purposes that streets and ways are now or have been used in the Town of Lincoln over that parcel of land described in a Plan of Land entitled "Plan, Showing, Subdivision of Land in Lincoln, MA" owned by Alphonse L. and Eleanor M. Gallitano and John L. And Jean M. Przybylski (scale 1 inch = 60 feet, July 1975, Snelling, Hilton & Assoc, Lincoln, MA, Civil Engineers & Land Surveyors, being Lot 117-22.04 as described on said plan and having a width of 33 feet and an area of 39,956 square feet more or less. For a more definite description see plan recorded in Book 12893, Page 712, said deeds.

7) All right, title and interest in an undivided one-half interest in and to certain easements which the grantor owns and has the benefit of by virtue of reservation of said easements in deed from concord Countyside Realty, Inc. To William F. Burt and Donna G. Burt, of Lots 1, situated Longmeadow Road in the Town of Lincoln, Middlesex County, Commonwealth of Massachusetts, "as shown on a plan entitled 'Plan of land in Lincoln, Mass.' dated October 28, 1971, Albert A. Miller and Wilbur O. Nylander, Civil Engineers and Surveyors" recorded with Middlesex County South District Registry of Deeds as Plan No. 143 (A of 9) of 1972 and recorded Book 12158, Page 071, said deed being dated September 1, 1972, recorded with Middlesex South District Registry of Deeds in Record Book 12281, Page 36, said reserved easements being described in said deed as follows:

"The within conveyancing is made subject to reservation of right of a right of way and easement 50'. in' width extending from Longmeadow Road to the land of Dorothy G. Gray as shown on the aforementioned plan along the Northeasterly boundary being a distance of 198.91 feet according to said plan, said right of way and easement being for all purposes for which streets and ways are commonly used in the Town of Lincoln and including without limiting the foregoing the right to install electric, telephone, water, sewer, gas facilities, equipment, and services to and from Longmeadow Road to the land of said Dorothy G. Gray, including the right to operate, maintain and repair the same."

Said premises are further conveyed subject to and with the benefit of easements, rights restriction and agreements of record, if any there be, insofar as the same are now in force and applicable.

For title, see deed to the mortgagor recorded with said Deeds in Book 17611, Page

Subject to and with the benefit of easements, reservation, restrictions, and taking of record, if any, insofar as the same are now in force and applicable.

In the event of any typographical error set forth herein in the legal description of the premises, the description as set forth and contained in the mortgage shall control by reference.

This property has the address of 236 Lincoln Road, Lincoln, MA 01773.

Together with all the improvements now or hereafter erected on the property and all easements, rights, appurtenances, rents, royalties, mineral, oil, and gas rights, and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this sale.

### Terms of Sale:

Said premises will be sold subject to any and all unpaid taxes and assessments, tax sales, tax titles and other municipal liens and water or sewer liens and State or County transfer fees, if any there are, and FIFTY THOUSAND DOLLARS ($50,000.00) in cashier's or certified check will be required to be paid by the purchaser at the time and place of the sale as a deposit and the balance in cashier's or certified check will be due in thirty (30) days, at the offices of DOONAN, GRAVES, & LONGORIA L.L.C., 16 Front Street, Salem, Massachusetts, 01970, time being of the essence.

The Mortgagee reserves the right to postpone the sale to a later date by public proclamation at the time and date appointed for the sale and to further postpone at any adjourned sale date by public proclamation at the time and date appointed for the adjourned sale date.

The premises is to be sold subject to and with the benefit of all easements, restrictions, leases, tenancies, and rights of possession, building, and zoning laws, encumbrances and all other claim in the nature of lien, if any there be.

In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder, providing that said second highest bidder shall deposit with the Mortgagee's attorney, DOONAN GRAVES, & LONGORIA L.L.C., 16 Front Street, Salem, Massachusetts, 01970, the amount of the required deposit as set forth herein within three (3) business days after written notice of the default of the previous bidder and that shall be conveyed to the said second highest bidder within twenty (20) days of said written notice.

If the second highest bidder declines to purchase the within described property, the Mortgagee reserves the right to purchase the within described property at the amount bid by the second highest bidder.

The foreclosure deed and the consideration paid by the successful bidder shall be held in escrow by DOONAN, GRAVES, & LONGORIA L.L.C., (hereinafter called the "Escrow Agent"), until the deed shall be released from escrow to the successful bidder at the same time as the consideration is released to the Mortgagee, thirty (30) days after the date of sale, whereupon all obligations of the Escrow Agent shall be deemed to have been properly fulfilled and the Escrow Agent shall be discharged.

Other terms to be announced at the sale.

Dated: August 26, 2003

States Resources Corp.

By: John A. Doonan, Esq.,
DOONAN, GRAVES, & LONGORIA L.L.C.,
16 Front Street, Salem, MA 01970
(978) 741-2680
AD#307880, 307881, 307882, 307883
Concord Journal 9/4, 9/11, 9/18/03


EXHIBIT
P

## MEMORANDUM OF TERMS AND CONDITIONS
## FOR THE PURCHASE AT MORTGAGEE'S FORECLOSURE SALE

### PREMISES: 236 Lincoln Road, Lincoln, MA 01773

_Kevin P. Duffy_, of. _Lexington, MA_
(hereinafter referred to as **"BUYER"**) hereby acknowledges the purchase at public auction from _Garrett Healey_, of Garrett, Inc., acting as agent for the States Resources Corp., (hereinafter referred to as **"SELLER"**), the real estate described in the attached copy of "Mortgagee's Sale of Real Estate" for the bid sum or purchase price of $ _1,200,000.00_ DOLLARS. Buyer hereby agrees to comply with the following terms and conditions of sale, and has paid as a deposit to bind the bargain the sum of ~~FIVE~~ THOUSAND & 00/100 ($5,000.00) DOLLARS, which sum shall be forfeited to the Seller should the Buyer fail to comply with these terms and conditions of sale, but such forfeiture shall not relieve the Buyer from any contractual obligations hereunder nor shall such forfeiture be applied to the mortgage debt. Such forfeiture shall still be effective in the event the real estate is sold to the second (2nd) highest bidder.

Such premises are to be conveyed to the Buyer by a good and sufficient Foreclosure Deed conveying a good and clear record title to the premises located at **236 Lincoln Road, Lincoln, MA** more fully described in Mortgagee's Notice of Sale of Real Estate attached hereto, subject to the following:

    1. Provisions of existing zoning, building, subdivision control, environmental laws and all other laws, by-laws, rules and restrictions of the City/Town of **Lincoln,** and also of the Commonwealth of Massachusetts relating to use of land or buildings.

    2. Any existing tenancy or tenancies, leases or occupants, or rights of possession, if any there be.

    3. Restrictions, rights, reservations, easements and agreements of record, if applicable.

    4. All outstanding municipal taxes, tax liens, tax titles, tax takings, and betterment assessments, all transfer costs, including, but not limited to, "tax stamps" and recording fees, outstanding water rates, water liens, and also sewer use assessments or taxes, if any there be, all of which shall be assumed by Buyer without adjustment in favor of Buyer.

1

e:\Massachusetts Foreclosures\Generated_Forms\Memorandum of Terms_Foreclosure_Capizzi_4505.87F



5. Said premises are conveyed subject to the right of redemption of the United States or any of it's sub-agencies or divisions according to law, if applicable, to redeem the said premises.

6. Buyer acknowledges that this sale is subject to "so called" Title 5 Regulations that may require the inspection of the septic system for this property. Buyer further acknowledges that the Mortgagee makes no warranty or representation as to the applicability of the aforesaid Title 5 nor makes any warranty or representation as to whether the subject property will pass Title 5 septic system evaluation. The sole responsibility for compliance, if applicable, of the Title 5 requirements shall be the Buyer's and the Mortgagee shall have no responsibility therefore.

If fire or other casualty damages the buildings, Buyer at his option may cancel this agreement and receive back his deposit. However, the Seller, at its option, shall have the privilege to extend this agreement for an additional period of third (30) days and if the buildings are restored to their former condition within said period then Buyer shall be obligated to purchase said premises. The Buyer may elect, however, to have the proceeds of any insurance money received or to be received on account to such casualty assigned to him by the Seller and proceed with the purchase of said property under the terms of this memorandum.

Buyer acknowledges that Buyer has not been influenced to enter into this transaction nor has it relied upon any warranties or representations, expressed or implied, not set forth in this Agreement, or in the legal advertisement of this sale. Specifically, the Buyer acknowledges that the Seller has made no representations or warranties concerning the compliance of the premises with any and all buildings, zoning, environmental or the laws or ordinances (federal, state or local) which may affect the Buyer's use and/or enjoyment of the Premises. Additionally, any improvements including the buildings, if any, on the premises are sold "AS IS, WHERE IS" with no warranties expressed or implied. Buyer acknowledges that the Seller has made no representations or agreements that the Premises is vacant land, is a lot on which a structure may be built or if there is a partially completed structure on the Premises that it may be completed. Buyer also acknowledges that this sale does not include any personal property located on the premises being sold.

Buyer shall obtain his own financing if needed to purchase the premises sold thereunder and the Buyer acknowledges the Seller has made no representations that Seller will give or obtain financing for Buyer.

If a material defect in the record title, other than those set forth in Clauses 1-5 of this agreement preceding, shall be claimed by the Buyer, the Buyer shall notify the Seller and its attorney thereof in writing at least ten (10) days prior to the closing date stated above and the Seller shall have the option to use such portion of sixty (60) days from date of notice thereof as it may require to perfect said title, but shall be under no such obligation to do so.

2

If the Seller does not clear the record title or obtain at Seller's expense affirmative Title Insurance over the defect, the deposit made under this agreement shall be refunded without payment of interest thereon to the Buyer and all obligations of either party shall hereto cease, without further recourse.

The balance of the consideration of the sale, which shall be in the form of a Cashier's Check or Bank Check drawn on a Bank located In Eastern Massachusetts, made payable to States Resources Corp., (except the deposit which shall be held by the Seller), shall be paid to Seller and the Premises conveyed to the Buyer by the usual Mortgagee's deed under the statutory power of sale on or before October 27, 2003, at 5:00 p.m. at the said office of DOONAN, GRAVES, & LONGORIA L.L.C., 100 Cummings Center, Suite 213C, Beverly, Massachusetts, 01915, time being of the essence. At the same time there shall be delivered to the Buyer a properly executed entry to foreclose and a copy of a Judgment of the Land Court authorizing the sale and said entry.

The Buyer acknowledges that if, as the successful bidder at the Foreclosure Sale, the Buyer shall default in purchasing the within described property according to the terms of the Mortgagee's Sale of Real Estate attached hereto, and/or the terms of this Memorandum of Sale that the Seller reserves the right to sell the property by Foreclosure Deed to the second highest bidder providing that said second highest bidder shall deposit with the Seller's Attorney, DOONAN, GRAVES, & LONGORIA L.L.C., the amount of the required deposit as set forth herein and execute this Memorandum of Sale within three (3) business days after written notice of the default of the previous highest bidder and title shall be conveyed to the said second highest bidder within twenty (20) days of said written notice. It is also agreed that the Seller as holder of the mortgage being foreclosed may bid at this foreclosure Sale, and if Seller is the second highest bidder, Seller Shall have the right to purchase said Premises at the second highest bid price if the highest bidder defaults.

The Buyer is advised that Massachusetts General Laws, Chapter 111, Section 190-191 provides for a program of lead poisoning prevention and control, and further that there is a possibility of lead paint problem under said law if a child under six years of age becomes a resident of the dwelling being purchased. The Buyer takes this risk; in purchasing this property pursuant to notice given hereunder.

The Buyer is further advised that Massachusetts General Laws. Chapter 14S, Section 26F requires that smoke detectors be installed in all residential structures. The Buyer, in purchasing this property at this foreclosure sale, agrees that he/she will assume all costs relative to the purchase and installation, plus all costs dealing with inspection fees for such smoke detection equipment and Buyer further acknowledges that such equipment shall meet all of the minimum state and the appropriate Fire Department requirements.

In the event that the second highest bidder does not wish to purchase the premises, the holder of the mortgage reserves the right to purchase the premises at the amount bid by the second highest bidder.

e:\Massachusetts Foreclosures\Generated_Forms\Memorandum of Terms_Foreclosure_Capizzi_4505.87F

In the event the mortgagee cannot deliver title to the premises as provided herein, the purchaser shall only be entitled to the return of his/her deposit and this shall be purchaser's sole and exclusive remedy at law or in equity.

In the event that the Mortgagee is unable to deliver title under the conditions hereinbefore stated or referred to, or in the event the Mortgagee elects to, at its sole discretion, unilaterally terminate this Memorandum of Terms and Conditions to permit the owner of the premises to retain ownership, all deposits made by purchaser shall be returned and the contract effected hereby shall cease without recourse to the parties hereto.

The acceptance or recording of a deed and certificate of entry for the premises by the Buyer shall be deemed to be a full performance and discharge of the Seller's obligation hereunder.

This Agreement is executed in duplicate and is to be construed as a Massachusetts contract, to take effect as a sealed instrument, as sets forth the entire contract between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be canceled, modified, or amended only by a written instrument executed by the Seller and Buyer. If two or more persons are named herein as Buyer their obligations hereunder shall be joint and several.

**Time is of the essence of this agreement.**

The Seller hereby acknowledges receipt of said deposit in the amount of ~~FIVE~~ *Fifty* THOUSAND & 00/100 ($5,000.00) DOLLARS. Executed as a sealed instrument in duplicate this 26th of September 2003.   *in 2nd Position $$$*

Please note, there is a real estate lien on the property from The Architectural Team, Inc., v. Michael J. Capizzi and Catherine Capizzi in the amount of $600,000.00.  Doonan, Graves & Longoria, L.L.C. makes no warranty or representation as to the accuracy of this payoff.

Buyer _Kevin P. Duffy_

Buyer Address _44 Eaton RD  Lexington, MA_

_781-842-7557_

Telephone Number

Auctioneer for Seller as authorized agent and not otherwise.

4

CITIZENS BANK
Boston, Massachusetts

OFFICIAL CHECK

7029585655-5

SEPTEMBER 26, 2003

PAY     ***$50,000.00***

TO THE
ORDER OF     KEVIN P. DUFFY

DOLLARS

MEMO-

Drawer: Citizens Bank of Massachusetts

AUTHORIZED SIGNATURE

by Integrated Payment Systems Inc., Englewood, Colorado
First Data Corporation N.A., Denver, Colorado

⑈220184⑈ ⑆:102000979⑆: 6800702958565 7⑈

**DOOHAN AND GRAVES**
CLIENTS IOLTA ACCOUNT
16 FRONT ST. 2ND FLOOR
SALEM, MA 01970
(978) 741-2550

3572

EASTERN BANK
SALEM, MA 01970
53-176/113

11/10/2003

PAY TO THE
ORDER OF ___ The Architectural Team, Inc.

$ **210,096.33**

Two Hundred Ten Thousand Ninety-Six and 33/100************************************ DOLLARS

MEMO ___ Capiz2

⑈003572⑈ ⑈011301198⑈ 40 17354534⑈

CK # 3572          PD 11/13/03          $210,096.33

EXHIBIT
R