UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO.:  04-10095DPW

_____
                                           )
STATES RESOURCES CORPORATION  )
    Plaintiff                              )
                                           )
v.                                         )
                                           )
MICHAEL CAPIZZI, CATHERINE CAPIZZI, )
THE ARCHITECTURAL TEAM, INC.,   )
GARRETT, INC., JOHN CONNOLLY, JR., )
MASSACHUSETTS DEPARTMENT OF  )
REVENUE, and JAMES GRUMBACH    )
    Defendants                           )
_____)

**SUPPLEMENTAL LOCAL RULE 7.1 (a)(2) CERTIFICATION**

Counsel for Garrett, Inc. hereby submits this supplemental certification pursuant to Local Rule 7.1(a)(2) with respect to Garrett, Inc.'s Renewed Motion for Summary Judgment filed on October 4, 2003 (the "Renewed Motion").  This supplemental certification is being filed in response to concerns raised by counsel for the Architectural Team, Inc. ("TAT"), Jordan Ring, regarding what he believes was insufficient consultation prior to Garrett filing the Renewed Motion.

1. The Renewed Motion raises the same issues and seeks the same relief sought by virtue of Garrett's original Motion for Summary Judgment, filed on May 27, 2004.  Prior to filing the original Motion, counsel for Garrett conferred with all parties pursuant to Local Rule 7.1(a)(2).  Exhibit 1.  The Court denied that motion without prejudice in order to allow the parties to complete discovery.

2. Between May 2004 and the present date, counsel for Garrett and counsel for TAT conferred in many detailed communications regarding their clients' respective positions on the issues raised by Garrett's Renewed Motion.  These communications

        undoubtedly revealed that the positions of TAT and Garrett regarding the issues in this case are vastly different, with the differences growing daily. Exhibit 2. **As recently as September 13, 2004, counsel for TAT advised counsel for Garrett that he believes that Garrett is entitled to "zero" and also accused Garrett of violating the Sherman Act**. Exhibit 2. Counsel for Garrett clearly advised counsel for TAT that Garrett believes that TAT's position is without merit. Exhibit 2.

3. As a result of the multiple detailed communications from counsel for TAT (which were becoming increasingly acrimonious and personal), counsel for Garrett fully believed that TAT's counsel had been conferred with regarding the issues raised by Garrett's Renewed Motion and it was clear to counsel for Garrett that TAT believes that Garrett is not entitled to any payment. There simply was no possibility of narrowing any issues.

4. Notwithstanding the foregoing consultations, upon Garrett's filing of the Renewed Motion on October 4, counsel for TAT raised concerns with counsel for Garrett, stating that he did not believe that Garrett's counsel had complied with Local Rule 7.1(a)(2). Exhibit 3.

5. Counsel for Garrett reminded counsel for TAT of their previous consultations on the issues but also invited him to identify any issues that might be narrowed in the event that counsel for Garrett had overlooked anything. Exhibit 3. Counsel for Garrett offered to extend the date by which TAT has to respond to the Renewed Motion in order to find a middle ground. Exhibit 3.

6. **Counsel for TAT's replies to those overtures confirm the results of many previous consultations between the parties: TAT refused to identify any**

      **issues that can be narrowed and the divide between the parties is growing daily**. Exhibit 3.  Indeed, the additional consultation was futile.

7. By virtue of this Certification, Garrett hereby agrees that, should the Court deem it appropriate, Garrett's Renewed Motion shall be deemed filed as of October 7, 2004 (the date of this Certification), as opposed to October 4, 2004.

                                              Respectfully submitted,

                                              The Defendant,
                                              Garrett, Inc.
                                              By Their Attorney,

                                              /s/ Stephanie M. Williams
                                              STEPHANIE M. WILLIAMS, BBO #560149
                                              CARMEN A. FRATTAROLI, BBO # 177960
                                              Law Office of Carmen A. Frattaroli
                                              76 Lafayette Street
                                              Salem, MA  01970

Date: October 7, 2004                      (978) 740-9501