# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:04-cv-10533-DPW

Capizzi et al v. States Resources Corporation et al  
Assigned to: Judge Douglas P. Woodlock  
Referred to:  
Demand: $  
Lead Docket: None  
Related Cases: None  
Case in other court: None  
Cause: 28:1332 Diversity-(Citizenship)

Date Filed: 03/17/04  
Jury Demand: None  
Nature of Suit: 290 Real Property: Other  
Jurisdiction: Diversity

**Plaintiff**
-----------------------

Michael Capizzi      represented by   Michael Capizzi  
236 Lincoln Road  
Lincoln, MA 01773  
PRO SE

Catherine Capizzi

V.

**Defendant**
-----------------------

States Resources Corporation

Kevin Duffy

| Filing Date | # | Docket Text |
|---|---|---|
| 03/16/2004 | 1 | COMPLAINT against all defendants Filing fee: $150, filed by Michael Capizzi.(Weissman, Linn) Additional attachment(s) added on 3/23/2004 (Rynne, Michelle). (Entered: 03/17/2004) |
| 03/16/2004 | 2 | MOTION for Temporary Restraining Order by Michael Capizzi. (Weissman, Linn) Additional attachment(s) added on 3/23/2004 (Rynne, Michelle). (Entered: 03/17/2004) |
| 03/16/2004 |   | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Dein. (Weissman, Linn) (Entered: 03/17/2004) |
| 03/16/2004 | 3 | Judge Douglas P. Woodlock : ORDER entered denying motion for |

| | | |
|---|---|---|
| | | TEMPORARY RESTRAINING ORDER. This Court finds that plaintiff Capizzi has failed to demonstrate a substantial likelihood of success, and his request for injunctive relief is DENIED. (Weissman, Linn) (Entered: 03/17/2004) |
| 06/03/2004 | | Electronic Clerk's Notes for proceedings held before Judge Douglas P. Woodlock : Status Conference held on 6/3/2004, in view of the fact that counsel and parties appear in connection with Civil Action No. 04-10095-DPW. Counsel report the complaint has not yet been served in this case. If not served in 120 days from filing, case is subject to dismissal. If case is served, defense counsel intend to file (no later than 120 days after filing of the complaint) a motion to dismiss or for summary judgment, alleging the matter was resolved by state court judgment). (Court Reporter Pam Owens.) (Greenberg, Rebecca) (Entered: 06/03/2004) |
| 06/15/2004 | 4 | NOTICE of Voluntary Dismissal by Catherine Capizzi, Michael Capizzi. (Rynne, Michelle) (Entered: 06/16/2004) |
| 06/16/2004 | | Civil Case Terminated. (Rynne, Michelle) (Entered: 06/16/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/06/2004 15:42:36 | | | |
| **PACER Login:** | c1739 | **Client Code:** | Kevin Duffy |
| **Description:** | Docket Report | **Case Number:** | 1:04-cv-10533-DPW |
| **Billable Pages:-1** | 1 | **Cost:** | 0.07 |

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

Middlesex, ss.                                          Superior Court
                                                        Civil Action No.

                                                        04-1041

Michael Capizzi and            )
Catherine R. Capizzi,          )
                               )
            Plaintiffs         )        VERIFIED COMPLAINT
                               )
    v.                         )
                               )
Suites Resources Corporation   )
and Kevin Duffi,               )
                               )
            Defendants         )


Plaintiffs, Michael and Catherine Capizzi, for their complaint allege as follows

### PARTIES

1.  Plaintiff Michael and Catherine R. Capizzi (herein "Plaintiffs" or the "Capizzis") are residents of Lincoln, Middlesex County, Massachusetts

2.  Defendant States Resources Corporation ("States Resources") is a Nebraska corporation doing business in Massachusetts.

3.  Defendant Kevin Duffy ("Duffy") is a resident of Lexington, Middlesex County, Massachusetts,

### FACTS

The Capizzis are the former owners of property located at 230 Lincoln Road, Lincoln, Massachusetts (the "Property") which they occupy as their personal residence.

In connection with the purchase of the Property on October 19, 1988, the Capizzis gave Winchendon Savings Bank (the "Bank") an adjustable rate note (the "Note") in the

principal amount of $754,010.00. The Note was secured by a mortgage (the "Mortgage") on the Property.

Under the terms of the loan documentation, the Bank was responsible for escrowing fees from the borrower to pay the real estate taxes on the Property.

The interest rate on the Note was 0.75% for three years, after which it reverted to Prime plus 3.1%.

On April 1, 1992, the president of the Bank sent a letter to the Capizzis stating that the interest rate on the Note had been "tied at an annual amortization rate of 6%."

As of April 2, 1992, the Capizzis' monthly payment to the Bank for principal and interest on the loan was $5,105.04, plus escrow payments for real estate taxes of an additional $900.36, for a total monthly payment of $5,605.40 (the "Amended Note").

10. The Capizzis confirmed their agreement with the Bank in writing and paid the Bank $5,605.40 in May, June, July and August of 1992.

11. On August 14, 1992, the Federal Deposit Insurance Corporation ("FDIC") took over the Bank.

12. In March, 1993, the FDIC confirmed the monthly payments, including the real estate tax escrow, were $5,605.46.

13. The FDIC reconfirmed through correspondence dated October 18, 1993 and July 24, 1994, that $5,605.46 was the correct amount to be paid monthly on the loan.

14. In November, 1994, the FDIC sold the Amended Note to First Essex Bank, FSB.

15. First Essex Bank, FSB notified the Capizzis that their monthly payments were $5,605.46, including $4,668.64 for principal and interest and $936.64 for tax escrow.

16. On September 10, 1998, States Resources acquired the rights to the Amended

Note.

17. States Resources continuously refused to abide by the terms of the Amended Note and instead sought to collect from the Capizzis the amounts due if the adjustable Note were to be in effect.

18. In January 1999 States Resources declared the Capizzis to be in default under the Note and initiated foreclosure proceedings.

19. Notice of a foreclosure sale scheduled for March 23 1999 was advertised in the newspaper.

20. The Capizzis notified States Resources that they were not in default under the Amended Note.

21. Faced with the prospects of losing their home, the Capizzis paid States Resources $62,581.79 on March 1, 1099.

22. On July 9, 1999. States Resources again commenced foreclosure proceedings based upon the adjustable Note.

23. The Capizzis notified States Resources that they were not in default of the operative Amended Note.

24. Again faced with the prospect of losing their home, the Capizzis paid States Resources $43,770.23 on September 23, 1999.

25. On January 7, States Resources yet again commenced foreclosure proceedings based upon the adjustable Note.

26. The Capizzis again notified States Resources that they were not in default under the operative Amended Note.

27. Yet again faced with the prospect of losing their home, the Capizzis paid States

Resources $24,141.53 on February 11, 2000.

28. In May, 2000, States Resources commenced foreclosure proceedings based on the adjustable Note.

29. The Capizzis again notified States Resources that they were not in default under the operative Amended Note.

30. On June 15, 2000, the Capizzis paid States Resources $21,418.61 to avoid foreclosure.

31. On July 27, 2000, States Resources commenced foreclosure proceedings based upon the adjustable Note. States Resources claimed that the Capizzis were in default of their tax obligations, even though States Resources had not paid any amounts from the tax escrow account the taxing authorities.

32. The Capizzis notified States Resources that they were not in default under the operative Amended Note.

33. On August 29, 2000, the Capizzis paid States Resources $18,101.88.

34. On October 20, 2000, States Resources sent yet another to the Capizzis threatening to commence foreclosure proceedings.

35. On January 31, 2001, the Capizzis sent demand letter under M.G.L. c. 93A, sec. 9, via certified mail to States Resources.

36. States Resources refused to tender a settlement offer.

37. On May 4, 2001, the Capizzis sent another demand letter under M.G.L. c. 93A, sec. 9, via certified mail to States Resources demanding that States Resources pay their current real estate tax bill.

38. States Resources never responded to the May 4, 2001 demand letter.

On or about June 24, 2001, the Capizzis filed suit against States Resources in Middlesex Superior Court, C.A. No. 01-2c, IS. seeking, a declaratory judgment and damages for breach of contract and violation of Massachusetts General laws chapter 93A. States Resources removed the suit to U.S. District Court for the District of Massachusetts, case number 01-11298-DPW ("1st Federal Suit").

-ltt    On November 22. 200'_. within days of the dismissal without prejudice of the 1st Federal Suit for failure to prosecute, States Resources sent to the Capizzis a certified letter informing them that it had scheduled a foreclosure sale upon foreclosure of the adjustable Note for December 10. 2002' at 11*30 a.m.

41.    On or about December 2, 2002. the Capizzis filed a second complaint in the U.S. District Court for the District of Massachusetts. case number 02-12,19-DPW ("2nd Federal Suite) seeking, a declaratory judgment. damages for breach of contract. violation of M.G. L. c. 0;A and injunctive relief

-12.    Since the FDIC took over the Bank in 1993. the Capizzis have made principal and interest payments to noteholders in the amount of 567;,21 S.•2. Of that amount, 517;,180.04 has been paid to States Resources.

43.    Since the FDIC took over the Bank. the Capizzis have overpaid all noteholders in the amount of SIS1,134.5(). Moreover, there has been no adjustment for principal payments since 1992.

Y4.    Since States Resources took over the loan, the. Capizzis have overpaid by SS?f3t~.70

-l5    Since the FDIC took over the Bank in 1992. no notcholder, including States Resources. has paid any real estate taxes from the escrow account as they were obligated to do.

Indeed, States Resources requested information on several occasions, which the Capizzis provided, showing that they had paid the taxes. To date, States Resources has failed to provide an accounting of the escrow account that States Resources was obligated to maintain, the amounts contained in the escrow account or the amounts, if any, paid from the escrow account.

46. As a result, the Capizzis have personally paid well over $109,57.57 in real estate taxes directly to the Town of Lincoln, Massachusetts.

47. Plaintiff Michael Capizzi filed a voluntary petition for Bankruptcy under Chapter 13, of the United States Bankruptcy Code on February 28, 2003. Defendant States Resources filed a motion to dismiss the Chapter 13 on the grounds that Michael Capizzi was not an eligible Chapter 13 debtor.

48. On March ~, 2003, the Bankruptcy Court granted relief from the stay in order to proceed on the 2nd Federal Suit.

49. On May 1, 2003 the Bankruptcy Court granted debtor Michael Capizi's motion to dismiss the Chapter 13 which action he took on advice of counsel.

50. On May 1, 2003, Defendant Catherine Capizzi filed a Voluntary petition for Bankruptcy under Chapter 11 of the Bankruptcy Code. That action is still pending, however Catherine Capizzi was not on the title to the Property and it was determined that her bankruptcy would not affect a foreclosure.

51. On June 0, 2003, the Federal District court dismissed with prejudice Plaintiffs' 2nd Federal suit because Plaintiffs failed to meet the requirements of a Stipulated Order requiring, among other things, that they deposit in escrow the amount of $219,771.95 on or before February 3, 2003, and because they failed to meet certain discovery deadlines and other requirements. The Plaintiffs did not have the available funds to make such a large escrow deposit.

52. The Court further granted judgment for States Resources against the Capizzis on its counterclaim in the amount of $871,203.38, being the amount falsely alleged to be due under the Note.

53. Defendant Michael Capizzi filed a pro se voluntary petition for Bankruptcy under Chapter 11 of the U.S. Bankruptcy Code on September 25, 2003, but the Bankruptcy Court dismissed the petition on September 26, 2003, holding that Michael Capizzi was barred from filing another bankruptcy petition until November 1, 2003, because Michael Capizzi was barred for 180 days from filing a new claim after voluntary dismissal of his prior Chapter 11 after a motion for relief had been filed.

54. Defendant States Resources held a foreclosure auction on the Property on September 26, 2003. The Property was sold to Defendant Kevin Duffy for a price less than one third of its fair market.

55. Prior to the foreclosure sale, Defendant States Resources refused to acknowledge Plaintiffs' request for reinstatement under the provisions of the Mortgage.

56. Defendant Duffy was fully aware of Plaintiffs' contention that the foreclosure was fraudulent and illegal before he acquired the Property which was conveyed to Defendant Duffy through a foreclosure deed recorded on October 27, 2003.

57. Defendant Duffy commenced a summary process action in the Concord District Court. And on December 18, 2003 after trial, the Court entered a judgment for possession and damages in favor of Defendant Duffy.

58. Plaintiffs filed a notice of appeal on December 29, 2003 and an appeal bond in the amount of $19,007 was set along with a monthly use and occupancy charge of $6,788.00.

59. Plaintiffs sought review of the amount of the appeal bond, and on March 3, 2004,

the Appellate Division determined that the amount of the bond should be $28,458.72.

c,t).    The Capizzis were unable to post a bond of this size, and the execution on the eviction was issued by the Concord District Court.

01.    Unless the eviction is immediately stayed or enjoined, the constable will levy on the execution at 12:00 Noon today on March 17, '00-1.

## COUNT I
### (DECLARATORY JUDGMENT AND ACCOUNTING)

01.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 00 hereof as if fully set forth herein.

c?~.    An actual, justiciable controversy exist between and among Plaintiffs and Defendant State Resources concerning the amount owed and to be paid in monthly installments under the terms of the loan (documents: the obligation of States Resources to pay real estate taxes for the Property from the escrow account; reductions of the principal balance to be credited to the Capizzis as a result of the motelholders' failure to pay real estate taxes; and the amounts paid to date under the loan.

:.    Plaintifs seek declaratory relief from the Court pursuant to M.G.L. c. 231A, and an accounting of amounts paid to date under the loan to States Resources and otherwise, and all parties having an interest which could be affected by the declaration have been named as parties.

## COUNT II
### (BREACH OF CONTRACT)

C,-1.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 0 hereof as if fully set forth herein.

65. As alleged above, by its conduct, Defendant States Resources has materially breached the express terms of the Amended Note and associated loan documents, as well as the covenants implied in such contracts to deal with the Plaintiffs fairly and in good faith. By its said conduct, Plaintiff States Resources has purposefully denied Plaintiffs the fruits of the contract, as a foreseeable consequence of which Plaintiffs have suffered great loss and damage

## COUNT IIIII

### (CLAIM [TI. AND FRAUDULENT FORECLOSURE)

66. Plaintiff, repeat and reallege the allegations contained in paragraphs 1 through 65 hereof as if fully set forth herein

67. The foreclosure by Defendant States Resources on the mortgage secured by the Property was fraudulent and invalid because Plaintiff's were never in default to States Resources under their Mortgage and Note and the Note was fully paid and even overpaid at the time of the foreclosure.

68. The foreclosure and subsequent foreclosure sale to Defendant Kevin Duffy were predicated on fake and fraudulent affidavits filed by States Resources in the Federal District Court, the U.S. Bankruptcy Court, the foreclosure sale and the Concord District Court through Kevin Duffy.

69. States Resources intentionally ignored Plaintiffs' requests to reinstate the Mortgage prior to the Foreclosure as provided in the Mortgage.

70. States Resources advertised the foreclosure citing substantially less land than was included in the Property conveyed to Defendant Duffy at the foreclosure sale.

71. Plaintiff Michael Capizzi notified Kevin Duffy's attorney prior to the auction and Kevin Duffy prior to the closing on the foreclosure sale that Plaintiffs were not in default under

the Mortgage and Note, which were fully paid at the time of the foreclosure and that the foreclosure was fraudulent and illegal.

72. Defendant Duffy and his attorney both stated that Duffy was buying the Property at 40% of its true value and that it was worth the risk.

73. Defendant Duffy paid $1,200,000.00 for the Property at the foreclosure sale which was less than 30% of the then fair market value.

74. In view of the fraud committed by States Resources in the foreclosure on the Property and the subsequent sale to Defendant Duffy, and in view of Defendant Duffy's full knowledge that the foreclosure was fraudulent and illegal and that he was paying less than 10% of its fair market value, the foreclosure sale should be declared void and set aside. Plaintiffs request to set aside the foreclosure sale and return the Property to the Plaintiffs.

## COUNT IV

### (VIOLATION OF M.G.L. c. 93A)

75. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 74 hereof as if fully set forth herein

76. Through its deliberate and wrongful conduct, Defendant States Resources has violated M.G.L. c. 93A. Sec. (). States Resources did so by failing to abide by the terms of the Amended Note and instead attempting to collect and collecting under the terms of the adjusted Note which was not in effect, by repeatedly scheduling unwarranted foreclosure proceedings subjecting the Plaintiffs to continuous humiliation and embarrassment, by failing to disburse real estate tax payments from the tax escrow account, by repeatedly coercing Plaintiffs to pay considerably more than was due under the Note, by failure to provide a proper accounting of all payments made, owed and held in escrow, by refusing to acknowledge Plaintiffs requests to

reinstated the Mortgage prior to the foreclosure as provided in the Mortgage and by fraudulently and illegally foreclosing on Plaintiffs' Property and selling it to Defendant Duffy at less than 30% of its then fair market value. Defendant States Resources engaged in such knowing and wrongful conduct in order to derive a <u>higher</u> percentage of interest than it was entitled to and in order to gain control of Plaintiffs' Property and sell it at a foreclosure sale for a considerable profit when the amounts outstanding under the Note had been paid in full and substantially overpaid.

77. Defendant States Resources used unfair and deceptive business practices while engaging in trade or commerce within the Commonwealth of Massachusetts.

78. As a proximate and foreseeable consequence of the wrongful conduct described in their complaint, the Plaintiffs have lost their home and suffered substantial loss and damages. Because such wrongful conduct was willful and intentional, the Capizzis are entitled to recover from Defendant States Resources treble, or at least double, their actual damages, and to an award of costs and expenses in prosecuting this and related actions, including reasonable attorney's fees.

## COUNT IV

(INJUNCTIVE RELIEF)

79. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 78 hereof as if fully set forth herein.

80. Defendant Duffy has stated his intention of levying on the eviction execution immediately, and Plaintiffs have received notice from the constable that it will levy on the eviction and remove them and their personable property from the Property at 12:00 Noon today, Wednesday, March 17, 2004.

81. Unless this Court grants a temporary restraining order and a preliminary

injunction enjoining Defendant Duffy and his employees, agents, attorneys, successors and assigns from executing on the eviction until such time as the Court shall determine the respective rights and obligations of the parties hereto, or otherwise stays the eviction, the Capizzis will be irreparably damaged and harmed and will lose their home forever. Conversely, the granting of such injunctive relief until this matter is adjudicated will not substantially damage Defendant Duffy.

The interests of fairness and justice will be served if the court enjoins Defendant Duffy from executing on the eviction until this suit is adjudicated.

WHEREFORE, the Capizzis respectfully request that this Court:

Enter a declaration in Plaintiffs' favor on Count I of this complaint and make a declaration as to the amounts owed under the terms of the loan documentation, declare that States Resources was obligated to pay real estate taxes on the Property from the escrow account, determine the amounts owed to the Plaintiffs as a result of the noteholders' failure to pay real estate taxes and make a determination as to amounts paid under the loan and award Plaintiffs damages in an amount to be determined at trial and order that Plaintiffs be awarded their costs, expenses and attorney's fees.

2. Enter judgment in Plaintiffs' favor and against Defendant States Resources on Count II of this complaint and award damages in an amount to be determined at trial.

Enter judgment declaring the foreclosure of the Property by Defendant States Resources illegal and void and setting aside the foreclosure sale of the Property to Defendant Duffy and returning title to Plaintiffs.

Enter judgment on Count III of this complaint against Defendant States Resources in an amount equal to treble, or at least double, the amount of damages determined at trial, and-

that Plaintiff's be awarded their costs and expenses. including reasonable attorneys' fees.

Enter a temporary restraining order and, after hearing. enter a preliminary injunction enjoining Defendant Kevin Duff, his employees, agents, attorneys. successors and/or assigns from execution on the eviction of Plaintiffs from the Property until determine of the matters raise in fills complaint.

(.    Grant such further relief as the Cours deems just and proper

### DEMAND

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE, AND REQUEST A JURY TRIAL ON ALL OTHER ISSUES

Respectfully submitted.

MICHAEL CAPIZZI AND
CATHERINE R. CAPIZZI

*[signature]*
Michael Capizzi, pro se
216 Line Road
Lincoln. Massachusetts 01773
(781) 259-0918

Dated: March 7, 2004

## VERIFICATION

We. Michael Capizzi and Catherine R. Capizzi, have read this Verified Complaint, and affirm that all allegations upon which we have first hand knowledge are true, and that all allegations pled on information and belief are to the best of our knowledge, true.

*Cat*
Catherine R. Capizzi                              Michael Capizzi

EXHIBIT C

County of Middlesex
The Superior Court

Civil Docket MICV2004-01041

RE:   Capizzi v States Resources Corporation et al

TO:   Michael & Catherine R Capizzi
      236 Lincoln Road
      Lincoln, MA 01773

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on 04/22/2004:

*RE: Plaintiff Michael & Catherine R Capizzi's Ex Parte MOTION to record memorandum of Lis Pendens. The within matter is set down for hearing on April S, 2004 in courtroom 9s at 2:00 pm (Burnes,*

is as follows:

MOTION (P#3) After hearing this motion *is* DENIED and pusuant to c 184 sec 16 the case is dismissed.. Any interest the Capizzis had in this property wss forclosed at the forclosure sale and any and all of their claims have been litigated numorous times and are barred- byres judicator. Dated: April '13, 2004 (Nonnie S. Burnes, Justice) Notices mailed Aprii 22, 2004

Dated at Cambridge, Massachusetts this 22nd day of April, 2004.

Edward J. Sullivan,
Clerk of the Courts

BY:

Michael H_ Powers/James Lynch
Assistant Clerk

Telephone: 617-494-4010 EXT 4274

Copies mailed 04/22/2004