UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO.
04-10095-DPW

|  |  |
|---|---|
| STATES RESOURCES CORPORATION, <br>                    Plaintiff <br><br> v. <br><br> MICHAEL CAPIZZI, CATHERINE CAPIZZI, <br> THE ARCHITECTURAL TEAM, INC., <br> GARRETT, INC., JOHN CONNOLLY, JR., <br> MASSACHUSETTS DEPARTMENT OF <br> REVENUE, JAMES GRUMBACH AND <br> KEVIN DUFFY, <br>                    Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### THIRD PARTY DEFENDANT KEVIN DUFFY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW COMES THE Third Party Defendant, Kevin Duffy (hereinafter "Duffy"), and respectfully requests that this Honorable Court grant judgment to the Third Party Defendant Kevin Duffy with respect to the claims of Michael Capizzi and Catherine Capizzi (hereinafter the "Capizzis" whether referring to Michael Capizzi individually or Michael and Catherine Capizzi collectively) in the above-captioned case. In support of this motion, Duffy states the following:

### STATEMENT OF FACTS

1.      Plaintiffs in the Counterclaim/Third Party Claim are Michael Capizzi and Catherine Capizzi who have a principal place of address at 1725 Wedgewood Common, Concord, Massachusetts 01742.  (See Plaintiff's "Answer, Counterclaims, Cross Claims and Answer to Cross Claims of Defendants Michael Capizzi and Catherine R. Capizzi" and amended version of same hereinafter referred to as the "Answer" or "Third Party Complaint", ¶1.)

2.      The Defendant in the Counterclaim is States Resources which is an Iowa corporation.  See Third Party Complaint, ¶2.

3.      The Defendant Kevin Duffy is a resident of Lexington, Massachusetts.  (Third Party Complaint, ¶3.)

4.      The Capizzis are the former owners of property located at 236 Lincoln Road, Lincoln, Massachusetts.  See Third Party Complaint, ¶4.

5.      On October 19, 1988, the Capizzis executed an adjustable note (hereinafter the "Note") and a mortgage when purchasing the property 236 Lincoln Road, Lincoln, Massachusetts.  See ¶5 of Third Party Complaint.

6.      On September 30, 1998, States Resources Corporation acquired the Note.  See Third Party Complaint, ¶16.

7.      In January of 1999, States Resources Corporation declared the Capizzis in default of the Note and began foreclosure proceedings against the property at 236 Lincoln Road, Lincoln, Massachusetts.  See Third Party Complaint, ¶18.

8.      On numerous times, specifically on July 26, 1999, January 7, 2000, May 2000, July 27, 2000, and October 26, 2000, States Resources Corporation began foreclosure proceedings against the Capizzis.  See Third Party Complaint, ¶'s 22, 25, 28, 31 and 34.

9. On or about June 20, 2001, the Capizzis filed a civil action against States Resources Corporation in the Middlesex Superior Court, C.A. 01-2618, seeking a declaratory judgment, damages for breach of contract and a violation of M.G.L. c.93A. The case was removed to Federal Court, Case No. 01-CV-11298 DPW.  See Third Party Complaint, ¶39.

10. The Capizzis' civil action in Federal Court, Case. No. 01-CV-11298 DPW, was dismissed without prejudice in 2002.  See Third Party Complaint, ¶40.

11. The Capizzis filed a second civil action in Federal Court, Case No. 02-12319 DPW, which again sought a declaratory judgment, damages for breach of contract and a violation of M.G.L. c.93A.  See Third Party Complaint, ¶41.

12. On June 9, 2003, the Federal Court dismissed, with prejudice, the Capizzis civil action Case No. 02-121319 DPW filed against States Resources Corporation.  See ¶51 of Third Party Complaint.

13. No appeal was filed by the Capizzis on the court's dismissal of Case No. 02-12319 DPW.  See Docket Sheet of Case No. 02-12319 DPW.

14. In Case No. 02-12319 DPW, the Court entered a judgment for the Plaintiff in Counterclaim States Resources Corporation in the amount of $875,203.38.  See Third Party Complaint, ¶52.

15. States Resources Corporation held a foreclosure auction of the property at 236 Lincoln Road, Lincoln, Massachusetts on September 26, 2003.  See Third Party Complaint, ¶54.

16.     Kevin Duffy, the highest bidder at the auction, executed a Memorandum of Sale, and subsequently tendered the full bid price of $1,200,000.00 to States Resources Corporation.  See Third Party Complaint, ¶54.

17.     Duffy filed a summary process action against the Capizzis in the Concord District Court and after trial received a judgment for possession and money damages on December 18, 2003.  See Third Party Complaint, ¶57.

18.     The Capizzis filed a Notice of Appeal on the eviction and were ordered, per the Court, to file an appeal bond to perfect the appeal.  See Third Party Complaint, ¶'s 58 and 59.

19.     The Capizzis failed to post the appeal bond, which rendered their notice of appeal a nullity.   See Third Party Complaint, ¶60.

20.     Pursuant to an Execution issued from the Concord District Court of the Commonwealth of Massachusetts, Duffy had the Capizzis evicted from the property at 236 Lincoln Road, Lincoln, Massachusetts.  See Third Party Complaint, ¶'s 60 and 61.

21.     On March 16, 2004 the Capizzis filed a separate action in the Federal Court, C.A. No. 04-10533 DPW, against Kevin Duffy and States Resources Corporation alleging similar allegations as alleged in the Third Party Complaint.  The Capizzis also requested that the Court issue a temporary restraining order to enjoin Duffy from proceeding with his eviction.  See copy of Docket Sheet attached hereto as Exhibit A.

22.     On March 17, 2004 the Capizzis filed a civil action in the Middlesex Superior Court, C.A. No. MICV 2004-01041, which alleged the same allegations and causes of action as alleged in this case.  See copy of Complaint attached hereto as Exhibit B.

4

23.     The Middlesex Superior Court, after a hearing on Capizzis request for a Memorandum of Lis Pendens dismissed the case. See copy of Court Order attached hereto as Exhibit C.

24.     The Capizzis have filed an appeal of the dismissal referred to in ¶23 above to the Court of Appeals for the Commonwealth of Massachusetts. See Affidavit of Kevin Duffy. The appeal is still pending.

## STATEMENT OF CASE

This civil action was originally filed by States Resources Corporation as a Complaint for interpleader to determine, *inter alia*, who is entitled to the surplus of funds which have resulted from States Resources Corporation's foreclosure of the property at 236 Lincoln Road.

In the Capizzis "Answer" to the Complaint for Interpleader they have alleged or sought: 1) a declaratory judgment and accounting; 2) breach of contract; 3) unlawful and fraudulent foreclosure; 4) violation of M.G.L. c.93A; and 5) wrongful eviction.

In the Capizzis request for relief they seek judgment against Duffy for his alleged "wrongful eviction". This is the only cause of action specifically alleged against Duffy, however, the request for a declaratory judgment could also affect his rights as the purchaser of the property.

The discovery period ended on September 7, 2004 and this Motion for Summary Judgment is filed within the time frame set by the Court.

**LEGAL ARGUMENT**

**I.    STANDARD OF REVIEW FOR SUMMARY JUDGMENT**

Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to a judgment as a matter of law.  *Cassesso v. Commissioner of Correction*, 390 Mass. 419, 422, 456 N.E. 2d 1123, 1125 (1983); *Community National Park v. Dawes*, 369 Mass. 550, 553, 340 N.E. 2d 877, 879 (1976); Fed. R. Civ. P. 56 (c).  The moving party bears the burden of demonstrating the absence of a triable issue and that it is entitled to judgment as a matter of law.  *Pedersen v. Time, Inc.*, 404 Mass. 14, 16-17, 532 N.E. 2d 1211, 1213 (1989).

Summary judgment is designed to ferret out and dispose of unsubstantiated claims.  *U.S. Trust Co. of N.Y. v. Herriott*, 407 N.E. 2d 381, 386 (1980); *Celotex v. Catrett*, 477 U.S. 317, 323-24, 10S Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986).

A motion for summary judgment is appropriate if the depositions, answers to interrogatories and admissions on file, together with affidavits, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Federal Rules of Civil Procedure, 56(c), *O'Sullivan v. Hemishphere Broadcasting Corp.*, 402 Mass. 76, 77, 520 N.E. 2d 1301, 1302 (1988).

The moving party's burden may be satisfied by showing that there is an absence of evidence to support the non-moving party's case.  *Kourouvaciles v. General Motors Corp.*, 410 Mass. 706, 711, 575 N.E. 2d at 738 (citing *Celotex Corp. v. Catrett*, 477 U.S. 2552, 91 L. Ed. 2d 265 (1986).

"A complete failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial" *Id*.

To avoid summary judgment, "a party may not rely upon his pleadings or bald conclusions, but 'must set forth specific facts showing that there is a genuine issue for trial' ". *United States Trust Co. v. Herriott*, 10 Mass. App. Ct. 313, 318 (1980).

The party moving for summary judgment need not submit affirmative evidence to negate one or more elements of the other party's claim, but may be successful by demonstrating with reference to material described in Mass. R. Civ. P. 56(c) that the moving party has reasonable expectations of proving an essential element of the case. *Kourouvacilis v. General Motors Corp.*, 410 Mass. at 711, 575 N.E. 2d at 738 (1991).

Applying those standards to the instant case, Duffy is clearly entitled to judgment on the Capizzis' Third Party Complaint in this case as a matter of law.

I.   **CAPIZZIS CLAIM OF UNLAWFUL AND FRAUDULENT FORECLOSURE FAILS AS A MATTER OF LAW**

    A.   **CAPIZZIS HAVE FAILED TO ALLEGE FACTS WHICH SUPPORT ALLEGATION OF FRAUD**

Pursuant to Fed. Rules of Civil Procedure Rule 9, a party must allege fraud with particularity.

The elements of fraud are: (1) false representation or omission of a material fact; (2) knowledge of or belief in its falsity by person making it; (3) belief in its truth by receiver of statements; (4) intent that statements will be acted upon; and (5) detrimental reliance by the person who was deceived. See e.g., <u>In re. Burlington Coat Factory</u>. See Lit.g. 114 F. 3d 1400 (3d (R) 1997), *Williams v. NMX Technologies, Inc.*, 112 F. 33d 175, 177 (5th Cir. 1997), cert. denied, 522 U.S. 566, 118 S. Ct. 412, 139 L.Ed. 2d 315 (1997).

The requirements of Rule 9 are designed to reduce the possibility that a meritless fraud claim can remain in the case.

This rule is consistent with the law on summary judgment cited above which states that a party may not rely on bold conclusions but must set forth specific facts.

In ¶68 of the Third Party Complaint the Third Party Complainant alleges that, "The foreclosure by Defendant States Resources on the mortgage secured by the property was fraudulent and invalid because Plaintiffs were never in default to States Resources under their mortgage and note and the note was fully paid and even overpaid at the time of the foreclosure".

The Capizzis further states in ¶69 of the Third Party Complaint that the foreclosure was predicated on false and fraudulent affidavits filed by States Resources in the Federal District Court . . .".

The Capizzis have failed to allege fraud with particularity pursuant to F.R.C.P. Rule 9, and furthermore they have failed to allege facts which support a cause of action for fraud. As to the first element of fraud, (1) false representation or omission of a material fact, they allege a fraud but fail to identify what particular statement was fraudulent. It is a bald conclusion that any claim by States Resources Corporation that Capizzi was in default was fraudulent. The Capizzis have failed to articulate and identify facts where States Resources Corporation knew or believed that any statement they allegedly made in affidavits were fraudulent. See Third Party Complaint.

As to the third element of fraud, the Capizzis have failed to aver or identify who received the "fraudulent" information and believed it to be true. Likewise, the Capizzis

have failed to allege facts which, in light most favorable to Third Party Plaintiff, set out further elements of fraud.

The Capizzis have simply made a bald assertion of fraud. Conclusionary assertions of fraud do not sustain a Motion for Summary Judgment.

No facts have been alleged which state the terms of the note, the total payments made by Capizzi or the note, and why the payments made show there was no default. Capizzi also fails to allege any facts which indicate who made the "fraudulent" affidavit.

### B.    CAPIZZIS CAUSE OF ACTION IS BARRED BY RES JUDICATA

The Capizzis have alleged five causes of action in the Third Party Complaint. They are: (1) declaratory judgment and accounting; (2) breach of contract; (3) unlawful and fraudulent foreclosure; (4) violation of M.G.L. c.93A; and (5) wrongful eviction.

Counts 1, 2 and 4 were already alleged and adjudicated in a prior case filed in the Federal Court, C.A. No. 02-CV 12319 DPW. That civil action was dismissed with prejudice on June 9, 2003. See Third Party Complaint, verified by the Capizzis, in ¶51.

The Capizzis have already litigated the issues in this case and they are now barred by the theory of res judicata from re-litigating the same issues.

There are three elements to the doctrine of res judicata. First, (1) prior litigation had "identical" claims raised or could have been raised; (2) parties in the subsequent litigation must be identical in some manner; and (3) there must have been a final judgment in the merits in the original litigation. _Cromwell v. County of SAC_, 94 U.S. (4 otto) 351, 352-353, 24 L. Ed. 195 (1876).

Three of the current courses of action are identical to those alleged in the Capizzis Complaint filed in C.A. No. 02-CV-12319 DPW. The same facts are alleged in the prior

9

Complaint. The Capizzis have added two additional causes of action – unlawful and fraudulent foreclosure and wrongful eviction. These are causes of action which flow from and are based on the same allegation that Capizzi is not in default of the note. The issue of whether the Capizzis defaulted on the note has been alleged and litigated.

The parties to the prior litigation were Michael Capizzi and Catherine Capizzi and States Resources Corporation. The identical parties are named in this action. Duffy is an additional Defendant, however Duffy is essentially States Resources Corporation's successor in interest.

Thirdly, the prior case reached a final judgment on the merits. Capizzi admits that his claims were dismissed with prejudice and that States Resources Corporation received a judgment against Capizzi in the amount of $875,203.38. See Third Party Complaint, ¶5, 51 and 52.

A dismissal "with prejudice" constitutes an adjudication on the merits as fully and completely as if order had been interest after trial. <u>Boyd v. Jamaica Plain Co-operative Bank</u>, 386 N.E. 2d 775, 7 Mass. App. Ct. 153.

The Capizzis Third Party Complaint raises identical issues on the prior litigation between identical parties, which resulted on a finding against the Capizzis and for States Resources Corporation, on the merits.

Accordingly, the Capizzis entire Third Party Complaint is barred under the doctrine of res judicata.

It should also be noted that the Capizzis have filed an identical Complaint in the Middlesex Superior Court which resulted in a dismissal with prejudice. The Capizzis have appealed that decision and the appeal is pending in the Court of Appeals for the

Commonwealth of Massachusetts. This case is the Capizzis fourth attempt to litigate the same issues surrounding the default of their Note and mortgage on property at 236 Lincoln Road, Lincoln, Massachusetts.

## II.   CAPIZZIS WRONGFUL EVICTION CLAIM IS BARRED BY THE ROOKER-FELDMAN DOCTRINE

Count V of the Capizzis Third Party Complaint alleges that Duffy is liable to the Capizzis because of "wrongful eviction". As to facts of this allegation there is no dispute. Capizzi has set out the facts in his Third Party Complaint in ¶'s 57 to 61. Duffy agrees with the facts alleged therein.

Duffy sent to the Concord District Court. The District Court is a part of the court system of the Commonwealth of Massachusetts: a trial on the merits; a judgment was entered for Duffy and against the Capizzis for possession of 236 Lincoln Road and money damages.

The Capizzis filed an appeal which was ultimately void because they failed to post an appeal bond. Duffy evicted the Capizzis pursuant to an execution issued by the Concord District Court and executed by Constable.

The Capizzis opportunity to appeal the execution issued by the Concord District Court was lost when they failed to post the appeal bond. The Capizzis do not dispute that they failed to post the bond.

This cause of action is the Capizzis attempt to attempt the judgment of the Concord District Court in Federal Court. The Rooker-Feldman Doctrine bars lower federal courts from direct review of state court decisions. See, e.g. *Hill v. Town of Conway*, 193 F. 3d 33, 34 (1st Cir. 1999) (citing *Wang v. New Hampshire Bd. Of Registration*, 55 F. 3d 698, 703 (1st Cir. 1995). Review of state court decisions lies with

the appellate state courts and the United States Supreme Court.  See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

This federal court backs subject matter jurisdiction to review the appropriateness of the "eviction" performed by Duffy as a result of a trial on the merits, judgment and an execution issued in the Concord District Court.

## **CONCLUSION**

The Verified Third Party Complaint of the Capizzis, taking their allegations/testimony in a light most favorable to them fails to establish the requisite elements necessary to maintain any causes of action against Kevin Duffy.

Counts I, II, III and IV were litigated or could have been litigated in the prior Federal Court case and the action pending in the Court of Appeals of the Commonwealth of Massachusetts; Count V is barred by the Rooker-Feldman Doctrine.

WHEREFORE, Kevin P. Duffy respectfully moves this Honorable Court to allow his Motion for Summary Judgment.

                Respectfully Submitted
                Kevin Duffy,
                By his Attorney,

                /s/ Joseph M. Connors, Jr.
                Joseph M. Connors, Jr.
                BBO# 548622
                Law Offices of Joseph M. Connors, Jr., P.C.

        135 Beaver Street
        Waltham, Massachusetts 02452
        (781) 893-8200