# United States District Court
# Eastern District of Massachusetts

### Civil Action No. 04 10095 DPW

_____

STATES RESOURCES CORPORATION

Plaintiff

v.

MICHAEL CAPIZZI,
CATHERINE R. CAPIZZI,
THE ARCHITECTURAL TEAM, INC.,
JOHN CONNOLLY, JR.,
GARRETT, INC.
MASSACHUSETTS DEPARTMENT OF REVENUE,
JAMES GRUMBACH
KEVIN DUFFY

Defendants

_____

### STATUS REPORT BY THE ARCHITECTURAL TEAM, INC.

The within STATUS REPORT is filed consistent with the SCHEDULING

ORDER dated and docketed <u>June 3, 2004</u>.[1]

    I.    <u>Brief Nature of the Case:</u>

        a. The issues are based upon the misconduct of

States Resources Corporation, a/k/a States Resources

Corp. ("States") and Garrett, Inc. in their respective roles

as foreclosing mortgagor and auctioneer in the violation

---

[1] A joint report appears unlikely.

and breach of their fiduciary duties, and obligations to The Architectural Team, Inc. ("TAT"), their conduct of fairness as required under Chapter 93A as it related to the process and the Property upon which TAT had (and based upon recent discovery, may still have) an interest as a junior secured creditor and noncompliance with the foreclosure laws of Massachusetts

b.  The Property is located at 236 Lincoln Road, Lincoln, MA ("Property") and was sold to Kevin Duffy at auction by States on <u>September 26, 2003</u> for $1,200,000.00 and advertised for sale by Kevin Duffy shortly thereafter for approximately $2,590,000.00.

c.  A bona fide written signed offer to purchase the Property without condition by one Leonard Florence of Chestnut Hill dated <u>August 4, 2003</u> was received on <u>August 6, 2003</u> by Garrett, Inc. together <u>with</u> a deposit check of $50,000.00 deposited by Garrett, Inc. into a defunct corporation account controlled by Garrett, Inc., all known to States, Garrett, Inc. engaged by States[2], to market the Property and conduct the sale, Garrett, Inc. having no auctioneers/real estate license issued the corporation by Massachusetts.

d.  Leonard Florence whose reputation as an

---

[2] **States had not registered as a foreign corporation doing business in Massachusetts.**

honest and substantially financial able businessperson signed and delivered an unconditional offer to purchase the Property for $2,000,000.00, the said offer delivered to States but never to TAT or Michael Capizzi or others until this proceeding was initiated or shortly before.

e.  The unconditional written signed offer of Leonard Florence never revealed to one other than States was $2,000,000.00; $800,000.00 greater than Kevin Duffy paid for the Property.  The $2,000,000.00 signed offer of Leonard Florence if implemented would have paid States in full, TAT in full with a surplus left to Michael Capizzi.

f.  That at the time Garrett, Inc. received the signed, written offer and deposit of Leonard Florence for $2,000,000.00, the than outstanding successful bidder (Linda Micu) of the Property (to close by August 25, 2003) left a voice message with Garrett, Inc. noticing Garrett, Inc. that the buyer could not close for $2,000,000.00 and stating Linda Micu invited another to close the property at that price.

g.  The voice message of Linda Micu was never revealed to The Architectural Team, Inc. until discovery.

h.  Had the Florence written signed offer been implemented, The Architectural Team, Inc. world have

3

been paid in full.

i. The auctioneers fees, unknown to TAT until near litigation, were $600.00 if bid by States or paid from States assets *and* $42,000.00 if bid by another and out of TAT's assets, and in all events requiring court approval of the payment all based upon minimum fees set by an organization of which Garrett, Inc. is a member, with further issues created by published misstatements both material and gross regarding the Property approved by States and published by Garrett, Inc.

j. The fiduciary duty to TAT by States and Garrett, Inc. and unfair or deceptive practices and auctioneers charges are issues for the Court, together with the damages due to TAT with double or treble damages, attorneys' fees and costs.

k. That the only sum paid upon the judgment, execution and levy of TAT was $210,096.33 although the execution issued was $541,152.81 and outstanding interest at the rate of 12% per annum from September 24, 2003.

l. States has not complied with mandatory discovery or oral deposition requests, but on October 18, 2004, States did deliver to TAT under FRCP 26 (A) (1) (D) a

policy of insurance of States that conclusively

established that States was a foreign corporation in

Massachusetts prohibited from filing any litigation in the

Massachusetts courts under than Massachusetts General

Laws Chapter 181, § 9 (now Chapter 156D, §15,) with the

consequences that the Land Court Case No 284167

proceeding brought by States to extinguish the security

of TAT was a nullity.

II.     No related cases, except related Massachusetts Land

Court Case, <u>supra</u>.

III.    List of pending relevant, material Motions[3]:

| <u>DATE</u> | <u>DK#</u> | <u>TYPE</u> |
|---|---|---|
| 07/01/2004 | 51 | Motion to Amend- M/C Capizzi |
| 07/08/2004 | 52 | 2nd Motion to Amend TAT |
| 07/08/2003 | 54 | Proposed Amendment TAT |
| 07/16/2004 | 61 | Motion Lis pendens-M/C Capizzi |
| 08/03/2004 | 74 | Motion for Protective Order States |
| 10/04/2004 | 85 | Motion for SJ Garrett, Inc |
| 10/04/2004 | 89 | Motion for SJ States |
| 10/07/2004 | 95 | Motion for SJ Duffy |
| 10/18/2004 | 101 | Memo in Opposition to SJ by TAT, with request for cross SJ as against States and Garrett, Inc. |

IV.    Status report/scheduling <u>November 16, 2004</u>.

V.     No formal settlement discussions.

VI.    Discovery is not complete.  The deposition of States remains

outstanding as is the productions by States of applicable requested policies of

---

[3] **Various supporting memorandum and opposition are not listed but have been filed and docketed.  All motions are opposed.**

insurance.  Further the matter of States foreclosure proceeding has now become an issued delayed by the production due June, 2004 from States.

VII.   After States deposition, TAT will file, if permitted a revised Motion for Summary Judgment as against both States and Garrett, Inc. and Motion for Summary Judgment as to Kevin Duffy.

VIII.   After States deposition, the case will be ready for trial and it is expected to require 2-3 days.

> Respectfully submitted,
> By its Attorney,
> s/Jordan Lewis Ring
> Jordan Lewis Ring, Esquire
> The Architectural Team, Inc.
> RING LAW FIRM
> 4 Longfellow Place 37th Floor
> Boston, Massachusetts 02114
> BBO# 420980
> jordanlewisring@masslawyer.us
> masslawyer@comcast.net
> 617-558-9800/fax 617-5589801

November 8, 2004

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MASSACHUSETTS
# CIVIL ACTION NO 04-10095DPW

**STATES RESOURCES CORPORATION,**

**Plaintiff**

**v.**

**MICHAEL CAPIZZI,**
**CATHERINE R. CAPIZZI,**
**THE ARCHITECTURAL TEAM, INC.,**
**JOHN CONNOLLY, JR.,**
**GARRETT, INC.**
**MASSACHUSETTS DEPARTMENT OF REVENUE,**
**JAMES GRUMBACH**
**KEVIN DUFFY**
**Defendants**

### CERTIFICATE OF SERVICE MA R USDCT LR 5.2

### STATUS REPORT FILED BY THE ARCHITECTURAL TEAM, INC.

**I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by electronic service as provided in the docket**
**ELECTRONIC FILING TO ALL E-MAIL ADDRESSES**
**November 8, 2004**

                              **Respectfully submitted.**
                              **By its Attorney,**
                                  **s/Jordan Lewis Ring**
                              **Jordan Lewis Ring, Esquire**
                              **Attorney for:**
                              **The Architectural Team, Inc.**
                              **RING LAW FIRM**
                              **4 Longfellow Place 37th Floor**
                              **Boston, Massachusetts 02114**
                              **BBO# 420980**
                              **jordanlewisring@masslawyer.us**
                              **masslawyer@comcast.net**
                              **617-558-9800/fax 617-558-9801**

**November 8, 2004**