UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| STATES RESOURCES CORPORATION ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action |
| ) | No. 04 10095 DPW |
| ) | |
| v. ) | |
| ) | |
| MICHAEL CAPIZZI, ) | |
| CATHERINE R. CAPIZZI, ) | |
| THE ARCHITECTURAL TEAM, INC., ) | |
| GARRETT, INC., ) | |
| JOHN CONNOLLY, JR., ) | |
| MASSACHUSETTS DEPARTMENT OF REVENUE, ) | |
| JAMES GRUMBACH, ) | |
| KEVIN DUFFY, ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM IN SUPPORT OF STATES RESOURCES
CORPORATION'S MOTION TO STRIKE**

In support of States Resources Corporation's, (hereinafter "States"), Motion to Strike, States, through its attorneys, Doonan, Graves & Longoria, LLC, hereby submits the following Memorandum of Law.

**I. Relevant Portion of the History of Proceedings**

On October 6, 2004, States, through its counsel, filed a Motion for Partial Summary Judgment concerning the claims of The Architectural Team, Inc. (hereinafter "Arch"). On October 18, 2004, Arch, through its counsel filed an Opposition to States' Motion for Partial Summary Judgment. This Opposition included an Affidavit of Robert Verrier, (hereinafter "Verrier Affidavit"). States now seeks to have the Court strike those portions of the Verrier

Affidavit that do not comply with Federal Rules of Civil Procedure Rule 56(e) and applicable caselaw.

## II. Criteria for Striking Affidavits or Portions Thereof

"A party may move to strike any portion of an affidavit that violates Fed.R.Civ.P. 56(e)." *Lacey v. Lumber Mutual Fire Ins. Co. of Boston,* 554 F.2d 1204, 1205 (1st Cir. 1977) (*quoting* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d Sec. 2738 (1983)). Federal Rule of Civil Procedure Rule 56(e) provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Allegations which are merely conclusory must be disregarded by the Court. *See Sheinkopf v. Stone,* 927 F.2d 1259, 1262 (1st Cir. 1991). Additionally, those portions of affidavits which contain hearsay which would not be admissible at trial should not be considered in the context of a Motion for Summary Judgment. *See Garside v. Osco Drug, Inc.,* 895 F2d 46, 50 (1st Cir. 1990). Lastly, under Federal Rules of Civil Procedure Rule 56(c), only issues that are "material" should be considered by the Court. As will be shown below, various portions of the Verrier Affidavit do not meet the above criteria and must be struck.

## III. Specifics of the Verrier Affidavit

The paragraphs appearing below have been numbered as they appear in the Verrier Affidavit itself.

7.  The Architectural Team, Inc. strongly disputes the proposition that the charges of Garrett, Inc. which States seeks to deduct from The Architectural Team, Inc.'s funds held by States are reasonable, justified or necessary as the costs of foreclosure.

**States' Position**: This paragraph is conclusory, and seeks to usurp the role of the Court in this matter.

8.  The Architectural Team, Inc. claims that if monies are owed Garrett, Inc. by States

(specifically denied by The Architectural Team, Inc.), that States, because of its conduct and unilateral engagement of Garrett, Inc. upon the terms as alleged by Garrett, Inc. should bear such charges, The Architectural Team, Inc. specifically denying that any monies are due Garrett, Inc. as charged in this litigation by Garrett, Inc.,

**States' Position**: This paragraph is also conclusory and seeks to usurp the role of the Court in this matter.

17. The Architectural Team, Inc., has only recovered $210,096.00 of the $541,152.81 execution due to the conduct and non disclosures of Garrett, Inc. and States.

**States' Position**: This paragraph is conclusory, inadmissible, and lacks an affirmative showing that the affiant is competent to testify as to the matters alleged in this paragraph.

20. To date no satisfactory accounting has been rendered by States to The Architectural Team, Inc.

**States' Position**: This Paragraph is conclusory and seeks to usurp the role of the Court in this matter.

21. The Architectural Team, Inc. was never advised of the signed written unconditional offer of $2,000,000.00 received from Leonard Florence of Chestnut Hill, MA and the "deposit" check of $50,000.00 for 236 Lincoln Road, Lincoln, MA ("Property") in the account Garrett Auctioneers, Inc, a dissolved Massachusetts Corporation, controlled by Garrett, Inc. and all known by Attorney Doonan and States and Garrett, Inc. as early as August 6, 2003 but unknown to The Architectural Team, Inc. until *after* the sale of the Property on September 26, 2003 which resulted in a auction sale of the Property for $800,000.00 less than the $2,000,000.00 signed, written, delivered offer of Leonard Florence, all secured by deposit of $50,000.00 of Leonard Florence in an account controlled by Garrett, Inc., who followed orders and instructions from Attorney John Doonan.

**States' Position**: Any reference to "offer" in this paragraph or elsewhere in this affidavit should be struck as conclusory. Additionally, there has been no showing that the allegations made herein

are based upon personal knowledge of the affiant or would be admissible. The affiant has no personal knowledge and yet he avers that the alleged "offer" was "unconditional". The affiant likewise has no personal knowledge of the state of mind of Leonard Florence.

22. If The Architectural Team, Inc. had been provided a copy of the written offer and check of Leonard Florence it would have contacted Leonard Florence and caused States to accept the offer or cause the Linda Micu agreement to be assigned to Florence in which case The Architectural Team, Inc. would have been paid in full.

**States' Position**: This paragraph is conclusory, speculative, and so replete with self-serving conjecture that it is clearly inadmissible. There is also no personal or legal basis for Arch to have caused Linda Micu's agreement to be "assigned" since they did not, as States did not, have any legal right to do so.

23. It appears from the voice mail provided in discovery by Garrett, Inc. that Linda Micu would have assented to an assignment of her $2,000,000.00 agreement to Leonard Florence. (*See* the voice mail message of Linda Micu in the Concise Statement of The Architectural Team, Inc. *EX. 19*.)

**States' Position**: This paragraph is speculative, conclusory, and contains no affirmative showing that the affiant is competent to testify to this matter. The statement does not make any allegation of personal knowledge or facts that would be admissible in evidence.

24. At the auction of September 26, 2003, The Architectural Team, Inc. would have bid itself the Property beyond the $1,200,000.00 if it knew of Leonard Florence's signed written offer, knowing the reputation of Leonard Florence in the business community as a bright businessman.

**States' Position**: This paragraph is purely speculative and conclusory and so full of self-serving conjecture as to be inadmissible and States further objects to the characterization of "offer" as conclusory.

25. It appears Linda Micu would have cooperated in an assignment to Leonard Florence as concluded from the voice message provided by Garrett, Inc. upon discovery, after the deposition

of Garrett, Inc. The written signed offer and check of Leonard Florence was never told to The Architectural Team, Inc. by either Attorney John Doonan or Garrett, Inc. while having cashed the check of Leonard Florence in the Danvers Savings Bank placing the same in the account of a dissolved corporation until October 2003.

**States' Position**: This paragraph is conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes this allegation based upon personal knowledge or that these "facts" would be admissible in evidence and States further objects to the characterization of "offer" as conclusory.

26.     I attended the auction sales regarding the Property on July 24, 2003, and September 26, 2003, and had in my hands qualifying bid checks as required by the sale terms, spoke with both Attorney John Doonan and Garrett, Inc. and was *never told* at those times that Leonard Florence had made a $2,000,000.00 unconditional signed offer from Leonard Florence and having put up a check of $50,000.00 with Garrett, Inc.

**States' Position**: The characterization of "offer" is conclusory.  This statement is speculative and does not contain any testimony that would be relevant or probative in this matter, as any prior third party communications are irrelevant as a matter of law.  No bidder registered by the name of Leonard Florence and any prior communications with some with that name is irrelevant, as Massachusetts law requires bidders to bid through the auction process.

27.     Garrett Inc. kept the $2,000,000.00 signed offer secret from all except Attorney John Doonan. States too never reveal the written signed offer and cashed deposit check of Leonard Florence for the Property until just before the litigation.

**States' Position**: This paragraph is conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes no allegation of personal knowledge or of "facts" that would be admissible in evidence.  States further objects to the characterization of "offer" as conclusory.

28.     The Architectural Team, Inc. now knows the advertisements of Garrett, Inc. repeatedly

stated the acre of the Property as containing butt 2 ½ acres when the acreage was nearly 6 acres. Such publications were false and must have distracted bidders or misled potential bidders or deterred others from attending the auction. These were advertisements placed by Garrett, Inc. which were grossly in error, published to market the Property, and which were materially misleading to potential bidders as a matter of pure common sense. The erroneous advertisements were allegedly approved by States attorney; i.e. John Doonan and the cost of the erroneous advertisements in the Boston Globe and other publications now billed by Garrett, Inc., as a cost for which Garrett, Inc. seeks reimbursement from funds belonging to The Architectural Team, Inc.

**States' Position**: As shown in States' Memorandum in Support of its Motion for Partial Summary Judgment, this statement is not admissible as it is immaterial. Further, this paragraph is speculative, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes no allegation of personal knowledge or of "facts" that would be admissible in evidence.

29.     Garrett, Inc. would have charged States only $600.00 for Garrett, Inc.'s services, it now seeks $42,000.00 for its services plus costs of grossly erroneous advertisements from funds that rightfully belong to The Architectural Team, Inc.

**States' Position**: This Paragraph is conclusory and seeks to usurp the role of the Court in this matter. The affiant has no personal knowledge of what the auction fee is generally when the Bank re-purchases the property and is not competent to testify as to the reasonableness of fees charged when a third party sale is obtained at auction.

32.     Garrett, Inc. talked to me about Mr. Capizzi at both auction sales but never once told me of the Leonard Florence signed written offer or the cashed deposit check.

**States' Position:** The reference to "offer" and "deposit check" should be struck as conclusory.

33.     I would have contacted Leonard Florence if I had seen or been advised such a signed written unconditional offer for the Property was delivered to Garrett, Inc. together with

$50,000.00.

**States' Position**: This paragraph is immaterial, the reference to "unconditional" and to "offer" should be struck as conclusory and is so self-serving as to be inadmissible.

34. I saw and talked to Attorney John Doonan and Garrett, Inc. at the auction of July 24, 2003, and September 26, 2003, and neither Attorney Doonan or Garrett, Inc. ever once told me of either the Leonard Florence written offer or the check or the charges of Garrett, Inc.

**States' Position**: The reference to "offer" should be struck as conclusory. This paragraph should further be struck as irrelevant, since as a matter of law, third party communications and charges of the auctioneer do not require disclosure.

36. I know of no court that approved the fee or charge of Garrett, Inc. States, and see no approval by any Bankruptcy Court. States and Garrett, Inc. have outrageously suggested such language in the e-mail has no meaning whatsoever.

**States' Position**: This paragraph is immaterial, indecipherable, conclusory, argumentative, and inadmissible.

37. The Architectural Team, Inc. believes the fee and charge of Garrett, Inc. are not reasonable.

**States' Position**: This paragraph is conclusory and seeks to usurp the role of this Court in this matter. The belief of the junior lien holder is irrelevant and inadmissible as a matter of law, as the affiant has not qualified as an expert in these matters.

38. That Garrett, Inc. testified at a deposition about private talks amongst his group of auctioneers that suggested setting minimum fees.

**States' Position**: This paragraph is immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes no allegation of personal knowledge or of "facts" that would be admissible in evidence.

39. That as a result of the conduct of Garrett, Inc. and States and either one of them, The Architectural Team, Inc. may never collect upon the remaining outstanding portion of its

7

execution (over $300,000.00), since Michael Capizzi has no known assets and has repeatedly filed for bankruptcy protection.

**States' Position**: This paragraph is immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes no allegation of personal knowledge or of "facts" that would be admissible in evidence.

41.     That States has not been deposed notwithstanding the timely proper request of The Architectural Team, Inc.; and further States has to the best of our knowledge, not produced any policies of insurance required in mandatory discovery.

**States' Position**: This paragraph is subject to a motion before the Court, immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes no allegation of personal knowledge or of "facts" that would be admissible in evidence.[1]

42.     The Architectural Team, Inc.'s counsel was never contacted for consultation by attorneys for Garrett, Inc. or States before the filing of summary judgment in order to narrow issues and save costs.

**States' Position**: This paragraph is immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes no allegation of personal knowledge or of "facts" that would be admissible in evidence.[2]

43.     That The Architectural Team, Inc. believes the conduct of Garrett, Inc. and States is both unfair and deceptive.

**States' Position**: This paragraph is immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes no allegation of personal knowledge or of "facts" that would be admissible in evidence. The belief of the

---

[1] Although immaterial to the issuing of striking affidavits, this paragraph specifically ignores the e-mail correspondence between counsel exchanged in the days prior to the execution of this affidavit (*See* Exhibit "A" attached hereto).

[2] Although immaterial to the issuing of striking affidavits, this paragraph specifically ignores the e-mail correspondence between counsel exchanged in the days prior to the execution of this affidavit (*See* Exhibit "B" attached hereto).

8

junior lien holder is irrelevant and inadmissible as a matter of law, as the affiant has not qualified as an expert in these matters.

44.    That no announcement was made at the sale of September 26, 2003 that Leonard Florence had made such a written signed unconditional offer. I was present at that sale.

**States' Position**: This paragraph is repetitive, immaterial, conclusory and the characterization of "offer" is objected to as conclusory.

45.    I had a qualifying deposit check of $50,000.00 at the auction of September 26, 2003 and it was in my possession and I would have bid the Property if I had known of the written signed valuation of Leonard Florence and that Garrett, Inc. had in its control a $50,000.00 deposit check of Leonard Florence. Instead, I let the bid of $1,200,000.00 ($800,000.00 less than that offered in writing signed by Leonard Florence) go unanswered.

**States' Position**: This paragraph is repetitive, self-serving, conjectural, immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes this allegation based on personal knowledge or that these "facts" would be admissible in evidence. The statement of "valuation" and "offer" should be specifically struck as conclusory.

47.    At no time until just before the within litigation was I ever told of the signed written unconditional offer of Leonard Florence and the delivered specific "deposit" check of Leonard Florence for $50,000.00.

**States' Position**: The characterizations of "unconditional," "offer" and "deposit" are objected to as conclusory.

48.    That while the answers to interrogatories of States and Garrett, Inc. state under oath that only The Architectural Team, Inc. objects to the charges of Garrett, Inc. that is untrue since Michael Capizzi stated he too objected to said charges.

**States' Position**: This paragraph references Interrogatories served on September 1, 2004 (*See* Exhibit "C" attached hereto) to which States made the following objection:

9

1. States objects to these Interrogatories as untimely.  Specifically, the Interrogatories were served in violation of the Court's Scheduling Order and the Local Rules.  The Court ordered on June 3, 2004 that all discovery be completed by September 7, 2004.  Local Rule 16.1(F) in pertinent part states "[u]nless the judge determines otherwise, the scheduling order shall include specific deadlines or general time frame-works for: . . . (2) service of, and compliance with, written discovery requests." Furthermore, this Court's Scheduling Order provides that it can only be modified by an order of the Court.  Pursuant to Fed. R. Civ. P. 33, the party to whom the interrogatories is served has thirty (30) days after service of the interrogatories to serve upon the party requesting the interrogatories written answers or objections.  Because this Court established a discovery deadline of September 7, 2004, The Architectural Team, Inc. was required to serve its First Set of Interrogatories at least thirty days prior to the discovery deadline.  Therefore, this discovery request is untimely and States reserves the right to object to its use in this litigation and to move to strike its use.  Further, States objects to these requests as constituting more than the allowable number of interrogatories since many of the singularly numbered interrogatories contain numerous requests.

Irregardless of the above objection (which States does not waive), this paragraph is immaterial, conclusory, and contains no affirmative showing that the affiant is competent to testify as to this matter, makes this allegation personal knowledge or that these "facts" would be admissible in evidence.

49.     Without admitting anything is due Garrett, Inc. because of its conduct and the issues raised, a flat fee to Garrett, Inc. would have been more reasonable than a percentage of a sale since Garrett, Inc performed a reading of the mortgage language at the auctions and perfunctory ministerial acts and placing misleading material advertisements in Boston area papers and caused the Leonard Florence written offer not to be concluded. Further, the real value auction charge of $600.00 as an auctioneer was by agreement with States inflated as against The Architectural Team, Inc. without bona fide reason to $42,000.00.

**States' Position**: This paragraph is conclusory, and seeks to usurp the role of the Court in this matter. States further objects to the characterization of "offer".   The belief of the junior lien holder is irrelevant and inadmissible as a matter of law, as the affiant has not qualified as an expert in these matters.

50.     No evidence has been presented The Architectural Team, Inc. that Garrett, Inc. secured any buyer but Leonard Florence

**States' Position**: This paragraph is conclusory, and seeks to usurp the role of the Court in this

matter. Further, it directly contradicts paragraphs 45 and 60 herein.

51.     The Architectural Team, Inc. has been presented no evidence of the time spent, hourly rates, skills of a corporation only 4 years old, Garrett, Inc. incorporated 2000, without a Massachusetts auctioneer license, without a real estate license.

**States' Position**: This paragraph is conclusory, and seeks to usurp the role of the Court in this matter.

52.     Garrett, Inc. has not given to The Architectural Team, Inc. any information that would warrant as reasonable fee of over $42,000.00.

**States' Position**: This paragraph is conclusory, and seeks to usurp the role of the Court in this matter.  The belief of the junior lien holder is irrelevant and inadmissible as a matter of law, as the affiant has not qualified as an expert in these matters.

53.     No information has been furnished The Architectural Team, Inc. that others could not have been secured to provide an auctioneer for the same sum Garrett, Inc. agreed to charge State ($600.00 plus approved advertising costs) if States had bid in for the Property.

**States' Position**: This paragraph is immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes this allegation based on personal knowledge or that these "facts" would be admissible in evidence.

54.     That a percentage charge by Garrett, Inc. seeking payment from funds belonging to The Architectural Team, Inc. without more is both unfair and deceptive especially in the light of the conduct of Garrett, Inc. and States set out above.

**States' Position**: This paragraph is immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes this allegation based on personal knowledge or that these "facts" would be admissible in evidence.  The belief of the junior lien holder is irrelevant and inadmissible as a matter of law, as the affiant has not qualified as an expert in these matters.

55.     There has never been a reason given to The Architectural Team, Inc. why the written offer signed by Leonard Florence was sent to Attorney Doonan and not to The Architectural

Team, Inc.

**States' Position**: This paragraph is immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes this allegation based on personal knowledge or that these "facts" would be admissible in evidence. It should be stricken as inadmissible, as it is irrelevant as a matter of law, since States has no duty to disclose communications with third parties prior to the sale.

56.    Garrett, Inc. and States allege that Garrett, Inc. be paid $600.00 for its services if States bids the Property but over $42,000.00 if a buyer other than States buys the Property; the difference is not <u>de minimus</u> and is unreasonable. (a calculated enormous percentage increase over the flat fee). (*See* alleged commission agreement providing percentages and reimbursement to be approved by a court.)

**States' Position**: This paragraph is immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes this allegation based on personal knowledge or that these "facts" would be admissible in evidence. It is inadmissible, since the affiant has not qualified as an expert on the reasonableness of foreclosure auction fees and is not competent to give an opinion on the subject.

57.    That The Architectural Team, Inc. should not be responsible for the unreasonable charges of Garrett, Inc.; for alleged debts of States and for monies and agreements it never was a party to be consent or implication.

**States' Position**: This paragraph is immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes this allegation based on personal knowledge or that these "facts" would be admissible in evidence. States objects to the characterization of the auction fee as "States' debt."

58.    I am utterly baffled how Garrett, Inc.'s fee can be $600.00 if the Property is sold for States, but $42,000.00 if the Property is sold to another.

**States' Position**: This paragraph is repetitive, immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes this

12

allegation based on personal knowledge or that these "facts" would be admissible in evidence. Whether the affiant is "baffled" by this or any information is irrelevant and inadmissible.

59.     States's arrangement is both unfair and unreasonable if Garrett Inc.'s fee is $600.00 when States is affected but when States no longer has a pecuniary interest the fee increases by 6900% to approximately $42,000.00.

**States' Position**: This paragraph is repetitive, immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes this allegation personal knowledge or that these "facts" would be admissible in evidence. It is inadmissible, since the affiant has not qualified as an expert on the reasonableness of foreclosure auction fees and is not competent to give an expert opinion on the subject.

60.     Kevin Duffy bought the Property for $1,200,000.00 and placed it on the market in less than a year for $2,590,000.00. (*See*, Exhibit 4 of Duffy deposition, *Ev.33*. Concise Statement of The Architectural Team, Inc.). No major work construction or alteration was made to the Property. (*See Ex.* 28 of Concise Statement of The Architectural Team, Inc.). At the closing Kevin Duffy paid the full purchase price from his own funds yet placed a mortgage upon the property that was unfunded and in the name of his Mother stating in the recorded mortgage deed he borrowed the money to purchase the Property from his, Kevin Duffy's, Mother. Kevin Duffy's signature was notarized. The mortgage was unfunded by Mother and the notarized declaration of loan upon the Property by the recorded mortgage, false. *See* Concise Statement of The Architectural Team, Inc. *Ex. 28*. *Deposition of Kevin Duffy August 30, 2003, page 51, lines 9 and 10, page 38, line 16-18, page 35, line 14-20*.

**States' Position**: This paragraph is immaterial, conclusory, inadmissible and contains no affirmative showing that the affiant is competent to testify as to this matter, makes this allegation based on personal knowledge or that these "facts" would be admissible in evidence.

61.     Respectfully the undetermined, unresolved issues make summary judgment inappropriate.

**States' Position**: This paragraph is immaterial, conclusory, inadmissible and contains no

affirmative showing that the affiant is competent to testify as to this matter, makes this allegation based on personal knowledge or that these "facts" would be admissible in evidence.

                                                                Respectfully Submitted
                                                                States Resources Corporation
                                                                By its Attorney,

Dated:  November 8, 2004                       /s/ John Doonan
                                                                John A. Doonan, Esq.
                                                                (BBO# 547838)
                                                                Doonan, Graves & Longoria, L.L.C.
                                                                100 Cummings Center, Suite 213C
                                                                Beverly, MA  01915
                                                                (978) 921-2670

**John A. Doonan**

---

| | |
|---|---|
| **From:** | John A. Doonan [jad@dgandl.com] |
| **Sent:** | Friday, October 15, 2004 11:09 AM |
| **To:** | Jordan Lewis Ring/ RING LAW MA |
| **Cc:** | swiliams,esq; rjl; powers,esq; mmcapizzi; connolycounsell; cafrattaroli@verizon.net; attymcarter; attyconnorspc; attyconnolly; attorneydoonan; attyconnors; Dr RICH L.BLUMENTHAL |
| **Subject:** | RE: [SPAM?] Re: 04 10095 dpw |

The policy will be forwarded on Monday and you should receive it accordingly.
John Doonan

> -----Original Message-----
> From: Jordan Lewis Ring/ RING LAW MA [mailto:masslawyer@comcast.net]
> Sent: Friday, October 15, 2004 10:43 AM
> To: John A. Doonan
> Cc: Dr RICH L.BLUMENTHAL; attyconnors; ***jordanlewisring; Attorney John Doonan; attorneydoonan; attyconnolly; attyconnorspc; attymcarter; cafrattaroli@verizon.net; connolycounsell; mmcapizzi; powers,esq; rjl; swiliams,esq
> Subject: [SPAM?] Re: 04 10095 dpw
> Importance: High
>
> **atty doonan**
>
> **general i no not respond to these missiles**
>
> **you as an officer of the court created by your conduct a large needless economic loss to the parties the community and in my opinion in this matter a blight on the ethics of century 21**
>
> **your unilateral decision not to publish a 2 million dollar bona fide offer that would have paid u tat and capizzi was the conduct that has spawned the litigation**
>
> **it is my hope that i have the persuasive power to carry on the declarations of judge Agnes to a new and higher plain before the distinguished minds of the federal courts**
>
> **your sir, atty john doonon, who had called upon me for help in the past, decided to w/o right, not to reveal an offer that would have ended the matter**
>
> **adam kelly of your office never was refused a request by me he was a gentleman and filled with ethics    from youth we sometimes learn**

EXHIBIT A

11/8/2004

**you took that courtesy and in the arrogance of the worst of us, created more pain after a decade of litigation**

**how dare u attack the very fundamentals of those in our profession that seek the higher level of civility**

**the harsh underbelly of this litigation rest at your feet   atty john doonan could have consulted and ended years of pain instead atty john doonan ignored that path**

**i will argue the issues in a reasoned forum seeking the justice that you denied my client/  but at the end of the day  while you smiled at the depositions, i suspect the shame of the matter lies within**

**have a nice weekend**

**i will expect the policy monday, sir**


RING LAW FIRMS
Admissions:  MA/DC/NY/PA

Boston, USA
4 Longfellow Place,
37th Floor
Boston, MA 02114 USA

Suburban Office:

"The Towers"
250 Hammond Pond Parkway
Penthouse 1701 North Tower
Chestnut Hill, MA  02467.1529 USA

American Affiliated Caribbean Offices
P. O. Box 7, 15 Wellington  Road, Cole Bay
St. Maarten, NA
011 5995 5 77777
On SXM  5 444444

11/8/2004

## John A. Doonan

**From:** John A. Doonan [jad@dgandl.com]
**Sent:** Tuesday, October 05, 2004 5:47 PM
**To:** swiliams,esq; rjl; powers,esq; mmcapizzi; connolycounsell; cafrattaroli@verizon.net; attymcarter; attyconnorspc; attyconnolly; attorneydoonan; attyconnors; Dr RICH L.BLUMENTHAL; Jordan Lewis Ring/ RING LAW MA
**Subject:** RE: 04 10095dpw Insurance Policy and Local Rule 7.1(A)2

**Dear Counsel and Parties;**
**It is my understanding that my client is in the process of forwarding an insurance policy to this office. Upon receipt I will send a copy to Atty. Ring and any other counsel or parties which request it.**
**Please also be advised that we will be filing a Motoin for Summary Judgment on various grounds, including, but not limited to Res Judicata, the Rooker-Feldman Doctrine, that the foreclosure and all actions of States and its agents fully complied with Massachusetts Law and that no duty existed requiring States or its agents to disclose to any other parties any communications it had with third parties.**
**If any counsel or party has new law, facts or views which have not already been expressed in the voluminous prior e-mails on this matter which may resolve or narrow the issues, please advise this office by e-mail. Our certification under Local Rule 7.1(A)2 will reference that this e-mail was distributed.**
**Sincerely,**
**John A. Doonan**



11/8/2004

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MASSACHUSETTS
# CIVIL ACTION NO 04-10095DPW

**STATES RESOURCES CORPORATION,**

**Plaintiff**

**v.**

**MICHAEL CAPIZZI,
CATHERINE R. CAPIZZI,
THE ARCHITECTURAL TEAM, INC.,
JOHN CONNOLLY, JR.,
GARRETT, INC.
MASSACHUSETTS DEPARTMENT OF REVENUE,
JAMES GRUMBACH
KEVIN DUFFY**

**Defendants**

## CERTIFICATE OF SERVICE MA R USDCT LR 5.2

### FIRST SET OF INTERROGATORIES PROPOUNDED BY THE ARCHITECTURAL TEAM, INC. TO BE ANSWERED UNDER OATH BY STATES RESOURCES CORPORATION

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by electronic service as provided in the docket
ELECTRONIC FILING TO ALL E-MAIL ADDRESSES

**SEPTEMBER 1, 2004**

s/Jordan Lewis Ring
Jordan Lewis Ring, Esquire
Attorney for:
The Architectural Team, Inc.
RING LAW FIRM
4 Longfellow Place 37th Floor
Boston, Massachusetts 02114
BBO# 420980
jordanlewisring@masslawyer.us
617-558-9800/fax 617-558-9801

17



EXHIBIT C