UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| STATES RESOURCES CORPORATION )<br>)<br>Plaintiff )<br>)<br>) Civil Action<br>) No. 04 10095 DPW<br>)<br>v. )<br>)<br>MICHAEL CAPIZZI, )<br>CATHERINE R. CAPIZZI, )<br>THE ARCHITECTURAL TEAM, INC., )<br>GARRETT, INC., )<br>JOHN CONNOLLY, JR., )<br>MASSACHUSETTS DEPARTMENT OF REVENUE, )<br>JAMES GRUMBACH, )<br>KEVIN DUFFY, )<br>)<br>Defendants )  | |

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I, John A. Doonan, attorney for States Resources Corporation, hereby certify that on October 28, 2004, this office distributed an email to Jordan Ring and all counsel and parties seeking to, in good faith, resolve or narrow the issues addressed in this Motion to Strike. *See* Exhibit A (a true and correct copy of the email is attached hereto).

Dated: November 8, 2004

/s/ John A. Doonan
Reneau J. Longoria, Esq. (BBO# 635118)
John A. Doonan, Esq. (BBO# 547838)
Doonan, Graves & Longoria, L.L.C.
100 Cummings Center, Suite 213C
Beverly, MA 01915
(978) 921-2670

### John A. Doonan

| | |
|---|---|
| **From:** | John A. Doonan [jad@dgandl.com] |
| **Sent:** | Thursday, October 28, 2004 12:07 PM |
| **To:** | swiliams,esq; rjl; powers,esq; mmcapizzi; connolycounsell; cafrattaroli@verizon.net; attymcarter; attyconnors; MASSLAWYERUSA/jordan lewis ring/ma |
| **Cc:** | Dr RICH L.BLUMENTHAL |
| **Subject:** | RE: 04-10095 Motion to Strike Local Rule 7.1(A)(2) |

**Dear Atty. Ring;**

Pursuant to Local Rule 7.1(A)(2) please be advised that States will be filing a Motion next week concerning the "Concise" Statement of Facts and the accompanying affidavit submitted to the Court in opposition to States' Motion for Summary Judgment. A Motion to Strike may be filed to "strike any portion of an affidavit that violates Fed. R. Civ. P. 56(e)". That Rule provides "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Courts have found that "conclusory", "mere allegation" immaterial or hearsay should not be considered by the Court. Accordingly, States will seek to strike those portions of the affidavit of Robert Verrier that do not comply with the aforesaid Rule 56(e).

As to the "Concise" Statement of Facts, States will question the length of the submission, challenge any references to an "offer" and will dispute the following paragraphs and potentially others after further review:7, 11, 13, 17, 18, 19, 20, 21(a), 21(c), 23, 24, 25, 26, 28, 29, 31, 32, 33, 34, 36, 37, 40, 41, 43, 44, 45.

I am attempting in good faith to narrow or resolve these issues. If you are willing to amend the above referenced documents so that they comply with the statutes and case law, please let me know by return e-mail.
Sincerely,
John A. Doonan


EXHIBIT A

11/8/2004