# UNITED STATES OF AMERICA
## DISTRICT COURT OF MASSACHUSETTS

_____

STATES RESOURCES CORPORATION      )

                             )

         **Plaintiff**           )

                             )  **Civil Action**

                             )  **No. 04 10095 DPW**

                             )

        **v.**                 )

                             )

MICHAEL CAPIZZI,                )

CATHERINE R. CAPIZZI,       )

THE ARCHITECTURAL TEAM, INC.,  )

GARRETT, INC.,               )

JOHN CONNOLLY, JR.,        )

MASSACHUSETTS DEPARTMENT OF REVENUE,  )

JAMES GRUMBACH,           )

KEVIN DUFFY,               )

                             )

        **Defendants**        )

_____)

## OPPOSITION OF STATES RESOURCES CORPORATION TO THE CONCISE STATEMENT OF MATERIAL FACTS SUBMITTED BY MICHAEL CAPIZZI AND CATHERINE CAPIZZI

Now comes States Resources Corporation, through its attorneys, Doonan, Graves & Longoria, LLC, and hereby objects to the following portions of the Statement of Material Facts filed by Michael Capizzi and Catherine Capizzi (hereinafter "Capizzis"). The numbering of the below paragraphs corresponds with Capizzis' Statement of Material Facts that are objectionable.

**CAPIZZIS' STATEMENTS**

**CAPIZZIS' STATEMENT #1:** "States, an Iowa Corporation, has not filed with the Commonwealth of Massachusetts a certificate required by G.L. c. 181, sec. 4 of every foreign corporation "doing business" in the Commonwealth."

**OBJECTION:** This statement is immaterial and irrelevant.

**CAPIZZIS' STATEMENT #2:** "The Capizzis are the former owners and currently rightful owners of property located at 236 Lincoln Road, Lincoln, Massachusetts (the "Property") which they occupied as their personal residence."

**OBJECTION:** This statement is inaccurate, irrelevant and immaterial. It is further barred under the doctrine of Res Judicata and issue preclusion; the issue of ownership having been litigated numerous times in Massachusetts State Courts. Most notably, the Concord District Court issued a Judgment for possession of the Property to Kevin Duffy and the Middlesex Superior Court dismissed the Capizzis' complaint.

**CAPIZZIS' STATEMENT #4:** "Under the terms of the loan documentation, the Bank was responsible for escrowing fees from the borrower to pay the real estate taxes on the Property."

**OBJECTION:** This statement is immaterial, irrelevant and mischaracterizes a document, which, while not relevant to these proceedings, speaks for itself. Further, this issue is barred under the doctrine of Res Judicata, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #5:** "The interest rate on the Note was 9.25% for three years, after which it reverted to prime plus 3%."

**OBJECTION:** This statement is immaterial, irrelevant and mischaracterizes a document, which, while not relevant to these proceedings, speaks for itself. Further, this issue is barred, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #6:** "On April 22, 1992, the president of the Bank sent a

2

letter to the Capizzis stating that the interest rate on the Note had been "fixed at an annual amortization rate of 6%."

**OBJECTION:** This statement is immaterial, irrelevant and mischaracterizes a document, which, while not relevant to these proceedings, speaks for itself. Further, this issue is barred, as it has previously been litigated before this Court and resolved against the Capizzis, resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #7:** "As of April 22, 1992, the Capizzis' monthly payment to the Bank for principal and interest on the loan was $4,668.64, plus escrow payments for real estate taxes of an additional $936.64, for a total monthly payment of $5,605.46 (the "Amended Note")."

**OBJECTION:** This statement is immaterial, irrelevant and mischaracterizes a document, which, while not relevant to these proceedings, speaks for itself. Further, this issue is barred, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #8:** "The Capizzis confirmed their agreement with the Bank in writing and paid the Bank $5,605.46 in May, June, July and August of 1992."

**OBJECTION:** This statement is immaterial, irrelevant and mischaracterizes a document, which, while not relevant to these proceedings, speaks for itself. Further, this issue is barred, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #10:** "In March. 1993, the FDIC confirmed the monthly payments, including the real estate tax escrow, were $5,605.46."

**OBJECTION:** This statement is immaterial, irrelevant and mischaracterizes a letter,

which, while not relevant to these proceedings, speaks for itself.  Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #11:**  "The FDIC reconfirmed through correspondence dated October 18, 1993 and July 24, 1994, that $5,605.46 was the correct amount to be paid monthly on the loan."

**OBJECTION:** This statement is immaterial, irrelevant and mischaracterizes a document, which, while not relevant to these proceedings, speaks for itself.  Further, the issue this statement refers to has previously been litigated before this Court resulting in a Judgment in favors of States Resources. Corp.

**CAPIZZIS' STATEMENT #12:**  "In November, 1994, the FDIC sold the Amended Note to First Essex Bank, FSB."

**OBJECTION:** This statement is immaterial and irrelevant.

**CAPIZZIS' STATEMENT #13:**  "First Essex Bank, FSB notified the Capizzis that their monthly payments were $5,605.46, including $4,668.64 for principal and interest and $936.64 for tax escrow."

**OBJECTION:** This statement is immaterial and irrelevant.  Further, this issue has previously been litigated before this Court, resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #14:**  "On September 30, 1998, States acquired the rights to the Amended Note."

**OBJECTION:** This statement is immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States

Resources Corp.

**CAPIZZIS' STATEMENT #15:** "States continuously refused to abide by the terms of the Amended Note and instead sought to collect from the Capizzis the amounts due if the adjustable Note were to be in effect."

**OBJECTION:** This statement is without foundation, as the Capizzis have consistently failed to provide any evidence for the purported factual statement they make, and it is immaterial and irrelevant. Further, this issue is barred, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #16:** "In January, 1999, States declared the Capizzis to be in default under the Note and initiated foreclosure proceedings."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue is barred, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #17:** "Notice of a foreclosure sale scheduled for March 23, 1999 was advertised in the newspaper."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue is barred, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #18:** "The Capizzis notified States that they were not in default under the Amended Note."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue is barred, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #19:** "Faced with the prospects of losing their home, the Capizzis paid States $62,581.79 on March 1, 1999."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue is barred, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #20:** "On July 26, 1999, States again commenced foreclosure proceedings based upon the adjustable Note."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, the issue this statement refers to has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #21:** "The Capizzis notified States that they were not in default of the operative Amended Note."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court, resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #22:** "Again, faced with the prospect of losing their home, the Capizzis paid States $43,776.23 on September 23, 1999."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue is barred, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #23:** "On January 7, 2000, States yet again commenced foreclosure proceedings based upon the adjustable Note."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further,

this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #24:** "The Capizzis again notified States that they were not in default under the operative Amended Note."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #25:** "Yet again faced with the prospect of losing their home, the Capizzis paid States $24,141.53 on February 11, 2000."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue is barred by the doctrine of Res Judicata, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #26:** "In May, 2000, States commenced foreclosure proceedings based on the adjustable Note."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #27:** "The Capizzis again notified States that they were not in default under the operative Amended Note."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue is barred, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #28:** "On June 15, 2000, the Capizzis paid States $24,

7

418.61 to avoid foreclosure."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #29:**  "On July 27, 2000, States commenced foreclosure proceedings based upon the adjustable Note. States claimed that the Capizzis were in default of their tax obligations, even though States had not paid any amounts from the tax escrow account to the taxing authorities."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #30:**  "The Capizzis notified States that they were not in default under the operative Amended Note."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue is barred, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #31:**  "On August 29, 2000, the Capizzis paid States $18,161.88."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #32:**  "On October 26, 200, States sent yet another notice to the Capizzis threatening to commence foreclosure proceedings."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #33:** "On January 31, 2001, the Capizzis sent a demand letter under M.G.L. c. 93A sec. 9, via certified mail to States."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #34:** "States refused to tender a settlement offer."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #35:** "On May 4, 2001, the Capizzis sent another demand letter under M.G.L. c. 93A, sec. 9, via certified mail to States, demanding that States pay their current real estate tax bill."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #36:** "States never responded to the May 4, 2001 demand letter."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue is barred, as it has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #38:** "States is somewhat misleading when it states in its Statement #4 that in or about September 2002 it commenced foreclosure proceedings under the Capizzi mortgage. It commenced foreclosure proceedings against the Capizzis as early as January, 1999 and repeatedly commenced foreclosure proceedings at least six times prior to the commencement of suit by the Capizzis in June 2001. In each instance the mortgage was current but the Capizzis paid very large amounts to States to avoid the threatened foreclosure."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #39:** "On November 22, 2002, within days of the dismissal without prejudice of the Federal Suit for failure to prosecute, States sent to the Capizzis a certified letter informing them that it had scheduled a foreclosure sale upon foreclosure of the adjustable Note for December 16, 2002 at 11:30 a.m."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #41:** "Since the FDIC took over the Bank in 1992, the Capizzis have made principal and interest payments to note holders in the amount of $675,218.52. Of that amount, $173,180.04 has been paid to States."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #42:**  "Since August, 1992, when the FDIC took over the Bank, the Capizzis have overpaid all note holders in the amount of $181,134.50. Moreover, there has been no adjustment for overpayments since 1992, and the note has never been properly amortized."

**OBJECTION:** This statement is unclear, without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #43:**  "Since States took over the loan, the Capizzis have overpaid by $83,630.70."

**OBJECTION:** This statement is unclear, without basis, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #44:**  "Since the FDIC took over the Bank in 1992, no note holder, including States, has paid any real estate taxes from the escrow account as they were obligated to do. Indeed, States requested information on several occasions, which the Capizzis provided, showing that they had paid the taxes. To date, States has failed to provide an accounting of the escrow account that States was obligated to maintain, the amounts contained in the escrow account or the amounts, if any, paid from the escrow account."

**OBJECTION:** This statement is without basis, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #45:**  "As a result, the Capizzis have personally paid over

$155,000.00 in real estate taxes directly to the Town of Lincoln, Massachusetts."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #46:** "Plaintiff Michael Capizzi filed a voluntary petition for Bankruptcy under Chapter 13 of the United States Bankruptcy Code on February 28, 2003. The Bankruptcy filing was not Pro Se as States asserted in its Statement # 9. Michael Capizzi was represented by Bankruptcy attorneys throughout this proceeding, although he received bad advice from them in several instances. Defendant States Resources filed a motion to dismiss the Chapter 13 on the grounds that Michael Capizzi was not an eligible Chapter 13 debtor, although his Bankruptcy attorneys had led him to believe that Chapter 13 was appropriate for him. States alleged that his secured debts exceeded $871,550.00 at the time of filing. (See States' Statement #10.) This claim was totally false and consisted primarily of the amount States falsely claimed was due on the note under its counterclaim. Michael Capizzi's attorneys did not apprise him of this action or take proper steps to contest it."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. This is also the incorrect forum for any allegations of impropriety by States or any third parties in relation to any of  Mr. and Mrs. Capizzis' bankruptcy filings. Lastly, the issue of Mr. Capizzi's debt to States has been previously litigated in this Court resulting in a Judgment in favor of States.

**CAPIZZIS' STATEMENT #47:** "On March 5, 2003, in response to the motion to dismiss, the Bankruptcy Court granted relief from the stay in order to allow States to

proceed on the 2nd Federal Suit. The Capizzis were not aware of this action and assumed that they were still protected by the automatic stay. Their attorney did not take adequate steps to oppose this action or to keep the Capizzis advised."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. This is also the  incorrect forum for any allegations of impropriety by States or any third parties in relation to any of Mr. and Mrs. Capizzis' bankruptcy filings. Lastly, the issue of Mr. Capizzi's debt to States has been previously litigated in this Court resulting in a Judgment in favor of States.

**CAPIZZIS' STATEMENT #48:** "On May 1, 2003, the Bankruptcy Court granted debtor Michael Capizzi's motion to dismiss the Chapter 13, which action he took on advice of counsel who recommended that Catherine Capizzi file a Chapter 11 in place of his Chapter 13 filing because certain of his listed claims would cause problems because some of the Bankruptcy judges and clerks had close personal relationships with lawyers and law firms against whom he asserted claims. His attorneys never informed him that States had brought a motion to dismiss the Chapter 13 because his secured indebtedness exceeded the limit or that the Bankruptcy Court had granted relief from stay in response to States motion to dismiss."

**OBJECTION:** This statement is hearsay, without foundation, immaterial and irrelevant. This is also the incorrect forum for any allegations of impropriety by States or any third parties in relation to any of Mr. and Mrs. Capizzis' bankruptcy filings. Lastly, the issue of Mr. Capizzi's debt to States has been previously litigated in this Court resulting in a Judgment in favor of States.

**CAPIZZIS' STATEMENT #49:**  "On May 20, 2003, Defendant Catherine Capizzi filed

a voluntary petition for Bankruptcy under Chapter 11 of the Bankruptcy Code. This was not a Pro Se filing, as stated in States Statement #13, in that Catherine Capizzi was represented by the same Bankruptcy attorneys who represented Michael Capizzi. This action is still pending. However Catherine Capizzi's name was not on the title to the Property and it was determined that her bankruptcy would not affect a foreclosure. For this reason, States was granted relief from stay and allowed to proceed in the United States District Court. Again, the Capizzis were completely uninformed of the action taken in the Bankruptcy Court and assumed that they were protected by the Bankruptcy stay."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. This is also the incorrect forum for any allegations of impropriety by States or any third parties in relation to any of Mr. an Mrs. Capizzis' bankruptcy filings

**CAPIZZIS' STATEMENT #50:** "On June 9, 2003, the Federal District Court dismissed with prejudice Plaintiffs' 2nd Federal suit because Plaintiffs failed to meet the requirements of a Stipulated Order requiring, among other things, that they deposit in escrow the amount of $219,771.95 on or before February 3, 2003, and because they failed to meet certain discovery deadlines and other requirements. The Plaintiffs did not have the available funds at that time to make such a large escrow deposit by February 3, 2003. Furthermore, although the Capizzis owned other real estate which would have yielded $500,000.00 if sold, the sale could not be consummated prior to February 3, 2003. Such deposit was not necessary to secure States since the Property was assessed for over $2,000,000.00 by the Town of Lincoln, Massachusetts."

**OBJECTION:** This statement is misleading, speculative, confusing, without foundation, immaterial and irrelevant. Furthermore, the issue of Mr. Capizzi's debt to States has been

previously litigated in this Court resulting in a Judgment in favor of States.

**CAPIZZIS' STATEMENT #51:** "The Court further granted judgment for States against the Capizzis on its counterclaim in the amount of $875,203.38, being the amount falsely alleged to be due under the Note. The dismissal of the Capizzis' claims and the granting so States counterclaim were judgments by default due to procedural failures. Neither the Capizzis' claims nor States' counterclaim were tried on the merits. There was no proof of the amount due. States merely relied on false affidavits and allegations. The Capizzis had been led to believe that they were still protected by the automatic stay in bankruptcy and thus failed to take further action to protect their interests in the U.S. District Court. (See States Statement #18 and Duffy Statement #14.)"

**OBJECTION:** This statement is without foundation, immaterial and irrelevant. This is also the incorrect forum for any allegations of impropriety by States or any third parties in relation to Mr. Capizzi's bankruptcy filings. Lastly, the issue of Mr. Capizzi's debt to States has been previously litigated in this Court resulting in a Judgment in favor of States.

**CAPIZZIS' STATEMENT #53:** "A foreclosure auction on the Capizzis' property was held by States on July 24, 2003. The high bidder, Linda Micu, was bidding on behalf of the Capizzis upon the recommendation of their attorney. She did not consummate the sale because the proposed lenders backed out of the transaction at the last minute. (See States Statements #20 and #21.)"

**OBJECTION:** The portion of the statement Linda Micu "did not consummate the sale because the proposed lenders backed out of the transaction at the last minute." is without foundation, irrelevant and immaterial.

**CAPIZZIS' STATEMENT #54:** "States admits that its auctioneer, Garrett Healey, President of Garrett, Inc., informed    States attorney that he had received a letter of interest from Leonard Florence and a $50,000.00 check as a deposit on the Capizzis' property. (See States' Statement #22.) The letter of interest was an offer to purchase the Capizzis' property for $2,000,000.00 (See Garrett Statement #19 & #20), the same amount as Linda Micu had previously bid on July 24, 2004. Healy deposited this check in his company account, but there are questions whether it was deposited in escrow or even placed in the proper corporation's account. It is also questionable why the check was deposited at all if States could not accept any offer made outside the auction process."

**OBJECTION:** This statement is conclusory, irrelevant and mischaracterizes a document, which speaks for itself and is not, as a matter of law, an "offer". Furthermore, the Massachusetts Court of Appeals has held that "To the extent that language in the agreement suggests the parties intended to circumvent laws governing foreclosure that otherwise would govern the manner in which title to the properties could be transferred, the language is void as against public policy and we give it no effect." *Levenson v. Feuer*, 60 Mass. App. Ct. 428, 438, 803 N.E.2d 341, 349 (Mass. App. 2004).

**CAPIZZIS' STATEMENT #55:** "States admits that its attorney, John Doonan, informed Garrett Healey that under Massachusetts law, States could not accept Florence's proposal. (See States' Statement #23.) This might be the case if the Capizzis did not consent to the acceptance of the offer outside of the foreclosure procedure, but States did not even inform the Capizzis of Mr. Florence's offer which was considerably higher than the bid ultimately accepted at the September 26 auction. See States' Statement #24. How can Attorney Doonan have been concerned that Michael Capizzi would have sued States

if he never even informed him of the Florence offer? (See Garrett Statement #25 & #26.)

Furthermore, States never informed the Bankruptcy court of Mr. Florence's offer

although it had moved in both bankruptcy cases for relief from the stay and was the

principal creditor of Mr. Capizzi."

**OBJECTION:** This statement is without basis, conclusory, immaterial and irrelevant and

mischaracterizes a document , which speaks for itself and is not, as a matter of law an

"offer". Furthermore, the Massachusetts Court of Appeals has held that "To the extent

that language in the agreement suggests the parties intended to circumvent laws

governing foreclosure that otherwise would govern the manner in which title to the

properties could be transferred, the language is void as against public policy and we give

it no effect."   *Levenson v. Feuer*, 60 Mass. App. Ct. 428, 438, 803 N.E.2d 341, 349

(Mass. App. 2004).  This is also the incorrect forum for any allegations of impropriety by

States or any third parties in relation to Mr. Capizzi's bankruptcy filings.

**CAPIZZIS' STATEMENT #57:**  "States intentionally ignored Plaintiffs' requests to

reinstate the Mortgage prior to the foreclosure as provided in the Mortgage."

**OBJECTION:** This statement is without basis, conclusory and is irrelevant in that there

has been no showing that either Michael Capizzi or Catherine Capizzi had the

wherewithal to reinstate the subject mortgage or satisfy the previous Judgment entered by

this Court.

**CAPIZZIS' STATEMENT #58:**  "States advertised the foreclosure citing substantially

less land than was included in the Property conveyed to Defendant Duffy at the

foreclosure sale. The Notice of Foreclosure Sale published in the <u>Boston Globe</u>,

September 14, 2003 and September 21, 2003, a copy of which is attached hereto as

Exhibit A, describes the property as consisting of 2 1/2 acres, whereas the 2004 real estate

tax bills from the Town of Lincoln, Massachusetts, attached hereto as Exhibit B, show

that the premises consist of 5 parcels totaling 5.84 acres. A similar advertisement was

used for the prior foreclosure sale. Garrett states in Garrett Statement #17 that all

information concerning the Property, including that relating to acreage, was provided by

Attorney Doonan's office which approve all ads that Garrett placed on behalf of States.

In spite of States' allegation that these were display advertisements that were published

above and beyond the legally required advertising (see States' Statement #28) the

advertisement was inaccurate and misleading to prospective bidders. The advertisement

also describes the house as containing *5* bedrooms, 3 fireplaces and 3 full baths, whereas

the house actually contains 6 bedrooms, 4 fireplaces and 2 half bathes in addition to the 3

flit! bathes. This is substantiated by a letter dated March 3, 2003 to Michael Capizzi from

Kathleen E. Cook, a real estate broker from Atlantic Associates Real Estate, which

accurately describes the premises and recommends a marketing list price of

$3,700,000.00 or $4,100,000.00 if subdivided to include a two acre buildable lot. A copy

of this letter and a letter expressing an interest in marketing the subdivided lots is

attached hereto as Exhibit C."

**OBJECTION:** This statement is without foundation, conclusory and factually irrelevant

as a matter of law and as outlined in States' Memorandum of Law in Support of its

Motion for Partial Summary Judgment. Further, the letter referenced in this statement

should be struck from the record as inadmissible.

**CAPIZZIS' STATEMENT #59:** "States held a foreclosure auction on the Property on

September 26, 2003. The Property was sold to Duffy for $1,200,000.00, being less than

one third of its fair market and $1,000,000.00 less than its assessed value."

**OBJECTION:** The portion of this statement which refers to "fair market" and "assessed value" is without basis, is conclusory and irrelevant.

**CAPIZZIS' STATEMENT #60:** "The Capizzis object to the amount of $932,630.87 alleged to be due to States from the Capizzis and paid out of the proceeds form the foreclosure sale as well as Doonan's fees and expenses. See Garrett Statement #22. The Capizzis also object to the $210,096.33 paid to defendant Architectural Team, Inc. See Garrett Statement #23. The Capizzis maintain that none of the foregoing amounts were owing. States did not have a contractual right under the Capizzi mortgage and note to pay any of the expenses of the auction, such as Garretts fee, out of funds received from the sale because the Capizzis were not in default under their note and mortgage. (See Garrett Statement #24.)"

**OBJECTION:** This statement is unclear, without foundation, immaterial, conclusory and irrelevant.  Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #61:** "Although the Capizzis did not file a formal objection in this proceeding to Garrett's auctioneer fee, they believe that it is grossly excessive. A 3.5% fee is totally unreasonable. The fee should be based on the amount of work performed and not a percentage of the amount received."

**OBJECTION:** This statement is conclusory, without foundation, speculative, and seeks to usurp the role of the Court in this action.

**CAPIZZIS' STATEMENT #62:** "States purchased and maintained the Capizzis' note in Massachusetts secured by a mortgage on Massachusetts property and foreclosed on the

mortgage in Massachusetts, even though States had not obtained a certificate to do business in Massachusetts pursuant to G.L. c. 181, section 4."

**OBJECTION:** This statement is conclusory, without foundation, irrelevant, and has been previously litigated in this Court and barred by the Rooker-Feldman Doctrine.

**CAPIZZIS' STATEMENT #63:** "Garrett, Inc., the auctioneer, was not licensed to act as an auctioneer on real estate mortgages in Massachusetts. Although Garrett Healey, its President, had an auctioneer's license, the auction was conducted by Garrett, Inc which did not have a license."

**OBJECTION:** This statement is without foundation.

**CAPIZZIS' STATEMENT #64:** "Michael Capizzi notified Duffy's attorney prior to the auction and Duffy prior to the closing on the foreclosure sale that the Capizzis were not in default under their Mortgage and Note which was current at the time of the foreclosure and that the foreclosure was fraudulent and illegal. Duffy and his attorney both stated that Duffy was buying the Property at 20% of its true value and that it was worth the risk."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant as a matter of law. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #65:** "Duffy has recently placed an ad for sale of the Property at $2,500.000.00, more than twice what he paid for the property at the foreclosure sale."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant.

**CAPIZZIS' STATEMENT #66:** "Duffy has admitted that he put up the entire

$1,200,000.00 for purchase of the Property at the foreclosure sale and gave a false mortgage for $1,200,000.00 to his mother, Joan Duffy."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant as a matter of law.

**CAPIZZIS' STATEMENT #67:** "The foreclosure by States on the mortgage secured by the Property was fraudulent and invalid because the Capizzis were never in default to States under their Mortgage and Note and the Note was fully paid and even overpaid at the time of the foreclosure."

**OBJECTION:** This statement is without basis, immaterial and irrelevant. Further, this issue has previously been litigated before this Court resulting in a Judgment in favor of States Resources Corp.

**CAPIZZIS' STATEMENT #68:** "The foreclosure and subsequent foreclosure sale to Duffy were predicated on false and fraudulent affidavits filed by States in the Federal District Court, the U.S. Bankruptcy Court, the foreclosure sale and the Concord District Court through Duffy."

**OBJECTION:** This statement is without basis, immaterial and irrelevant and barred by the Rooker-Feldman Doctrine. This issue has also previously been litigated before this Court, resulting in a Judgment in favor of States Resources Corp., and in the Concord District Court, resulting in a Judgment in favor of Mr. Duffy.  Lastly, this is the incorrect forum to address any issues raised in the United States Bankruptcy Court.

**CAPIZZIS' STATEMENT #69:** "In view of the fraud committed by States in the foreclosure on the Property and the subsequent sale to Duffy and in view of Duffy's full knowledge that the foreclosure was fraudulent and illegal and that he was paying less

than 30% of its fair market value, the foreclosure sale should be declared void and set aside."

**OBJECTION:** This statement is without basis, immaterial and irrelevant and barred by the Rooker-Feldman Doctrine. This issue has also previously been litigated before this Court, resulting in a Judgment in favor of States Resources Corp., and in the Concord District Court, resulting in a Judgment in favor of Mr. Duffy.

**CAPIZZIS' STATEMENT #70:** "Duffy commenced a summary process action in the Concord District Court. On December 18, 2003, after trial, the Court entered a judgment for possession and damages in favor of Duffy. The Court refused to allow Michael Capizzi to submit evidence of fraudulent foreclosure."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant, except as to its value for Res Judicata and issue preclusion against Michael Capizzi and Catherine Capizzi. Furthermore, the issue this statement refers to is barred by the Rooker-Feldman Doctrine.

**CAPIZZIS' STATEMENT #71:** "In the summary process proceeding, Duffy testified that he borrowed the entire $1,200,000.00 purchase price and that his monthly interest payments were approximately $6,000.00. In a deposition, Duffy testified that he used his own money and gave a false mortgage to his mother. He further testified that he paid no principal or interest to any lender for any loan on the purchase of the Property."

**OBJECTION:** This statement is conclusory, without foundation, immaterial and irrelevant as a matter of law.

**CAPIZZIS' STATEMENT #72:** "The Capizzis filed a notice of appeal on December 29, 2003, and an appeal bond in the amount of $19,007 was set along with a monthly use

and occupancy charge of $6,788.00."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant, except as to its value for Res Judicata and issue preclusion against Michael Capizzi and Catherine Capizzi. Furthermore, the issue this statement refers to is barred by the Rooker-Feldman Doctrine.

**CAPIZZIS' STATEMENT #73:** "The Capizzis sought review of the amount of the appeal bond, and on March 3, 2004, the Appellate Division determined that the amount of the bond should be $28,058.72 along with a use and occupancy charge of $6,788.00."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant, except as to its value for Res Judicata and issue preclusion against Michael Capizzi and Catherine Capizzi. Furthermore, the issue this statement refers to is barred by the Rooker-Feldman Doctrine.

**CAPIZZIS' STATEMENT #74:** "The amount of the appeal bond and the monthly use and occupancy charge were based on the fraudulent testimony of Duffy as to his interest payments which were non existent. A fair rental value for use and occupancy would undoubtedly have been much less than the $6,788.00 figure which was based entirely on Duffy's false statement of interest on the purchase price which was not paid."

**OBJECTION:** This statement is without basis, immaterial and irrelevant, except as to its value for Res Judicata and issue preclusion against Michael Capizzi and Catherine Capizzi. Furthermore, the issue this statement refers to is barred by the Rooker-Feldman Doctrine.

**CAPIZZIS' STATEMENT #75:** "The Capizzis were unable at that time to post a bond of this size, and the execution on the eviction was issued to Duffy by the Concord District

Court. Catherine Capizzi was still in Bankruptcy and could not obtain access to certain real estate that would have provided funds for posting the bond."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant, except as to its value for Res Judicata and issue preclusion against Michael Capizzi and Catherine Capizzi. Furthermore, the issue this statement refers to is barred by the Rooker-Feldman Doctrine.

**CAPIZZIS' STATEMENT #76:** "Duffy proceeded to evict the Capizzis and remove them from their home on March 17, 2004, even though he and his attorney were fully aware that the foreclosure was fraudulent and illegal and that the foreclosure sale was a nullity."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant, except as to its value for Res Judicata and issue preclusion against Michael Capizzi and Catherine Capizzi. Furthermore, the issue this statement refers to is barred by the Rooker-Feldman Doctrine.

**CAPIZZIS' STATEMENT #77:** "A [sic] most of the Capizzis' personal property was either damaged or destroyed when removed from the Capizzis' home by the constable's movers."

**OBJECTION:** This statement is conclusory, without foundation, immaterial and irrelevant as a matter of law.

**CAPIZZIS' STATEMENT #78:** "The separate action filed in the Federal District Court on March 16, 2004 was brought solely for the purpose of staying the eviction which was scheduled to occur on the following day. The Court denied the Capizzis' request for a temporary restraining order without a hearing and relying primarily on the Rooker-

Feldman Doctrine. The issues involving the validity of the foreclosure were not addressed or tried on the merits and the Capizzis voluntarily dismissed the case."

**OBJECTION:** This statement is conclusory, without foundation, immaterial and irrelevant as a matter of law.

**CAPIZZIS' STATEMENT #79:**. "The civil action filed in the Middlesex Superior Court, C.A. No. MICV2004-01041, on March 17, 2004, was also brought for the purpose of staying the eviction scheduled to occur on that day. The Court denied the stay stating that it was not an appellate court for the district court which granted the eviction. The merits of the case were not heard."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant, except as to its value for Res Judicata and issue preclusion against Michael Capizzi and Catherine Capizzi. Furthermore, the issue this statement refers to is barred by the Rooker-Feldman Doctrine.

**CAPIZZIS' STATEMENT #80:** "The Capizzis then moved ex parte for the Middlesex Superior Court to sign a memorandum of lis pendens. The Court requested that States and Dully be given notice to appear and received their opposition memorandum on the day of the hearing which was the first day the Capizzis received the memorandum. The memorandum not only requested denial of the lis pendens but requested a special motion to dismiss the underlying action. The Court granted the dismissal of the action on the following day without giving the Capizzis any opportunity to respond to the opposition memorandums, either at a hearing or in writing. The Capizzis have appealed the Court's dismissal of the lis pendens and of the underlying case and the appeal is presently pending in the Massachusetts Court of Appeals. Clearly the allegations in this case were

not tried on the merits."

**OBJECTION:** This statement is without foundation, immaterial and irrelevant, except as to its value for Res Judicata and issue preclusion against Michael Capizzi and Catherine Capizzi. Furthermore, the issue this statement refers to is barred by the Rooker-Feldman Doctrine.

Respectfully Submitted
States Resources Corporation
By its Attorney,

Dated:  November 12, 2004                                   /s/ John Doonan
                                                                        John A. Doonan, Esq.
                                                                        (BBO# 547838)
                                                                        Doonan, Graves & Longoria, L.L.C.
                                                                        100 Cummings Center, Suite 213C
                                                                        Beverly, MA  01915
                                                                        (978) 921-2670