UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


MICHAEL CAPIZZI, ET AL.,           )
    Plaintiffs,                    )
                                   )   CIVIL ACTION NO. 02-12319-DPW
                v.             )   [1st CIRCUIT NO. 05-1500 -
                                   )        Capizzis Appellants]
STATES RESOURCES CORPORATION,      )
    Defendant.                     )

-----------------------------------------------------------------

STATES RESOURCES CORPORATION,      )   CIVIL ACTION NO. 04-10095-DPW
    Plaintiff,                     )   [1st CIRCUIT NO. 05-1381 –
                                   )        TAT Appellant]
                v.             )   [1st CIRCUIT NO. 05-1382 –
                                   )        Capizzis Appellants]
MICHAEL CAPIZZI, ET AL.,           )   [1st CIRCUIT NO. 05-1473 –
    Defendants.                    )        States Resources –
                                            Cross Appellant]


MEMORANDUM AND ORDER
April 26, 2005


Four separate appeals have been filed regarding two
different cases arising out of the foreclosure on property once
held by the appellants Capizzi.  The litigation in these and
other related cases has been marked by considerable acrimony.
The litigation conduct of the Capizzis has been, at a minimum,
irregular, apparently undertaken for delay, and accompanied by
repeated failures to meet their financial obligations.  In
addition, in the interpleader action, Civil Action No. 04-10095,
counsel for the defendant-appellant The Architectural Team
("TAT") adopted a particularly strident approach in pursuit of
what I came to conclude were strained legal theories.

States Resources Corporation ("States Resources"), which has itself cross-appealed in No. 04-10095, seeks to obtain protection from what it views as frivolous appellate litigation by moving for an appeal bond under Fed. R. App. P. 7 in the amount of $50,000.  Kevin Duffy has filed a similar motion as to appellate litigation arising from the interpleader action.  While I find that separate appellate bonds under Rule 7 are appropriately imposed in these cases, I find the blanket $50,000 figure sought largely speculative and inappropriately punitive.  Accordingly, I will impose a reduced and tailored bond requirement.

The core purpose of the bond requirement of Rule 7 is to "ensure payment of costs on appeal" in a civil case.  Basic costs defined in Fed. R. App. P. 39 (copies of briefs, appendices, transcript and appellate fees) are relatively modest.  I agree, however, with case law finding that Rule 39 does not define the entire universe of costs covered by Rule 7.  See generally, Pedraza v. United Guar. Corp., 313 F.3d 1323, 1329-33 (11th Cir. 2002); Adsani v. Miller, 139 F.3d 67, 75-76 (2d Cir. 1998), cert. denied, 525 U.S. 875 (1998).  In particular, attorney's fees, where provided for, may also be included in fashioning a bond. But the Rule 7 bond is designed to protect "the amount the appellee stands to have reimbursed," Adsani, 139 F.3d at 75, not to impose an independent penalty on the appellant.  Accordingly, the analysis should proceed from the perspective of what costs the appellee can reasonably be expected to incur in defending

against the appeal.

The basic costs in these appeals, for which transcript costs are minimal if not non-existent, will be modest.  It is difficult to conclude that they will exceed $1,000.

Only the Capizzis are potentially liable for attorney's fees.  Their obligations for such fees are provided for in the underlying mortgage documents States Resources has sought to enforce.  Given the repetition of the issues raised and briefed in the various litigation between them and States Resources, however, I find that, with the use of cut-and-past functions for word processing, attorney's fees for appellees respectively in these appeals should not exceed $25,000.

As for TAT, while there is precedent for including as costs to be covered by a Rule 7 bond an amount reflecting the prospect of the imposition of attorney's fees as a sanction for a frivolous appeal, <u>Sckolnick v. Harlow</u>, 820 F.2d 13, 15 (1st Cir. 1987), I do not find the TAT appeal to be so wholly frivolous as to raise the real possibility of such an award.

Accordingly, I hereby ALLOW:

(A) the motion of States Resources for a bond under Fed. R. App. P. 7 as to Michael and Catherine Capizzi jointly and severally in First Circuit No. 05-1500 in the amount of $26,000 as security for States Resources;

(B)  the motion of States Resources for a bond under Fed. R. App. P. 7:

(1) as to Michael and Catherine Capizzi jointly and severally in First Circuit No. 05-1382 in the amount of $26,000 as security for States Resources; and

(2) as to TAT in First Circuit No. 05-1381 in the amount of $1,000 as security for States Resources; and

(C)  the Motion of Kevin Duffy for a bond under Fed. R. App. P. 7:

(1) as to Michael and Catherine Capizzi jointly and severally in First Circuit No. 05-1382 in the amount of $1,000 as security for Kevin Duffy; and

(2) as to TAT in First Circuit No. 05-1381 in the amount of $1,000 as security for Kevin Duffy.

It is further ordered that such bonds shall be filed by May 2, 2005.

/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE